CIVIL, CLOSED

# U.S. District Court
# Eastern District of California - Live System (Sacramento)
# CIVIL DOCKET FOR CASE #: 2:05-cv-01177-LKK-PAN
# Internal Use Only

(JFM) Rogers v. Ferrari et al
Assigned to: Senior Judge Lawrence K. Karlton
Referred to: Magistrate Judge Peter A. Nowinski
Cause: 28:1331 Federal Question: Bivens Act

Date Filed: 06/13/2005
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Virgil M. Rogers**                              represented by **Bernadine T. Tsung-Megason**
Tsung Megason & Associates
36 W. Colorado Boulevard
Suite 208
Pasadena, CA 91105
(626) 577-5277
Fax: (626) 577-5477
Email: bernadine@lawyer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ha Thi Pham**
Tsung Megason and Pham
4 East Holly Street
Suite 215
Pasadena, CA 91103
626-577-5277
Fax: 626-577-5477
Email: phamht@email.com
*TERMINATED: 11/02/2005*
*LEAD ATTORNEY*

V.

**Defendant**

**Philip A. Ferrari**                              represented by **Kendall J Newman**
*TERMINATED: 12/14/2005*                           United States Attorney
501 I Street
Suite 10-100
Sacramento, CA 95814
916-554-2821
Fax: 916-554-2900
Email: kendall.newman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

I hereby certify that the annexed
document is a true and correct copy of
the original on file in my office.
ATTEST: JACK L. WAGNER
Clerk, U. S. District Court
Eastern District of California
By_____
Deputy Clerk
Dated___6/20/06___

**Defendant**

**Pamela Satterfield**
*TERMINATED: 12/14/2005*

represented by **Kendall J Newman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alexis Pappa**
*TERMINATED: 12/14/2005*

represented by **Kendall J Newman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**District of Columbia**

represented by **Lauren J. Birnbaum**
Office of the Attorney General for the
District of Columbia
441 4th Street, N.W.
6th Floor North
Washington, DC 20001
(202) 442-9754
Fax: (202) 727-3625
Email: Lauren.Birnbaum@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**District of Columbia Metropolitan
Police Department**

represented by **Lauren J. Birnbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles H. Ramsey**

represented by **Lauren J. Birnbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Karen Johnson-Norman**

represented by **Robin Elizabeth Dean**
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105
(415) 848-4960
Email: deanr@howrey.com
*LEAD ATTORNEY*

**Defendant**

**Ralph Durant**

represented by **Lauren J. Birnbaum**

*Detective*    ₹    ›              (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/13/2005 | | SUBMISSION of CREDIT CARD INFORMATION for Civil Complaint Filing Fee in the amount of $250.00; Type of Credit Card: Visa Name as it appears on Credit Card: Ha Pham Contact Telephone Number: 626-577-5277 Street: 4 E. Holly Street Suite: 215 Zip code: 91103 Credit Card Number: xxxx-xxxx-xxxx-xxxx Expiration Date: xx/xx Security Code: xxx (Pham, Ha) (Entered: 06/13/2005) |
| 06/13/2005 | ❍1 | COMPLAINT against all defendants, filed by Virgil M. Rogers. (Attachments: # 1)(Pham, Ha) (Entered: 06/13/2005) |
| 06/13/2005 | ❍2 | CIVIL COVER SHEET by Virgil M. Rogers (Pham, Ha) (Entered: 06/13/2005) |
| 06/13/2005 | 3 | PROCESS CREDIT CARD (Carlos, K) (Entered: 06/14/2005) |
| 06/14/2005 | ❍ | RECEIPT number 204 9223 for $250.00 for New Case from Ha T. Pham. (Servantes, G) (Entered: 06/14/2005) |
| 06/14/2005 | ❍4 | SUMMONS ISSUED as to *Philip A. Ferrari, Pamela Satterfield, Alexis Pappa, District of Columbia, District of Columbia Metropolitan Police Department, Charles H. Ramsey, Karen Johnson-Norman* with answer to complaint due within *20* days. Attorney *Ha T. Pham* *Tsung Megason and Pham* *4 E. Holly Street Suite 215* *Pasadena, CA. 91103*. (Servantes, G) (Entered: 06/14/2005) |
| 06/14/2005 | ❍5 | CIVIL NEW CASE DOCUMENTS ISSUED; Initial Scheduling Conference set for 8/22/2005 at 10:30 AM in Courtroom 4 (LKK) before Senior Judge Lawrence K. Karlton. (Attachments: # 1 Consent Forms # 2 VDRP Forms) (Servantes, G) (Entered: 06/14/2005) |
| 06/15/2005 | ❍6 | SUMMONS ISSUED as to *Ralph Durant* with answer to complaint due within *20* days. Attorney *Ha Thi Pham* *4 East Holly Street* *Suite 215* *Pasadena, CA 91103*. (Krueger, M) (Entered: 06/15/2005) |
| 06/15/2005 | ❍7 | AMENDED SUMMONS ISSUED as to *Philip A. Ferrari, Pamela Satterfield, Alexis Pappa, District of Columbia* with answer to complaint due within *60* days. Attorney *Ha Thi Pham* *4 East Holly Street* *Suite 215* *Pasadena, CA 91103*. (Krueger, M) (Entered: 06/15/2005) |

| 08/12/2005 | 8 | APPLICATION/REQUEST for Continuance of the Status(Pretrial Scheduling) Conference; Memorandum of Points and Authorities; and Declaration of Ha Pham byVirgil M. Rogers. (Pham, Ha) (Entered: 08/12/2005) |
| 08/12/2005 | 9 | PROPOSED ORDER Proposed Order Continuing Status (Pretrial Scheduling) Conference and Extension of Time to Serve Defendants by Virgil M. Rogers. (Pham, Ha) (Entered: 08/12/2005) |
| 08/12/2005 | 10 | STATUS REPORT by Virgil M. Rogers. (Pham, Ha) (Entered: 08/12/2005) |
| 08/16/2005 | 11 | ORDER signed by Judge Lawrence K. Karlton on August 15, 2005 re 8 Application to continue the status conference filed by Virgil M. Rogers: The Initial Scheduling Conference currently scheduled for 08/22/2005 is hereby CONTINUED TO 12/5/2005 at 10:00 AM, before Senior Judge Lawrence K. Karlton. (Rivas, A) (Entered: 08/16/2005) |
| 09/21/2005 | 12 | APPLICATION/REQUEST for Pro Hac Vice byDistrict of Columbia. (Leidigh, Robert) (Entered: 09/21/2005) |
| 09/22/2005 | 13 | STIPULATION Extending Defendant Karen Johnson-Norman's Time, to and including 10/17/05, to Respond to Complaint 1 by Karen Johnson-Norman. (Dean, Robin) Modified on 9/23/2005 (Duong, D). (Entered: 09/22/2005) |
| 09/23/2005 |  | RECEIPT number 201 10671 for $180.00 for Pro Hac Vice Application for attorney Lauren Jaye Birnbaum (Kirkpatrick, S) (TEXT ONLY ENTRY) (Entered: 09/23/2005) |
| 09/28/2005 | 14 | PRO HAC VICE ORDER Added attorney Lauren J. Birnbaum for District of Columbia Metropolitan Police Department; Charles H. Ramsey; Ralph Durant and District of Columbia 12, signed by Judge Lawrence K. Karlton on 9/27/2005. (Reader, L) (Entered: 09/28/2005) |
| 10/06/2005 | 15 | CERTIFICATE of SERVICE by Virgil M. Rogers *for service of process on Philip A. Ferrari by personal service.* (Pham, Ha) (Entered: 10/06/2005) |
| 10/06/2005 | 16 | CERTIFICATE of SERVICE by Virgil M. Rogers *for service of process on Defendant Ralph Durant by personal service.* (Pham, Ha) (Entered: 10/06/2005) |
| 10/06/2005 | 17 | CERTIFICATE of SERVICE by Virgil M. Rogers *for service of process on the District of Columbia by personal service.* (Pham, Ha) (Entered: 10/06/2005) |
| 10/06/2005 | 18 | CERTIFICATE of SERVICE by Virgil M. Rogers *for service of process on Charles H. Ramsey by personal service.* (Pham, Ha) (Entered: 10/06/2005) |
| 10/06/2005 | 19 | CERTIFICATE of SERVICE by Virgil M. Rogers *for service of process on the Metropolitan Police Department of the District of Columbia by personal service.* (Pham, Ha) (Entered: 10/06/2005) |

| 10/06/2005 | ❍20 | CERTIFICATE of SERVICE by Virgil M. Rogers *for service of process on Karen Johnson-Norman by personal service.* (Pham, Ha) (Entered: 10/06/2005) |
|---|---|---|
| 10/06/2005 | ❍21 | CERTIFICATE of SERVICE by Virgil M. Rogers *for service of process on Alexia Pappas by personal service.* (Pham, Ha) (Entered: 10/06/2005) |
| 10/06/2005 | ❍22 | CERTIFICATE of SERVICE by Virgil M. Rogers *for service of process on Pamela Satterfield by personal service.* (Pham, Ha) (Entered: 10/06/2005) |
| 10/11/2005 | ❍23 | MOTION to DISMISS *(NOTICE OF) OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT* by Philip A. Ferrari, Pamela Satterfield, Alexis Pappa. Motion Hearing set for 12/2/2005 at 10:00 AM in Courtroom 4 (LKK) before Senior Judge Lawrence K. Karlton. (Newman, Kendall) (Entered: 10/11/2005) |
| 10/11/2005 | ❍24 | MEMORANDUM OF POINTS AND AUTHORITIES in SUPPORT *MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT.* (Newman, Kendall) Modified on 10/14/2005 (Reader, L). (Entered: 10/11/2005) |
| 10/11/2005 | ❍25 | APPENDIX *OF EVIDENCE IN SUPPORT OF DEFENDANT A USAS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT* by Philip A. Ferrari, Pamela Satterfield, Alexis Pappas. (Attachments: # 1 Exhibit A District of Columbia Court of Appeals Judgment# 2 Exhibit B Bench Warrant# 3 Exhibit C Affidavit and Arrest Warrant# 4 Exhibit D Transcript of Proceedings# 5 Exhibit E Transcript of Proceedings# 6 Exhibit F Declaration of Alexia Pappas)(Newman, Kendall) Modified on 10/14/2005 (Reader, L). (Entered: 10/11/2005) |
| 10/13/2005 | ❍26 | STIPULATION and PROPOSED ORDER by Ralph Durant, District of Columbia, District of Columbia Metropolitan Police Department, Charles H. Ramsey. (Birnbaum, Lauren) (Entered: 10/13/2005) |
| 10/17/2005 | ❍27 | NOTICE of MOTION AND MOTION to DISMISS of dft Karen Johnson-Norman to Dismiss Under FRCP 12(B)(2) and 12(B)(6). Motion Hearing set for 1/17/2006 at 10:00 AM in Courtroom 4 (LKK) before Senior Judge Lawrence K. Karlton. (Dean, Robin) Modified on 10/18/2005 (Duong, D). (Entered: 10/17/2005) |
| 10/17/2005 | ❍28 | MEMORANDUM/RESPONSE in SUPPORT re 27 MOTION to DISMISS *(Notice of Motion and Motion of Def. Karen Johnson-Norman to Dismiss Under FRCP 12(B)(2) and 12(B)(6)) Memo of Points & Authorities ISO Def. Karen Johnson-Norman's Mot. to Dismiss Under FRCP Rule 12(B)(2) and 12(B)(6).* (Dean, Robin) (Entered: 10/17/2005) |
| 10/17/2005 | ❍29 | DECLARATION of Karen Johnson-Norman in SUPPORT OF re 27 MOTION to DISMISS . (Dean, Robin) Modified on 10/18/2005 (Duong, D). (Entered: 10/17/2005) |
| 10/17/2005 | ❍30 | REQUEST for JUDICIAL NOTICE by Karen Johnson-Norman in re 27 Motion to Dismiss,. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit |

| | | C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)(Dean, Robin) Modified on 10/18/2005 (Duong, D). (Entered: 10/17/2005) |
|---|---|---|
| 10/24/2005 | ❍31 | PROPOSED ORDER to SUBSTITUTE ATTORNEY *Bernadine T. Tsung-Megason in place and instead of Ha T. Pham* by Virgil M. Rogers. (Pham, Ha) Modified on 11/2/2005 (Krueger, M). (Entered: 10/24/2005) |
| 10/24/2005 | | ***MOTION 31 TERMINATED: Incorrectly filed as a Motion by the Filer. (Krueger, M) (Entered: 11/02/2005) |
| 11/01/2005 | ❍32 | MOTION to DISMISS by Ralph Durant, District of Columbia, District of Columbia Metropolitan Police Department, Charles H. Ramsey. Motion Hearing set for 12/5/2005 at 10:00 AM in Courtroom 4 (LKK) before Senior Judge Lawrence K. Karlton. (Attachments: # 1 Proposed Order # 2 Proposed Order # 3 Proposed Order)(Birnbaum, Lauren) (Entered: 11/01/2005) |
| 11/01/2005 | ❍33 | MEMORANDUM/RESPONSE in SUPPORT of 32 motion to dismiss and table of contents By District of Columbia, District of Columbia Metropolitan Police Department, Charles Ramsey, Ralph Durant. (Birnbaum, Lauren) Modified on 11/2/2005 (Caspar, M). (Entered: 11/01/2005) |
| 11/01/2005 | ❍34 | MINUTE ORDER: The Court is in receipt of Defendants' motion to dismiss or, in the Alternative, for Transfer 32 filed on November 1, 2005. Defendants have noticed the motion to be heard on December 5, 2005. December 5, 2005 is not a motion calendar date for the Honorable Lawrence K. Karlton. The motion is defectively noticed and will not be set for hearing on December 5, 2005. Defendant's counsel is advised to contact the courtroom deputy to obtain available dates and time for proper notice, and to re-notice the motion in accordance with Local Rule 78-230. (Rivas, A) Modified on 11/1/2005 (Rivas, A). (Entered: 11/01/2005) |
| 11/02/2005 | ❍35 | ORDER signed by Judge Lawrence K. Karlton on 11/1/05 ORDERING that the request for subsitution of attorney is GRANTED. Attorney Bernadine Ting-Ting Tsung-Megason added for Virgil M. Rogers. Attorney Ha Thi Pham terminated. (Caspar, M) (Entered: 11/02/2005) |
| 11/02/2005 | ❍36 | First Amended MOTION to DISMISS for LACK of JURISDICTION *and Improper Venue* by Ralph Durant, District of Columbia, District of Columbia Metropolitan Police Department, Charles H. Ramsey. Motion Hearing set for 1/17/2006 at 10:00 AM in Courtroom 4 (LKK) before Senior Judge Lawrence K. Karlton. (Attachments: # 1 Proposed Order # 2 Proposed Order # 3 Proposed Order)(Birnbaum, Lauren) Modified on 11/3/2005 (Duong, D). (Entered: 11/02/2005) |
| 11/02/2005 | ❍37 | MEMORANDUM/RESPONSE in SUPPORT re 36 First Amended MOTION to DISMISS for LACK of JURISDICTION *and Improper Venue By District of Columbia, District of Columbia Metropolitan Police Department, Charles Ramsey, Ralph Durant.* (Birnbaum, Lauren) (Entered: 11/02/2005) |

| 11/02/2005 | | | ***MOTIONS TERMINATED: 32 MOTION to DISMISS filed by District of Columbia, District of Columbia Metropolitan Police Department, Charles H. Ramsey, Ralph Durant. Motion was amended by document 36. (Duong, D) (Entered: 11/03/2005) |
| --- | --- | --- | --- |
| 11/14/2005 | | 38 | DISREGARD [MEMORANDUM/RESPONSE in OPPOSITION *to Defendants AUSAs' Motion to Dismiss/Motion for Summary Judgment]. (Pham, Ha) Modified on 11/15/2005 (Duong, D).* (Entered: 11/14/2005) |
| 11/14/2005 | | 39 | DISREGARD [STATEMENT of Genuine Issues in Dispute, Filed Concurrently with Opposition to Defendants AUSAs' Motion for Summary Judgment by Plaintiff Virgil M. Rogers]. (Pham, Ha) Modified on 11/15/2005 (Duong, D). (Entered: 11/14/2005) |
| 11/14/2005 | | 40 | DISREGARD [APPENDIX by Virgil M. Rogers *Appendix of Evidence of Genuine Issues in Dispute].(Pham, Ha) Modified on 11/15/2005 (Duong, D).* (Entered: 11/15/2005) |
| 11/16/2005 | | 41 | MEMORANDUM/RESPONSE in OPPOSITION *to Defendant AUSAs' Motion to Dismiss/Motion for Summary Judgment.* (Tsung-Megason, Bernadine) (Entered: 11/16/2005) |
| 11/16/2005 | | 42 | STATEMENT of Genuine Issues in Dispute re: Motion for Summary Judgment by Plaintiff Virgil M. Rogers. (Tsung-Megason, Bernadine) (Entered: 11/16/2005) |
| 11/16/2005 | | 43 | APPENDIX by Virgil M. Rogers *of Evidence in Support of Statement of Genuine Issues in Dispute.* (Tsung-Megason, Bernadine) (Entered: 11/16/2005) |
| 11/17/2005 | | 44 | REPLY to RESPONSE to MOTION *Reply Memorandum in Support of Defendant AUSAS' Motion to Dismiss or, in the Alternative, For Summary Judgment.* (Newman, Kendall) (Entered: 11/17/2005) |
| 11/17/2005 | | 45 | STATUS REPORT *Defendant AUSAS' Status Report* by Philip A. Ferrari, Pamela Satterfield, Alexis Pappa. (Newman, Kendall) (Entered: 11/17/2005) |
| 11/22/2005 | | 46 | NOTICE by Ralph Durant, District of Columbia, District of Columbia Metropolitan Police Department, Charles H. Ramsey *of no position and no opposition* (Birnbaum, Lauren) (Entered: 11/22/2005) |
| 11/22/2005 | | 47 | STATUS REPORT by Ralph Durant, District of Columbia, District of Columbia Metropolitan Police Department, Charles H. Ramsey. (Birnbaum, Lauren) (Entered: 11/22/2005) |
| 11/22/2005 | | 48 | STATUS REPORT *(by Defendant)* by Karen Johnson-Norman. (Dean, Robin) (Entered: 11/22/2005) |
| 11/22/2005 | | 49 | STATUS REPORT by Virgil M. Rogers. (Tsung-Megason, Bernadine) (Entered: 11/22/2005) |
| 11/28/2005 | | 50 | STATEMENT of No Position and No Opposition by Defendant Karen Johnson-Norman re 23 MOTION to DISMISS *(NOTICE OF) OR, IN* |

| | | |
|---|---|---|
| | | *THE ALTERNATIVE, FOR SUMMARY JUDGMENT.* (Dean, Robin) (Entered: 11/28/2005) |
| 12/02/2005 | 51 | MINUTES for proceedings held before Judge Lawrence K. Karlton: MOTION HEARING held on 12/2/2005 re 23 MOTION to DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT filed by Philip A. Ferrari, Pamela Satterfield, Alexis Pappa. After oral argument, the matter stands SUBMITTED. Court to issue a formal order. Plaintiffs Counsel Bernadine Tsung-Magason present. Defendants Counsel Kendall Newman present. Court Reporter: C. Bodene. (Rivas, A) (Entered: 12/02/2005) |
| 12/06/2005 | 52 | ORDER signed by Judge Lawrence K. Karlton on 12/5/05: (1) counsel for plaintiff is ordered to SHOW CAUSE within ten days why sanctions should not be imposed and why she should not be taxed the cost of defendant Johnson-Norman's counsel's appeareance for her failure to attend the Status Conference; (2) counsel for defendant Johnson-Norman shall FILE a letter with the court within ten days detailing the costs she will charge her client in connection with her appearance; (3) the Status Conference is CONTINUED to 1/17/2006 at 10:00 AM following hearing on defendants' motions to dismiss; and (4) the parties need not file further status reports in contemplation of the 1/17/06 status conference. (Hinkle, T) (Entered: 12/06/2005) |
| 12/12/2005 | 53 | BILL of COSTS SUBMITTED *Dean Letter to Judge Karlton re Costs for Status Conference Appearance on 12-05-05* by Karen Johnson-Norman. (Dean, Robin) (Entered: 12/12/2005) |
| 12/12/2005 | 54 | TRANSCRIPT of Proceedings held on 12/2/05 before Judge Lawrence K. Karlton. Court Reporter: Catherine E. F. Bodine. TEXT ONLY ENTRY (Girgis, C) (Entered: 12/13/2005) |
| 12/14/2005 | 55 | RESPONSE to ORDER to SHOW CAUSE by Virgil M. Rogers. (Tsung-Megason, Bernadine) (Entered: 12/14/2005) |
| 12/15/2005 | 56 | ORDER signed by Judge Lawrence K. Karlton on 12/14/05 ORDERING Dfts' motion to dismiss 23 is GRANTED and claims one and two of the complaint are DISMISSED with PREJUDICE. (Girgis, C) (Entered: 12/15/2005) |
| 12/19/2005 | 57 | ORDER signed by Judge Lawrence K. Karlton on 12/19/05: Counsel for plaintiff is hereby SANCTIONED in the amount of Three Hundred Dollars ($300.00). See order for further details.(Hinkle, T) (Entered: 12/19/2005) |
| 12/20/2005 | 58 | MEMORANDUM/RESPONSE in OPPOSITION *to District Defendants' Motion to Dismiss or Transfer.* (Tsung-Megason, Bernadine) (Entered: 12/20/2005) |
| 01/03/2006 | 59 | MEMORANDUM/RESPONSE in OPPOSITION *to Defendant Karen Johnson-Norman's Motion to Dismiss.* (Tsung-Megason, Bernadine) (Entered: 01/03/2006) |

| 01/09/2006 | 60 | REPLY memorandum in support of deft's 36 First Amended MOTION to DISMISS for LACK of JURISDICTION and Improper Venue. (Birnbaum, Lauren) Modified on 1/9/2006 (Matson, R). (Entered: 01/09/2006) |
|---|---|---|
| 01/09/2006 | 61 | MEMORANDUM/RESPONSE in SUPPORT re 27 MOTION to DISMISS *(Notice of Motion and Motion of Def. Karen Johnson-Norman to Dismiss Under FRCP 12(B)(2) and 12(B)(6))*. (Dean, Robin) (Entered: 01/09/2006) |
| 01/09/2006 | 62 | REQUEST for JUDICIAL NOTICE by Karen Johnson-Norman in re 61 Memorandum/Response in Support of Motion *Supplemental Request for Judicial Notice In Support of Defendant Karen Johnson-Norman's Motion to Dismiss*. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Dean, Robin) (Entered: 01/09/2006) |
| 01/17/2006 | 63 | AFFIDAVIT *re: Sanctions Payment by Counsel* by Virgil M. Rogers. (Tsung-Megason, Bernadine) (Entered: 01/17/2006) |
| 01/17/2006 | 64 | MINUTES for proceedings held before Judge Lawrence K. Karlton: MOTION HEARING held on 1/17/2006 re 27 MOTION to DISMISS Under FRCP 12(B)(2) and 12(B)(6) filed by Karen Johnson-Norman and 36 MOTION to DISMISS for LACK of JURISDICTION and Improper Venue filed by District of Columbia, District of Columbia Metropolitan Police Department, Charles H. Ramsey, Ralph Durant. After oral arugment, the Motion to Dismiss 27 is GRANTED; Motion to Dismiss for lack of Jurisdiction 36 is DENIED, Motion to Transfer Venue is DENIED 36 subject to a filing by Plaintiff, within 15 days, regarding how many attorneys he has contacted. Plaintiffs Counsel Bernadine Tsung-Megason present. Defendants Counsel Robin Dean, Lauren Birnbaum present. Court Reporter: C. Bodene. (Rivas, A) (Entered: 01/17/2006) |
| 01/17/2006 | | RECEIPT number 201 11491 for $300.00 for Sanctions from Bernadine T. Tsung (Kirkpatrick, S) (TEXT ONLY ENTRY) (Entered: 01/17/2006) |
| 01/17/2006 | 65 | MINUTES for proceedings held before Judge Lawrence K. Karlton: SCHEDULING CONFERENCE held on 1/17/2006. Further Scheduling Conference set for 3/20/2006 at 11:30 AM in Courtroom 4 (LKK) before Senior Judge Lawrence K. Karlton. Plaintiffs Counsel Bernadine Tsung-Megason present. Defendants Counsel Lauren Birnbaum present. Court Reporter: C. Bodene. (Rivas, A) (Entered: 01/19/2006) |
| 01/19/2006 | 66 | STATUS ORDER: A further Status Conference is set for 3/20/2006 at 11:30 AM in Chambers before Senior Judge Lawrence K. Karlton. All Rule 26 discovery is STAYED pending defendants' determination concerning whether new cunsel will be retained.Signed by Judge Lawrence K. Karlton on 1/18/06. (Hinkle, T) (Entered: 01/19/2006) |
| 01/27/2006 | 67 | TRANSCRIPT of Defendans' Motion to Dismiss held on 01/17/05 before Judge Lawrence K. Karlton. Court Reporter: Catherine E.F. Bodene. [TEXT ONLY, NO IMAGE ATTACHED]. (Mena-Sanchez, L) (Entered: 01/30/2006) |

