Sean P. Beaty, *pro bono*
(Bar No. 493597)
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 383-6944
Fax: (202) 478-2691

Attorney for Defendant
KAREN JOHNSON-NORMAN

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, *pro se*<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA; METROPOLITAN POLICE DEPARTMENT OF THE DISTRICT OF COLUMBIA; DETECTIVE RALPH DURANT, individually and in his official capacity; CHIEF CHARLES H. RAMSEY, individually and in his individual capacity; KAREN JOHNSON-NORMAN, an individual, DOES 1 to 50, inclusive<br><br>Defendants. | Civil Case. No. **06-01186 (ESH)** |

## KAREN JOHNSON-NORMAN'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

## TABLE OF CONTENTS

Page(s)

I.  FACTUAL SUMMARY ...............................................................................2

    A.  Background Facts.............................................................................2

    B.  Factual Allegations of the Complaint ...............................................5

II.  ARGUMENT ........................................................................................6

    A.  Rogers' Claims Against Ms. Johnson-Norman Are Barred Under
        the Doctrine of Collateral Estoppel.................................................7

        1.  The Issues of Whether Rogers Stalked Ms. Johnson-
            Norman and Whether She Had Good Cause to Report His
            Behavior to the Authorities Were Actually Litigated and
            Determined in a Valid, Final Judgment on the Merits................7

        2.  Rogers Had a Full and Fair Opportunity to Litigate These
            Issues, the Determination of Which Was Essential to the
            Judgment .............................................................................8

        3.  All of Rogers' State and Federal Claims Against Ms.
            Johnson-Norman Are Barred From Relitigation.......................9

    B.  Ms. Johnson-Norman Is Not Subject To Liability Under 42 U.S.C.
        §1983..........................................................................................10

    C.  Rogers' Allegations of False Imprisonment and Malicious
        Prosecution are Time Barred Under the District of Columbia's
        Statute of Limitations...................................................................12

III.  CONCLUSION.....................................................................................13

i

TABLE OF AUTHORITIES

CASES

\* *Bryson v. Gere,*
   268 F. Supp. 2d 46 (D.D.C. 2003) ................................................................9

*Cruz-Foster v. Foster,*
   597 A.2d 927 (D.C. 1991) ...........................................................................10

\* *Egilman v. Keller & Heckman,*
   401 F. Supp. 105 (D.D.C. 2005) ...................................................................8

*Evans v. United States,*
   779 A.2d 891 (D.C. 2001) .............................................................................6

\* *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.,*
   749 A.2d 724 (D.C. 2000) .........................................................................8, 9

\* *Green v. Small,*
   No. 05-1055, 2006 U.S. Dist. LEXIS 2835 (D.D.C. Jan. 19, 2006)..............5

*Marshall County Health Care Auth. v. Shalala,*
   988 F.2d 1221 (D.C. Cir. 1993) ....................................................................5

\* *Meng v. Schwartz,*
   305 F. Supp. 2d 49 (D.D.C. 2004) .................................................................8

*Meyer v. Reno,*
   911 F. Supp. 11 (D.D.C. 1996) ...................................................................13

\* *Minebea Co. v. Papst,*
   13 F. Supp. 2d 35 (D.D.C. 1998) ..................................................................8

*Ostrer v. Aronwald,*
   567 F.2d 551 (2d Cir. 1977)........................................................................13

*Parker v. Grand Hyatt Hotel,*
   124 F. Supp. 2d 79 (D.D.C. 2000) ...............................................................12

*Rodriguez v. National Ctr. for Missing & Exploited Children,*
   No. 03-120, 2005 U.S. Dist. LEXIS 5658 (D.D.C. March 31, 2005)..........13

*Seals v. United States,*
   844 A.2d 349 (D.C. 2004) .............................................................................6

*Singletary v. District of Columbia,*
    359 U.S. App. D.C. 1 (D.C. Cir. 2003)................................................................12

*Smith-Haynie v. District of Columbia,*
    155 F.3d 575 (D.C. Cir. 1998)........................................................................8

*Willis v. Willis,*
    No. 76-1225, 1980 U.S. Dist. LEXIS 12487 (D.D.C. July 23, 1980) ....................................14

