# EXHIBIT A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
DOMESTIC VIOLENCE DIVISION

KAREN JOHNSON-NORMAN       :
               Petitioner    :    Case: IF 2497-03
   v.      :
                        :
VIRGIL RODGERS       :
               Respondent   :
                        :

## ORDER

Before the court is Respondent's letter, dated November 26, 2003, which the court will treat as a motion to alter or amend judgment, pursuant to D.C. Superior Court Civil Procedure Rule 59(e), and for reconsideration of the court's Civil Protection Order, dated October 29, 2003 (hereinafter "the CPO").

### Background

On July 25, 2003 the respondent was charged with one count of misdemeanor stalking, in violation of D.C. Code § 22-404(b), in case number F-4208-03. The petitioner filed a petition for Civil Protection Order in the instant case on August 1, 2003, alleging the facts underlying the criminal stalking charge. After a jury trial in the criminal case, the defendant was found not guilty on October 27, 2003.

On October 29, 2003, the court held a hearing on the petition for Civil Protection Order in the instant case. Based upon the evidence presented in the criminal trial, the court found that there was good cause to believe that the respondent had committed the intrafamily offense of stalking.

The facts adduced at trial were as follows. Petitioner and respondent began a romantic relationship in 1998 that ended in approximately May or June of 2000. Petitioner was married to someone else during the relationship.

On September 27, 2000, respondent was presented on a criminal charge of stalking in D.C. Superior Court in Case Number M-9709-00 and, among other things, ordered to stay away from and have no contact with petitioner, including an order that he not attempt to contact her by phone, in writing or in any other way. In March 2001, respondent was convicted of attempted stalking in that case and placed on probation with a condition that he continue to stay away from and have no contact with petitioner. That order remained in effect on all subsequent occasions relevant to this case.

On two occasions, in May 2002, and March 2003, respondent telephoned petitioner at work in violation of the stay away/no contact order and on each occasion petitioner communicated to respondent that the contact was unwanted. In June 2002, January 2003, April 2003 and May 2003, respondent sent petitioner letters at her workplace. The letters were received in evidence at trial. The letters each clearly were sent by respondent, referring to their past intimacy and to matters they had discussed while they were lovers. One of the letters yielded respondent's fingerprint. Each letter excoriated petitioner for hurting him, and for what she had "done" to him. Respondent demanded that no other person was to be "involved" in the receipt of the letters, and that petitioner was to contact him because he "deserve[d] an explanation." In his April 2003 letter, respondent disputed petitioner's previous assertions that she was afraid and traumatized by his writing, and stated that he did not "care what anyone thinks" about his writing her. He further referred to ending petitioner's life and to killing her, stating that

2

it was unreasonable of her to believe that he would do so, although "others" had said to him he might want to hurt her. He concluded by writing that he would "always be defiant and arrogant as hell," and that she should not "expect it to go away now."

The court credited petitioner's trial testimony, corroborated amply by the letters themselves, that she had been the victim of each of these contacts and that she was extremely distressed by them. The court further found respondent's denial that he authored the letters incredible. Based upon all of the evidence adduced at the trial, the court found good cause to believe that respondent had engaged in a course of conduct whereby he repeatedly, intentionally and maliciously contacted petitioner, with the intent to cause petitioner emotional distress and with the effect of doing so. Respondent did so in violation of an existing stay away/no contact order, and after conviction for the same offense against petitioner. On this basis, the court found good cause to believe that, between June 2002 and May 2003, respondent committed the intrafamily offense of stalking the petitioner, and that he posed a danger to petitioner. The court entered a civil protection order against respondent with a requirement that respondent undergo a mental health evaluation and drug and alcohol screenings. The written text of the CPO also warns of the provisions of 18 U.S.C. § 922, which provides penalties for possessing, shipping, or receiving any firearm or ammunition.

## Analysis

In his letter, the respondent requests this court amend or lift several of the conditions of the CPO. Specifically, respondent claims that (1) a "not guilty" verdict in a prior criminal matter precluded the court from making its findings in this case, (2) the

3

CPO violates his Second Amendment right to bear arms, and (3) the court unreasonably ordered various evaluations, for which he has to pay the costs.

Respondent's letter was dated November 26, 2003, and received by the court subsequent to that date. Rule 59(e) requires that motions to alter or amend a judgment must be filed no later than ten days after entry of the Court's judgment. Thus, respondent's motion is untimely.

Even if respondent's motion were timely filed, he would not be entitled to the relief he requests. First, the respondent claims that the court improperly entered the CPO against him because he had been acquitted of one count of stalking by a jury in case number F-4208-03. In a criminal case, the fact finder is required to examine the evidence using the "beyond a reasonable doubt" standard. However, in civil intrafamily cases, a court may grant a civil protection order if it finds that there is "good cause to believe the respondent has committed or is threatening an intrafamily offense." D.C. Code § 16-1005(c). Though the jury, applying the reasonable doubt standard, found the respondent not guilty of stalking, this did not preclude the court from finding "good cause to believe" that the respondent had stalked the petitioner, and thereby had committed an intrafamily offense against her. The entry of a Civil Protection Order against respondent was supported by the evidence at trial and necessary to protect the petitioner from further harassment.

Second, the respondent argues that the CPO violates his right to bear arms under the Second Amendment of the United States Constitution. However, the CPO itself does not prohibit the respondent from possessing firearms. Rather, it only provides notice of the federal statute that governs the sale of firearms and specifically prohibits the sale of

4

firearms to and possession of firearms by a person who is subject to a court-ordered civil protection order. 18 U.S.C. § 922. Respondent's challenge to this notice provision is not ripe for consideration by the court.

Third, the respondent argues that the court has unreasonably ordered the respondent be evaluated for mental health and substance abuse treatment and undergo treatment, if recommended. However, the D.C. Code expressly grants authority to a court issuing a civil protection order to require a respondent to "participate in psychiatric or medical treatment or appropriate counseling programs." D.C. Code § 16-1004(c)(2). This court found that, based on the evidence presented of the respondent's conduct, it was appropriate to order that the respondent be evaluated for mental health and substance abuse treatment. The evidence of respondent's repeated, obsessive, distressing contact with petitioner in the face of a court order supported the court's conclusion that respondent may need mental health and/or substance abuse treatment, and it was appropriate to order an evaluation and compliance with any treatment recommendations as a provision of the Civil Protective Order.

Based upon the foregoing, it is this 29th day of January, 2004, hereby

ORDERED that Respondent's motion is DENIED.

Honorable Lynn Leibovitz
Associate Judge
(signed in chambers)

cc:
Virgil M. Rogers
P.O. Box 1904
Woodland, CA 95776

5