# EXHIBIT
# B

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 03-FM-1255 and 04-FM-196

VIRGIL M. ROGERS,
APPELLANT,
VSP2497-03

v.

KAREN JOHNSON-NORMAN,
APPELLEE.



FILED
SEP 2 6 2005
DISTRICT OF COLUMBIA
COURT OF APPEALS

Appeals from the Superior Court of the
District of Columbia
Family Division

(Hon. Lynn Leibovitz, Trial Judge)

(Submitted September 20, 2005                    Decided September 26, 2005 )

Before SCHWELB and GLICKMAN, *Associate Judges*, and NEWMAN, *Senior Judge*.

## MEMORANDUM OPINION AND JUDGMENT

PER CURIAM: Virgil M. Rogers appeals on numerous grounds from a civil protection order (CPO) entered against him on August 29, 2004. The CPO was issued following a long history of harassment and alleged stalking by Rogers of the complainant, Karen V. Johnson-Norman, his former paramour, who is now married to another man.[1] We discern no merit in any of Rogers' contentions, and therefore affirm the trial court's decision.

### I.

Rogers asserts that the trial court lacked subject matter jurisdiction over the CPO because neither the complainant nor Rogers resided in the District of Columbia. In her petition, however, Mrs. Johnson-Norman unequivocally alleged that "the underlying intrafamily offense . . . occurred in the District of Columbia." D.C. Code § 16-1001 (5) (2001). Stalking occurs where the victim is located, and is not limited to the location of the perpetrator. *United States v. Baish*, 460 A.2d 38, 43 (D.C. 1983); *see also Strassheim v. Daily*, 221 U.S. 280, 284-85 (1911) (exercise of jurisdiction permissible when acts "done outside a jurisdiction . . . [were] intended to produce and produced detrimental effects within

---

[1] Mrs. Johnson-Norman first obtained a "peace order" against Rogers in Maryland; this order contained a stay-away provision. In 2001, in *Rogers I*, Rogers was convicted in the Superior Court of the attempted stalking; placed on probation, and ordered to stay away from the complainant. On February 12, 2003, Rogers' conviction was affirmed by unpublished Memorandum Opinion and Judgment. In 2003, Rogers was again charged with stalking Mrs. Johnson-Norman (*Rogers II*), but a jury found him not guilty of this charge. The complainant's request for a CPO had trailed the criminal case, and the trial judge issued the CPO following a hearing held shortly after the conclusion of the criminal trial.

2

it.") Rogers also challenges the court's personal jurisdiction over him, but his counsel failed to raise this issue in the trial court, and it has thus been waived. *Jemison v. Nat'l Baptist Convention, USA, Inc.*, 720 A.2d 275, 282 (D.C. 1998).

## II.

Rogers contends that the petition for a CPO, which was based on a "stalking" theory, should have been dismissed following his acquittal in *Rogers II* of the criminal stalking charge. Rogers' argument fails, however, because acquittal in a criminal case, in which guilt must be proved beyond a reasonable doubt, does not preclude relitigation of the same factual issues when they are subsequently presented in a civil proceeding governed by a less exacting standard of proof. *See, e.g., United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 358-62 (1984); *Johnson v. United States*, 763 A.2d 707, 711 (D.C. 2000). The burden of persuasion in a CPO case is "preponderance of the evidence," not "proof beyond a reasonable doubt." *Cruz-Foster v. Foster*, 597 A.2d 927, 930 & n.3 (D.C. 1991).

## III.

Rogers asserts that the CPO proceedings were not fairly conducted and, in particular, that he was not given the opportunity to cross-examine the complaining witness. This claim is without merit. The procedural objections that he makes *pro se* in this court were not raised in the trial court, and they have therefore been effectively waived; we review, if at all, for plain error, and find none. *See, e.g., Beaner v. United States*, 845 A.2d 525, 539 (D.C. 2004); *D.D. v. M.T.*, 550 A.2d 37, 48 (D.C. 1988). The complaining witness did not testify at the CPO hearing, so that no issue as to Rogers' right to cross-examine her arose, but Rogers could have called her as an adverse witness. In reaching her decision, the judge did consider the complainant's testimony at the criminal trial in *Rogers II*, but Rogers' counsel cross-examined her extensively during those proceedings. The judge gave Rogers' attorney an opportunity to submit additional evidence, but counsel explicitly declined. Finally, the judge properly took judicial notice at the CPO hearing of proceedings in the criminal trial, *see, e.g., S.S. v. D.M.*, 597 A.2d 870, 881-82 (D.C. 1991), especially where, as here, Rogers' attorney did not object.

## IV.

Rogers claims that the complainant's case fails for evidentiary insufficiency; he contends that there was not "good cause to believe" that he committed an intrafamily offense. In light of our deferential standard of review, D.C. Code § 17-305 (2001), and substantially for the reasons stated at pages 27-30 of Ms. Johnson-Norman's brief, we conclude that Rogers has not shown that the trial judge's findings were clearly erroneous.

## V.

Finally, Rogers asserts that the terms of the CPO are invalid because they have an extraterritorial effect and allegedly, because several provisions of the order violate his constitutional rights. We have held, however, that where the trial court has jurisdiction over the subject matter and the defendant, it may "order an act which has an effect in another state or is to be carried out in another state." *Beckwith v. Beckwith*, 355 A.2d 537, 540 (D.C.

3

1976). For the reasons persuasively explained by the trial judge in her order of January 29, 2004,[2] and by appellee at pages 32-34 of her brief, the provision in the order requiring Rogers to stay away from the church which the complaining witness attends in Maryland does not deprive him of his right to the free exercise of religion protected by the First Amendment. Contrary to Rogers' claim that the order denies him the constitutional right to bear arms, we have held, as have "numerous other courts, that the Second Amendment guarantees a collective rather than an individual right." *Sandidge v. United States*, 520 A.2d 1057, 1058 (D.C. 1987). Further, in light of the broad remedial purposes of the intrafamily offense statute, *Cruz-Foster*, 597 A.2d at 929, we conclude that the other provisions of the CPO challenged by Rogers were properly included therein in the exercise of the trial court's broad discretion.

## VI.

We have considered Rogers' remaining contentions, and conclude that none of them warrants reversal of the decision of the trial court.

*Affirmed.*

ENTERED BY DIRECTION OF THE COURT

Garland Pinkston, Jr.
Clerk of the Court

Copies to:

Hon. Lynn Leibovitz

Clerk, Superior Court

Virgil M. Rogers, pro se
P.O. Box 66352
Los Angeles, CA    90066

Patrick Todd Mullins, pro bono
Howrey, Simon, Arnold
1299 PA Ave., NW    (04)

---

[2] The trial judge addressed Rogers' various objections to the provisions of the CPO in an order entered on January 29, 2004, in which the judge treated a detailed and disrespectful letter from Rogers as a motion for reconsideration and denied that motion. We substantially agree with the judge's reasoning in that order.