UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
VIRGIL M. ROGERS,                )
                                 )
            Plaintiff,           )
     v.                          )
                                 )    Civil Action No. 06- 1186 (ESH)
KAREN JOHNSON-NORMAN,            )
                                 )
                                 )
            Defendants,          )
_____)
_____

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Virgil Rogers respectfully opposes the defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

The court will not grant a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12 (b) (6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Conley v. Gibson* 355 U.S. 41, 45-46, 78 S Ct. 99 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

The arguments of defendant in her motion do not set forth grounds which indicate that Plaintiff has impossibly pled facts that cannot be proven or which do not entitle him to relief. On the contrary, at this stage of the proceeding, the Court accepts as true all of the Complaint's factual allegations. *Doe v. United States Department of Justice*, 753 F.2d 1092, 1102 (D.C. Cir

1985).  Plaintiff Rogers is entitled to the benefit of <u>all</u> <u>inferences</u> that can be derived from the facts alleged" *Kowal*, 16 F.3d at 1276.

Further, Rule 8 (a) (2) of the Federal Rules of Civil Procedure requires only a "short and plain" statement of a claim for relief. See *Swierkiewicz v. Sorema*, S. Ct. 992, 998 (2002).  Mr. Rogers has moved the Court for leave to amend his original complaint with an equally informative and factually based amended complaint which details with sufficient specificity the wrongdoing of defendant Johnson to survive her overbroad motion to dismiss. Consistent with this very liberal pleading standard, a court should not use Rule (12) (b) (6) to "weed out what appear to be factually deficient cases." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000). Pursuant to *Krieger*, and later cases interpreting the Rule 8 pleading standard, this short and plain statement of the claim is sufficient to put defendants on notice.

Each of defendant Johnson's specific grounds in support of her motion to dismiss is discussed briefly below. However, given the liberal pleading standard allowed under Rule 8 and the Plaintiff's lodging of a proposed amended complaint which addressed all legitimate deficiencies defendant has raised and which may potentially rise in the future, Plaintiff Rogers believes he has pled in accordance with the Rules and accordingly dismissal is not warranted.

Collateral Estoppel

The defendant claims a broad and overreaching bar to litigation on nearly each claim made by Rogers due to the Doctrine of Collateral Estoppel. These claims are totally without merit and should properly be denied. In sum, Johnson claims that because she was granted a civil protection order ("CPO") against Mr. Rogers in D.C. Superior Court in 2003, she has

been absolved of civil liability for making fraudulent and false claims of criminal wrongdoing and any remotely related acts. Respectfully, this argument should be rejected out of hand because it's mere sophistry. Defendant Johnson attempts to intertwine Plaintiff's arguments surrounding her false criminal allegations and shield herself from suit because of a subsequent CPO. In the District of Columbia a CPO issued in the Family Division is a remedial action. *Cruz-Foster v. Foster*, 597 A.2d 927, 930 (D.C. 1991). Hearings are subject to the most liberal rules, including hearsay. In the instant case, Mr. Rogers was not afforded an opportunity to litigate the CPO in the trial court because it was granted without sworn testimony being required at the hearing. There was no litigation on the CPO whatsoever.

Johnson claims in her motion that all the allegations against her in the original complaint have been "considered and rejected…on the merits" (Def Mot to Dism 7). This is totally misleading and inaccurate. She also claims that the standard of proof is exactly the same in the 2003 CPO petition and the instant civil suit. Clearly, with this statement the defendant misleads the Court in her pursuit of a dismissal.

Mr. Rogers has <u>never</u> been convicted by a criminal court of stalking. Johnson's false allegations to law enforcement in 2003 resulted in Mr. Rogers standing trial for stalking and being exonerated by a jury of his peers. The CPO process in Superior Court serves a remedial purpose and the success of a petition is certainly not intended to necessarily preclude further civil action for false or malicious actions. In this case, there was a criminal action initiated by Johnson that concluded favorably for Mr. Rogers. Defendant Johnson had not seen Mr.

Rogers in several years at the time she filed the criminal action and contemporaneously filed the civil petition. She failed miserably in criminal court but was granted a CPO nevertheless.

The burden of proof required to be met for a CPO is "good cause by a preponderance" to believe that respondent committed *or threatened* an intrafamily offense. Supra *Cruz-Foster* at 929. The verbiage inherent in the CPO statute itself clearly indicates the remedial nature of the statute D.C. Code §16-1005 (2001). A petitioner need only prove good cause by preponderance that she subjectively felt threatened by the respondent to possibly be issued a CPO injunction. The paramount consideration concerning the [Intrafamily Offense Act] is that its remedial, and the Act must be liberally construed in furtherance of its remedial purpose. Cruz-Foster v. Foster, 597 A.2d 927, 929 (D.C. 1999).

Ulterior motives abounded in defendant Johnson's petition because she clearly had not been in personal contact with Mr. Rogers in over 2 years at the time of the petition. In any event, the CPO in this case, issued after a truncated hearing which encompassed no testimony and no evidence being presented cannot bar litigation in the instant suit. Defendant's reliance on the outcome of the CPO matter in the D.C. Court of Appeals should be equally unavailing since the appellate court reviews for reversible error and doesn't sanction the reliability carte blanche of every judgment it may refuse to reverse.

## STATUTE OF LIMITATIONS AND 42 U.S.C. §1983

Plaintiff Rogers has withdrawn the claims against Johnson in the proposed amended complaint which alleges that she violated 42 U.S.C. §1983 so her arguments on this issue will be moot if the court permits the lodged amended complaint to be filed.

D.C. Code §12-301 (4) provides a one year statute of limitation only for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, and false arrest. Mr. Rogers has withdrawn the claims challenged on the defendant's motion to dismiss (malicious prosecution and false arrest) and they will be moot if the Court grants him leave to amend his complaint as lodged. As amended, there are no causes of action that are subject to dismissal on the one year statute of limitation. Moreover, except for claims that have an enumerated statute of limitations on their own, the claims are presumed to be subject to the three-year limitation D.C. Code §12-301 (8). *Hawkins v. Greenfield*, 797 F.Supp. 30, 34 (D.D.C. 1992).

**WHEREFORE**, Plaintiff VIRGIL M. ROGERS prays the Court deny the defendant's, motion to dismiss. This complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Mr. Rogers can prove no set of facts in support of his claims that would entitle him to relief. *Conley* 355 U.S. at 45-46. A motion to dismiss under Rule 12(b)(6) tests not whether a plaintiff will ultimately prevail on the merits, but only whether the plaintiff has properly stated a claim for which she or he is entitled to relief. *Woodruff v. DiMario*, 197 F.R.D., 191, 193 (D.D.C. 2000). Plaintiff has addressed the prior deficiencies in his amended complaint and the remaining arguments by defendant are totally spurious and without merit.

DATED: September 11, 2006

By: ___/S/_____
VIRGIL M. ROGERS