UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRGIL M. ROGERS,<br><br>               Plaintiff,<br>   v.<br><br>KAREN JOHNSON-NORMAN,<br><br>               Defendants, | )<br>)<br>)<br>)<br>)   Civil Action No. 06- 1186 (ESH)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Virgil Rogers respectfully moves the Court for leave to file the amended complaint which is lodged with the instant motion.

Federal Rule of Civil Procedure 15(a) provides that a party may amend the party's pleading once as a matter of course before a responsive pleading is served…" *Fed.R.Civ.P.* The D.C. Circuit has held that for a trial court to deny leave to amend is an abuse of discretion unless the court provides a sufficiently compelling reason." *Firestone v. Firestone* 76 F.3d 1205, 1208 (D.C. Cir 1996).

Defendant Karen Johnson-Norman ("Johnson") has submitted a motion to dismiss the complaint based either on Rule 12(b) (6) or on statute of limitation grounds. Because Johnson has also submitted declarations and supporting documentation from other court systems, the court could conceivably also treat this Motion to Dismiss as a motion for summary judgment. Specifically, Johnson averred in her Motion to Dismiss that (1) all of the claims Rogers has

made against her are barred by the Doctrine of Collateral Estoppel; (2) she is not liable under 42 U.S.C. §1983; and (3) false imprisonment and malicious prosecution claims were barred by the statute of limitations.

Insofar as there were deficiencies that existed in the original complaint since it contained claims against numerous defendants, Plaintiff Rogers has remedied them completely in his Amended Complaint. It is geared solely toward the final remaining culpable party, defendant Johnson and briefly alleges the claims for which she is liable in the instant suit.

Plaintiff Rogers has addressed the deficiencies which existed in the original complaint. Foremost, he has removed the claims against Johnson for violation of 42 U.S.C. § 1983. He has also addressed the statute of limitation issue concerning the false imprisonment and malicious prosecution claims. The defendant's argument that Collateral Estoppel bars litigation of each and every potential claim against her simply because a particular court granted her a remedial civil protection order ("CPO") is totally without merit.

Mr. Rogers suffered damages primarily because defendant Johnson made repeated false *criminal* allegations against him to law enforcement that resulted in his arrest and emotional distress. A jury exonerated Plaintiff Rogers of all criminal allegations. In fact, Plaintiff Rogers has never been convicted of stalking Johnson as she has claimed repeatedly. Following that acquittal, a trial court, without requiring any sworn testimony from Johnson in support of the petition granted a CPO requiring Rogers to stay away from her.

Mr. Rogers has added some related claims and more efficiently drafted the factual allegations in his amended complaint. Federal Rule of Civil Procedure 15 (c) allows

allegations in an amended complaint to relate back to the date of the original complaint if the claims asserted in the amended pleading "*arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.*"

Where possible, Plaintiff Rogers has drafted the issues in the amended complaint to logically relate back to the original complaint. The exception is Cause of Action I which is for the defendant's willful violation of the Fair Credit Reporting Act in obtaining personally protected information about Plaintiff Rogers through her employment at Wells Fargo Real Estate Group. This claim was not averred in the original complaint because it has only been discovered and became ripe for suit since that time. However, it is inextricably intertwined within the same course of tortious conduct that is detailed in both the original and amended complaints.

Undue prejudice will not result from allowing Plaintiff Rogers to amend the complaint as proposed because no additional discovery will be required since the discovery process has not yet begun. *Alley v. Resolution Trust Corp.*, 984 F.2d 1201, 1208 (D.C. Cir 1993). The factual allegations contained in the amended complaint are logically related to the same course of conduct alleged on the original complaint and sufficiently relate back to the original complaint so the defendant will suffer no prejudice. *Kun v. Finnegan, Henderson, Farabow, Garret, & Dunbar*, 949 F. Supp. 13, 16 (D.D.C. 1996).

WHEREFORE Rogers moves the Court for leave to file the lodged amended complaint.

DATED:  September 6, 2006                                    By: ___/S/_____

                                                                                    VIRGIL M. ROGERS