| 01/31/2006 | 68 | DECLARATION of Bernadine T. Tsung-Megason in re: Plaintiff's Inability to Retain Counsel. (Tsung-Megason, Bernadine) (Entered: 01/31/2006) |
| 01/31/2006 | 69 | DECLARATION of Virgil M. Rogers in re: Inability to Retain Counsel in the District of Columbia. (Tsung-Megason, Bernadine) (Entered: 01/31/2006) |
| 01/31/2006 | 70 | MOTION to DISMISS / *NOTICE OF MOTION* by Ralph Durant, District of Columbia, District of Columbia Metropolitan Police Department, Charles H. Ramsey. Motion Hearing set for 3/10/2006 at 10:00 AM in Courtroom 4 (LKK) before Senior Judge Lawrence K. Karlton. (Birnbaum, Lauren) (Entered: 01/31/2006) |
| 01/31/2006 | 71 | MEMORANDUM/RESPONSE in SUPPORT re 70 MOTION to DISMISS / *NOTICE OF MOTION*. (Birnbaum, Lauren) (Entered: 01/31/2006) |
| 02/10/2006 | 72 | ORDER signed by Judge Lawrence K. Karlton on 2/9/06 re 70 ORDERING that plt is granted 15 days to indicate to the court whether he favors transfer or will submit to dismissal. A failure to timely respond will result in dismissal. (Duong, D) (Entered: 02/10/2006) |
| 02/24/2006 | 73 | NOTICE of SETTLEMENT *by Plaintiff and District Defendants* by Virgil M. Rogers Filing due by 3/16/2006. (Tsung-Megason, Bernadine) (Entered: 02/24/2006) |
| 02/24/2006 | 74 | REQUEST for *Case Transfer as to Defendant Karen Johnson-Norman* by Virgil M. Rogers. (Tsung-Megason, Bernadine) (Entered: 02/24/2006) |
| 03/03/2006 | 75 | ORDER signed by Judge Lawrence K. Karlton on 3/2/06 ORDERING that the dispositional documents disposing of the case to the District of Columbia dfts be filed no later than 60 days from the effective date of this order . All hrg dates heretofore set in this matter, as to the District of Columbia dfts are hereby VACATED. Pltf's request for transfer to District of Columbia 74 is GRANTED. (Girgis, C) Modified on 3/6/2006 (Duong, D). (Entered: 03/03/2006) |
| 03/03/2006 | 76 | TRANSMITTAL of DOCUMENTS on *3/2/2006* to * USDC, District of Columbia* *333 Constitution Ave NW* *Washington, DC 20001*. ** *Electronic Documents: 1 to 74. *. (Girgis, C) (Entered: 03/03/2006) |
| 03/03/2006 | 77 | ***CASE REOPENED pursuant to court's order 3/3/06 dispositional documents will be filed no later than 60 days 75. (Duong, D) (Entered: 03/06/2006) |
| 03/03/2006 | 79 | DISREGARD DOCKETED IN WRONG CASE [TRANSCRIPT of Proceedings held on 11/16/05 re Trial Proceedings, Vol 5 before Judge Lawrence K. Karlton. Court Reporter: C. Bodene]. [TEXT ENTRY ONLY]. (Duong, D) Modified on 3/7/2006 (Duong, D). (Entered: 03/06/2006) |
| 03/06/2006 | 78 | CLERK'S NOTICE of DOCKET CORRECTION re 75 Order: Due to |

| | | |
|---|---|---|
| | | clerical error, the case will not be transferred to District of Columbia until dispositional documents disposing of the case as to the District of Columbia defendants filed no later than 60 days. Therefore, the Notice of Transmittal to the Ditrict of Columbia <u>76</u> is hereby VACATED. (Duong, D) (Entered: 03/06/2006) |
| 03/07/2006 | ⦿<u>80</u> | CLERK'S NOTICE of DOCKET CORRECTION: Please disregard docket entry [79] Transcript. It was docketed in wrong case number. (Duong, D) (Entered: 03/07/2006) |
| 03/09/2006 | ⦿<u>81</u> | NOTICE OF TEMPORARY ASSIGNMENT notifying parties that due to the retirement of Magistrate Judge Peter A. Nowinski, this action is temporarily reassigned to Magistrate Judge John F. Moulds. (Donati, J) (Entered: 03/09/2006) |
| 05/25/2006 | ⦿<u>82</u> | ORDER signed by Judge Lawrence K. Karlton on 5/23/06 ORDERING that: counsel for the pltf and the District dfts to SHOW CAUSE in writing w/in 10 days why sanctions should not be imposed for their failure to comply with the court's <u>75</u> 3/3/06 Order; and counsel shall file the dispositional documents as to the District dfts w/in 10 days.(Brown, T) (Entered: 05/25/2006) |
| 05/25/2006 | ⦿<u>83</u> | STIPULATION *to Extend Time to File* by Virgil M. Rogers. (Tsung-Megason, Bernadine) (Entered: 05/25/2006) |
| 06/01/2006 | ⦿<u>84</u> | RESPONSE to ORDER to SHOW CAUSE by District of Columbia. (Birnbaum, Lauren) (Entered: 06/01/2006) |
| 06/05/2006 | ⦿<u>85</u> | STIPULATION and ORDER re <u>83</u> signed by Judge Lawrence K. Karlton on 6/2/06 ORDERING that the request for an extension of 20 days (until 6/30/06) by which to file dispositional documents is GRANTED. (Duong, D) (Entered: 06/05/2006) |
| 06/05/2006 | ⦿<u>86</u> | RESPONSE to ORDER to SHOW CAUSE by Virgil M. Rogers. (Tsung-Megason, Bernadine) (Entered: 06/05/2006) |
| 06/08/2006 | ⦿<u>87</u> | NOTICE of CHANGE of ADDRESS by Bernadine Ting-Ting Tsung-Megason (Tsung-Megason, Bernadine) (Entered: 06/08/2006) |
| 06/08/2006 | ⦿<u>88</u> | STIPULATION of DISMISSAL by Virgil M. Rogers. (Tsung-Megason, Bernadine) (Entered: 06/08/2006) |
| 06/08/2006 | ⦿<u>89</u> | CLERK'S NOTICE: Pursuant to the parties' Stipulation to dismiss <u>88</u>, this action is DISMISSED with prejudice. CASE CLOSED. (Duong, D) (Entered: 06/09/2006) |
| 06/15/2006 | ⦿<u>90</u> | ORDER signed by Judge Lawrence K. Karlton on 6/13/06 ORDERING that the orders to show cause are DISCHARGED. (Brown, T) (Entered: 06/15/2006) |
| 06/20/2006 | 91 | ***CASE REOPENED. (Duong, D) (Entered: 06/20/2006) |
| 06/20/2006 | ⦿<u>92</u> | ORDER signed by Judge Lawrence K. Karlton on 6/19/06 ORDERING that as to dft Karen Norman-Johnson, the case is TRANSFERRED to |

| | | | District of Columbia. CASE CLOSED.(Duong, D) (Entered: 06/20/2006) |
| 06/20/2006 | | 93 | TRANSMITTAL of DOCUMENTS on *6/20/2006* to * District of Columbia* *333 Constitution Avenue N.W.* *Washington, DC 20001*. ** |
| | | | *Electronic Documents: 1 to 92. *. (Duong, D) (Entered: 06/20/2006) |

1  TSUNG MEGASON & PHAM
   BERNADINE T. TSUNG-MEGASON, SBN 228921
2  HA PHAM, SBN 228169
   4 East Holly Street, Suite 215
3  Pasadena, CA 91103
   Telephone:  (626) 577-5277
4  Facsimile:  (626) 577-5477

5

6  Attorneys for Plaintiff Virgil M. Rogers

7

8                  **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT**

10

11 | VIRGIL M. ROGERS,                              | Case No.:
12 |                          Plaintiff,            |
13 |          vs.                                   | VERIFIED COMPLAINT FOR DAMAGES:
14 | ASSISTANT UNITED STATES ATTORNEY               |
15 | PHILIP A. FERRARI, individually;               | CIVIL RIGHTS VIOLATIONS PURSUANT
   | ASSISTANT UNITED STATES ATTORNEY               | TO 28 U.S.C. § 1331 AND BIVENS;
16 | PAMELA SATTERFIELD, individually;              | CIVIL RIGHTS VIOLATIONS PURSUANT
   | ASSISTANT UNITED STATES ATTORNEY               | TO 42 U.S.C. §§ 1983;  NEGLIGENCE;
17 | ALEXIA PAPPA, individually; DISTRICT OF        | MALICIOUS PROSECUTION; FALSE
   | COLUMBIA; METROPOLITAN POLICE                  | IMPRISONMENT; INTENTIONAL
18 | DEPARTMENT OF THE DISTRICT OF                  | INFLICTION OF EMOTIONAL DISTRESS;
19 | COLUMBIA; DETECTIVE RALPH                      | NEGLIGENT EMOTIONAL DISTRESS;
   | DURANT, individually, and in his official      | ASSAULT AND BATTERY.
20 | capacity; CHIEF CHARLES H. RAMSEY,             |
21 | individually and in his official capacity;     | DEMAND FOR JURY TRIAL
   | KAREN JOHNSON-NORMAN, an individual,           |
22 | DOES 1 to 50, inclusive,                       |
23 |                                                |
24 |                          Defendants.           |

25

26 ///

27 ///

28
                                    1
                        COMPLAINT FOR DAMAGES

1  COMES NOW, PLAINTIFF VIRGIL M. ROGERS, and alleges as follows:

2  **VENUE AND JURISDICTION**

3    1. Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends jurisdiction

4  to cases arising under the U.S. Constitution. This Court has subject matter jurisdiction over

5  Plaintiff's federal claims pursuant to 42 U.S.C. §1983 for violations of certain protections

6  guaranteed to him by the Fourth, Fifth and Fourteenth Amendments of the federal

7  Constitution. This Court has subject matter jurisdiction over Plaintiff's federal claims

8  pursuant to 28 U.S.C. §§1331 and 1343, in claims arising from violations of federal

9  constitutional rights guaranteed in the amendments to the U.S. Constitution and redressable

10  under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff further invokes

11  the pendent jurisdiction of this Court to consider claims arising under state law.

12    2. Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events

13  giving rise to the claim occurred in this judicial district.

14  **PARTIES**

15    3. Plaintiff is a natural person who at all times mentioned herein resided in the County of

16  Sacramento, State of California.

17    4. Plaintiff is informed and believes that Defendant Assistant United States Attorney

18  Philip A. Ferrari ("FERRARI") is and at all relevant times mentioned herein was a natural

19  person, a duly appointed attorney with the United States Attorney's Office located in the

20  County of Sacramento, State of California, and a resident of Sacramento County, State of

21  California.

22    5. Plaintiff is informed and believes that Defendant Assistant United States Attorney

23  Pamela Satterfield ("SATTERFIELD") is and at all relevant times mentioned herein was a

24  natural person, a duly appointed attorney with the United States Attorney's Office located in

25  the District of Columbia, and a resident of the District of Columbia.

26    6. Plaintiff is informed and believes that Defendant Assistant United States Attorney

27  Alexia Pappa ("PAPPA") is and at all relevant times mentioned herein was a natural person, a

28

1  duly appointed attorney with the United States Attorney's Office located in the District of

2  Columbia, and a resident of the District of Columbia.

3     7. Plaintiff is informed and believes that Defendant District of Columbia ("DISTRICT OF

4  COLUMBIA") is and was at all relevant times mentioned herein, a municipality organized and

5  existing under the laws of the United States of America, and/or the District of Columbia. The

6  Metropolitan Police Department of the District of Columbia is an official subdivision of

7  Defendant DISTRICT OF COLUMBIA, and all detectives and officers employed by said

8  department are employees of Defendant DISTRICT OF COLUMBIA.

9     8. Plaintiff is informed and believes that Defendant Metropolitan Police Department of the

10  District of Columbia ("MPDDC") was at all times mentioned herein, engaged in owning,

11  operating, maintaining, managing and doing business as a Police Department in the District of

12  Columbia, and in the business of public safety for the residents of the District of Columbia.

13  All of the acts complained of herein by Plaintiff against Defendant MPDDC were done and

14  performed by said Defendant by and through its authorized agents, servants and/or employees,

15  and each of them, all of whom were acting within the course, purpose and scope of said

16  agency, in a service and/or employment capacity. Moreover, Defendant and its agents ratified

17  all of the acts complained of herein.

18     9. Plaintiff is informed and believes that Defendant Ralph Durant ("DURANT") is and at

19  all relevant times mentioned herein was a natural person, a resident of the District of

20  Columbia, and a detective who, along with DOES 11-15, was a duly authorized employee of

21  Defendant MPDDC, when he committed the acts alleged hereinafter. Furthermore, Defendant

22  DURANT was acting within the course and scope of his duties and with the complete

23  authority and ratification of Defendant MPDDC. At all relevant times herein, Defendant

24  Durant was acting under color of law, to wit: under the color of the statutes, ordinances,

25  regulations, policies, customs and usages of Defendant MPDDC and Defendant DISTRICT

26  OF COLUMBIA.

27     10. Plaintiff is informed and believes that Defendant Charles H. Ramsey ("RAMSEY") was

28  at all relevant times herein the Chief of Police of Defendant MPDDC, and he, along with other

3

COMPLAINT FOR DAMAGES

1  officials of DISTRICT OF COLUMBIA and DOES 16-20, at all times possessed the power
2  authority, and responsibility to enact policies and to prescribe rules and practices concerning
3  the operation of the MPDDC.  Defendant RAMSEY had the legal duty to oversee and
4  supervise the hiring, conduct and employment of all named and unnamed Defendant
5  employees of the MPDDC, and was an agent of Defendant MPDDC and Defendant
6  DISTRICT OF COLUMBIA.

7      11. The true names and capacities, whether individual, corporate, association or otherwise,
8  of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff who otherwise sues
9  these Defendants by such fictitious names.  Each Defendant is sued individually and in his/her
10 official capacity as defined in the present Complaint.  Plaintiff will seek leave to amend this
11 Complaint to show the true names and capacity of these Defendants when they have been
12 ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the
13 conduct or liabilities alleged herein.

14     12. Plaintiff sues all public, non-federal employees in their official and individual
15 capacities, and all federal employees as individuals.

16     13. Plaintiff is informed and believes that Defendant Karen Johnson-Norman ("JOHNSON-
17 NORMAN") is a natural person who does and at all times mentioned herein resided in the
18 state of Maryland.

19                          **FACTUAL ALLEGATIONS**

20     14. In 2001, Plaintiff VIRGIL M. ROGERS was a decorated Captain in the United States
21 Air Force, who had spent over a decade serving his country, including serving in Operation
22 Desert Storm.

23     15. Plaintiff ROGERS had had a romantic and sexual relationship with a civilian,
24 Defendant KAREN JOHNSON-NORMAN.  After Plaintiff ROGERS ended his relationship
25 with Defendant JOHNSON-NORMAN, who was married, Defendant JOHNSON-NORMAN
26 threatened retaliation and embarked on a campaign of harassment against Plaintiff ROGERS.
27 Defendant JOHNSON-NORMAN began to falsely accused Plaintiff ROGERS of stalking her,
28 and filed several criminal complaints against Plaintiff ROGERS, all but one of which were

1  summarily dismissed. Defendant JOHNSON-NORMAN even informed the Air Force of her

2  affair with Plaintiff ROGERS, and her allegations that he was stalking her, which led the Air

3  Force to dismiss Plaintiff ROGERS from the Air Force, thus ending his military career.

4     16. Plaintiff is informed and believes that in 2000, Defendant JOHNSON-NORMAN

5  enlisted the aid of Defendant Ralph Durant ("DURANT"), a detective with the Metropolitan

6  Police Department of the District of Columbia ("MPDDC"). Defendant JOHNSON-

7  NORMAN, with the help of Defendant DURANT, brought false criminal stalking charges

8  against Plaintiff ROGERS in the District of Columbia. Prior to trial, the stalking charges were

9  reduced to attempted stalking, which, as a misdemeanor, defeated Plaintiff ROGERS' right to

10  a jury trial. During the subsequent bench trial, Plaintiff ROGERS was found guilty of

11  attempted stalking, a crime which today does not, and may never have, existed in the District

12  of Columbia, and put on probation.

13     17. In the ensuing months, Defendant JOHNSON-NORMAN made several false claims

14  that Plaintiff ROGERS had contacted Defendant JOHNSON-NORMAN in violation of his

15  probation. Plaintiff is informed and believes that each and every time Defendant JOHNSON-

16  NORMAN called Defendant DURANT specifically to investigate the allegations.

17     18. Plaintiff ROGERS, fearing that one of Defendant JOHNSON-NORMAN'S false

18  accusations would cause a Court to violate him on his probation, eventually fled the District of

19  Columbia after enduring Defendant JOHNSON-NORMAN'S harassment for almost a year.

20     19. Plaintiff ROGERS fled first to Georgia, then to the state of California, where he resided

21  with his friend, Mr. Samuel Davis, an officer with the Sacramento Police Department.

22  Plaintiff ROGERS moved to Sacramento in mid-2002. Aside from his conviction on the

23  attempted stalking charge, Plaintiff ROGERS has never had negative contact with law

24  enforcement. Further, Plaintiff ROGERS had no negative contact with law enforcement in the

25  state of California prior to June 16, 2003, and has not had any since.

26     20. Unbeknownst to Plaintiff ROGERS, Defendant JOHNSON-NORMAN had again

27  begun to falsely accuse Plaintiff ROGERS of stalking her in late 2002. Despite the fact that

28  Plaintiff ROGERS was living and working in Sacramento, California at the time, and had

1   never returned to the Washington D.C. area since moving to California, Defendant

2   JOHNSON-NORMAN continued to falsely claim that Plaintiff ROGERS had appeared in the

3   D.C. area on several occasions, and had called or written Defendant JOHNSON-NORMAN as

4   part of a pattern of harassment.

5      21. Plaintiff is informed and believes that in late 2002, Defendant JOHNSON-NORMAN

6   and Defendant DURANT renewed their conspiracy to deprive Plaintiff ROGERS of his liberty

7   and constitutional rights by committing overt acts in furtherance of that conspiracy.

8      22. On or about January 28, 2003, Defendant JOHNSON-NORMAN claimed that she had

9   received a manila envelope at her workplace from Plaintiff ROGERS which contained letters,

10   photographs, and a photocopy of an album cover.

11      23. Defendant DURANT retrieved the envelope from Defendant JOHNSON-NORMAN

12   and had the envelope and its contents tested for fingerprints through the MPDDC. Tests

13   revealed that Plaintiff ROGERS' fingerprints were on some of the items inside the envelope,

14   but not on the envelope itself. Plaintiff ROGERS' fingerprints were found on some of the

15   items inside the envelope, but not the envelope itself, because these were items which Plaintiff

16   ROGERS had given Defendant JOHNSON-NORMAN while they were romantically involved.

17      24. Despite knowing that no fingerprints had been found the envelope itself, and despite

18   knowing that Plaintiff ROGERS had been previously convicted of only attempted stalking, a

19   misdemeanor, Defendant DURANT swore out a warrant affidavit which falsely stated that

20   Plaintiff ROGERS' fingerprints had been found on the outside of the manila envelope, which

21   Defendant JOHNSON-NORMAN claimed came from Plaintiff ROGERS, and stating that

22   Plaintiff ROGERS had previously been convicted of stalking, not attempted stalking.

23   Furthermore, Defendant DURANT's affidavit stated that Plaintiff ROGERS' conviction

24   occurred on March 9, 2001, when in fact, Plaintiff ROGERS' conviction occurred on January

25   18, 2001. Plaintiff ROGERS was sentenced on March 9, 2001.

26      25. Defendant DURANT swore out the affidavit in support of an arrest warrant which was

27   brought before Judge Timothy Murphy of the Superior Court of the District of Columbia by

28   Assistant United States Attorney Pamela Satterfield ("SATTERFIELD").

COMPLAINT FOR DAMAGES

26. Defendant SATTERFIELD claims that she presented the arrest warrant as a felony warrant, based on a District of Columbia statute which allows an individual who has been previously convicted of stalking (a misdemeanor), and who is subsequently convicted of a second stalking charge within two years of the first conviction, to have his sentenced enhanced to a year and a half.

27. Defendant DURANT'S affidavit clearly states that Plaintiff ROGERS' prior conviction was on March 9, 2001. The D.C. statute clearly states, and Defendant SATTERFIELD clearly knew, that the sentencing enhancement only applied to individuals <u>convicted</u> of a second stalking charge within a two year period. As the felony arrest warrant was not even signed until March, 21, 2003, it is clear that Plaintiff ROGERS could not be <u>convicted</u> of a second stalking charge within two years of March 9, 2001. Furthermore, at the time Defendant SATTERFIELD presented the warrant in question as a felony warrant, there was clearly a legal question of whether a post-conviction sentencing enhancement could be used to increase a warrant charge from a misdemeanor to a felony.

28. Defendant SATTERFIELD'S mislabeling of the warrant charge as a felony rather than a misdemeanor is not withstanding the fact that the warrant affidavit contained several significant, factual errors. Plaintiff ROGERS was actually convicted on January 18, 2001, and that he was convicted for attempted stalking, and not stalking, a charge which does not, and could not, trigger the D.C. enhancement statute.

29. The total effect of Defendant DURANT'S and Defendant SATTERFIELD'S dishonesty was the issuance of a <u>felony</u> arrest warrant for Plaintiff ROGERS' arrest, instead of a misdemeanor arrest warrant. Felony warrants, but not misdemeanor warrants, are executable outside the District of Columbia. E.g. in the State of California.