*Wilson v. Prudential Fin.,*
    No. 03-2313, 2004 U.S. Dist. LEXIS 21786 (D.D.C. Oct. 18, 2004) ....................................8

*Wilson v. Riggs Bank,*
    No. 04-1005, 2005 U.S. Dist. LEXIS 6003 (D.D.C. Apr. 3, 2005)........................................8

## STATUTES

42 U.S.C. §1983 ("Section 1983")................................................................4, 11

* D.C. Code § 12-301 (4)........................................................................13

D.C. Code §§22-404 ........................................................................6

Fed. R. Civ. P. 12(b)(6)........................................................................8

## I.     INTRODUCTION

This suit is simply another vehicle for Virgil Rogers to continue to harass Karen Johnson-Norman.  Previously convicted of stalking Defendant Johnson-Norman, Plaintiff Rogers has repeatedly used the court system to continue to harangue and intimidate Ms. Johnson-Norman. Over the past four years, Plaintiff Rogers has dragged Ms. Johnson-Norman through adjudication of every possible aspect of the criminal prosecutions and protective orders against him.  When he was unsuccessful, Rogers appealed the trial court's rulings.  Rogers now wants to try again on the offensive, launching another campaign against Karen Johnson-Norman and an entire cast of government characters.

Rogers' claims against Ms. Johnson-Norman must fail, however, for the simple reason that a court has already deemed the allegations forming the basis for such claims to be meritless. This finding was recently upheld on appeal.  Thus, collateral estoppel completely bars Rogers' claims against Ms. Johnson-Norman.

Specifically, the only bad act Rogers alleges against Ms. Johnson-Norman, which he restates in myriad forms in his complaint, is that in 2003 Ms. Johnson-Norman falsified her claims of stalking, including fabricating evidence, to implicate Rogers and to force his extradition to the District of Columbia.  However, the Superior Court of the District of Columbia, in a valid and final judgment, determined by more than a preponderance of the evidence that Rogers *did indeed stalk* Ms. Johnson-Norman during the period that Rogers now alleges he committed no wrong.  Moreover, that court held that Rogers continued to pose a danger to Ms. Johnson-Norman (giving her good cause to report him to the authorities) and that, as part of his stalking behavior, he had sent her a number of letters, *including* the letter he now

claims Ms. Johnson-Norman fabricated in furtherance of the far-flung conspiracy he alleges in
his complaint.

Because Rogers' claims are precluded from relitigation, Ms. Johnson-Norman, a private
citizen and Maryland resident, is not subject to liability under 42 U.S.C. §1983 or any state law
tort theory. Without being able to relitigate the issue of whether he in fact stalked Ms. Johnson-
Norman, Rogers may not now claim that Ms. Johnson-Norman conspired with government
officials by falsifying evidence and inventing tales of being stalked.

Succinctly stated, subjecting Ms. Johnson-Norman to this lawsuit is entirely unwarranted.
Ms. Johnson-Norman raised this collateral estoppel issue with the Honorable Judge Karlton of
the Eastern District of California, however Judge Karlton did not reach the issue because he
found that the court did not have personal jurisdiction over Ms. Johnson-Norman. Instead, Judge
Karlton gave Rogers the option of dismissing the case or having it transferred to the District of
Columbia, of which Rogers chose the latter. Accordingly, Ms. Johnson-Norman now renews her
motion to dismiss all of Rogers' claims against her for failure to state a claim upon which relief
can be granted.

## II.    FACTUAL SUMMARY

### A.    Background Facts

The history between Virgil Rogers and Karen Johnson-Norman is long and complex —
some of this history is pleaded in the complaint and the rest is demonstrated by numerous public
court records and opinions as to which this Court may take judicial notice.[1] From 1998 to 2000,

---

[1] In deciding whether to dismiss a claim under Rule 12(b)(6), the Court may look beyond the plaintiff's complaint to
matters of public record without converting the motion to one for summary judgment. *Green v. Small*, No. 05-1055,
2006 U.S. Dist. LEXIS 2835, at *19 n.4 (D.D.C. Jan. 19, 2006) (citing *Marshall County Health Care Auth. v.
Shalala*, 988 F.2d 1221, 1228 (D.C. Cir. 1993). For the Court's convenience, copies of various public documents
from Rogers' criminal cases, CPO hearing, and subsequent appeals are attached as exhibits to the Declaration of
Sean P. Beaty. Ms. Johnson-Norman respectfully requests the Court take judicial notice of these exhibits.