30. As a result of Defendant JOHNSON-NORMAN'S false claim that Plaintiff ROGERS had sent her harassing mail, and Defendant DURANT'S false affidavit, Plaintiff ROGERS suffered a second arrest warrant on June 10, 2003. An Order to Show Cause hearing was scheduled for Plaintiff ROGERS' alleged probation violations stated in Defendant DURANT's affidavit. However, as Plaintiff ROGERS was in Sacramento at the time, he never received

1   notice of the hearing. As a result, Judge Boyle of the Superior Court of the District of

2   Columbia issued a bench warrant for Plaintiff ROGERS' arrest, pursuant to his failure to

3   appear at the hearing.

4      31. Plaintiff ROGERS is informed and believes that the AUSA who appeared at the OSC

5   was either Defendant SATTERFIELD or Defendant PAPPA of the USAO-DC.

6      32. The June 10, 2003 bench warrant, for failure to appear in a hearing relating to a

7   misdemeanor conviction, would not have been executable outside the District of Columbia if

8   not for the fact that at the time of issuance, a box was checked on the face of the warrant which

9   allowed for extraterritorial execution based on the Bail Reform Act, which allows any warrant

10  issued as a result of a bail violation to be served extraterritorially.

11     33. The June 10, 2003 bench warrant, like the March 21, 2003 warrant, was faulty and

12  unenforceable outside the District of Columbia, as the laws in the District of Columbia restrict

13  execution of misdemeanor warrants to within the bounds of the District of Columbia. Thus,

14  without the checked box, the June 10, 2003 could have only been executed within the District

15  of Columbia. This box was clearly erroneously checked, as Plaintiff ROGERS was not and

16  had never been out on bail, and his failure to appear was unrelated to any violation of bail

17  release conditions.

18     34. Plaintiff is informed and believes that the box for extraterritorial service of the June 10,

19  2003 warrant was checked deliberately, with knowledge of its inapplicability, but with total

20  disregard to such inapplicability, because Plaintiff ROGERS was living in California at the

21  time, outside the lawful reach of the District of Columbia.

22     35. Plaintiff is informed and believes that the June 10, 2003 warrant was issued only after

23  prosecutors and law enforcement officials in the District of Columbia learned that Plaintiff

24  ROGERS was in California, and that the request for extraterritorial service was made with the

25  intent to circumvent the laws of the United States Constitution and the laws of the District of

26  Columbia.

27     36. Plaintiff is informed and believes that pursuant to the two arrest warrants, Defendants

28  DURANT, JOHNSON-NORMAN, SATTERFIELD and PAPPA directed U.S. Marshals to

8

1  seize Plaintiff ROGERS in the State of California, where he had been residing as a lawful

2  citizen for approximately a year.

3      37. On or about June 16, 2003, Plaintiff ROGERS was outside his residence located at

4  2120 Pantages Circle, Rancho Cordova, California in Sacramento County, when he was seized

5  by two U.S. Marshals.

6      38. The U.S. Marshals humiliated Plaintiff ROGERS by seizing and arresting him in public

7  and in broad daylight before his friends, neighbors and landlord.

8      39. The U.S. Marshals refused to present Plaintiff ROGERS with any warrants, despite his

9  repeated requests to be shown his arrest warrant.

10     40. Upon his arrest, the U.S. Marshals held Plaintiff ROGERS in custody to await his initial

11 appearance before the Eastern District Court of California.

12     41. Plaintiff ROGERS was brought before the Honorable Peter A. Nowinski of the Eastern

13 District Court of California for his initial appearance on June 17, 2003.

14     42. At the initial appearance, Plaintiff ROGERS was represented by Dennis S. Waks of the

15 Federal Public Defender's Office, and the prosecution was represented by Defendant

16 FERRARI of the U.S. Attorney's Office in Sacramento ("USAO-SAC").

17     43. At the initial appearance, Magistrate Nowinski informed Plaintiff ROGERS that he had

18 been arrested pursuant to the June 10, 2003 bench warrant for failure to appear at an Order to

19 Show Cause Hearing.

20     44. At the initial appearance, Mr. Waks informed the Court that Plaintiff ROGERS did not

21 want to, "waive anything similar to extradition."

22     45. Based on Mr. Waks' statement that Plaintiff ROGERS did not want to waive an

23 extradition hearing, Magistrate Nowinski entered a denial on Plaintiff ROGERS' behalf and

24 set the case for an identity hearing on June 19, 2003.

25     46. Based on "uncertainty about [Plaintiff ROGERS'] identity," Magistrate Nowinski also

26 ordered that Plaintiff ROGERS remain detained pending the identity hearing.

27     47. On June 19, 2003, Plaintiff ROGERS was again brought before Magistrate Nowinski

28 for an identity and detention hearing.

9

COMPLAINT FOR DAMAGES

48. During the identity and detention hearing, Defendant FERRARI stated that he had spoken with "the AUSA in D.C." prior to the hearing. Plaintiff ROGERS is informed and believes that the AUSA who Defendant FERRARI spoke with was Defendant SATTERFIELD, Defendant PAPPA, or both.

49. Defendant FERRARI informed the Court that there were two warrants being considered by the Court, the arrest warrant for felony stalking and the bench warrant for failure to appear at an OSC for an alleged probation violation.

50. Defendant FERRARI further stated that the June 10, 2003 warrant had been issued after it became known to law enforcement and prosecutors in the District of Columbia that Plaintiff ROGERS was residing in Sacramento County, California.

51. During the hearing Mr. Waks asserted several times that Plaintiff ROGERS objected to his arrest on the basis that neither of the warrants presented to the Court authorized his seizure in the State of California.

52. Mr. Waks specifically pointed out that the boxed checked for extraterritorial execution on the June 10, 2003 warrant was erroneous as it only applied to bail violations and failure to appear pursuant to a bail violation, an that Plaintiff ROGERS was not out on bail and had never violated bail. Plaintiff ROGERS had been released on probation, which is not covered by the Bail Reform Act.

53. During the June 19, 2003 hearing, Defendant FERRARI mislead the Court to believe that the checked box referred to all failures to appear, not simply failure to appear in violation of pre-trial detention and bail. When Mr. Waks informed the Court that the code section referred to with the check box (D.C. Code § 23-1329) was entitled "Release and Pre-Trial Detention," and is located in a chapter named "Bail Agency (Pre-Trial Service Agency, and Pre-Trial Detention)," Defendant FERRARI told the Court that his copy of the code section was only entitled "Penalties for violation of conditions of release," without mention of the bail or pre-trial language.

54. Given that Defendant FERRARI himself stated during the hearing that he had had conversations with the AUSA in the District of Columbia, Defendant FERRARI knew that Plaintiff ROGERS was not out on bail, but was out on probation when he was seized.

55. Judge Nowinski failed to provide Plaintiff ROGERS with a preliminary hearing prior to extradition in accordance with either Federal Rules of Criminal Procedure Rule 40 (relating to the Bail Reform Act) or 5(c)(1), in violation of Plaintiff Rogers' Constitutional right to due process.

56. Plaintiff ROGERS was not granted a preliminary hearing in the Eastern District of California, despite the fact that he was held in custody until his transfer to the District of Columbia on or about July 16, 2003, almost a month from the date of his first appearance.

57. Plaintiff ROGERS' detention without a preliminary hearing was unlawful and violated his Constitutional right to due process, as he never waived his right to a preliminary hearing, he never gave his consent to extend the time limit, no indictments or informations were filed against him in any state or district prior to July 22, 2003, when a misdemeanor information was filed against Plaintiff ROGERS in the District of Columbia.  Furthermore, Judge Nowinski never made a finding that extraordinary circumstances existed which justified Plaintiff ROGERS being held in custody without a probable cause hearing for such an extended period of time.

58. At the June 19, 2003 hearing, Judge Nowinski specifically stated that Plaintiff ROGERS had "no right to a preliminary hearing, because no offense – no violation is alleged to have occurred in this [Eastern District of California] district."

59. Plaintiff ROGERS was extradited to the District of Columbia without a preliminary hearing after being held in jail in California for almost a month.

60. On or about July 22, 2003, two officers, who Plaintiff ROGERS is informed and believes were member of the MPDDC, removed Plaintiff ROGERS from his jail cell where he was awaiting trial and transported him to a closed door meeting with Defendant DURANT. During transport, one of the officers waived a loaded gun in Plaintiff ROGERS' face, seemingly with no purpose other than to harass and frighten Plaintiff ROGERS.

11

61. Defendant DURANT held Plaintiff ROGERS against his will and interrogated him for over an hour. During the interrogation, Defendant DURANT handcuffed Plaintiff ROGERS to a chair, verbally abused Plaintiff ROGERS and repeatedly threatened Plaintiff ROGERS by gesturing to a loaded gun on a table in the room. Defendant DURANT'S actions caused Plaintiff ROGERS great distress and caused Plaintiff ROGERS to fear for his life.

62. Despite repeated requests by Plaintiff ROGERS, Plaintiff ROGERS was not afforded benefit of counsel during the interrogation.

63. The USAO-DC did not file an information against Plaintiff ROGERS until July 22, 2003. The July 22, 2003, information did not charge Plaintiff ROGERS with either a bail violation or felony stalking.

64. Plaintiff ROGERS stood trial in the District of Columbia on misdemeanor stalking charges based on the March 21, 2003 warrant for felony stalking.

65. During pre-trial hearings in the District of Columbia, the trial Court openly acknowledged that neither the March 21, 2003 or June 10, 2003 warrants for Plaintiff ROGERS' arrest could have been legally executed outside of the District of Columbia. However, the Court refused to dismiss the case, stating that the legality of Plaintiff ROGERS' seizure was of no importance to her, as her only concern was that Plaintiff ROGERS was properly before the Court.

66. On October 28, 2003, a jury acquitted Plaintiff ROGERS of all charges, including charges that Plaintiff ROGERS stalked Defendant JOHNSON-NORMAN.

## FIRST CAUSE OF ACTION

### BIVENS ACTION FOR CIVIL RIGHTS VIOLATIONS:

### UNREASONABLE SEARCH AND SEIZURE

(Against Defendants SATTERFIELD, PAPPA, in their individual capacity,

and DOES 1 to 5, inclusive)

67. Plaintiff alleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 64.

COMPLAINT FOR DAMAGES

1    68. At all times relevant herein, the conduct of all above stated Defendants was subject to

2    the laws of the United States Constitution, pursuant to 28 U.S.C. § 1331 and <u>BIVENS</u>.

3    69. Acting under color of law, Defendants worked a denial of Plaintiff ROGERS' rights,

4    privileges or immunities secured by the United States Constitution or by Federal law:

5        a.  By depriving Plaintiff ROGERS of his liberty without due process of law, by

6            taking him into custody and holding him there against his will,

7        b.  By making an unreasonable search and seizure of his person without due process

8            of law,

9        c.  By refusing or neglecting to prevent such deprivations and denials to Plaintiff

10           ROGERS, thereby depriving Plaintiff ROGERS of his rights, privileges, and

11           immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to

12           the Constitution of the United States.

13   70. On or about March 21, 2003, Defendant SATTERFIELD applied for a felony warrant

14   for Plaintiff ROGERS' arrest.  Defendant SATTERFIELD'S warrant application was

15   supported by an affidavit sworn out by MPDDC Detective Ralph Durant, a co-Defendant in

16   the present case.  The affidavit sworn out by Defendant DURANT contained false information,

17   and false accusations against Plaintiff ROGERS, which were invented by Defendant

18   DURANT and Defendant JOHNSON-NORMAN.

19   71. Defendant SATTERFIELD brought Defendant DURANT'S affidavit and the warrant

20   application before the Superior Court of the District of Columbia.  Defendant SATTERFIELD

21   chose to present the warrant application despite several inaccuracies in the warrant's affidavit.

22   72. Plaintiff is informed and believes and thereon alleges that Defendant SATTERFIELD

23   further overstepped the law and her authority by changing the charge on the face of the

24   warrant.  The face of the warrant shows that the warrant originally requested that Plaintiff

25   ROGERS be charged with "Stalking," a misdemeanor, but that Defendant SATTERFIELD

26   had added the word "Felony" in her own handwriting just above the word "Stalking."

27   Defendant SATTERFIELD'S injection of the word "Felony" greatly broadened the reach of

28   the warrant, as District of Columbia laws clearly state that arrest warrants for misdemeanor

1   charges are not enforceable extraterritorially, but arrest warrants for felony charges may be.

2   Defendant SATTERFIELD chose to increase the named charge to a felony despite knowing

3   that the law and the facts, even as attested in the affidavit, did not allow for characterization of

4   the charge as a felony.

5     73. Defendant SATTERFIELD represented Defendant DURANT'S affidavit as truthful

6   before the District of Columbia Superior Court, and was granted a felony warrant for Plaintiff

7   ROGERS' arrest on March 21, 2003.

8     74. On or about June 10, 2003, again as a result of Defendant JOHNSON-NORMAN'S

9   false claims, the duplicity of Defendant DURANT, and collusion by members of the

10  USAODC, a District of Columbia Superior Court judge issued a bench warrant for Plaintiff

11  ROGERS' arrest for failure to appear at an order to show cause hearing regarding Plaintiff

12  ROGERS' alleged probation violation by contacting Defendant JOHNSON-NORMAN.

13    75. Plaintiff ROGERS was on probation for attempted stalking of Defendant JOHNSON-

14  NORMAN.  Stalking is a misdemeanor charge, making any attempted stalking charge a

15  misdemeanor as well, and any bench warrant issued as a result of a probation violation on the

16  charge would be unenforceable extraterritorially.  Thus, the arrest warrant should not have

17  been exercisable outside the District of Columbia.  However, Defendant PAPPA, or the

18  individual who prepared the warrant, erroneously checked a box on the face of the warrant

19  which allowed for extraterritorial enforcement of the warrant on the basis that Plaintiff

20  ROGERS had failed to appear at a pre-trial bail hearing.  This was clearly erroneous as

21  Plaintiff ROGERS was not, and had never been, out on bail.

22    76. Plaintiff is informed and believes that Defendant JOHNSON-NORMAN and Defendant

23  DURANT, along with Defendants SATTERFIELD and PAPPA directed U.S. Marshals to

24  Plaintiff ROGERS' address in California and ordered his arrest and extradition back to the

25  District of Columbia.

26    77. As a result of Defendant SATTERFIELD and PAPPAS' actions, Plaintiff ROGERS

27  was illegally seized and arrested in the State of California, held illegally without due process

28  of law for nearly a month before being extradited to the District of Columbia, and placed on

1    trial for criminal acts in the District of Columbia, where he risked further imprisonment and

2    loss of liberty.

3        78. Plaintiff is informed and believes and thereon alleges that Defendants SATTERFIELD

4    and PAPPA knew that their actions would lead to an unlawful deprivation of Plaintiff

5    ROGERS' Constitutional rights.

6        79. Defendants SATTERFIELD and PAPPAS' actions did lead to an unlawful deprivation

7    of Plaintiff ROGERS' Constitutional rights.  Plaintiff ROGERS was illegally seized from his

8    home in Sacramento, California; Plaintiff ROGERS was illegally taken from work, family and

9    friends in California and extradited to the District of Columbia without due process of law;

10   Plaintiff ROGERS was tried and forced to defend himself against false and illegal charges in

11   the criminal court system of the District of Columbia; Plaintiff ROGERS suffered more than

12   four months of incarceration before being acquitted of all criminal charges in October 2003.

13       80. Plaintiff ROGER'S illegal seizure was based on distorted facts which Defendant

14   SATTERFIELD presented to the Superior Court of the District of Columbia.   Defendant

15   SATTERFIELD'S actions were ratified by unknown Superiors and Supervisors whose

16   individual identities are presently unknown to Plaintiff ROGERS, and are sued herein as

17   DOES 6 through 10.

18       81. Defendants SATTERFIELD, PAPPA, and DOES 1 to 5, deprived Plaintiff ROGERS of

19   the rights, privileges and immunities secured by the Constitution and laws of the United States,

20   in particular by the Fourth, Fifth and Fourteenth Amendments, the laws of the District of

21   Columbia and the laws of the State of California.  As a direct and proximate result, Plaintiff

22   ROGERS sustained damages stemming from his false arrest, all according to proof at trial.

23       82. As a direct and legal result of the aforementioned misconduct by Defendants

24   SATTERFIELD, PAPPA, and DOES 1 to 5, and the policies, patterns, and practices of the

25   USAO, Plaintiff ROGERS' constitutional rights were violated and/or deprived.

26       83. Defendants SATTERFIELD, PAPPA, and DOES 1 to 5, subjected Plaintiff ROGERS

27   to the aforementioned violations and/or deprivations by either actual malice, deliberate

28

---

15

indifference, or a reckless disregard for their rights under the United States Constitution, the laws of the State of California, and the laws of the District of Columbia.

84. Plaintiff is informed and believes and thereon alleges that Defendants SATTERFIELD, PAPPA, and DOES 1 to 5, acted at all times knowing that the established customs, policies, patterns, and practices as detailed above of the USAO would allow perjury, distortion of facts, the illegal conduct alleged herein, and the constitutional violations alleged herein to continue.

85. The supervisory officers who are, and at all relevant times were, responsible for the supervision of Defendants SATTERFIELD, PAPPA, and DOES 1 through 5, were reckless and deliberately indifferent to the rights of Plaintiff ROGERS in violation of an absolute duty to instruct subordinates and to prevent constitutional harm.

86. The actions of Defendants SATTERFIELD, PAPPA, and DOES 1 through 5, were ratified by unknown Superiors and Supervisors whose individual identities are presently unknown to Plaintiff ROGERS, and are sued herein as DOES 11 through 15.

87. The aforementioned acts of the individual Defendants, and each of them, was willful, wanton, malicious and oppressive and thereby justifies the awarding of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

### BIVENS ACTION FOR CIVIL RIGHTS VIOLATIONS:

### DETENTION AND CONFINEMENT

(Against Defendants FERRARI, SATTERFIELD, PAPPA, and DOES 6 to 10 , inclusive)

88. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 85.

89. As a result of their concerted, unlawful, and malicious acts, which were designed to, and did actually cause the detention and confinement of Plaintiff ROGERS, Defendant FERRARI, SATTERFIELD, PAPPA, and DOES 6 to 10, inclusive, deprived Plaintiff ROGERS of his right to liberty, without due process of law, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

COMPLAINT FOR DAMAGES

90. Plaintiff ROGERS is informed and believes, and thereon alleges that following his arrest on June 16, 2003, but prior to his identification and detention hearings on June 19, 2003, Defendant FERRARI contacted or was contacted by District of Columbia AUSAs SATTERFIELD and PAPPA. Through these contacts, Defendant FERRARI learned from SATTERFIELD and PAPPA that Plaintiff ROGERS was not out on bail, and that the box on the face of the D.C. warrant allowing for extraterritorial service of the warrant had been checked erroneously and did not apply.

91. Plaintiff is informed and believes, and thereon alleges, that Defendant FERRARI also learned from Defendants SATTERFIELD and PAPPA that they and DOES 1 to 5, had a strong interest in bringing Plaintiff ROGERS to trial in the District of Columbia. Thus, despite knowing that the June 10, 2003 warrant could not be lawfully executed in the State of California, as Plaintiff ROGERS was not out on bail, Defendant FERRARI continued to insist during Plaintiff ROGERS' June 19, 2003 hearing that Plaintiff ROGERS had been properly arrested pursuant to the June 10, 2003 bench warrant.

92. During the June 19, 2003 hearing, in order to unlawfully and unconstitutionally retain jurisdiction over Plaintiff ROGERS, Defendant FERRARI deliberately and specifically misled the Court to believe that the D.C. statute authorizing extraterritorial service of the bench warrant was not limited to pre-trial bail conditions.

93. Plaintiff ROGER'S illegal detention and confinement was based on false statements made to the Court by Defendant FERRARI. Defendant FERRARI'S actions were ratified by unknown Superiors and Supervisors whose individual identities are presently unknown to Plaintiff ROGERS, and are sued herein as DOES 16 through 20.

94. Defendant FERRARI and other members of the USAO deprived Plaintiff ROGERS of the rights, privileges and immunities secured by the Constitution and laws of the United States, in particular by the Fifth and Fourteenth Amendments, by the laws of the State of California, and by the laws of the District of Columbia. As a direct and proximate result, Plaintiff ROGERS has sustained damages stemming from his unlawful and unconstitutional detention and confinement, all according to proof at trial.

17

95. As a direct and legal result of the aforementioned misconduct by Defendants, and each of them, and the policies, patterns, and practices of the USAO, Plaintiff ROGERS' constitutional rights were violated and/or deprived. Prior to being acquitted of all charges at his criminal trial, Plaintiff ROGERS was held in jail awaiting trial for more than four months.

96. Plaintiff is informed and believes and thereon alleges that Defendants FERRARI, SATTERFIELD, PAPPA, and DOES 6 to 10, inclusive, subjected Plaintiff ROGERS to the aforementioned violations and/or deprivations by either actual malice, deliberate indifference, or a reckless disregard for their rights under the United States Constitution, the laws of the State of California, and the laws of the District of Columbia.

97. Plaintiff is informed and believes and thereon alleges that Defendants FERRARI, SATTERFIELD, PAPPA, and DOES 6 to 10, inclusive acted at all times knowing that the established customs, policies, patterns, and practices as detailed above of the USAO would allow perjury, distortion of facts, the illegal conduct alleged herein, and the constitutional violations alleged herein to continue.

98. The supervisory officers who are, and at all relevant times were, responsible for the supervision of Defendants FERRARI, SATTERFIELD, PAPPA, and DOES 6 to 10, inclusive, were reckless and deliberately indifferent to the rights of Plaintiff ROGERS in violation of an absolute duty to instruct subordinates and to prevent constitutional harm.

99. The aforementioned acts of the individual Defendants, and each of them, was willful, wanton, malicious and oppressive and thereby justifies the awarding of exemplary and punitive damages.

### THIRD CAUSE OF ACTION

### BIVENS ACTION FOR CIVIL RIGHTS VIOLATIONS:

### SUPERVISORIAL RESPONSIBILITY

(Against Defendants SUPERIORS AND SUPERVISORS AT THE U.S. ATTORNEY'S OFFICE, EASTERN DISTRICT OF CALIFORNIA AND DISTRICT OF COLUMBIA, and DOES 11 through 20, inclusive)

18

100. Plaintiff ROGERS re-alleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in Paragraphs 1 through 99.

101. This cause of action is brought pursuant to 28 U.S.C. § 1331 and Bivens for violation of Plaintiff ROGERS' rights under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution.

102. Plaintiff is informed and believes and thereon alleges that Defendants SUPERIORS AND SUPERVISORS AT THE U.S. ATTORNEY'S OFFICE, EASTERN DISTRICT OF CALIFORNIA AND DISTRICT OF COLUMBIA, and DOES 11 through 20, inclusive, failed to adequately train, supervise, discipline or in any other way control all of the individually named Defendant attorneys and DOES 1 to 10, inclusive, in the exercise of their duties.

103. Plaintiff is informed and believes and thereon alleges that Defendants SUPERIORS AND SUPERVISORS AT THE U.S. ATTORNEY'S OFFICE, EASTERN DISTRICT OF CALIFORNIA AND DISTRICT OF COLUMBIA, and DOES 11 through 20, inclusive, are directly liable and responsible for the acts of said individual and DOE Defendants, because they repeatedly, knowingly and/or negligently failed to enforce the laws of the United States, the Constitution, and its amendments, thereby creating within the USAO a culture of lawlessness in which officers regularly violated the constitutional rights of suspects and arrestees in the belief that such acts would be condoned and justified by their supervisors.

104. Plaintiff is informed and believes and thereon alleges Defendants SUPERIORS AND SUPERVISORS AT THE U.S. ATTORNEY'S OFFICE, EASTERN DISTRICT OF CALIFORNIA AND DISTRICT OF COLUMBIA, and DOES 11 through 20, inclusive, knew, or in the exercise of reasonable care should have known, of such unlawful acts and practices prior to and at the time of Plaintiff ROGERS' injuries.