while both were living in the Washington, D.C. area, Rogers and Ms. Johnson-Norman had a romantic relationship. (Beaty Decl. ¶ 2, Ex. A at 2.)  When the relationship soured in the summer of 2000, Rogers began to engage in a pattern and practice of harassing Ms. Johnson-Norman, even after a Maryland peace order was put in place ordering Rogers to stay away from Ms. Johnson-Norman. (Beaty Decl. ¶ 3, Ex. B at 1.)  After Ms. Johnson-Norman had endured several months of harassment, Rogers was finally arrested and charged in the District of Columbia with stalking. *(Id.)*  In 2001, Rogers was tried and convicted in D.C. Superior Court on a reduced attempted stalking charge.[2] *(Id.)*  The judge sentenced Rogers to confinement, probation, and a psychiatric evaluation, and again ordered Rogers to stay away from Ms. Johnson-Norman and to avoid contact with her and her family. *(Id.)*  Rogers, however, persisted in his intimidation and harassment of Ms. Johnson-Norman, and was rearrested, jailed and placed on probation again in November 2001. (Beaty Decl. ¶ 4, Ex. C.)

Undeterred, Rogers recommenced his campaign of harassment against Ms. Johnson-Norman between May 2002 and May 2003, in direct violation of the "no contact" conditions in his prior release and probation orders from his prior conviction and re-arrest. (Beaty Decl. ¶¶ 3-4; Ex. B at 1, Ex. C at 2-3.)  Even though Rogers had allegedly moved to California by this point (in violation of his probation and without asking permission from his probation officer to do so), he continued to send letters and e-mails to Ms. Johnson-Norman and to call her under the guise of an anonymous caller. (Beaty Decl. ¶ 2, Ex. A at 2-3.)

---

2 Rogers' complaint suggests that attempted stalking is not a crime in the District of Columbia. (D.I. 1, Compl. ¶ 16) ("Plaintiff ROGERS was found guilty of attempted stalking, a crime which today does not, and may never have, existed in the District of Columbia")) This claim is obviously baseless.  Even a cursory examination of the District of Columbia criminal statutes reveals that the attempt statute functions in tandem with the other criminal statutes, including the stalking statute. *See* D.C. Code §§22-404; 22-1803 (2005).  Moreover, attempt is always a lesser-included component of a completed crime. *Evans v. United States*, 779 A.2d 891, 894 (D.C. 2001).

These unlawful actions culminated in the Superior Court of the District of Columbia in June 2003 issuing an order to show cause why he should not be held in contempt. (D.I. 1, Compl. ¶ 30.) Rogers failed to appear at the contempt hearing, and as a result, a bench warrant was issued for his arrest. (*Id.*) Under the laws of the District of Columbia, contempt is punishable by more than one year of confinement, and therefore this warrant was executable extraterritorially. *Seals v. United States*, 844 A.2d 349, 351 (D.C. 2004). In addition, a second arrest warrant was issued containing another stalking charge based on Rogers' continued campaign of harassment toward Ms. Johnson-Norman. (D.I. 1, Compl. ¶ 25.)

Rogers was arrested in California and extradited to the District of Columbia where his probation was revoked due to his contemptuous failure to appear and other conduct. (Beaty Decl. ¶ 5, Ex. D.) While Rogers was ultimately acquitted of the second stalking charge, the Honorable Judge Leibovitz (who had presided over the criminal proceedings) granted Ms. Johnson-Norman's petition for a Civil Protection Order ("CPO") one day after the criminal trial. (Beaty Decl. ¶¶ 6-7, Ex. E-F.)