105. Plaintiff is informed and believes and thereon alleges that Defendants SUPERIORS AND SUPERVISORS AT THE U.S. ATTORNEY'S OFFICE, EASTERN DISTRICT OF CALIFORNIA AND DISTRICT OF COLUMBIA, and DOES 11 through 20, inclusive, failed to provide the individually named Defendants and DOES 1 to 10, inclusive, proper and adequate training necessary to carry out their duties with due care. As a direct and proximate

1  result of this failure to provide necessary training, Plaintiff ROGERS suffered a fourth month

2  long unlawful detention, incarceration, injuries, and damages in an amount to be proven at the

3  trial of this case.

4     106. Defendants SUPERIORS AND SUPERVISORS AT THE U.S. ATTORNEY'S

5  OFFICE, EASTERN DISTRICT OF CALIFORNIA AND DISTRICT OF COLUMBIA, and

6  DOES 11 through 20, inclusive, had a duty to exercise due care in the hiring, selection,

7  training, supervision, oversight, direction, investigation, rewarding, disciplining and control of

8  employees/attorneys.

9     107. Plaintiff is informed and believes and thereon alleges that Defendants SUPERIORS

10  AND SUPERVISORS AT THE U.S. ATTORNEY'S OFFICE, EASTERN DISTRICT OF

11  CALIFORNIA AND DISTRICT OF COLUMBIA, and DOES 11 through 20, inclusive,

12  breached that duty intentionally, purposefully, knowingly, recklessly, with deliberate

13  indifference, with gross negligence, and/or negligently and without regard to Plaintiff

14  ROGERS' constitutionally protected rights.  Said Defendants knew or should have known that

15  Defendant officers and employees were likely to act unlawfully against Plaintiff ROGERS, as

16  they had actual implied or constructive notice of unconstitutional acts by Defendants

17  FERRARI, SATTERFIELD, PAPPA, and DOES 1-10, in the months leading up to

18  Defendants', unlawful acts against Plaintiff ROGERS.

19     108. Therefore, Defendants SUPERIORS AND SUPERVISORS AT THE U.S.

20  ATTORNEY'S OFFICE, EASTERN DISTRICT OF CALIFORNIA AND DISTRICT OF

21  COLUMBIA, and DOES 11 through 20, inclusive, had the power to take reasonable steps to

22  prevent, or aid in the prevention of, Defendant Attorneys' unconstitutional acts.  By exercising

23  due diligence, they could have taken reasonable preventative action.

24     109. Plaintiff is informed and believes and thereon alleges that as supervisors, Defendants

25  SUPERIORS AND SUPERVISORS AT THE U.S. ATTORNEY'S OFFICE, EASTERN

26  DISTRICT OF CALIFORNIA AND DISTRICT OF COLUMBIA, and DOES 11 through 20,

27  inclusive, knew about Defendant Attorneys' unlawful actions against Plaintiff ROGERS.  As

28  supervisors, Defendants were aware of the customs, practices, and propensities of the

1  subordinate Defendant (AUSAs) to investigate and prosecute suspects and arrestees

2  unlawfully, without probable cause, and without regard to their constitutional rights, to present

3  false evidence to the Courts in order to gain unlawful warrants, and to commit perjury to

4  conceal their misconduct.

5  110. Plaintiff is informed and believes and thereon alleges that Defendants SUPERIORS

6  AND SUPERVISORS AT THE U.S. ATTORNEY'S OFFICE, EASTERN DISTRICT OF

7  CALIFORNIA AND DISTRICT OF COLUMBIA, and DOES 11 through 20, inclusive,

8  learned and became aware of the unlawful treatment of Plaintiff ROGERS, and tolerated,

9  encouraged and condoned this misconduct by consciously ignoring, turning a blind eye to, and

10  overlooking the misconduct.

11  111. Plaintiff is informed and believes and thereon alleges that by consciously and

12  deliberately overlooking the acts of misconduct by their subordinate deputies, including

13  Defendants FERRARI, SATTERFIELD, PAPPA and DOES 1 to 10, Defendants SUPERIORS

14  AND SUPERVISORS AT THE U.S. ATTORNEY'S OFFICE, EASTERN DISTRICT OF

15  CALIFORNIA AND DISTRICT OF COLUMBIA, and DOES 11 through 20, inclusive,

16  established a custom and practice of condoning and ratifying such misconduct, and established

17  a tolerated pattern of constitutional violations amongst their subordinate attorneys.

18  112. Plaintiff is informed and believes and thereon alleges that the condoning of the

19  misconduct by Defendants SUPERIORS AND SUPERVISORS AT THE U.S. ATTORNEY'S

20  OFFICE, EASTERN DISTRICT OF CALIFORNIA AND DISTRICT OF COLUMBIA, and

21  DOES 11 through 20, inclusive, was so comprehensive and well-known that their subordinate

22  attorneys were emboldened to blatantly violate the constitutional rights of persons such as

23  Plaintiff ROGERS.

24  113. Plaintiff is informed and believes and thereon alleges that Defendants SUPERIORS

25  AND SUPERVISORS AT THE U.S. ATTORNEY'S OFFICE, EASTERN DISTRICT OF

26  CALIFORNIA AND DISTRICT OF COLUMBIA, and DOES 11 through 20, inclusive,

27  through their custom and practice of encouraging, condoning, tolerating and ratifying

28  constitutional violations by their subordinate officers, including Defendants FERRARI,

1  SATTERFIELD, PAPPA and DOES 1 through 10, were deliberately indifferent to the

2  constitutional violations being committed by their subordinates, including said subordinate

3  Defendants.

4      114. As a direct and proximate result of the above stated Defendants' breach of duty,

5  Plaintiff ROGERS suffered physical injury, pain and suffering, fear, intimidation, severe

6  mental anguish, and emotional distress, and was deprived of rights guaranteed by the Fourth,

7  Fifth, and Fourteenth Amendments to the United States Constitution. Furthermore, Plaintiff

8  ROGERS has incurred damages for which Defendants, and each of them, are liable, because of

9  the breaches of duty, and unconstitutional acts described above.

10     115. Based on the custom and practice of condoning, tolerating and ratifying constitutional

11  violations and a failure to adequately train and discipline attorneys who committed

12  constitutional violations, such as Defendants FERRARI, SATTERFIELD, PAPPA and DOES

13  1 through 10, Defendants SUPERIORS AND SUPERVISORS AT THE U.S. ATTORNEY'S

14  OFFICE, EASTERN DISTRICT OF CALIFORNIA AND DISTRICT OF COLUMBIA, and

15  DOES 11 through 20, inclusive, are liable for constitutional violations committed by said

16  Defendants for the damages suffered by Plaintiff ROGERS as set forth herein.

17              **FOURTH CAUSE OF ACTION**

18     **VIOLATION 42 U.S.C. §1983: UNREASONABLE SEARCH AND SEIZURE**

19          (Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE

20     DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT, CHIEF

21          RAMSEY, KAREN JOHNSON-NORMAN and DOES 21 to 30, inclusive)

22     116. Plaintiff alleges and incorporates by reference, as though fully set forth herein, each

23  and every allegation set forth in Paragraphs 1 through 115.

24     117. At all times relevant herein, the conduct of all above stated Defendants were subject

25  to 42 U.S.C. § 1983.

26     118. Acting under color of law, Defendants worked a denial of Plaintiff ROGERS' rights,

27  privileges or immunities secured by the United States Constitution or by Federal law:

28

COMPLAINT FOR DAMAGES

a. By depriving Plaintiff ROGERS of his liberty without due process of law, by taking him into custody and holding him there against his will,

b. By making an unreasonable search and seizure of his person without due process of law,

c. By refusing or neglecting to prevent such deprivations and denials to Plaintiff ROGERS, thereby depriving Plaintiff ROGERS of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

119. On or about January 28, 2003, Defendant JOHNSON-NORMAN falsely accused Plaintiff ROGERS of delivering a manila envelope with writings and pictures enclosed to Defendant's workplace.

120. On or about January 28, 2003, Defendant JOHNSON-NORMAN contacted Defendant DURANT, and informed Defendant DURANT that she had received the manila envelope and its contents from Plaintiff ROGERS.

121. Plaintiff is informed and believes, and thereon alleges, that Defendant JOHNSON-NORMAN knew that her accusations were false when she made them, and would likely cause harm to Plaintiff ROGERS.

122. Defendant JOHNSON-NORMAN conspired with Defendant DURANT to cause the arrest and detention Plaintiff ROGERS in the State California, against all laws and in violation of Plaintiff ROGERS' constitutional rights.

123. Defendant JOHNSON-NORMAN and Defendant DURANT have a long history where Defendant JOHNSON-NORMAN made false accusations in order for Defendant DURANT to illegally arrest Plaintiff ROGERS.

124. Without completing his investigation to the veracity of Defendant JOHNSON-NORMAN'S accusations, and Defendant DURANT went to the Court of Appeals in an attempt to arrest Plaintiff Rogers knowing that Plaintiff Rogers would need to appear in court on January 30, 2003 relating to Plaintiff Rogers' appellate case,

125. Plaintiff ROGERS was not present at the January 30, 2003 hearing, but his attorney and a friend/witness were. Defendant DURANT threatened and harassed both Plaintiff ROGERS' attorney and friend in an effort to discover information about Plaintiff ROGERS and his whereabouts. Defendant DURANT learned from Plaintiff ROGERS' friend that Plaintiff ROGERS was residing in California.

126. On or about March 20, 2003, Defendant DURANT checked with the fingerprint section of the Metropolitan Police Department of the District of Columbia for results from the manila envelope, which Defendant JOHNSON-NORMAN falsely accused Plaintiff ROGERS of sending to her.

127. On or about March 20, 2003, Defendant DURANT learned that while Plaintiff ROGERS' fingerprints had been found some items inside the envelope, it had not been found on the outside of the envelope.

128. Despite knowing otherwise, Defendant DURANT swore out an affidavit which stated falsely that Plaintiff ROGERS had contacted Defendant JOHNSON-NORMAN, and had sent her harassing mail which contained Plaintiff ROGERS' fingerprints on the outside envelope.

129. Plaintiff is informed and believes, and thereon alleges, that Defendant DURANT, contrary to the truth and his own knowledge, also stated in the affidavit that Plaintiff ROGERS had been convicted of stalking Defendant JOHNSON-NORMAN on March 9, 2001, when Defendant knew that Plaintiff ROGERS had instead been convicted of attempted stalking on January 18, 2001.

130. Plaintiff is informed and believes, and thereon alleges, that Defendant DURANT made these false statements in his affidavit in order to circumvent the laws of Defendant DISTRICT OF COLUMBIA which bar extraterritorial seizure, and extradition of individuals on the basis of misdemeanor arrest warrants. Defendant DURANT made his false statements knowing that they would lead to a mischaracterization of Plaintiff ROGERS' alleged acts as a felony, which is subject to extraterritorial seizure, rather than a misdemeanor.

COMPLAINT FOR DAMAGES

131. Defendant DURANT presented his affidavit to Defendant AUSA SATTERFIELD who appeared before a District of Columbia Superior Court magistrate with a warrant request based on Defendant DURANT'S affidavit.

132. As a direct result of Defendant JOHNSON-NORMAN'S false accusations, and Defendant DURANT'S false affidavit, the Superior Court of the District of Columbia issued a felony stalking warrant for extraterritorial seizure of Plaintiff ROGERS.

133. Additionally, as a direct result of Defendant JOHNSON-NORMAN'S false accusations and Defendant DURANT'S false affidavit, an order to show cause hearing was scheduled regarding Plaintiff ROGERS' alleged probation violation resulting from Defendant JOHNSON-NORMAN'S false claims that Plaintiff ROGERS contacted her. Plaintiff ROGERS was unable to attend due to lack of actual notice, and a District of Columbia Superior Court judge issued a bench warrant for Plaintiff ROGERS' arrest for failure to appear on June 10, 2003.

134. This bench warrant erroneously contained a request for extraterritorial service on the erroneous claim that Plaintiff ROGERS had failed to appear at a pre-trial hearing, and was in violation of pre-trial bail terms.

135. Defendant JOHNSON-NORMAN and Defendant DURANT, along with Defendant SATTERFIELD directed U.S. Marshals to Plaintiff ROGERS' address in California and ordered his arrest and extradition back to the District of Columbia.

136. As a result of Defendant DURANT and Defendant JOHNSON-NORMANS' concerted falsehoods, Plaintiff ROGERS was illegally seized and arrested in the State of California, held illegally without due process of law for nearly a month before being extradited to the District of Columbia, and then placed on trial for criminal acts in the District of Columbia, where he risked further imprisonment and loss of liberty.

137. Plaintiff is informed and believes and thereon alleges that Defendant DURANT and Defendant JOHNSON-NORMAN knew that their actions would lead to an unlawful deprivation of Plaintiff ROGERS' Constitutional rights.

138. Defendant DURANT'S and Defendant JOHNSON-NORMAN'S actions did lead to an unlawful deprivation of Plaintiff ROGERS' Constitutional rights. Plaintiff ROGERS was illegally seized from his home in Sacramento, California; Plaintiff ROGERS was illegally taken from work, family and friends in California and extradited to the District of Columbia without due process of law; Plaintiff ROGERS was tried, and forced to defend himself against false and illegal charges in the criminal court system of the District of Columbia; Plaintiff ROGERS suffered more than four months of incarceration before being acquitted of all criminal charges in October 2003.

139. Plaintiff ROGER'S arrest and detention were based on distorted facts in Defendant DURANT'S police reports, supplemental reports and statements by Defendant JOHNSON-NORMAN, and DOES 21 through 30, inclusive. The police reports and supplemental reports were ratified by other unknown Supervisors, Sergeants, and Commanders of MPDDC sued herein as DOES 31 through 40, inclusive.

140. Defendants JOHNSON-NORMAN, DURANT, RAMSEY, and DOES 21 to 30, inclusive, and agents of each Defendant, acting under color of law, deprived Plaintiff ROGERS of the rights, privileges and immunities secured by the Constitution and laws of the United States, in particular by the Fourth, Fifth and Fourteenth Amendments, by the laws of the State of California, and by the laws of the District of Columbia. As a direct and proximate result, Plaintiff ROGERS has sustained damages stemming from his false arrest and incarceration, all according to proof at trial.

141. As a direct and legal result of the aforementioned misconduct by Defendants, and each of them, and the policies, patterns, and practices of Defendants DISTRICT OF COLUMBIA, and MPDDC, Plaintiff ROGERS' constitutional rights were violated and/or deprived.

142. Defendants, and each of them, subjected Plaintiff ROGERS to the aforementioned violations and/or deprivations by either actual malice, deliberate indifference, or a reckless disregard for their rights under the United States Constitution, the laws of the State of California, and the laws of the District of Columbia.

26

143. Defendants, and each of them, acted at all times knowing that the established customs, policies, patterns, and practices as detailed above of Defendants DISTRICT OF COLUMBIA and MPDDC would allow perjury, distortion of facts, the illegal conduct alleged herein, and the continued constitutional violations alleged herein.

144. The supervisory officers named herein as defendants, including CHIEF RAMSEY and DOES 31 through 40, who are, and at all relevant times were responsible for the supervision of Defendant DURANT and DOES 21 through 30, were reckless and deliberately indifferent to the rights of Plaintiff ROGERS in violation of an absolute duty to instruct subordinates and to prevent constitutional harm.

145. As a direct and proximate cause of the aforementioned acts of these Defendants, Plaintiff ROGERS suffered emotional damage resulting from reasonable fear, and humiliation.

146. By reason of the aforementioned acts and omissions of Defendants, Plaintiff ROGERS incurred special and general damages in an amount to be provided at trial.

147. By reason of the aforementioned acts and omissions of defendants, Plaintiff ROGERS was required to retain counsel to institute and prosecute the within action, and Plaintiff ROGERS requests payment by defendant of a reasonable sum as and for attorneys fees pursuant to 42 U.S.C. §1988.

148. The aforementioned acts of the individual Defendants, and each of them, was willful, wanton, malicious and oppressive and thereby justifies the awarding of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

### VIOLATIONS UNDER 42 U.S.C. § 1983: DETENTION AND CONFINEMENT

(Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT, CHIEF RAMSEY, KAREN JOHNSON-NORMAN and DOES 21 to 30, inclusive)

149. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in Paragraphs 1 through 147.

150. Defendants JOHNSON-NORMAN and DURANT knowingly and deliberately falsified evidence against Plaintiff ROGERS, and presented such false evidence to the Courts with intent to unlawfully deprive Plaintiff ROGERS of his constitutional rights. Defendants caused two arrest warrants against Plaintiff ROGERS to be served extraterritorially, resulting in Plaintiff ROGERS' unlawful seizure in California, arrest, confinement, and removal to the District of Columbia against his will.

151. As a result of their concerted, unlawful, and malicious acts, which were designed to, and did actually cause the detention and confinement of Plaintiff ROGERS, Defendants JOHNSON-NORMAN and DURANT deprived Plaintiff ROGERS of his right to liberty, without due process of law, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

152. As a direct and proximate cause of the aforementioned acts of these Defendants, Plaintiff ROGERS suffered emotional damage resulting from reasonable fear, and humiliation.

153. By reason of the aforementioned acts and omissions of Defendants, Plaintiff ROGERS incurred special and general damages in an amount to be provided at trial.

154. By reason of the aforementioned acts and omissions of defendants, Plaintiff ROGERS was required to retain counsel to institute and prosecute the within action, and Plaintiff requests payment by defendant of a reasonable sum as and for attorneys fees pursuant to 42 U.S.C. §1988.

155. The aforementioned acts of the individual Defendants, and each of them, was willful, wanton, malicious and oppressive and thereby justifies the award of exemplary and punitive damages.

///
///
///
///

## SIXTH CAUSE OF ACTION

### VIOLATIONS UNDER 42 U.S.C. § 1983: EXCESSIVE FORCE

(Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE
DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT,
CHIEF RAMSEY, and DOES 41 to 45, inclusive)

156. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in Paragraphs 1 through 155.

157. This cause of action is brought pursuant to 42 U.S.C. §1983, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

158. On or about July 22, 2003, Plaintiff ROGERS possessed the rights guaranteed by the Fourth, Fifth and Fourteenth Amendments against the use of excessive force by law enforcement officials acting under the color of law.

159. On or about July 22, 2003, two law enforcement officers, whose identities are presently unknown to Plaintiff ROGERS, and are sued herein as DOES 41 to 45, inclusive, removed Plaintiff ROGERS from his jail cell where he was awaiting trial, and transported him to a closed door meeting with Defendant DURANT. During transport, one of officers physically threatened Plaintiff ROGERS by waiving a loaded gun in Plaintiff's face.

160. During his meeting with Defendant DURANT, Defendant DURANT handcuffed Plaintiff ROGERS to a chair, and then proceeded to interrogate and verbally harass him for over an hour. During the interrogation, Defendant DURANT threatened physical violence against Plaintiff ROGERS by repeatedly gesturing to a gun on a desk in the room. Defendant DURANT'S actions made Plaintiff ROGERS reasonably fear for his life, as Defendant DURANT acted in a manner which was unlawful, excessive, reckless and unjustified.

161. Plaintiff is informed and believes and thereon alleges that Defendant RAMSEY and DOES 31 to 40 facilitated, encouraged, instigated these violent acts against Plaintiff ROGERS, failed to intervene to stop the violence, failed to render any assistance to Plaintiff ROGERS, and/or failed to investigate the incident.

162. The above listed Defendants acted specifically with the intent to deprive Plaintiff ROGERS of the following rights under the United States Constitution:

    a. Freedom from unreasonable seizures in the form of the use of excessive force by police officers;

    b. Freedom from a deprivation of liberty without due process of law; and

    c. Freedom from summary punishment.

163. Said Defendants subjected Plaintiff ROGERS to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard for his rights under the United States Constitution and the laws of the District of Columbia.

164. Plaintiff is informed and believes and thereon alleges that these Defendants acted at all times herein knowing full well that the established practices, customs, procedures and polices of Defendant DISTRICT OF COLUMBIA would allow a cover-up and allow the continued use of illegal force in violation of the United States Constitution and the laws of Defendant DISTRICT OF COLUMBIA. Moreover, these Defendants knew that Defendant DISTRICT OF COLUMBIA, acting through its policymakers, had ratified, condoned, acquiesced to these established practices, customs and procedures and thus Defendant officers did not fear any repercussion from Defendant DISTRICT OF COLUMBIA in taking the unlawful action against Plaintiff ROGERS.

165. As a direct and proximate cause of the aforementioned acts of these Defendants, Plaintiff ROGERS suffered emotional damage resulting from reasonable fear, and humiliation.

166. By reason of the aforementioned acts and omissions of Defendants, Plaintiff ROGERS incurred special and general damages in an amount to be provided at trial.

167. By reason of the aforementioned acts and omissions of defendants, Plaintiff ROGERS was required to retain counsel to institute and prosecute the within action, and Plaintiff ROGERS requests payment by Defendants of a reasonable sum as and for attorneys fees pursuant to 42 U.S.C. §1988.

168. The aforementioned acts of said Defendants were willful, wanton, malicious and oppressive thereby justifying the award of exemplary and punitive damages as to the

1    individually named defendants, but not as to Defendants MPDDC or DISTRICT OF

2    COLUMBIA.

3    ## SEVENTH CAUSE OF ACTION

4    **VIOLATIONS UNDER 42 U.S.C. § 1983: DEPRIVATION OF RIGHT TO COUNSEL**

5    (Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE

6    DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT,

7    CHIEF RAMSEY, and DOES 41 to 45, inclusive)

8    169. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

9    each and every allegation set forth in Paragraphs 1 through 170.

10   170. This cause of action is brought pursuant to 42 U.S.C. §1983, and the Sixth

11   Amendment of the United States Constitution.

12   171. On or about July 22, 2003, Plaintiff ROGERS possessed the rights guaranteed by the

13   Fourth, Fifth and Fourteenth Amendments against the use of excessive force by law

14   enforcement officials acting under the color of law.

15   172. On or about July 22, 2003, two law enforcement officers, whose identities are

16   presently unknown to Plaintiff ROGERS, and are sued herein as DOES 41 to 45, inclusive,

17   removed Plaintiff ROGERS from his jail cell where he was awaiting trial, and transported him

18   to a closed door meeting with Defendant DURANT. During transport, one of officers

19   physically threatened Plaintiff ROGERS by waiving a loaded gun in Plaintiff's face.

20   173. During his meeting with Defendant DURANT, Defendant DURANT handcuffed

21   Plaintiff ROGERS to a chair, and then proceeded to interrogate and verbally harass him for

22   over an hour. During the interrogation, Defendant DURANT threatened physical violence

23   against Plaintiff ROGERS by repeatedly gesturing to a gun on a desk in the room. Defendant

24   DURANT'S actions made Plaintiff ROGERS reasonably fear for his life, as Defendant

25   DURANT acted in a manner which was deliberate, unlawful, excessive, reckless and

26   unjustified.

27   174. During the interrogation, Plaintiff ROGERS was not provided with counsel despite

28   his repeated requests for counsel, in violation of his Sixth Amendment right to counsel.

1   Although Plaintiff ROGERS had not yet been indicted or had an information filed in the case

2   on July 22, 2003, Plaintiff ROGERS was clearly under arrest and in the custody of the

3   MPDDC at the time of the interrogation.

4      175. Plaintiff is informed and believes and thereon alleges that Defendant RAMSEY and

5   DOES 31 to 40 facilitated, encouraged, instigated these violent acts against Plaintiff ROGERS,

6   failed to intervene to stop the violence, failed to render any assistance to Plaintiff ROGERS,

7   and/or failed to investigate the incident.