The judge granted the CPO against Rogers because he had persisted in contacting Ms. Johnson-Norman several times, including in May 2002, June 2002, January 2003, March 2003, April 2003 and May 2003. (Beaty Decl. ¶ 6, Ex. E at 13.) In particular, Judge Leibovitz found "by a far greater standard, than preponderance" that Rogers had sent Ms. Johnson-Norman the January 2003 letter; that is, the *very letter* that Rogers now avers Ms. Johnson-Norman falsified. (*Id.* at 15.) Judge Leibovitz therefore concluded that there was a preponderance of evidence and good cause to believe that Rogers had committed the offense of stalking between June 2002 and May 2003, and that there was good cause to believe that Rogers posed a danger to Ms. Johnson-Norman. (*Id.* at 18.)

Rogers objected to Judge Leibovitz's decision by sending a "detailed and disrespectful letter" to the judge, which she treated as a motion for reconsideration and denied on January 29, 2004. (Beaty Decl. ¶ 3, Ex. B at 3, n2.) Rogers then appealed the decision to the District of Columbia Court of Appeals, which on September 26, 2005 issued its opinion deeming all of Rogers' claims to be without merit. (*Id.*) In one section of its decision, the Court of Appeals explicitly upheld the trial court's determination that there was good cause to believe that Rogers had committed the offense of stalking. (*Id.* at 2, ¶ IV.) In spite of these findings, Rogers here continues to proclaim his innocence and project his wrongful acts onto everyone else, including the real victim, Karen Johnson-Norman.

### B.    Factual Allegations of the Complaint

Plaintiff's lengthy complaint alleges a vast, coast-to-coast conspiracy ranging from private citizens to local law enforcement to federal prosecutors. (*See generally* D.I. 1, Compl.) Even if one were to swallow such a story, the specific allegations contained in the complaint against Ms. Johnson-Norman boil down to one basic claim; namely, that she fabricated a story about Rogers stalking her, and then reported this supposed lie to the police in order to have him arrested.[3] (D.I. 1, Compl. ¶¶ 15-17, 20, 30, 119, 121, 123, 126, 132-133, 136, 139, 150, 184-186, 223, 233, 242, 248, 265, 268, 274.) The remaining assertions of the complaint related to plaintiff's detention, extradition, and questioning are not relevant to Ms. Johnson-Norman, nor does Rogers allege that they are. Indeed, of the sixteen causes of action contained in his complaint, only half include Ms. Johnson-Norman as a defendant. (D.I. 1, Compl. ¶¶ 12-51.)

---

[3] As a part of this contention, Rogers claims that Ms. Johnson-Norman made such false claims as part of a conspiracy stretching as far back as the year 2000 to have Rogers arrested and extradited, even though Rogers was not even present in California until 2002, and even though his conviction for attempted stalking in 2001 precludes any allegation that she falsified her claims at that time. (D.I. 1, Compl. ¶¶ 19; 184; Beaty Decl. ¶ 3, Ex. B at 1.)

## III.    ARGUMENT

A defendant may move the court for an order to dismiss a complaint when the plaintiff fails to state a "claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Thus, it is proper for defendant Karen Johnson-Norman to move this Court for an order dismissing Rogers' complaint under Federal Rule 12(b)(6).

When determining whether or not to grant a Rule 12(b)(6) motion, the court must accept the complaint's well-plead factual allegations as true. *Wilson v. Prudential Fin.*, No. 03-2313, 2004 U.S. Dist. LEXIS 21786, at *7 (D.D.C. Oct. 18, 2004); *Wilson v. Riggs Bank*, No. 04-1005, 2005 U.S. Dist. LEXIS 6003, at *4-5 (D.D.C. Apr. 3, 2005).   However, if facts that give rise to a defense of collateral estoppel are clear from the complaint, granting a motion to dismiss is proper. *Egilman v. Keller & Heckman*, 401 F. Supp. 105, 110 (D.D.C. 2005)(citing *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998)).  A court may dismiss a case under Rule 12(b)(6) if collateral estoppel bars relitigation of a claim or issue when the prior decision's preclusive effect is apparent from the face of the complaint. *Minebea Co. v. Papst*, 13 F. Supp. 2d 35, 42 (D.D.C. 1998); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 60 (D.D.C. 2004).