8      176. Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE

9   DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT, CHIEF

10   RAMSEY, and DOES 41 to 45, inclusive, acted specifically with the intent to deprive Plaintiff

11   ROGERS of the following rights under the United States Constitution:

12         a.  Right to effective assistance of counsel.

13      177. Said Defendants subjected Plaintiff ROGERS to the aforementioned deprivations by

14   either actual malice, deliberate indifference or a reckless disregard for his rights under the

15   United States Constitution and the laws of the District of Columbia.

16      178. Plaintiff is informed and believes and thereon alleges that these Defendants acted at

17   all times herein knowing full well that the established practices, customs, procedures and

18   polices of the DISTRICT OF COLUMBIA would allow a cover-up and allow the continued

19   use of illegal force in violation of the Sixth Amendment and the laws of the DISTRICT OF

20   COLUMBIA. Moreover, these Defendants knew that Defendant DISTRICT OF COLUMBIA,

21   acting through its policymakers, had ratified, condoned, acquiesced to these established

22   practices, customs and procedures and thus did not fear any repercussion from Defendant

23   DISTRICT OF COLUMBIA in taking the unlawful action against Plaintiff ROGERS.

24      179. As a direct and proximate cause of the aforementioned acts of these Defendants,

25   Plaintiff ROGERS suffered emotional damage resulting from reasonable fear.

26      180. By reason of the aforementioned acts and omissions of Defendants, Plaintiff

27   ROGERS incurred special and general damages in an amount to be provided at trial.

28

1    181. By reason of the aforementioned acts and omissions of defendants, Plaintiff ROGERS

2    was required to retain counsel to institute and prosecute the within action. Therefore, Plaintiff

3    ROGERS requests payment by defendant of a reasonable sum as and for attorneys fees

4    pursuant to 42 U.S.C. §1988.

5    182. The aforementioned acts of said Defendants were willful, wanton, malicious and

6    oppressive, thereby justifying the award of exemplary and punitive damages as to the

7    individually named defendants, but not as to Defendants MPDDC or DISTRICT OF

8    COLUMBIA.

9    ## EIGHTH CAUSE OF ACTION

10    ### VIOLATIONS UNDER 42 U.S.C. § 1983: CONSPIRACY

11    (Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE

12    DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT, CHIEF

13    RAMSEY, KAREN JOHNSON-NORMAN and DOES 21 to 30, inclusive)

14    183. Plaintiff ROGERS re-alleges and incorporates by reference, as though fully set forth

15    herein, each and every allegation set forth in Paragraphs 1 through 182.

16    184. Plaintiff ROGERS is informed and believes and thereon alleges that during a three

17    year period from Early 2000 to July 2003, Defendants JOHNSON-NORMAN, DURANT,

18    RAMSEY, and DOES 21 to 30, inclusive, conspired to unlawfully arrest, imprison and try

19    Plaintiff ROGERS for crimes he did not commit, by producing false evidence against Plaintiff

20    ROGERS, by submitting false affidavits before the Courts in order to unlawfully gain arrest

21    warrants which would allow Defendants to unlawfully extradite Plaintiff ROGERS from

22    another state or district to stand trial in Defendant DISTRICT OF COLUMBIA.

23    185. On information and belief, Plaintiff ROGERS alleges that Defendants conspired by

24    collaborating with and among each other and reaching an agreement on what acts to accuse

25    Plaintiff ROGERS of committing, and what false or misleading statements to write in an

26    affidavit in support of search warrants.

27    186. On information and belief, Plaintiff ROGERS alleges that Defendants committed

28    overt acts in furtherance of their conspiracy. Defendant JOHNSON-NORMAN knowingly

33

1   submitted false claims to law enforcement officials that Plaintiff ROGERS had contacted her

2   in violation of the terms of his probation. Defendant DURANT deliberately submitted false

3   statements on an affidavit for Plaintiff ROGERS' arrest. Defendants acted knowing that their

4   actions would likely lead to violations of Plaintiff ROGERS' constitutionally protected rights,

5   and that their actions would directly or indirectly cause Plaintiff ROGERS physical, emotional

6   and financial harm.

7      187. Plaintiff ROGERS is informed and believes, and thereon alleges, that to the present

8   date none of these Defendants have come forth to break the conspiracy. Plaintiff ROGERS

9   believes and thereon alleges that Defendants RAMSEY, MPDDC and DISTRICT OF

10   COLUMBIA have either joined the conspiracy or have perpetuated the conspiracy by failing

11   to conduct any investigation into PLAINTIFF ROGERS' claims, and by failing to take any

12   disciplinary action against the principle Defendants. Plaintiff believes and thereon alleges that

13   further facts relating to Defendants RAMSEY, MPDDC and DISTRICT OF COLUMBIA'S

14   involvement in this conspiracy will be obtained in the discovery process because these facts

15   and information are solely within Defendants' possession.

16      188. Plaintiff is informed and believes, and thereon alleges, that Defendants RAMSEY,

17   MPDDC and DISTRICT OF COLUMBIA, joined the conspiracy with Defendant JOHNSON-

18   NORMAN to deprive Plaintiff ROGERS of due process of law, and other rights, privileges or

19   immunities secured by the Constitution of the United States, in particular by the Fourth, Fifth

20   and Fourteenth Amendments of the Constitution, laws of the State of California, and the

21   District of Columbia. These Defendants did so by, among other things, ordering, authorizing,

22   maintaining, enforcing, tolerating, ratifying, permitting, acquiescing in, or committing the acts

23   described above, or by applying policies and practices that did so.

24      189. In furtherance of this conspiracy, one or more of the Defendants committed one or

25   more of the overt acts set forth in this cause of action and in Plaintiff's 42 U.S.C. § 1983

26   causes of action. As a result thereof, Plaintiff ROGERS was deprived of due process of law,

27   or of his Constitutional rights, privileges or immunities. As a direct and proximate result of

28

1    Defendants' conspiracy and their overt acts in furtherance thereof, Plaintiff ROGERS

2    sustained injury and damages.

3      190. By reason of the aforementioned acts and omissions of Defendants, Plaintiff

4    ROGERS incurred special and general damages in an amount to be provided at trial.

5      191. By reason of the aforementioned acts and omissions of defendants, Plaintiff ROGERS

6    was required to retain counsel to institute and prosecute the within action. Therefore, Plaintiff

7    ROGERS requests payment by defendant of a reasonable sum as and for attorneys fees

8    pursuant to 42 U.S.C. §1988.

9      192. The aforementioned acts of said Defendants were willful, wanton, malicious and

10    oppressive, thereby justifying the award of exemplary and punitive damages as to the

11    individually named defendants, but not as to Defendants MPDDC or DISTRICT OF

12    COLUMBIA.

13                  **NINTH CAUSE OF ACTION**

14      **VIOLATIONS UNDER 42 U.S.C. § 1983: MUNICIPALITY LIABILITY**

15            (Against Defendant DISTRICT OF COLUMBIA)

16      193. Plaintiff re-alleges and incorporates by reference all factual contents of paragraphs 1

17    to 192 above as though fully set forth at length herein.

18      194. This cause of action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth,

19    Sixth and Fourteenth Amendments of the United States Constitution.

20      195. Plaintiff is informed and believes and thereon alleges that during a three year period,

21    from 2000 to July 2003, Defendants DURANT, RAMSEY, DOES 31 through 40, and each of

22    them, acted in concert with Defendant JOHNSON-NORMAN and violated Plaintiff ROGERS'

23    constitutional rights against unlawful search, seizure and the use of excessive force.

24    Defendants did so by making false claims against Plaintiff ROGERS, swearing out a false

25    affidavit which directly led to the unlawful detention and arrest of Plaintiff ROGERS, and by

26    interrogating Plaintiff ROGERS unreasonably and without justification in a harassing and

27    physically threatening manner, without granting Plaintiff ROGERS' request for assistance of

28    counsel. During all the above stated acts, Defendants DISTRICT OF COLUMBIA and

1   MPDDC failed to prevent the acts from occurring, failed to intervene or come to Plaintiff

2   ROGERS' aide, and/ or failed to report and investigate the acts.

3       196. Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

4   Defendant law enforcement departments, officers, sergeants, and commanders, including DOE

5   Defendants, were agents and employees of Defendant DISTRICT OF COLUMBIA and in

6   carrying out the acts alleged herein were acting under color of their authority as such, and

7   under color of the statutes, regulations, customs, and usages of the DISTRICT OF

8   COLUMBIA and the MPDDC pursuant to a set pattern, practice, and official policy of

9   DISTRICT OF COLUMBIA.

10       197. Plaintiff is informed and believes and thereon alleges that at the time of the unlawful

11   presentation of false evidence, unlawful search, unlawful seizure, unlawful arrest, unlawful

12   detention and unlawful use of excessive force against Plaintiff ROGERS by said officers,

13   Defendant DISTRICT OF COLUMBIA had in place, and had ratified, policies, procedures,

14   customs and practices which permitted and encouraged their police officers to unjustifiably,

15   unreasonably and in violation of the Fourth, Fifth and Fourteenth Amendments in the above

16   stated manner. Said policies, procedures, customs and practices also called for the DISTRICT

17   OF COLUMBIA not to discipline, prosecute or in any way take corrective or responsive action

18   to known incidents and/or complaints of unlawful acts against officers or resulting claims and

19   lawsuits.

20       198. Plaintiff is informed and believes and thereon alleges that said policies, procedures,

21   customs and practices called for the refusal of Defendant DISTRICT OF COLUMBIA to

22   investigate or document complaints of previous incidents of wrongful conduct and violence

23   and, instead, for Defendant DISTRICT OF COLUMBIA to officially claim that such incidents

24   were justified and proper, or simply fail to report said wrongful conduct at all.

25       199. Plaintiff is informed and believes and thereon alleges that Defendant DISTRICT OF

26   COLUMBIA'S policies, procedures, customs and practices of inaction and cover-up

27   encouraged officers of the MPDDC, including the Defendants named herein, to believe that

28   their unlawful, and unconstitutional acts were permissible.

200. Plaintiff is informed and believes and thereon alleges that said policies, procedures, customs and practices of Defendant DISTRICT OF COLUMBIA evidenced a deliberate indifference to the violations of the constitutional rights of individuals, including Plaintiff ROGERS. This indifference was manifested by the failure to change, correct, revoke, or rescind these policies, procedures, customs and practices in light of prior knowledge by Defendants and their policymakers of indistinguishably similar incidents of unjustified and unreasonable beatings.

201. Plaintiff is informed and believes and thereon alleges that deliberate indifference to the civil rights of victims of officers presenting false evidence, officers conducting unlawful detentions and arrests and officers using excessive force is also evidenced by Defendant DISTRICT OF COLUMBIA ignoring the pattern of prior complaints and civil lawsuits alleging civil rights violations for conduct similar to the conduct alleged herein. In addition, Defendant DISTRICT OF COLUMBIA'S deliberate indifference is evidenced by Defendant having maintained an inadequate system of reporting which has failed and continues to fail to identify instances of improper conduct by MPDDC officers upon suspects, and individuals taken into custody, detainees and arrestees as well as Defendant's failure to more closely supervise or retrain officers who in fact acted improperly toward witnesses, suspects and arrestees.

202. Plaintiff is informed and believes and thereon alleges that other systemic deficiencies which have indicated and continue to indicate a deliberate indifference by Defendant DISTRICT OF COLUMBIA to the violations of the civil rights of individuals such as Plaintiff ROGERS by officers include the following:

    a. Preparation of investigative reports designed to vindicate unlawful and unconstitutional acts, regardless of whether those acts were justified;

    b. Preparation of investigative reports which rely solely on the word of MPDDC officers involved in incidents, and which systematically fail to credit testimony of non-officer witnesses;

     c. Preparation of investigative reports which omit factual information and physical evidence that contradict the accounts of the officers involved in the beatings;

     d. Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigation of the incidents;

     e. Failure to review investigative reports by supervisory officers for accuracy or completeness and acceptance of conclusions that are contradicted by the other evidence; and,

     f. Acquiescence and/or a tacit agreement to a "code of silence" that permeates all levels of the chain of command within the MPDDC and serves to insulate and protect officers who engage in unlawful conduct.

203. Plaintiff is informed and believes and thereon alleges that Defendant DISTRICT OF COLUMBIA also maintained a system of grossly inadequate training pertaining to the use of force in taking individuals into custody in that said training fails to meet standard police training principles and criteria which mandate the use of established customs, procedures, and guidelines to prevent the pattern of lawsuits against said defendants.

204. Plaintiff is informed and believes and thereon alleges that the foregoing acts, omissions, and systemic deficiencies are policies and customs of Defendant DISTRICT OF COLUMBIA and caused Defendant officers to believe that acting unlawfully and unconstitutionally toward suspects and arrestees is permissible, that acting unlawfully is a matter entirely within the discretion of the officers, and that such acts would not be honestly and properly investigated.

205. As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of Defendant DISTRICT OF COLUMBIA and the MPDDC, Defendants DURANT, RAMSEY, and DOES 21 to 30, inclusive directly and indirectly caused Plaintiff ROGERS to sustain injuries and damages, including special and general damages in an amount to be provided at trial.

206. By reason of the aforementioned acts and omissions of Defendant DISTRICT OF COLUMBIA, Plaintiff ROGERS was required to retain counsel to institute and prosecute the

1    within action, and Plaintiff ROGERS requests payment by Defendant of a reasonable sum as

2    and for attorneys fees pursuant to 42 U.S.C. §1988.

3                           **TENTH CAUSE OF ACTION**

4    **VIOLATIONS UNDER 42 U.S.C. § 1983: SUPERVISORIAL RESPONSIBILITY**

5             (Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE

6                  DEPARTMENT OF THE DISTRICT OF COLUMBITA, CAPT. RAMSEY

7                              and DOES 31 to 40, inclusive)

8        207. Plaintiff ROGERS re-alleges and incorporates by reference, as though fully set forth

9    herein, each and every allegation set forth in Paragraphs 1 through 206.

10       208. This cause of action is brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff

11   ROGERS' rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S.

12   Constitution.

13       209. Plaintiff is informed and believes and thereon alleges that Defendants DISTRICT OF

14   COLUMBIA, MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive, failed to adequately

15   train, supervise, discipline or in any other way control all of the individually named defendant-

16   officers and DOES 21 to 30, inclusive, in the exercise of their duties as officers, sergeants,

17   commanders, and/or supervisors.

18       210. Plaintiff is informed and believes and thereon alleges Defendants DISTRICT OF

19   COLUMBIA, MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive, are directly liable

20   and responsible for the acts of said individual and DOE Defendants, because they repeatedly,

21   knowingly and/or negligently failed to enforce the laws of the United States, the Constitution

22   and its amendments, the District of Columbia, and the regulations of the MPDDC, thereby

23   creating within the MPDDC an atmosphere of lawlessness in which officers regularly violated

24   the constitutional rights of suspects and arrestees in the belief that such acts would be

25   condoned and justified by their supervisors.  Defendants DISTRICT OF COLUMBIA,

26   MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive, knew, or in the exercise of

27   reasonable care should have known, of such unlawful acts and practices prior to and at the

28   time of Plaintiff ROGERS' injuries.

211. Plaintiff is informed and believes and thereon alleges that Defendants DISTRICT OF COLUMBIA, MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive, were also negligent in failing to provide the individually named Defendants and DOES 21 to 30, inclusive, the proper and adequate training necessary to carry out their duties with due care that these Defendants could foreseeably be expected to perform in the course of their employment with Defendant DISTRICT OF COLUMBIA. The individually named Defendants and DOES 21 to 30, inclusive, received inadequate training in the proper means of investigating suspects, swearing affidavits, using force for during interrogations of prisoners. As a direct and proximate result of this failure to provide necessary training, Plaintiff ROGERS suffered unlawful detention, incarceration, injuries, and damages in an amount to be proven at the trial of this case.

212. Plaintiff is informed and believes and thereon alleges that Defendants DISTRICT OF COLUMBIA, MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive, had a duty to exercise due care in the hiring, selection, training, supervision, oversight, direction, investigation, rewarding, disciplining and control of officers, employees and agents.

213. Plaintiff is informed and believes and thereon alleges that Defendants DISTRICT OF COLUMBIA, MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive, breached that duty intentionally, purposefully, knowingly, recklessly, with deliberate indifference, with gross negligence, and/or negligently and without regard to human safety. Said Defendants knew or should have known, as said Defendants had actual implied or constructive notice, of tortious misfeasance and nonfeasance by Defendant officers and employees leading up to Defendant officers and employees' unlawful acts against Plaintiff ROGERS, that Defendant officers and employees were likely to act unlawfully against Plaintiff ROGERS. Therefore, the above stated Defendants had the power to take reasonable steps to prevent, or aid in the prevention of, the Defendant officers' and employees' tortious actions or omissions. In the exercise of due diligence, defendants DISTRICT OF COLUMBIA, MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive, could have taken reasonable preventative action.

COMPLAINT FOR DAMAGES

214. As a direct and proximate result of the above stated Defendants' breach of duty,

Plaintiff ROGERS suffered physical injury, pain and suffering, fear, intimidation, severe

mental anguish, and emotional distress, and was deprived of rights guaranteed by the Fourth,

Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Plaintiff

ROGERS has incurred damages for which Defendants, and each of them, are liable because of

the breaches of duty described above and the violations of 42 U.S.C §§ 1983.

215. Plaintiff is informed and believes and thereon alleges that as supervisors, Defendants

DISTRICT OF COLUMBIA, MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive,

knew about Defendant officers' and employees' unlawful actions against Plaintiff ROGERS.

Defendants were aware of the customs, practices, and propensities of these subordinate

Defendants to treat suspects and arrestees unlawfully and without regard to their constitutional

rights, to present false evidence to the Courts in order to gain unlawful warrants, to use

excessive force, to file false police reports, to falsify evidence, and to commit perjury to

conceal their misconduct.   Defendants DISTRICT OF COLUMBIA, MPDDC, CAPT.

RAMSEY and DOES 1 to 4, inclusive, learned and became aware of the unlawful treatment of

Plaintiff ROGERS, and tolerated, encouraged and condoned this misconduct by consciously

ignoring, turning a blind eye to, and overlooking the misconduct.

216. Plaintiff is informed and believes and thereon alleges that by consciously and

deliberately overlooking the acts of misconduct by their subordinate deputies, including

Defendant DURANT and DOES 21 to 30, inclusive, Defendants DISTRICT OF COLUMBIA,

MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive, established a custom and practice

of condoning and ratifying such misconduct, and established a tolerated pattern of

constitutional violations amongst their subordinate deputies.  The condoning of the misconduct

by Defendants DISTRICT OF COLUMBIA, MPDDC, CAPT. RAMSEY and DOES 31 to 40,

inclusive, was so comprehensive and well-known that their subordinate officers were

emboldened to blatantly violate the constitutional rights of persons such as Plaintiff ROGERS.

217. Plaintiff is informed and believes and thereon alleges that bDefendants DISTRICT

OF COLUMBIA, MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive, through their

1   custom and practice of encouraging, condoning, tolerating and ratifying constitutional

2   violations by their subordinate officers, including Defendant DURANT and DOES 21 to 30,

3   inclusive, were deliberately indifferent to the constitutional violations being committed by

4   their subordinates, including said subordinate Defendants.

5       218. Plaintiff is informed and believes and thereon alleges that based on the custom and

6   practice of condoning, tolerating and ratifying constitutional violations and a failure to

7   adequately train and discipline subordinate MPDDC officers who committed constitutional

8   violations, such as Defendants DURANT and DOES 21 to 30, inclusive. Defendants

9   DISTRICT OF COLUMBIA, MPDDC, CAPT. RAMSEY and DOES 31 to 40, inclusive, are

10  liable for constitutional violations committed by said Defendants for the damages suffered by

11  Plaintiff ROGERS as set forth herein.

12      219. As a result of the aforementioned acts, omissions, systematic deficiencies, policies,

13  procedures, customs and practices of Defendant DISTRICT OF COLUMBIA and the

14  MPDDC, Defendants DURANT, RAMSEY, and DOES 21 to 30, inclusive, directly and

15  indirectly caused Plaintiff ROGERS to sustain injuries and damages, including special and

16  general damages in an amount to be provided at trial.

17      220. By reason of the aforementioned acts and omissions of Defendant DISTRICT OF

18  COLUMBIA, Plaintiff ROGERS was required to retain counsel to institute and prosecute the

19  within action, and Plaintiff ROGERS requests payment by Defendant of a reasonable sum as

20  and for attorneys fees pursuant to 42 U.S.C. §1988.

21      221. The aforementioned acts of the individual Defendant RAMSEY, and DOES 31 to 40,

22  inclusive, were willful, wanton, malicious and oppressive thereby justifying the awarding of

23  exemplary and punitive damages as to these defendants.

24  ///

25  ///

26  ///

27  ///

28

42
COMPLAINT FOR DAMAGES

### ELEVENTH CAUSE OF ACTION

### NEGLIGENCE

(Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE
DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT, CHIEF
RAMSEY, KAREN JOHNSON-NORMAN and DOES 21 to 30, inclusive)

222. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in Paragraphs 1 to 221.

223. Plaintiff is informed and believes, and thereon alleges that on or about January 18, 2003, Defendant JOHNSON-NORMAN negligently made a false police report which claimed that Plaintiff ROGERS had stalked her and had sent her harassing mail on or about January 14, 2003.

224. Plaintiff is informed and believes and thereon alleges that on March 21, 2003, Defendant DURANT negligently made false statements of an affidavit in support of a felony arrest warrant for Plaintiff ROGERS issued on or about March 21, 2003.

225. Plaintiff is informed and believes and thereon alleges that on March 21, 2003, Defendant DURANT negligently made false statements of an affidavit in support of a bench warrant for Plaintiff ROGERS, for failure to appear at an order to show cause hearing. This bench warrant was issued on June 10, 2003.

226. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendants above had a duty to act with due care in reporting and investigating claims alleging wrongdoing by Plaintiff Rogers.

227. Defendants mentioned above breached their duty of care by negligently and without due care and cause, or provocation, caused Plaintiff ROGERS to be falsely arrested, imprisoned, and criminally tried, thereby causing Plaintiff ROGERS to be injured.

228. Plaintiff is informed and believes and thereon alleges that at all times during the negligent conduct of Defendant DURANT, he was acting within the course and scope of his employment with Defendant DISTRICT OF COLUMBIA and MPDDC.

1    229. Defendants' acts against Plaintiff ROGERS were unreasonable, unwarranted,

2   unconstitutional, and manifested an unreasonable risk of injury to plaintiff. As a direct and

3   proximate cause of Defendants' negligence, Plaintiff ROGERS suffered injuries and damages,

4   including special and general damages, in an amount to be proven at time of trial.

5    230. The aforementioned acts of the individual Defendants DURANT, RAMSEY, and

6   DOES 31 to 40, inclusive, were willful, wanton, malicious and oppressive thereby justifying

7   the awarding of exemplary and punitive damages as to these defendants.

8    **TWELTH CAUSE OF ACTION**

9    **FALSE IMPRISONMENT**

10    (Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE

11   DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT, CHIEF

12    RAMSEY, KAREN JOHNSON-NORMAN and DOES 21 to 30, inclusive)

13    231. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

14   each and every allegation set forth in Paragraphs 1 through 230 above.