Even if Rogers claims are not barred by collateral estoppel, Counts XII and XIII are time barred under the D.C. Code.  A defense of statute of limitations may be raised by a motion to dismiss. *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 734 (D.C. 2000). If raised in a motion to dismiss, "the defense acts to bar the claim for failure to state a claim upon which relief can be granted." *Id.* (citing 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34 [4][b] (3d ed. 1998) ("Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint, such as . . . the statute of limitations.")).

.

**A.    Rogers' Claims Against Ms. Johnson-Norman Are Barred Under the Doctrine of Collateral Estoppel**

Collateral estoppel prevents parties from relitigating issues that have already been adjudicated, with the aim of conserving judicial resources, protecting citizens from multiple lawsuits, and reducing the likelihood of inconsistent verdicts. *Bryson v. Gere*, 268 F. Supp. 2d 46, 54 (D.D.C. 2003).  Under the laws of the District of Columbia, collateral estoppel bars a party from relitigating an issue where:  (i) the issue was actually litigated; (ii) the issue was determined by a valid, final judgment on the merits; (iii) there was a full and fair opportunity for litigation by the parties or their privies; and (iv) the determination of the issue was essential to the judgment, and not merely dictum.  *Id.* at 56-57.

**1.    The Issues of Whether Rogers Stalked Ms. Johnson-Norman and Whether She Had Good Cause to Report His Behavior to the Authorities Were Actually Litigated and Determined in a Valid, Final Judgment on the Merits**

Here, the ***only allegations*** against Ms. Johnson-Norman ***have already been fully considered and rejected*** in a valid and final judgment on the merits.  Consequently, the accusations against her must be dismissed because the complaint fails to state a claim upon which relief can be granted.  *Id.* at 54; 57-58.  Judge Leibovitz recounted her findings of fact from the CPO hearing in her January 2004 order:

- "Based upon the evidence presented in the criminal trial, the court found that there was good cause to believe that the respondent had committed the intrafamily offense of stalking."

- "In June 2002, January 2003, April 2003 and May 2003, respondent sent petitioner letters at her workplace. The letters were received in evidence at trial. The letters each were clearly sent by respondent…"

- "The entry of a Civil Protection Order against respondent was supported by the evidence at trial and necessary to protect the petitioner from further harassment.

   (Beaty Decl. ¶ 2, Ex. A at 2-4.)

Judge Leibovitz of the Superior Court for the District of Columbia already ruled in a valid and final judgment that Rogers stalked Ms. Johnson-Norman in 2002 and 2003, including sending her letters during that time, and that Ms. Johnson-Norman had good cause to report Rogers' stalking to the authorities. Moreover, Judge Leibovitz's reasoning and decision to grant the CPO were wholly affirmed twice — first by Judge Leibovitz herself, and then by the D.C. Court of Appeals. (Id.; Beaty Decl. ¶ 3, Ex. B)

## 2. Rogers Had a Full and Fair Opportunity to Litigate These Issues, the Determination of Which Was Essential to the Judgment

Rogers has had more than ample opportunity to fully and fairly litigate these very issues, as evidenced by his serial, unsuccessful appeals. (*Id*; Beaty Decl. ¶ 8-9, Ex. G, H.) Rogers' argument that he did not have a full and fair opportunity to litigate these issues is inapposite and misplaced. The Court of Appeals expressly held that Judge Leibovitz gave Rogers' attorney an opportunity to present evidence at the CPO hearing in addition to the evidence from the criminal trial, which Rogers' attorney explicitly declined. (Beaty Decl. ¶ 3, 6 Ex. B at 2, E at 10.)

Moreover, the burden of proof for Rogers' CPO hearing was the same as in this civil suit; preponderance of the evidence. *Cruz-Foster v. Foster*, 597 A.2d 927, 930 & n.3 (D.C. 1991). In

fact, there was even more at stake for Rogers at the CPO hearing because CPOs carry stringent criminal penalties for violations and contain provisions that restrict the respondent's conduct.

Furthermore, there can be no doubt that the determination that Rogers did stalk Ms. Johnson-Norman in 2002 and 2003 (including, among other things, by sending her a number of unwanted letters), and that she therefore had good cause to report Rogers' actions to the police, was essential to the decision to grant a CPO against Rogers; otherwise, there would be no basis at all for finding that Ms. Johnson-Norman needed protection.