15    232. Defendants' actions wrongfully deprived Plaintiff of his liberty in violation of

16   California and/or District of Columbia law.

17    233. Plaintiff is informed and believes, and thereon alleges that on or about January 18,

18   2003, Defendant JOHNSON-NORMAN made a false police report which claimed that

19   Plaintiff ROGERS had stalked her and had sent her harassing mail on or about January 14,

20   2003.

21    234. Plaintiff is informed and believes and thereon alleges that on March 21, 2003,

22   Defendant DURANT made false statements of an affidavit in support of a felony arrest

23   warrant for Plaintiff ROGERS issued on or about March 21, 2003.

24    235. Plaintiff is informed and believes and thereon alleges that on March 21, 2003,

25   Defendant DURANT made false statements of an affidavit in support of a bench warrant for

26   Plaintiff ROGERS, for failure to appear at an order to show cause hearing. This bench warrant

27   was issued on June 10, 2003.

28

1   236. As a result of these false allegations, Plaintiff ROGERS was detained, arrested and

2   held against his will for an unreasonable period of time on or about June 16, 2003 and various

3   subsequent times totaling 4 months.

4   237. Plaintiff is informed and believes and thereon alleges that at all times during the false

5   arrest and imprisonment of Plaintiff ROGERS, Defendant DURANT and DOES 21 to 30,

6   inclusive, were acting within the course and scope of their employment with Defendant

7   DISTRICT OF COLUMBIA.

8   238. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered

9   physical, psychological injuries, and severe emotional distress.  Defendants' acts were

10  intentional and done with malicious and oppressive intent. Plaintiff ROGERS suffered injuries

11  and damages, including special and general damages, in an amount to be proven at time of

12  trial.

13  239. The aforementioned acts of the individual Defendant RAMSEY, and DOES 31 to 40,

14  inclusive, were willful, wanton, malicious and oppressive thereby justifying the awarding of

15  exemplary and punitive damages as to these defendants.

16  ## THIRTEENTH CAUSE OF ACTION

17  ## MALICIOUS PROSECUTION

18  (Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE

19  DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT, CHIEF

20  RAMSEY, KAREN JOHNSON-NORMAN and DOES 21 to 30, inclusive)

21  240. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

22  each and every allegation set forth in paragraphs 1 through 239 above.

23  241. This cause of action is brought pursuant to the state laws of California and/or the laws

24  of the District of Columbia.

25  242. Plaintiff is informed and believes, and thereon alleges that on or about January 18,

26  2003, Defendant JOHNSON-NORMAN made a false police report which claimed that

27  Plaintiff ROGERS had stalked her and had sent her harassing mail on or about January 14,

28  2003.

243. Plaintiff is informed and believes, and thereon alleges that on March 21, 2003, Defendant DURANT made false statements of an affidavit in support of a felony arrest warrant for stalking against Plaintiff ROGERS issued on or about March 21, 2003.

244. As a result of these false allegations, Plaintiff ROGERS was illegally detained, arrested, prosecuted and tried for the crime of stalking.

245. On October 28, 2003, Plaintiff was acquitted of the charge of stalking by a jury.

246. Plaintiff is informed and believes, and thereon alleges that Defendant JOHNSON-NORMAN knowingly submitted false claims to law enforcement officials that Plaintiff ROGERS had contacted her in violation of the terms of his probation. Plaintiff is informed and believes, and thereon alleges that Defendant DURANT deliberately submitted false statements on an affidavit for Plaintiff ROGERS' arrest. Outside of these false allegations, there is no reason or probably cause to detain Plaintiff Rogers, and initiate and continue criminal proceedings against him for stalking.

247. Plaintiff is informed and believes, and thereon alleges that Defendants JOHNSON-NORMAN, and DURANT, acting under color of law, and Defendants RAMSEY, MPDDC and DISTRICT OF COLUMBIA maliciously prosecuted Plaintiff ROGERS without probable cause by among other things, ordering, authorizing, maintaining, enforcing, tolerating, ratifying, permitting, acquiescing in, or applying the policies and practices described above, and by committing the acts described above.

248. At no time did Defendants JOHNSON-NORMAN, DURANT, RAMSEY, FERRARI, SATTERFIELD, PAPPA and DOES 1 to 50, inclusive, have probable cause to arrest and charge Plaintiff ROGERS with criminal charges and/or recommend that he be prosecuted. At no time did Defendants have probable cause to request. Notwithstanding this, with malice and conscious disregard for his rights to due process, said defendants presented the above false evidence and recommended that plaintiff be charged and prosecuted.

249. As a result of the above-described acts and misconduct, Plaintiff ROGERS was wrongfully prosecuted and unjustly charged and incarcerated.

1    250. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered

2    physical, psychological injuries, and severe emotional distress. Defendants' acts were

3    intentional and done with malicious and oppressive intent. Plaintiff is entitled to general,

4    special and compensatory damages in amounts to be proven at trial.

5    251. The aforementioned acts of Defendants were willful, wanton, malicious and

6    oppressive, thereby justifying the awarding of exemplary and punitive damages.

7                              **FOURTEENTH CAUSE OF ACTION**

8                                   **ASSAULT AND BATTERY**

9         (Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE

10        DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT,

11                              and DOES 41-45, inclusive)

12    252. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,

13    each and every allegation set forth in Paragraphs 1 through 251.

14    253. This cause of action is brought pursuant to the state laws of California and/or the laws

15    of the District of Columbia.

16    254. On or about July 22, 2003, Defendants DOES 41-45, inclusive, removed Plaintiff

17    ROGERS from his jail cell where he was awaiting trial, and transported Plaintiff ROGERS to

18    a closed door meeting with Defendant DURANT. During this meeting, Defendant DURANT

19    interrogated and verbally harassed Plaintiff ROGERS, and threatened physical violence

20    against Plaintiff ROGERS, or directed others to do so, in a manner which was unlawful,

21    excessive, reckless and unjustified.

22    255. Said Defendants intended to cause and did cause a harmful contact with Defendant's

23    person by doing the acts stated above.

24    256. Plaintiff Rogers did not consent to Defendants' acts.

25    257. As a direct and proximate cause of the aforementioned acts of these defendants,

26    Plaintiff ROGERS suffered emotional damage resulting from reasonable fear, and humiliation.

27

28

258. By reason of the aforementioned acts and omissions of Defendants, Plaintiff ROGERS was caused to incur special and general damages in an amount to be provided at trial.

259. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of these individual defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

260. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered physical, psychological injuries, and severe emotional distress. Defendants' acts were intentional and done with malicious and oppressive intent. Plaintiff is entitled to general, special and compensatory damages in amounts to be proven at trial.

261. The aforementioned acts of Defendants were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages.

## FIFTEENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT, CHIEF RAMSEY, KAREN JOHNSON-NORMAN and DOES 21 to 30, inclusive)

262. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 to 261 as though fully set forth herein.

263. This cause of action is brought pursuant to the state laws of California and/or the laws of the District of Columbia.

264. At all times mentioned herein, Defendants above had a duty to act with due care in reporting and investigating claims alleging wrongdoing by Plaintiff Rogers.

265. Plaintiff is informed and believes, and thereon alleges that on or about January 18, 2003, Defendant JOHNSON-NORMAN negligently made a false police report which claimed

1  that Plaintiff ROGERS had stalked her and had sent her harassing mail on or about January 14,

2  2003.

3      266. Plaintiff is informed and believes and thereon alleges that on March 21, 2003,

4  Defendant DURANT negligently made false statements of an affidavit in support of a felony

5  arrest warrant for Plaintiff ROGERS issued on or about March 21, 2003.

6      267. Plaintiff is informed and believes and thereon alleges that on March 21, 2003,

7  Defendant DURANT negligently made false statements of an affidavit in support of a bench

8  warrant for Plaintiff ROGERS, for failure to appear at an order to show cause hearing. This

9  bench warrant was issued on June 10, 2003.

10     268. Defendants negligently gave false information to the police, the Assistant United

11 States Attorney, and or the court, thereby causing Plaintiff ROGERS injury. At all times

12 during the negligent conduct of Defendant DURANT, he was acting within the course and

13 scope of his employment with Defendant DISTRICT OF COLUMBIA and MPDDC.

14     269. Defendants' negligent actions resulted in the arrest, imprisonment, and trial of

15 Plaintiff ROGERS causing Plaintiff ROGERS severe emotional distress.

16     270. Defendants knew or should have known that their failure to act with due care in

17 reporting and investigating claims alleging wrongdoing by Plaintiff Rogers would result in

18 case Plaintiff Rogers severe emotional distress.

19     271. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered

20 physical, psychological injuries, and severe emotional distress. Defendants' acts were

21 intentional and done with malicious and oppressive intent. Plaintiff is entitled to general,

22 special and compensatory damages in amounts to be proven at trial.

23                      **SIXTEENTH CAUSE OF ACTION**

24              **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

25            (Against Defendants DISTRICT OF COLUMBIA, METROPOLITAN POLICE

26      DEPARTMENT OF THE DISTRICT OF COLUMBIA, DETECTIVE DURANT, CHIEF

27           RAMSEY, KAREN JOHNSON-NORMAN and DOES 21 to 30, inclusive)

28

272. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in Paragraphs 1 through 267 above.

273. This cause of action is brought pursuant to the state laws of California and/or the laws of the District of Columbia.

274. Plaintiff is informed and believes, and thereon alleges that on or about January 18, 2003, Defendant JOHNSON-NORMAN made a false police report which claimed that Plaintiff ROGERS had stalked her and had sent her harassing mail on or about January 14, 2003.

275. Plaintiff is informed and believes and thereon alleges that on March 21, 2003, Defendant DURANT made false statements of an affidavit in support of a felony arrest warrant for Plaintiff ROGERS issued on or about March 21, 2003.

276. Plaintiff is informed and believes and thereon alleges that on March 21, 2003, Defendant DURANT made false statements of an affidavit in support of a bench warrant for Plaintiff ROGERS' arrest for failure to appear at an order to show cause hearing. This bench warrant was issued on June 10, 2003.

277. On or about July 22, 2003, Defendants DOES 41-45 removed Plaintiff ROGERS from his jail cell where he was awaiting trial, and transported Plaintiff ROGERS to a closed door meeting with Defendant DURANT. During this meeting, Defendant DURANT interrogated and verbally harassed Plaintiff ROGERS, and threatened physical violence against Plaintiff ROGERS, or directed others to do so.

278. Plaintiff is informed and believes that Defendants' conduct was intentional and malicious and done for the purposes of causing Plaintiff ROGERS to be illegally arrested and detained.

279. Plaintiff is informed and believes that Defendants' conduct was intentional and malicious, and done for the purposes of causing Plaintiff ROGERS to suffer humiliation, mental anguish, and emotional and physical distress.

280. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered physical, psychological injuries, and severe emotional distress. Defendants' acts were

1   intentional and done with malicious and oppressive intent.  Plaintiff is entitled to general,

2   special and compensatory damages in amounts to be proven at trial.

3        281. The aforementioned acts of Defendants were willful, wanton, malicious and

4   oppressive, thereby justifying the awarding of exemplary and punitive damages.

5

6        **WHEREFORE**, Plaintiff VIRGIL M. ROGERS prays for judgment against

7   defendants, and each of them, as follows:

8        1.  For general damages according to proof;

9        2.  For compensatory damages according to proof;

10       3.  For exemplary damages, as against each defendant police officer, supervisor,

11           policy maker in an amount sufficient to deter and to make an example of each

12           such Defendant(s);

13       4.  For consequential and incidental damages according to proof;

14       5.  For pre-judgment interest according to proof;

15       6.  For costs of suit, including reasonable attorney's fees and litigation expenses as

16           provided by Federal and State laws, including but not limited to 42 U.S.C. §

17           1988;

18       7.  For such further relief as this Honorable Court deems just and proper.

19

20   DATED: June 13, 2005                    TSUNG MEGASON & PHAM

21

22

23                                      By: ___(signature on file)_____

24                                          HA PHAM
                                            Attorneys for Plaintiff VIRGIL M. ROGERS

25   ///

26   ///

27   ///

28

1

## **DEMAND FOR JURY TRIAL**

2

3

4        Plaintiff VIRGIL M. ROGERS hereby respectfully requests a trial by jury.

5

6

7

8

9    DATED:  June 13, 2005                    TSUNG MEGASON & PHAM

10

11                                            By:  ___(signature on file)_____
12                                                 HA PHAM
                                                   Attorney for Plaintiff VIRGIL M. ROGERS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

1

2         __**VERIFICATION**__

3 STATE OF CALIFORNIA    )

4             )  ss:

 COUNTY OF LOS ANGELES  )

5

6    I, VIRGIL M. ROGERS, certify and declare that I have read the foregoing Complaint

7 and know its contents.

8    I am a party to this action.  The matters stated in the documents described above are

9 true of my own knowledge and belief, except as to those matters stated on information and

10 belief, and as to those matters, I believe them to be true.

11    I declare under penalty of perjury that the foregoing is true and correct and that this

12 declaration was executed at Pasadena, California.

13

14

15 Date:  January 13, 2005

16

17            (signature on file)_____
             VIRGIL M. ROGERS

18

19

20

21

22

23

24

25

26

27

28

53
COMPLAINT FOR DAMAGES

Lauren J. Birnbaum
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 727-6295
Appearing *pro hac vice*
See signature block for parties represented

Bernadine T. Tsung Megason [SBN 228921]
Ha Pham [SBN 228169]
Tsung Megason & Pham
4 East Holly Street, Suite 215
Pasadena, CA 91103
(626) 577-5277
Attorneys for Plaintiff Virgil M. Rogers

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

VIRGIL M. ROGERS,

Plaintiff,

v.

ASSISTANT UNITED STATES ATTORNEY
PHILIP A. FERRARI, individually; ASSISTANT
UNITED STATES ATTORNEY PAMELA
SATERFIELD, individually; ASSISTANT
UNITED STATES ATTORNEY ALEXIA PAPPA,
Individually; DISTRICT OF COLUMBIA;
METROPOLITAN POLICE DEPARTMENT OF
THE DISTRICT OF COLUMBIA; DETECTIVE
RALPH DURANT, individually, and in his official
capacity; CHIEF CHARLES H. RAMSEY,
individually and in his official capacity; KAREN
JOHNSON-NORMAN, an individual, DOES 1 to
50, inclusive,

Defendants.

Civil Action 2:05-cv-01177-LKK-PAN

**STIPULATION EXTENDING DEFENDANTS DISTRICT OF COLUMBIA, DISTRICT
OF COLUMBIA METROPOLITAN POLICE DEPARTMENT, CHARLES H. RAMSEY
AND RALPH DURANT'S TIME TO RESPOND TO PLAINTIFF'S COMPLAINT
AND PROPOSED ORDER**

This stipulation is entered into by and between plaintiff Virgil M. Rogers and defendants District of Columbia, District of Columbia Metropolitan Police Department, Chief Charles H. Ramsey and Detective Ralph Durant (hereinafter "District defendants") by and through their respective counsel.

1.  Plaintiff's Complaint was filed on June 13, 2005. Defendant Ramsey was served on August 25, 2005, and his response to the Complaint was due on September 13, 2005. Defendant Durant was served on September 6, 2005, and his response to the Complaint was due on September 26, 2005. Defendant District of Columbia was served on September 2, 2005, and its response to the Complaint was due on September 22, 2005. Defendant District of Columbia Metropolitan Police Department was served on August 24, 2005, and its response to the Complaint was due on September 13, 2005.

2.  Counsel for the District of Columbia was unable to file her *pro hac vice* motion with the Court until September 21, 2005, and she was not added as an attorney to represent the District defendants until September 28, 2005.

3.  According to Fed. R. Civ. P. 6(b), "...the Court for cause shown may at any time in its discretion (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect...."

4.  The District defendants are seeking more than 30 days from the original deadlines to respond to plaintiff Complaint and, therefore, require approval of the Court.

5.  The District defendants have not formally sought any extensions of time from the Court.

6.  This extension will cause no undue prejudice to the parties.

7.  Plaintiff consents to this extension.

Stipulation Extending Time to Respond to Complaint     2

WHEREFORE, the undersigned stipulate and agree that the District defendants must respond to the Complaint no later than November 1, 2005.

Respectfully submitted,

/s/ Lauren J. Birnbaum
LAUREN J. BIRNBAUM [DC Bar No. 483515]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 727-6295
(202) 727-3625 (fax)
E-mail: Lauren.birnbaum@dc.gov
*Attorney for Defendants District of Columbia, District of Columbia Metropolitan Police Department, Charles H. Ramsey, Ralph Durant*

/s/ Bernandine T. Tsung Megason (as authorized on 10/11/05)
Bernadine T. Tsung Megason [SBN 228921]
Ha Pham [SBN 228169]
Tsung Megason & Pham
4 East Holly Street, Suite 215
Pasadena, CA 91103
(626) 577-5277
(626) 577-5477 (fax)
*Attorneys for Plaintiff Virgil M. Rogers*

**IT IS SO ORDERED.**

Date: _____

_____
United States District Court Judge

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   VIRGIL M. ROGERS,

                                       NO. CIV. S-05-1177 LKK/PAN
12
              Plaintiff,
13
         v.                                    O R D E R
14
     ASSISTANT UNITED STATES ATTORNEY
15   PHILIP A. FERRARI, et al.,

16              Defendants.
     _____/
17

18        Pursuant to court order, a Status (Pretrial Scheduling)

19   Conference was set in the above-captioned case on December 5, 2005.

20   ROBIN DEAN appeared as counsel for defendant Johnson-Norman; LAUREN

21   BIRNBAUM appeared as counsel for the District defendants; BERNADINE

22   TSUNG-MEGASON, counsel for plaintiff, FAILED TO APPEAR.

23        Accordingly, the court hereby ORDERS as follows:

24        1. Counsel for plaintiff is ordered to SHOW CAUSE in writing

25   within ten (10) days why sanctions should not be imposed for her

26   failure to attend the Status Conference and why she should not be

                                      1

1    taxed the costs of defendant Johnson-Norman's counsel's appearance

2    at the Status Conference;

3        2. Within ten (10) days, counsel for defendant Johnson-Norman

4    shall file a letter with the court detailing the costs she will

5    charge her client in connection with her appearance at the December

6    5, 2005 Status Conference;

7        3. The Status Conference is CONTINUED to January 17, 2006 at

8    10:00 a.m., following hearing on defendants' motions to dismiss;

9    and

10       4. The parties need not file further status reports in

11   contemplation of the continued Status Conference.

12       IT IS SO ORDERED.

13       DATED:  December 5, 2005

14                              /s/Lawrence K. Karlton
                                LAWRENCE K. KARLTON
15                              SENIOR JUDGE
                                UNITED STATES DISTRICT COURT
16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  VIRGIL M. ROGERS,
                                      NO. CIV. S-05-1177 LKK/PAN
12
            Plaintiff,
13
        v.                                O R D E R
14
    ASSISTANT UNITED STATES ATTORNEY
15  PHILIP A. FERRARI, et al.,

16          Defendants.
                                    /
17

18      Pending before the court is defendant's motion to dismiss, or,

19  in the alternative, for summary judgement.  Plaintiff Virgil

20  Rogers' complaint alleges civil rights violations arising from his

21  allegedly unlawful arrest and detention by virtue of the conduct

22  of various private and governmental actors.  Although the complaint

23  names multiple defendants, the motion currently pending before the

24  court was filed by the three Assistant United States Attorneys

25  named as defendants: Philip A. Ferrari, Pamela A. Satterfield and

26  Alexia Pappas (collectively, "defendant AUSAs").  These defendants

                                    1

1  move to dismiss on the grounds that they are entitled to absolute

2  prosecutorial immunity.  For the reasons set forth below, the court

3  must grant the motion to dismiss.

### I.

### THE COMPLAINT

6      Below the court sets out the allegations of the complaint

7  relevant to the instant motion.

8      Plaintiff and named defendant Karen Johnson-Norman had a

9  romantic relationship.  After the relationship ended, plaintiff was

10  falsely accused of stalking defendant Johnson-Norman.  In 2001,

11  plaintiff was convicted in the District of Columbia for attempted

12  stalking and placed on probation.  In 2002, plaintiff moved to

13  Sacramento.

14      On March 21, 2003, defendant Durant, a detective with the

15  Metropolitan Police Department for the District of Columbia, signed

16  an affidavit in support of an arrest warrant for the plaintiff.

17  The affidavit listed the charge as felony stalking and averred that

18  plaintiff had been in contact with defendant Johnson-Norman, in

19  direct violation of his probation conditions.[1]  Defendant

20  Satterfield signed the arrest affidavit in her capacity as

21  "Assistant United States Attorney".

22

---

23      [1]  Specifically, the affidavit stated that plaintiff had
mailed Johnson-Norman a package which contained letters,
24  photographs, and a photocopy of an album cover.  The affidavit
averred that fingerprint tests of the package and contents of the
25  package confirmed that plaintiff had in fact handled the items
contained in the package.  Plaintiff's fingerprints, however, were
26  only found on the contents of the package.

1      On June 10, 2003, a bench warrant was issued by a D.C.

2  Superior Court judge.  This warrant was premised on charges of

3  "attempted stalking - probation violation" and "failure to appear

4  for a show cause hearing."  Defs.' Mot. to Dism., Ex. B.[2]  A box

5  was checked next to a preprinted sentence which reads "[t]his

6  warrant is issued extraterritorially pursuant to D.C. Code Sec. 23-

7  1329 (1996)."  The warrant listed the plaintiff's California

8  address and the warrant form itself stated that the warrant  "[m]ay

9  be served at any place within the jurisdiction of the United States

10  unless specified otherwise below." Id.

11      On June 16, 2003, plaintiff was arrested in Sacramento,

12  California.  He appeared before United States Magistrate Judge

13  Peter A. Nowinski for an identification hearing and was remanded

14  to the custody of the United States Marshal.  On June 19, 2003,

15  plaintiff again appeared before Judge Nowinski.  Defendant AUSA

16  Ferrari made an offer of proof concerning plaintiff's identity.

17  Judge Nowinski determined that plaintiff was the person named in

18  the arrest warrant.

19      Plaintiff's defense counsel noted that the plaintiff did not

20  waive extradition and argued that there was no jurisdiction to

21  arrest  plaintiff  because  the  warrant  was,  and  under  the

22  circumstances could only be, a "misdemeanor bench warrant."  The

23  court rejected the argument, noting that the warrant was for a

24  violation of probation.  Plaintiff's defense counsel then argued

25  ────────────

26      [2]  Plaintiff was in Sacramento at the time and had not
received notice of the hearing and thus failed to appear.

3

1  that the code section which AUSA Ferrari read into the record

2  referred to pre-trial detention, rather than post-conviction

3  probation.   Nonetheless, the magistrate judge concluded that there

4  was a valid warrant and held plaintiff to answer to the charges in

5  the District of Columbia.   In October 2003, plaintiff was tried by

6  a D.C. jury, and found not guilty.

7       Plaintiff brings two causes of action against the defendant

8  ASUAs, a <u>Bivens</u> action against Satterfield and Pappas premised upon

9  an unreasonable search and seizure, and a <u>Bivens</u> action against all

10 defendant AUSAs for unlawful arrest and confinement.

11                              **II.**

12        **DISMISSAL STANDARDS UNDER FED. R. CIV. P. 12(b)(6)**

13       On a motion to dismiss, the allegations of the complaint must

14 be accepted as true.   See <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).

15 The court is bound to give the plaintiff the benefit of every

16 reasonable inference to be drawn from the "well-pleaded"

17 allegations of the complaint.   See <u>Retail Clerks Intern. Ass'n,</u>

18 <u>Local 1625, AFL-CIO v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).