### 3. All of Rogers' State and Federal Claims Against Ms. Johnson-Norman Are Barred From Relitigation

Specifically, for each violation of 42 U.S.C. §1983 ("Section 1983") that Rogers claims Ms. Johnson-Norman committed, the crux of his allegation is that she falsely reported that Rogers was stalking her and sending her letters in 2002 and 2003, with the complaint particularly focusing on one letter Rogers sent to Ms. Johnson-Norman in January 2003. (D.I. 1, Compl. ¶¶ 22, 119.) The holding of the District of Columbia Court of Appeals, upholding the lower court's finding by "more than a preponderance" of the evidence that Ms. Johnson-Norman's reports were *not* false, as there was good cause to find that he committed the offense of stalking, clearly disposes of any such claim. (Beaty Decl. ¶¶ 3, 6-7, Ex. B, E-F.)

The same is true for Rogers' state law causes of action: for each claim, Rogers' only allegation against Ms. Johnson-Norman is that she "made a false police report" regarding the receipt of a letter from Rogers in January 2003. (D.I. 1, Compl. ¶¶223, 233, 242, 265, 274.) The District of Columbia Superior Court and Court of Appeals, however, have already determined that there was good cause to believe that Rogers *had* stalked Ms. Johnson-Norman (including by sending her *that very letter*), and that he continued to pose a danger to her. (Beaty Decl. ¶¶ 3, 6,

Ex. B, E.) Thus, like Rogers' Section 1983 claims, his state law causes of action against Ms. Johnson-Norman are precluded from relitigation and warrant dismissal.

Finally, Ms. Johnson-Norman does not know Rogers' present location, let alone where he was in 2003, and therefore could not have assisted anyone in locating Rogers to execute a warrant. However, even if Ms. Johnson-Norman had assisted officials in locating Rogers in California, such action cannot subject her to liability. The United States District Court for the Eastern District of California already determined that the warrant that served as the basis for Rogers' arrest and extradition was entirely lawful and was due to his failure to appear at a hearing in the District of Columbia. (Beaty Decl. ¶10, Ex. I.)[4] Accordingly, even if Ms. Johnson-Norman did assist the police in locating Rogers so that he could be arrested, this action merely implemented a lawful and valid warrant. Such actions cannot subject a citizen to liability, as explained below.

**B.    Ms. Johnson-Norman Is Not Subject To Liability Under 42 U.S.C. §1983**

Even if Rogers' Section 1983 claims against Ms. Johnson-Norman were not barred on collateral estoppel grounds, they would still fail. A plaintiff asserting a violation of Section 1983 must demonstrate that the defendant deprived them of a right secured by the Constitution, and that the defendant acted under the color of state law. *Singletary v. District of Columbia*, 359 U.S. App. D.C. 1 (D.C. Cir. 2003).

Private parties ordinarily cannot be liable for Section 1983 violations because they do not act under "color of state law." Such liability only attaches where the private individual was jointly engaged with state officials in a conspiracy to deprive a plaintiff of their constitutional

---

[4] In the criminal proceedings, Rogers name was spelled "Virgil Rodgers." However, Rogers filed his Complaint in the instant action with his last name spelled "Rogers."

rights. *Parker v. Grand Hyatt Hotel*, 124 F. Supp. 2d 79, 88 (D.D.C. 2000). The allegations against Ms. Johnson-Norman, even if true, do not rise to the level of state action.

The only interplay between state actors and Ms. Johnson-Norman actually alleged in Rogers' complaint is the fact that she reported Rogers' stalking to the police. To the extent that Rogers is claiming that Ms. Johnson-Norman violated Section 1983 simply by reporting Rogers' actions to the police, there can be no liability for private parties under such circumstances. *Parker*, 124 F. Supp. 2d at 88 (quoting *Bang v. Utopia Rest.*, 923 F. Supp. 46, 49 (S.D.N.Y. 1996)).

Moreover, Rogers' "color of state law" argument as to Ms. Johnson-Norman stems from conclusory allegations contained in the complaint that she falsified claims of stalking against Rogers and reported them to the police. Such conclusory allegations cannot survive a motion to dismiss. *Rodriguez v. Nat'l Ctr. for Missing & Exploited Children*, 2005 U.S. Dist. LEXIS 5658 (D.D.C. 2005) (citing *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996)).