19 Thus, the plaintiff need not necessarily plead a particular fact

20 if that fact is a reasonable inference from facts properly alleged.

21 See <u>id.</u>; <u>see also</u> <u>Wheeldin v. Wheeler</u>, 373 U.S. 647, 648 (1963)

22 (inferring fact from allegations of complaint).

23       In general, the complaint is construed favorably to the

24 pleader.   See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).   So

25 construed, the court may not dismiss the complaint for failure to

26 state a claim unless it appears beyond doubt that the plaintiff can

                                 4

1  prove no set of facts in support of the claim which would entitle

2  him or her to relief.  See Hishon v. King & Spalding, 467 U.S. 69,

3  73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4  In spite of the deference the court is bound to pay to the

5  plaintiff's allegations, however, it is not proper for the court

6  to assume that "the [plaintiff] can prove facts which [he or she]

7  has not alleged, or that the defendants have violated the . . .

8  laws in ways that have not been alleged."  Associated General

9  Contractors of California, Inc. v. California State Council of

10  Carpenters, 459 U.S. 519, 526 (1983).

### III.

### ABSOLUTE IMMUNITY

13       A prosecutor is entitled to absolute immunity from a civil

14  action when he or she performs a function that is "intimately

15  associated with the judicial phase of a criminal process."  KRL v.

16  Moore, 384 F.3d 1105, 1110 (9th Cir. 2004).  For the reasons set

17  forth below, the court finds that the defendant ASUAs enjoy the

18  protection of that immunity.'

19  **A.    LEGAL STANDARD FOR ABSOLUTE IMMUNITY**

20       A prosecutor is protected by absolute immunity "when

21  performing the traditional functions of an advocate."  Kalina v.

22  Fletcher, 522 U.S. 118 (1997).  That said, "the actions of a

23  prosecutor are not absolutely immune merely because they are

24  performed by a prosecutor."  Buckley v. Fitzsimmons, 509 U.S. 259,

25  _____

26       [3]  Because this matter is resolved on the motion to dismiss,
    the court does not address the motion for summary judgement.

1   273 (1993). Prosecutorial immunity hinges on "the nature of the
2   function performed, not the identity of the actor who performed
3   it." Forrester v. White, 484 U.S. 219 (1988). Because the test is
4   a functional one, a prosecutor is protected by absolute immunity
5   when, e.g., initiating a prosecution and presenting the State's
6   case, appearing at a probable cause hearing to support an
7   application for a search warrant, and preparing and filing an
8   arrest warrant. KRL v. Moore, 384 F.3d at 1110 -1111 (citations
9   omitted). On the other hand, prosecutors are not entitled to
10  absolute immunity when they perform administrative functions, or
11  "investigative functions normally performed by a detective or
12  police officer." Id. at 126. See also Burns v. Reed, 500 U.S. 478,
13  494-96 (1991).

14  **B.    THE ACTIONS OF DEFENDANT AUSAS**

15       To determine immunity on a motion to dismiss, the court must
16  accept the allegations in the plaintiff's complaint as true.
17  Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999)(citing Kalina,
18  522 U.S. 118 (1997)).  The defendant ASUAs bear the burden of
19  demonstrating that immunity attaches to the particular functions
20  at issue. Burns, 500 U.S. at 486.

21       In the case at bar, plaintiff alleges that all three defendant
22  ASUAs engaged in conduct that fell outside the scope of their
23  capacity as prosecutors and therefore they are not entitled to
24  immunity. See Pl.'s Opp'n. at 4:18-20.  The court cannot agree.
25  ////
26  ////

6

1  Even when the factual allegations contained in the complaint are

2  taken as true, it is clear that at all relevant times the defendant

3  AUSAs were acting in ways that were "intimately associated with the

4  judicial phase of the criminal process." KRL v. Moore, 384 F.3d

5  at 1110.[4]  Put directly, even if the defendant AUSAs did each of

6  the things alleged in the complaint, they were acting in the course

7  of their function as AUSAs and therefore immunity is triggered.

8     **1.  The Actions of Defendant Satterfield & Defendant Pappas**

9        Plaintiff asserts that Satterfield and Pappas acted outside

10  the scope of their function as prosecutors with respect to both the

11  March 2003 affidavit and the June 2003 bench warrant.  The claim

12  is without merit.

13        **a.  The March 2003 Affidavit**

14        Plaintiff alleges that the March 2003 affidavit in support of

15  an arrest warrant was false and that defendant Satterfield knew how

16  and why the affidavit was false.  Specifically, plaintiff asserts

17  that Satterfield herself wrote on the affidavit that the charge was

18  "felony stalking," which was improper.[5] See Defs.' Mot. to

19  Dismiss., Ex. C.

20  _____

21        [4]  In plaintiff's opposition, he asserts for the first time
   that he believes that defendant Satterfield may have had a personal
22  relationship with defendant Johnson-Norma.  Since this allegation
   was not raised in the complaint, nor does plaintiff state any
23  factual basis for his belief, the court will disregard the
   assertion.

24

        [5]  It is unclear why or how plaintiff arrives at the
25  conclusion that it was Satterfield who listed the charge as felony
   stalking.  However, because this is a motion to dismiss, the court
26  accepts as true the plaintiff's allegations.

1    Plaintiff explains that D.C. law allows an individual who has

2  been previously convicted of stalking and who is subsequently

3  convicted of a second stalking charge within two years of the first

4  conviction, to be charged with felony stalking.  Pl.'s Compl. at

5  7:3-5.  Plaintiff maintains that over two years passed since his

6  first conviction and thus the enhanced charge of felony stalking

7  was improper.

8    Even if this characterization of D.C. law is accurate, the

9  fact that Satterfield mislabeled the charge on the affidavit does

10  not demonstrate Satterfield acting outside the boundaries of her

11  function as a prosecutor.  On the contrary, Satterfield was

12  performing an ordinary function of a prosecutor in presenting the

13  arrest warrant, even if there was an error in the level of the

14  alleged criminal activity.

15    It is well established that "acts undertaken by a prosecutor

16  in preparing for the initiation of judicial proceedings [. . .] and

17  which occur in the course of his role as advocate for the State,

18  are entitled to the protections of absolute immunity."  Buckley v.

19  Fitzsimmons, 509 U.S. 259, 260 (1993).

20    As noted, there are circumstances when the functional test

21  results in a determination that absolute immunity does not lie.

22  See, e.g., Buckley, 509 U.S. 259 (1993) (prosecutor not acting as

23  advocate when he held a press conference and allegedly fabricated

24  evidence concerning an unsolved crime); Kalina, 522 U.S. 118 (1997)

25  (prosecutor not entitled to absolute immunity when she personally

26  vouched for the truth of the facts set forth in a certification for

8

1  an arrest warrant); <u>Morley</u>, 175 F.3d at 759 (prosecutor when acting

2  as a witness while securing an arrest warrant not immune).  No

3  similar circumstances are tendered by the complaint and thus those

4  cases do not aid plaintiff's cause.  Rather, this case falls within

5  the wide ambit of protected advocacy. <u>Morley</u>, 175 at 759.  <u>See</u>,

6  <u>e.g.</u>, <u>Burns</u>, 500 U.S. at 490-92 (prosecutor is absolutely immune

7  for participation in a probable cause hearing); <u>Imbler v. Pachtman</u>,

8  424 U.S. 409, 431 (1976) (absolute immunity for initiating a

9  prosecution).

10          **b.    The June 2003 Bench Warrant**

11          Plaintiff next challenges the enforceability of the June bench

12  warrant.  Specifically, plaintiff takes issue with the warrant

13  being "issued extraterritorially pursuant to D.C. Code Section 23-

14  1229 (d)(1996)."  Defs.' Mot. to Dism., Ex. B.  Plaintiff asserts

15  that defendant Satterfield or defendant Pappas deliberately checked

16  the box allowing for extraterritorially service, despite knowing

17  that it was inapplicable.  Pl.'s Compl. at 8:4-5; 8:18-21.

18          Assuming that either defendant Pappas or Satterfield did

19  deliberately check a box that they knew was inapplicable, that fact

20  does not demonstrate that either of the defendants acted outside

21  the boundaries of their function as prosecutors.

22          The conduct again falls directly within the boundaries of

23  ordinary prosecutorial conduct. <u>See</u>, <u>e.g.</u>, <u>Roe v. City and County</u>

24  <u>of San Francisco</u>, 109 F.3d 578, 583-84 (9th Cir.1997) (conduct

25  protected "even if that judgment is harsh, unfair or clouded by

26  personal animus.").

1   For the reasons discussed above, it is clear that both

2 defendants Satterfield and Pappas are entitled to immunity and the

3 claims against them should be dismissed.

4       **2.   Actions of Defendant AUSA Ferrari**

5   Plaintiff also claims that defendant Ferrari mislead

6 Magistrate Judge Nowinski into believing that the bench warrant was

7 validly executed in California.  Specifically, he alleges that

8 Ferrari failed to tell the court that the checked box on the face

9 of the bench warrant only applied to extraterritorial warrants for

10 pre-trial bail conditions.[6]  The argument does not lie.  Again,

11 this defendant was performing the ordinary functions of an AUSA

12 during the hearing.  Given the functional test employed to

13 determine prosecutorial immunity, no suit can lie for the conduct

14 alleged.

15 **C.   CONCLUSION**

16   Defendant ASUAs have met their burden of establishing that all

17 the alleged instances of misconduct occurred during the course of

18 their functioning as prosecutors, and therefore, they are

19 absolutely immune from suit.

20 ////

21 ////

22 ////

23 ////

24   _____

25   [6]  Plaintiff alleges that "[d]efendant Ferrari told the court that his copy of the code section was only entitled 'penalties for violation of conditions of release,'without mention of the bail or

26 pre-trial language." Comp. at 10:19-26.

10

1      Accordingly, defendants' motion to dismiss is GRANTED and

2   claims one and two of the complaint are DISMISSED with prejudice.

3      IT IS SO ORDERED.

4      DATED:  December 14, 2005

5                                    /s/Lawrence K. Karlton
                                     LAWRENCE K. KARLTON
6                                    SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                11

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10

11   VIRGIL M. ROGERS,                        NO. CIV. S-05-1177 LKK/PAN

12           Plaintiff,

13       v.                                       O R D E R

14   ASSISTANT UNITED STATES ATTORNEY
15   PHILIP A. FERRARI, et al.,

16           Defendants.
                                    /
17

18       On December 6, 2005, the court ordered counsel for plaintiff

19   to show cause why sanctions should not be imposed for her failure

20   to appear at a Status Conference scheduled for December 5, 2005.

21   Counsel responded to the order to show cause on December 14, 2005.

22   No good cause being shown, and given that defense counsel was

23   inconvenienced by having appeared in person, the court hereby

24   ORDERS that counsel for plaintiff is SANCTIONED in the amount of

25   three hundred ($300.00) dollars.  This sum shall be paid to the

26   Clerk of the Court no later than thirty (30) days from the

1

1   effective date of this order.   Counsel shall file an affidavit

2   accompanying the payment of this sanction which states that it is

3   paid personally by counsel, out of personal funds, and is not and

4   will not be billed, directly or indirectly, to the client or in any

5   way made the responsibility of the client as attorneys' fees or

6   costs.

7        IT IS SO ORDERED.

8        DATED:  December 19, 2005

9

10                              /s/Lawrence K. Karlton
                                LAWRENCE K. KARLTON
11                              SENIOR JUDGE
                                UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                     2

TSUNG MEGASON & ASSOCIATES
BERNADINE T. TSUNG-MEGASON, SBN 228921
4 East Holly Street, Suite 215
Pasadena, CA 91103
Telephone: (626) 577-5277
Facsimile: (626) 577-5477

Attorneys for Plaintiff Virgil M. Rogers

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT

VIRGIL M. ROGERS,

          Plaintiff,

    vs.

ASSISTANT UNITED STATES ATTORNEY
PHILIP A. FERRARI, et al.

          Defendants.

Case No.: CIV-S-05-01177 LKK/PAN

NOTICE OF SETTLEMENT

**TO THIS COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that Plaintiff and District Defendants have reached a settlement in the above captioned matter. Petitioner is requesting that all pending dates, including the District's Motion to Dismiss, currently scheduled for March 10, 2006, and the Trial Setting Conference, currently scheduled for March 20, 2006 be vacated.

    Plaintiff requests that the court retain jurisdiction in this matter pending finalization of settlement. Further, Plaintiff requests that an Order to Show Cause re: Dismissal be scheduled in 60 days.

///

///

1  Dated:  February 23, 2006                    TSUNG MEGASON & ASSOCIATES

2

3                                               /s/ Bernadine T. Tsung-Megason
                                                BERNADINE T. TSUNG-MEGASON
4                                               Attorney for Plaintiff VIRGIL M. ROGERS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF SETTLEMENT

MIME-Version:1.0
From:caed_cmecf_helpdesk@caed.uscourts.gov
To:caed_cmecf_nef@caed.uscourts.gov
Bcc:macgregorj@howrey.com
    caed_cmecf_lkk@caed.uscourts.gov,    caed_cmecf_pan@caed.uscourts.gov,
Message-Id:<1071399@caed.uscourts.gov>
Subject:Activity in Case 2:05-cv-01177-LKK-PAN (JFM) Rogers v. Ferrari et al

\"Transmittal\" Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Eastern District of California - Live System

Notice of Electronic Filing

The following transaction was received from Duong, D entered on 6/20/2006 at 3:34 PM PDT and filed on 6/20/2006

**Case Name:**      (JFM) Rogers v. Ferrari et al
**Case Number:**    2:05-cv-1177
**Filer:**
**WARNING: CASE CLOSED on 06/20/2006**
**Document Number:** 93

**Docket Text:**
TRANSMITTAL of DOCUMENTS on \*6/20/2006\* to \* District of Columbia\* \*333 Constitution Avenue N.W.\* \*Washington, DC 20001\*. \*\*
\*Electronic Documents: 1 to 92. \*. (Duong, D)

The following document(s) are associated with this transaction:

**2:05-cv-1177 Electronically filed documents will be served electronically to:**

Kendall J Newman     kendall.newman@usdoj.gov,
usacae.ecfsaccv@usdoj.gov,pamela.beauvais@usdoj.gov,deb.duckett@usdoj.gov,tammy.teglia@usdoj.g

Bernadine T. Tsung-Megason     bernadine@lawyer.com, tsung2003@lawnet.ucla.edu

Lauren J. Birnbaum     Lauren.Birnbaum@dc.gov, Patricia.Jones@dc.gov

**2:05-cv-1177 Electronically filed documents must be served conventionally by the filer to:**

1  TSUNG MEGASON & ASSOCIATES
   BERNADINE T. TSUNG-MEGASON, SBN 228921
2  36 W. Colorado Boulevard, Suite 208
   Pasadena, CA 91105
3  Telephone: (626) 577-5277
   Facsimile: (626) 577-5477
4

5  Attorneys for Plaintiff Virgil M. Rogers

6

7

8                  UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT

10

11 VIRGIL M. ROGERS,                    Case No.: CIV-S-05-01177 LKK/PAN

12                  Plaintiff,

13         vs.
                                        STIPULATION TO DISMISS
14 ASSISTANT UNITED STATES ATTORNEY
   PHILIP A. FERRARI, et al.
15

16                  Defendants.

17

18 **TO THIS COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

19 **PLEASE TAKE NOTICE** that Plaintiff and District Defendants, pursuant to Federal Rule of Civil

20 Procedure 41(a)(1), hereby stipulate to the dismissal of the above captioned complaint with prejudice.

21

22                                    Respectfully Submitted,

23

24 Dated: June 8, 2006                 TSUNG MEGASON & ASSOCIATES

25

26                                    /s/ Bernadine T. Tsung-Megason
                                      BERNADINE T. TSUNG-MEGASON
27                                    Attorney for Plaintiff VIRGIL M. ROGERS

28


                        STIPULATION TO DISMISS

1  McGREGOR W. SCOTT
   United States Attorney
2  KENDALL J. NEWMAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814-2322
4  Telephone: (916) 554-2821

5  Attorneys for Defendant AUSAs

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  VIRGIL M. ROGERS,                      )   CIV-S-05-01177 LKK/PAN
                                           )
13                 Plaintiff,              )
                                           )
14          v.                             )   **MEMORANDUM OF POINTS**
                                           )   **AND AUTHORITIES IN**
15                                         )   **SUPPORT OF DEFENDANT**
                                           )   **AUSAS' MOTION TO DISMISS**
16  ASSISTANT UNITED STATES ATTORNEY       )   **OR, IN THE ALTERNATIVE,**
    PHILIP A. FERRARI, individually;       )   **FOR SUMMARY JUDGMENT**
17  ASSISTANT UNITED STATES ATTORNEY       )
    PAMELA SATTERFIELD, individually;      )
18  ASSISTANT UNITED STATES ATTORNEY       )
    ALEXIA PAPPA, individually; DISTRICT OF)
19  COLUMBIA; METROPOLITAN POLICE          )
    DEPARTMENT OF THE DISTRICT OF          )
20  COLUMBIA; DETECTIVE RALPH              )   Date:  December 2, 2005
    DURANT individually, and in his official)  Time: 10:00 a.m.
21  capacity; CHIEF CHARLES H. RAMSEY,     )   Ctrm: 4
    individually and in his official capacity;)
22  KAREN JOHNSON-NORMAN, an individual, )
    DOES 1 to 50, inclusive,               )
23                                         )
                   Defendants.             )
24  _____  )

25

26

27

28

1

## TABLE OF CONTENTS

2

3    TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

4    I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5    II. STATEMENT OF UNDISPUTED FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6    III. APPLICABLE STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7         A.    Motion To Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8         B.    Motion for Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9    IV.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10        A.    Defendant AUSAs Enjoy Absolute Prosecutorial Immunity . . . . . . . . . . . . . . 6

11              1. AUSA Ferrari . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

12              2. USA Pappas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

13              3. USA Satterfield . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

14              4. AUSA Supervisors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15    V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) ................................................................................ 5

Ansley v. Heinrich,
    925 F.2d 1339 (11th Cir. 1991) ................................................................ 6

Ashelman v. Pope,
    793 F.2d 1072 (9th Cir. 1986) ................................................................ 6

Associated General Contractors of California, Inc. v. California
State Council of Carpenters,
    459 U.S. 519 (1983) ................................................................................ 5

Buckley v. Fitzsimmons,
    509 U.S. 259 (1993) ......................................................................... 7, 11

Burns v. Reed,
    500 U.S. 478 (1991) ........................................................................... 6, 8

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ................................................................................ 5

Cleavinger v. Saxner,
    474 U.S. 193 (1985) ............................................................................. 11

Cruz v. Beto,
    405 U.S. 319 (1972) ................................................................................ 4

Forrester v. White,
    484 U.S. 219 (1988) ........................................................................... 6, 7

Fry v. Melaragno,
    939 F.2d 832 (9th Cir. 1991) .......................................................... 7, 8, 9

Hal Roach Studios v. Richard Feiner & Co., Inc.,
    896 F.2d 1542 (9th Cir. 1989) ................................................................ 4

Haldane v. Chagnon,
    345 F.2d 601 (9th Cir. 1965) ............................................................. 5, 9

Harlow v. Fitzgerald,
    457 U.S. 800 (1982) ................................................................................ 6

Hishon v. King & Spalding,
    467 U.S. 69 (1984) ................................................................................. 4

Imbler v. Pachtman,
    424 U.S. 409 (1976) ........................................................ 5, 6, 7, 8, 9, 10, 11

Kalina v. Fletcher,
    552 U.S. 118 (1997) ............................................................................. 11

Lujan v. National Wildlife Federation,
   497 U.S. 871 (1990) ............................................................................ 5

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
   475 U.S. 574 (1986) ............................................................................ 5

Mitchell v. Forsyth,
   472 U.S. 511 (1985) ......................................................................... 6, 9

Pierson v. Ray,
   386 U.S. 547 (1967) ............................................................................ 9

Retail Clerks Intl. Ass'n. v. Schermerhorn,
   373 U.S. 746 (1963) ............................................................................ 4

United States ex. rel. Chu ie v. Ringrose,
   788 F.2d 638 (9th Cir.), cert. denied,
   479 U.S. 1009 (1986) ........................................................................... 5

Yaselli v. Goff,
   12 F.2d 396 (2d Cir. 1926), aff'd per curiam
   275 U.S. 503 (1927) ............................................................................ 9

STATE CASES

Pearson v. Reed,
   6 Cal. App. 2d 277 (1935) ................................................................... 8

DOCKETED CASES

United States v. Virgil Rogers,
   Mag. No. 03-132 ................................................................................ 2

FEDERAL STATUTES

Fed.R.Civ.P. 56(c) .................................................................................. 5

STATE STATUTES

D.C. Code § 23-1329(d)(1996) ............................................................. 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  McGREGOR W. SCOTT
   United States Attorney
2  KENDALL J. NEWMAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814-2322
4  Telephone: (916) 554-2821

5  Attorneys for Defendant AUSAs

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  VIRGIL M. ROGERS,                    )    CIV-S-05-01177 LKK/PAN
                                         )
13                                       )
              Plaintiff,                  )
14                                       )
         v.                              )    MEMORANDUM OF POINTS
15                                       )    AND AUTHORITIES IN
                                         )    SUPPORT OF DEFENDANT
16  ASSISTANT UNITED STATES ATTORNEY )       AUSAS' MOTION TO DISMISS
    PHILIP A. FERRARI, individually;     )    OR, IN THE ALTERNATIVE,
17  ASSISTANT UNITED STATES ATTORNEY )       FOR SUMMARY JUDGMENT
    PAMELA SATTERFIELD, individually;    )
18  ASSISTANT UNITED STATES ATTORNEY )
    ALEXIA PAPPA, individually; DISTRICT OF )
19  COLUMBIA; METROPOLITAN POLICE    )
    DEPARTMENT OF THE DISTRICT OF         )
20  COLUMBIA; DETECTIVE RALPH           )    Date:  December 2, 2005
    DURANT individually, and in his official )  Time:  10:00 a.m.
21  capacity; CHIEF CHARLES H. RAMSEY,   )    Ctrm:  4
    individually and in his official capacity; )
22  KAREN JOHNSON-NORMAN, an individual, )
    DOES 1 to 50, inclusive.             )
23                                       )
              Defendants.                )
24  _____ )

25                      I.  INTRODUCTION

26      Defendants Philip A. Ferrari ("Ferrari"), Pamela A. Satterfield ("Satterfield"), and

27  Alexia Pappas ("Pappas")(collectively "Defendant AUSAs") are each sued individually in

28  this case. Each is sued because of his or her work as an Assistant United States Attorney

                              1

1  ("AUSA"). Defendants Ferrari and Satterfield have not yet been personally served with the

2  summons and complaint. Additionally, Defendants Satterfield and Pappas reserve their

3  objections to being subject to personal jurisdiction in California, or venue in this district.

4  However, without waiving those objections and service defects, Defendant AUSAs herein

5  move to dismiss or, in the alternative, for judgment on all claims asserted against them on the

6  grounds that they are entitled to absolute prosecutorial immunity.

7  ## II. STATEMENT OF UNDISPUTED FACTS

8  1. Plaintiff Virgil M. Rogers ("Plaintiff") and Defendant Karen Johnson-Norman

9  ("Johnson-Norman") had a romantic and sexual relationship. Complaint, ¶ 15.