Even if Rogers' conspiracy allegations are not conclusory, Rogers' complaint does not allege that Ms. Johnson-Norman exerted any influence or substituted her own judgment for that of any District of Columbia police officer, including Detective Ralph Durant. Indeed, the claim is to the contrary — the complaint specifically alleges that Detective Durant independently attempted to arrest Rogers "without completing his investigation to the veracity of [Johnson-Norman's] accusations," implying that Ms. Johnson-Norman played no role in any purported decision to arrest Rogers. (D.I. 1, Compl. ¶124.) Significantly, Rogers does not allege that Ms. Johnson-Norman played any role whatsoever in the events that transpired after she reported his behavior to the authorities, including obtaining a warrant, carrying out the arrest, and

11

interrogating and detaining Rogers. (*See generally* D.I. 1, Compl.)  Thus, there can be no claim

that Ms. Johnson-Norman compelled state actors to carry out such purported activities.

Regardless of any accusations of a conspiracy, the simple fact remains that the only role

Ms. Johnson-Norman is alleged to have played that could have violated Rogers' civil rights is

purportedly falsifying claims against Rogers.  (D.I. 1, Compl. ¶¶ 15-17, 20, 30, 119, 121, 123,

126, 132-133, 136, 139, 150, 184-186, 223, 233, 242, 248, 265, 268, 274.)  As set forth above,

any litigation on this point is barred by binding judicial determinations that Rogers <u>did</u> stalk Ms.

Johnson-Norman, and therefore that her claims against Rogers were <u>not</u> false. (Beaty Decl. ¶¶ 3,

6, Ex. B, E.)

### C.    Rogers' Allegations of False Imprisonment and Malicious Prosecution are Time Barred Under the District of Columbia's Statute of Limitations

Rogers' causes of action for false imprisonment and malicious prosecution are time-

barred by the one-year statute of limitations imposed by D.C. Code § 12-301 (4).  These causes

of action accrued when Rogers discovered his alleged injury in July 2003, yet Rogers did not file

suit until June 2005, nearly two years later.

Rogers pleads that the false imprisonment and malicious prosecution claims were in

violation of "California and/or District of Columbia Law." (D.I. 1, Compl. 232, 241)  However

the applicable statute of limitations for these claims is provided by District of Columbia law

because the procedural law of the forum applies. *Willis v. Willis*, No. 76-1225, 1980 U.S. Dist.

LEXIS 12487 at *51 (D.D.C. July 23, 1980) (holding that the applicable statute of limitations

was from the D.C. Code even though the case was brought as a diversity action under Ohio

substantive law in the United States District Court for the District of Columbia).[5]  Under District of Columbia law, Rogers' counts of false imprisonment and malicious prosecution must be dismissed.

## IV.      CONCLUSION

For the foregoing reasons, Karen Johnson-Norman respectfully requests that this Court dismiss each and every claim against her contained in Rogers' complaint.

Respectfully submitted,

Of Counsel:

Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated:  July 12, 2006

---

[5] Even if the court were to apply California's procedural law, Rogers' false imprisonment would still be barred by California's one-year statute of limitations imposed by Cal. Code Civ. P. §340(c).

13

## CERTIFICATE OF SERVICE

Rogers appears before this Court *pro se*, and to the best of my knowledge, he has yet to receive a password and login for Electronic Case Filing. I hereby certify that copies of the foregoing Motion to Dismiss, Declaration of Sean P. Beaty and exhibits thereto were served by regular United States mail, postage prepaid, this 12th day of July, 2006 upon Plaintiff Rogers at each address listed below:

Virgil M. Rogers
P.O. Box 66352
Los Angeles CA 90066

Bernadine T. Tsung-Megason
(Former Counsel)
4 East Holly St., Suite 215
Pasadena, CA 91103

A copy of this Motion and Declaration in Support have also been faxed to the number below provided by Rogers on July 11, 2006.

Via Fax: (310) 943-6952

Sean P. Beaty, *pro bono*
(Bar No. 493597)