10  2. After the relationship ended, Plaintiff apparently engaged in "a long history of

11  harassment and alleged stalking." See District of Columbia Court of Appeals, Memorandum

12  Opinion and Judgment dated September 2, 2005, p. 1 (filed concurrently herewith as

13  Exhibit "A"). Johnson-Norman first obtained a "peace order," including a stay-away

14  provision, against Plaintiff in Maryland. Id., at p. 1, n. 1. In 2001, Plaintiff was convicted in

15  the District of Columbia for attempted stalking and placed on probation. On February 12,

16  2003, Plaintiff's conviction was affirmed. Id.

17  3. Plaintiff violated his probation, and fled the District of Columbia. Complaint, ¶¶

18  18-19.

19  4. On June 10, 2003, the Honorable John Bayly signed a bench warrant on behalf of

20  Judge Hess for the arrest of Plaintiff for a probation violation, failure to appear for a show

21  cause hearing. A copy of the bench warrant is contained in the criminal file in this district,

22  United States v. Virgil Rogers, Mag. No. 03-152 PAN, and is filed concurrently herewith as

23  Exhibit "B".

24  5. The warrant states on its face that it "May be served at any place within the

25  jurisdiction of the United States unless specified otherwise below." Additionally, the warrant

26  was issued "extraterritorially pursuant to D.C. Code § 23-563. (d)(1996)." Id.

27  6. Meanwhile, on March 21, 2003, D.C. Police Detective Ralph Durant submitted an

28  affidavit in support of an arrest warrant which requested the trial court to issue a warrant for

2

1  Plaintiff's arrest for stalking. Defendant AUSA Satterfield submitted the warrant to the

2  court. The warrant identified the offense charged as "felony" stalking. The warrant was

3  signed by Judge Tim Murphy above the signature caption "(Judge) Deputy Clerk) Superior

4  Court." A copy of the affidavit and warrant is filed concurrently herewith as Exhibit "C";

5  Complaint, ¶ 25.

6       7. On June 16, 2003, Plaintiff was arrested in Sacramento, California, pursuant to

7  Judge Bayly's bench warrant for the probation violation for a failure to appear. He

8  subsequently appeared before United States Magistrate Judge Peter A. Nowinski for an

9  identification hearing and was remanded to the custody of the United States Marshal for

10 return to the District of Columbia. See Transcript of Proceedings dated June17, 2003, at 2:1-

11 8, filed concurrently herewith as Exhibit "D"; Complaint, ¶ 15.

12      8. On June 19, 2003, Plaintiff appeared again before United States Magistrate Judge

13 Peter A. Nowinski. Defendant AUSA Ferrari made an order of proof concerning Plaintiff's

14 identity.[1/] The proffer was not disputed and Judge Nowinski made a determination that

15 Plaintiff was the person named in the arrest warrant. See Transcript of Proceedings dated

16 June 19, 2003, at 1:12-5:12, filed concurrently herewith as Exhibit "E".

17      9. The arrest warrant was for a violation of probation for a failure to appear. Id., at

18 6:11-14. AUSA Ferrari noted that a box was checked indicating extraterritorial jurisdiction

19 and then read into the record the code language cited on the warrant:

20        Any warrant issued by a judge of the Superior Court for violation of release
          conditions or for contempt of court for failure to appear as required, may be
21        executed at any place within the jurisdiction of the United States. Such
          warrants shall be executed by a United States Marshal or by any other officer
22        authorized by law.

23 Id., at 6:19-7:6.

24      The defense argued that there was no jurisdiction to arrest Plaintiff because the

25 warrant was a "misdemeanor bench warrant." Id., at 7:1-24. The Court rejected that

26

27 ──────────────
        [1/] In the criminal proceedings, the Plaintiff is spelled "Tim Rodgers." For no explained

28 reason, Plaintiff has filed this action under the name "Tim Rogers."

argument, noting that the warrant ... for a violation of ... tion. Id., at 7:25-8:17. **The**

**defense then argued that the code section which AUSA Ferrari read into the record referred**

**to pre-trial detention, rather than post-conviction probation.** Id., at 10:9-18. **The Magistrate**

**Judge said that he didn't think the statute was relevant in any event since he had a valid**

**warrant.** Id., at 10:19-22. ... a valid warrant, **and held Plaintiff to**

**answer to the charges in the District of Columbia.** Id. at 11:5-10.

10. **In October 2003, Plaintiff was tried by a jury, and found not guilty beyond a**

**reasonable doubt.** See Exhibit ... 1 ... . Following the criminal trial, the court held

a hearing on a petition for a civil protection order ("CPO") filed by Johnson-Norman against

Plaintiff. **After concluding that, based on the evidence adduced at the criminal trial, there**

**was good cause to believe that Plaintiff stalked Johnson-Norman and that Plaintiff posed**

**a danger to her, the judge ... against Plaintiff.** Id. **The**

**granting of the CPO was affirmed on appeal.** See Exhibit ... "7".

III. APPLICABLE STANDARDS

Defendant AUSAs bring a motion to dismiss, or, in the alternative, a motion for

summary judgment. Each motion is governed by separate standards.

**A.    Motion To Dismiss**

A Rule 12(b)(6) motion should be granted only if, accepting as true all material allegations

contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a

matter of law. See Hal Roach ... Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550

(9th Cir. 1989). **On a motion to dismiss under rule 12(b)(6), the allegations of the complaint**

**must be accepted as true.** Cruz v. Beto, 405 U.S. 319, 322 (1972). **The court is bound to**

**give plaintiff the benefit of all inferences of the complaint.** Retail Clerks Intl. Ass'n. v.

Schermerhorn, 373 U.S. 746, 753, n.6 (1963). **Given that the complaint is construed**

**favorably to the pleader, the court may not dismiss the complaint for failure to state a claim**

**unless it appears beyond doubt that plaintiff can prove no set of facts in support of the**

**claim which would entitle him to relief.** Hishon v. King & Spalding, 467 U.S. 69, 73

(1984).

1    Nevertheless, it is not a_ pre ria ... ssume but plaintiff "can prove facts which it

2  has not alleged or that the def ...n'rs l... vic ... ... ... laws in ways that have not been

3  alleged." Associated G ... a... ... ... of Ca... ... e... C... fornia State Council of

4  Carpenters, 459 U.S. 51... 526 (1 ...3). Moreon... e cou ... eed not assume the truth of

5  legal conclusions cast in the form of factual all... ... ms." ... it ... States ex. rel. Chunie v.

6  Ringrose, 788 F.2d 638, 6... n.2 (9th Cir.), ce ... ... ried, 47... U.S. 1009 (1986).

7    The issue of entitlement to absolute immunit... for acts alleged in the complaint can

8  properly be decided on a ... ot ... to dismiss ... ... ... Imbler ... Pa... hman, 424 U.S. 409, 416

9  (1976); Haldane v. Cha... ... ... ... 2d ... , 66... ... ... ir. 196...).

10    **B.    Motion f... ... ... ... J ... gment.**

11    Summary judgm... ... is app... price when "... ... al ... ... ue [ ... ] material fact" requires

12  trial. Fed.R.Civ.P. 5...(c... ... ... ... ... ... ... ...2... ... ... ... ... ... ... (1986). The party

13  opposing summary judgment must sh ... w (a) t ... at a factual dispute is "genuine" in the sense

14  that the evidence on file c ... ld supp ... a reasonabl ... ... inding in her favor, and (b) that the

15  dispute is "material" in the sens ... th ... t i ... co ... ld aff... d ... outcome of the case. Anderson v.

16  Liberty Lobby, Inc., 47... ... ... ... ... 4... ... (196... ... ... su...it ... ... ... Indus. Co. v. Zenith

17  Radio Corp., 475 U.S. 5... ... Sc... ... ... 1... ... ... If ce ... ... ... or... undi ... ated facts preclude relief,

18  all other facts are "nece ... ... ily ... ... imm ... tial, ... ... ... um ... ... ... ... j ... ... ment is required. Celotex,

19  477 U.S. at 323.

20    For issues on which plaintif ... ars t ... e ... rd ... of p ... of, de ... ... dant need not prove

21  anything to be entitled to s ... mary ... lg ... nt. Cel ... ... 4 ... 7 U.S. ... t 5 ... . "Rule 56 does not

22  require the moving party to n ... ... ... he e ... ce ... ... no ... ... ... ing party's case." Lujan v.

23  National Wildlife Feder ... ... ... ... U.S. ... , 8 ... ... ... ... ... lath ... ... "complete failure of proof

24  concerning an essential el ... me ... ... [pla ... ff's] c ... ... s... ... ... ... without more for summary

25  judgment. Celotex, 4 ... 7 ... ... at 5 ...".

26    Because the purp ... ... ... ... ... im ... ... ... ity ... to "... ... ... ... ... blic official out of the

27  courtroom, free to exerc ... ... ... iscret ... ... ... y d ... ... ... ... r ... ... ... ... e ... ... bl ... hed law without the

28  constant threat of law ... it ... ... te ... ... ... ... ... ... on ... ... ... ... ary judg ... ... t is strongly favored.

1 | Ansley v. Heinrich, 925 F.2d 1339, 13?? ?th ??, 1991 ?; ??? ?; Mitchell v. Forsyth, 472

2 | U.S. 511, 526 (1985); Ha??? ??? ????? ?, 457 ??. ?00, ?13 (19?2); Burns v. Reed, 500

3 | U.S. 478, 494 (1991)("Absolute immunity is designed to ??? the judicial process from the

4 | harassment and intimidation associa?ed with litigation.").

5 | ???. ARGUMENT

6 | **A.    Defendant AUS?s Enjoy Absolute Prosecutorial Immunity**

7 | In Imbler v. Pac??? ??, 424 U.S. ??? (1976), ??? Supreme Court held that a former

8 | prisoner whose conviction ha? been se? ??? ?? ??? ?? ?? ???? ?? ?? ?l suit against the

9 | prosecutor who had litiga?? ?? the char?? against him. ??? ??l???i's co?? ?laint alleged that the

10 | prosecution had been wro??l?y con?????? ?? and th? ?alse t?st??ony had been offered and

11 | exculpatory evidence suppressed. No?a?h?les?, th? ?upreme Court held that prosecutors are

12 | absolutely immune from a civil suit for damag?? ?? ? th?? actions during the initiation of a

13 | criminal case and its presentat??n at tr?al, ?? th?? ?o?? intimately associated with the

14 | judicial phase of the cr?minal process." ?? at ?? ?-?.

15 | Similarly, in ?she?? ???? ???? ?? ?? F.?? ??? (?th ?i? ? ???), the Ninth Circuit held:

16 | "Where a prosecutor act? a? an adv???? ?? i? i?iti?t?ng a pr?s???t??? and in presenting the

17 | state's case,' absolute immu?ity ap?l???.' Id., cit?ng ?m?? ??? ?mbler, 424 U.S. at 431.

18 | Even participation in an alleged cons??racy to c??? t??ju?t?c? does not defeat prosecutorial

19 | immunity. Id., at 10??.

20 | Prosecutors have a???l??? i?m?n?t? fr?m s??t? for ??mag?s arising from acts

21 | "intimately associated ??t? ?h? ?h? j?d???l ?h?s? ?f ??? ??t?m?t??n." Imbler, 424 U.S. at 430-31.

22 | The Supreme Court h?l? ?h?t ?? ?? ???s ?c??? ?? ? ?u???-j?d??ial role, making

23 | absolute immunity avail??l? ?? ???? ??? ???p?t?? ?? ?? j??????l ?r?????." Id., at 437.  In

24 | determining whether a p?????t?r's ??? ?s ?in?imat?l? ???????t?d with the judicial phase

25 | of litigation," and thu? pr?t?ct?? b? ???l?t? i??????t?, ???t? ???l?? by a functional approach,

26 | examining "the nature of the ?u?ct??n wit? ?h??? ?? ?? ????????r offi??al or class of officials

27 | has been lawfully char??d, ??? ?h?t??? ?h? ??? ?? ?ha????? ????? to particular forms of

28 | liability would likely imp??? ?? ?????????? ????? ?? ?h??? f?n?t??ns." Forrester v.

1  White, 484 U.S. 219, 22 (1... Court must l... to the nature of the function performed

2  rather than the identity of the a...or. Buckley v. Fitzsimmons, 50... U.S. 259, 269 (1993).

3  Acts preliminary to initiati... of p...ution and pr...tion itself are entitled to absolute

4  immunity; administrative and investigatory functions are not entitled to absolute immunity.

5  Id., at 272-73.

6      The criminal action ... against Defendant AUSAs arose clearly

7  involved the type of proce...lin...in...th the...onduct...the government lawyer is protected

8  by the privilege. According... ...eir ...ct d... t...th...con...of conduct protected by

9  the absolute privilege, that on ...st d... p...ity...e...all co...duct that is "intimately

10  associated with the ju...l...that...o...lgment." ...l...gen...U.S. at 430 (prosecuting

11  attorneys are absolutely i...uni...s...hl...ca...da...s...ati...to professional conduct

12  which is "intimately as...cia...l...l...l...in...ici...l...s...l...criminal process,"); Buckley,

13  509 U.S. at 272-73 (abs...l...i...an...s...s...on ... in the course of [their]

14  role as an advocate for the c...s...).

15      In determining whe...r...d...imm...y...i...l...a...rticular aspect of a

16  government attorney's con...t...the...s...l...F.2d 832, 837 (9th Cir.

17  1991), summarized a t...l...ctor a...as...fo...ity...l...y...l...cases:

18          [T]he C...t...d by...th...or...l...vity...l... White,
            484 U.S. 21...22...1...l...h...e...t...c...d, "...er that

19          appre...e...t...l...h a
            partic...r...l...l...l...ls h...wh...ntrusted,

20          and we so...l...t...h...l...particular
            forms of li...l...e...l...pri...e exercise of

21          those functio...s...l...h...r...other factors in
            determining w...e...s...ld...e...iven

22          absolute imm...y...t...l...whe...er there is
            "a hist...cal...l...l...ju...l...i...unit...n...estion;"

23          (2) whe...e...l...l...e...l...t...t...l...rassing
            or vex...i...l...l...l...r...i...l...r there

24          exist a...m...es to...l...h...l...s...l...means of
            redress...g...l...l...l...

25

26  Fry, 939 F.2d at 8...                                       ...ct of Defendant

27  AUSAs buttresses th...                                       ...with respect to their

28  particular conduct.

1    The first factor is whether the ... immunit... extended to the context in

2    which the immunity is now ... ... The Supreme Court in Imbler v. Pachtman, 424 U.S.

3    409, 421-24 (1976), surveyed the ... ... ... prosec... immunity. Cases

4    are cited therein that describe ... ... ... ... ... y f... prosecutorial conduct even

5    outside the courtroom and based on ... exercise of prose... ... judgment. See Imbler, 424

6    U.S. at 424, citing Pearson v. Reed, ... Cal. App.2d 277, ... 87 (...35), in which the California

7    court described the common law prosecutorial privilege as protecting the prosecutor's initial

8    decision to indict in ... ... ... dis... ... before ... judicial proceedings even begin.

9    Pearson, 6 Cal.App.2d at ... ... "...dor... ... ... ... facts before acting is

10   unlimited, and the ... ... ... ... ... ... ...

11   The second ... ... ... ... ... ... ... ... is ... risks vexatious

12   litigation. "Harass... ... ... ... the ... ... ... ... ... ... of the prosecutor's

13   energies from his p... ... ... ... the p... ... y ... ... ... could shade his decisions instead

14   of exercising the independence of judgment re... ... ... ... ... ... ." Imbler, 424 U.S. at

15   423. In order to qual... ... ... ... ... p... ... ... ... ... ... function that poses

16   a risk of harassing or ... ... ... ... ... ... ... ... ... Id. at 836.

17   Vexatious litigation ... ... ... ... p... ... ... ... ... prosecutorial fashion. Burns,

18   500 U.S. at 494. A... ... imm... ... ... ... ... ... t the pros... ... ter from having to

19   defend spiteful and ve... ... ... ... ... fro... ... ... cu... ... ... Imbler, 424 U.S. at

20   421.

21   Plaintiff herein has ... ... ... ... app... ... ... ... ... ... of the criminal proceedings

22   and granting of the c... ... ... ... ... ... ... ... ... ... ... those ... ings, Plaintiff now

23   subjects the individuals ... ... ... ... ... ... ... ... ... ... free of quarrelsome

24   discovery and inter... ... ... ... ... ... ... ... ... is s... ... nt to protect the

25   public interest in the p... ... ... ... ... ... ... ... ...

26   The third factor ... ... ... ... ... ... ... ... ... ... the part of the official

27   to be addressed by some m... as other th... ... ... titutional tort claim. Courts have identified

28   three alternatives that ... ... ... ... ... ... ... ... ... (1... Even if shielded from civil

1   liability through absolute . . . . are subject to criminal punishment for the

2   willful deprivation of a juridical . . . . through Imbler, 424 U.S. at 429; (2) The

3   judicial process is self-correcting with . . . . safeguards, and appeals to review the

4   prosecutor's conduct, Mitc. . . . 472 U.S. at . . . (3) . . . . are subject to professional

5   discipline through state bar associations, Imbler, 424 U.S. at 429.

6       Plaintiff's assertions herein seem based on the notion that, if Plaintiff is given the

7   opportunity, he will be able to prove that Defendant . . . As conduct was ill-motivated. Such

8   allegations are meaningless . . . . . . . would open up the floodgates to . . . which the plaintiffs

9   could prove the substance of the allegations would not . . . . of any use. The earliest federal

10  case which refers to qualified . . . liability . . . appears to be Yaselli v. Goff, 12 F.2d 396 (2d

11  Cir. 1926), aff'd per curiam 275 U.S. 503 (1927). There, it was held that a prosecuting

12  attorney was immune from suit for malicious prosecution regardless of the existence of

13  malice or wilfulness on his part, Id., see Imbler, id., . . . 424 U.S. at 419, n.12 ("This

14  [absolute prosecutorial] immunity applies even when the judge is accused of acting

15  maliciously and corruptly. . . . . . . . . . not for the benefit of a malicious or corrupt

16  judge, but for the benefit of the public . . . whose interest it is that the judges should be at liberty

17  to exercise their functions with independence . . . without fear of consequences.'"), citing

18  Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (citations omitted); Hilliard v. Chagnon, 345

19  F.2d 601, 604 (9th Cir. 1977) (the prosecutor's judicial immunity could not be undermined

20  even by allegations that a prosecutor acted in bad faith or with conspiracy, malice, or other

21  improper consideration. The rationale underlying the broadest degree of the extension of absolute

22  immunity from consideration . . . . . . . prosecutor, the immunity has extended to

23  alleged malicious or illegitimate conduct . . . . For . . . . . . . . . . . . immunity must

24  be applied with the awareness that . . . . . . . . . . . . . might actually have been

25  wronged and is bringing a meritorious claim . . . The issue is not the alleged iniquity of the

26  conduct but, rather, the relationship . . . the conduct has to the functional roles of the

27  prosecutor.

28  ///

1. AUSA Ferrari

Plaintiff's allegations against AUSA Ferrari arise solely out of AUSA Ferrari's appearances in court on behalf of the government in criminal proceedings. Complaint, ¶¶ 41-58. Plaintiff alleges that AUSA Ferrari "misled" the court concerning the D.C. statute authorizing extraterritorial service to the government. Complaint, ¶ 52. Factually, such allegations are false, and what occurred at the hearing is set forth in the transcript filed concurrently herewith as Exhibit "I". In fact, the Magistrate Judge said that he didn't think the D.C. statute was relevant if they even had to have a valid warrant for a failure to appear for violation of probation. Id., at 21-22. More importantly, all of AUSA Ferrari's actions were "intimately associated with the judicial phase of the litigation." Imbler, 424 U.S. at 430-31. Accordingly, he is afforded absolute immunity.

2. AUSA Pappas

Plaintiff alleges that AUSA Pappas (incorrectly spelled hereinas "Pappa") appeared at an Order to Show Cause hearing in which Plaintiff did not appear. Complaint, ¶¶ 30-31. Plaintiff also alleges that AUSA Pappas supervised, directed AUSA Ferrari, or may have been involved in preparing an arrest warrant for Plaintiff's arrest. Complaint, ¶¶ 48, 75.

Once again, Plaintiff's allegations are false. During the relevant time period, AUSA Pappas was on maternity leave and was not working in the U.S. Attorney's Office. See Declaration of Alexandra Pappas ¶¶ 1-3, filed concurrently herewith as Exhibit "F". More importantly, all of the allegations against AUSA Pappas establish that her alleged actions were "intimately associated with the judicial phase of the litigation." Imbler, 424 U.S. at 430-31. Accordingly, she is afforded absolute immunity.

3. AUSA Satterfield

The gist of Plaintiff's complaint against AUSA Satterfield is that, after an arrest warrant affidavit had been prepared by another agent or officer, AUSA Satterfield presented the warrant to a Judge of the Superior Court of the District of Columbia. Complaint, ¶¶ 24-25. Allegedly, AUSA Satterfield characterized Plaintiff's arrest warrant as a felony warrant. Id., at ¶ 26. Plaintiff further alleges the characterization of what was a post-conviction

1   sentencing enhancement could be used to increase a warrant charge from a misdemeanor to a

2   felony." Id., at ¶ 27.

3        Factually, even if AUSA Satterfield did note "felony" on the warrant, it

4   was of no consequence here. Plaintiff alleges that the warrant was noted as a "felony" so

5   that it could be executed in a different state. Complaint, ¶ 73. However, Plaintiff was not arrested

6   based upon that warrant. Plaintiff was arrested and remanded to the custody of the United

7   States Marshal for return to the District of Columbia pursuant to Judge Bayly's bench

8   warrant for failure to appear on a probation violation. Undisputed Facts above, ¶¶ 7-9.

9        Moreover, AUSA Satterfield's presentation of the warrant to the Superior Court Judge

10  was clearly in her role as a prosecutor. Kalina v. Fletcher, 522 U.S. 118 (1997)(prosecutor's

11  activities in connection with preparation and filing of charging documents, including

12  information and motion for an arrest warrant, were protected by absolute immunity).  Courts

13  must look to the nature of the function performed not the identity of the actor.

14  Buckley, 509 U.S. at 269; see also Mitchell v. Forsyth, 472 U.S. 193, 199-200

15  (1985)(immunity applies "however erroneous the act may have been, and however injurious

16  in its consequences it may have proved to the plaintiff")(acts preliminary to initiation of

17  prosecution and prosecution itself entitled to absolute immunity. Buckley, 509 U.S. at

18  272-73. All of the allegations against AUSA Satterfield establish that her alleged actions

19  were "intimately associated with the judicial phase of litigation." Imbler, 424 U.S. at

20  430-31. Accordingly, AUSA Satterfield is entitled to absolute immunity.

21      4.  AUSA...

22       With absolute immunity, Plaintiff alleges that all superiors and supervisors in

23  the U.S. Attorney's Offices of the Central District of California and the District of Columbia

24  created a "culture of lawlessness in those offices" which violated the constitutional rights

25  of suspects and arrestees. Complaint, ¶ 10. Once again, Plaintiff is raising such allegations

26  without any factual basis or support. Moreover, to the extent that all of the Defendant

27  AUSAs' actions were within their roles as prosecutors, their supervisors are also insulated by

28  absolute immunity. Plaintiff's claims should be dismissed.

1

ONC

2    Defendant A''S                 amu                s of the kind alleged in this case.

3    For all of the reasons set fo                Defendant AUSA       uest dismissal or, in the

4    alternative, that summary jn            entered in their favor.

5

6                                          Respectfully submitted,

7    Dated: October 11, 2005                        OR W. SCOTT
                                                     es Attorney
8

9                              By:                      man
                                      J. NEWMAN
10                                    istan      ttorney

11                                    Attorneys for Defendant AUSAs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28