Sean P. Beaty, *pro bono*
(Bar No. 493597)
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 383-6944
Fax: (202) 478-2691

Attorney for Defendant
KAREN JOHNSON-NORMAN

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRGIL M. ROGERS, *pro se* )<br><br>Plaintiff, )<br><br>v. )<br><br>KAREN JOHNSON-NORMAN )<br><br>Defendant. ) | Civil Case. No. **06-01186 (ESH)** |

## KAREN JOHNSON-NORMAN'S REPLY TO ROGERS' OPPOSITION TO JOHNSON-NORMAN'S MOTION TO DISMISS

# TABLE OF CONTENTS

Page(s)

I.      INTRODUCTION.................................................................................................1

II.     ARGUMENT .......................................................................................................1

    A.      The Allegations Pled in Rogers' Original Complaint Were
            Actually Litigated and Determined in a Valid, Final Judgment
            on the Merits.................................................................................................2

    B.      Rogers Had a Full and Fair Opportunity to Litigate the
            Allegations in His Original Complaint.........................................................3

III.    CONCLUSION ....................................................................................................4

## I.    INTRODUCTION

With his latest maneuverings, Rogers apparently concedes to dismissal of his original complaint. Rogers drafted and now seeks leave to file an amended complaint to correct the "prior deficiencies" in his original complaint. Notably, Rogers removes Counts XII and XIII for False Imprisonment and Malicious Prosecution from his amended complaint, which are both barred by the District of Columbia's statute of limitations. Rogers also appears to have conceded Counts IV, V, VIII, and XI for liability under 42 U.S.C. §1983 and Negligence, as all four have been removed from Rogers' amended complaint. Ms. Johnson-Norman will address the specific deficiencies in Rogers' amended complaint in her answer to Rogers' Motion for Leave to Amend, however the very fact that Rogers has moved to amend his original complaint prior to the Courts' ruling on the collateral estoppel issue is indicative of Rogers' confidence in the survival of his original complaint.

Although Rogers makes passing mention of the "fair notice" pleading standard of Rule 8, this argument is misplaced. Ms. Johnson-Norman is not complaining that she does not have adequate notice of the allegations against her, but that Rogers' allegations have already been determined by a valid and final judgment on the merits. Rogers has previously litigated each allegation in his complaint, and therefore is barred from relitigating these allegations under the doctrine of collateral estoppel.

## II.    ARGUMENT

Collateral estoppel prevents parties from relitigating issues that have already been adjudicated. *Bryson v. Gere*, 268 F. Supp. 2d 46, 54 (D.D.C. 2003). All of Rogers' allegations against Ms. Johnson-Norman boil down to one basic claim; that she falsely claimed that Rogers was stalking her, falsified evidence in support of her story, and then falsely reported Rogers'

stalking to the police in order to have him arrested. (D.I. 1, Compl. ¶¶ 15-17, 20, 30, 119, 121,

123, 126, 132-133, 136, 139, 150, 184-186, 223, 233, 242, 248, 265, 268, 274.)  However, in a

valid and final judgment on the merits, the DC Superior Court has already rejected these very

allegations, and therefore Rogers' entire complaint is barred by collateral estoppel.

### A.    The Allegations Pled in Rogers' Original Complaint Were Actually Litigated and Determined in a Valid, Final Judgment on the Merits

Rogers and Karen Johnson-Norman were parties to a Civil Protection Order (CPO)

hearing under the jurisdiction of the DC Superior Court.  Both attended the hearing, at which Mr.

Rogers was represented by counsel and Ms. Johnson-Norman appeared *pro se*.  At the hearing,

Judge Liebovitz recounted the evidence received during Rogers' criminal and offered Rogers'

counsel the opportunity to present any additional evidence for consideration, which he expressly

declined. (Beaty Decl. ¶ 6, Ex. E.)

Based upon the evidence before Her Honor, Judge Liebovitz found: (1) good cause to

believe that Rogers had stalked Ms. Johnson-Norman, (2) that Rogers had sent three letters to

Ms. Johnson-Norman's workplace, and (3) that the entry of a CPO against Rogers was necessary

to protect Karen Johnson-Norman from further harassment. (Beaty Decl. ¶ 2, Ex. A at 2-4.)

These findings of fact and the order entering a CPO against Rogers have been subsequently

upheld twice; first by Judge Liebovitz upon Rogers' Motion to Reconsider and then by the D.C.

Court of Appeals. (Id.; Beaty Decl. ¶ 3, Ex. B)

Rogers' allegations in his original complaint are based on facts that have already been

determined to be false.  The trial court rejected Rogers' argument that Karen Johnson-Norman

falsely claimed to the police that Rogers was stalking her, and found good cause to believe that

Rogers had indeed stalked Karen Johnson-Norman.  Not only did the court reject Rogers'

explanation that Ms. Johnson-Norman had forged letters to support her petition, but the court

explicitly found that ***Rogers*** wrote and sent the letters, holding:

> "The letters themselves are obsessive, the letters are a hurt former lover [sic], the
> letters make reference to the Ms. Johnson-Norman's husband, the letters make
> reference to the love they had and the relationship they had. And the universe of
> human beings who could have written this letter, I would find by a far greater
> standard, than preponderance, is narrowed to one human being and one human
> being only, and that is Mr. Rogers." (Beaty Decl. ¶ 6, Ex. E at 16.)

Having already been determined in a valid and final judgment on the merits, Rogers'

allegations in his original complaint cannot be subjected to relitigation.

### B.    Rogers Had a Full and Fair Opportunity to Litigate the Allegations in His Original Complaint

Rogers has had every opportunity to fully and fairly litigate the allegations raised in his

original complaint, evidenced by his multiple appeals related to the entry of the CPO. (Beaty

Decl. ¶¶ 2-3, 8-9, Ex. A at 2-4, B, G, H.)  In each motion for reconsideration, in every appeal,

Rogers' has been rebuffed.

Moreover, the transcript of the CPO hearing speaks for itself; the trial court expressly

gave Rogers an opportunity to present additional evidence, and Rogers' counsel explicitly

declined. (Beaty Decl. ¶ 6, Ex. E at 10.)  In its review of the CPO hearing and Order, the DC

Court of Appeals noted that although Judge Liebovitz did not require Ms. Johnson-Norman to

testify at the CPO hearing, Rogers was not precluded from calling Karen Johnson-Norman as a

witness is his case. (Id.; Beaty Decl. ¶ 3, Ex. B at 2.)

As admitted in Rogers' opposition brief, the burden of persuasion in the CPO hearing

was the same as in this civil suit; preponderance of the evidence. Rogers' Opposition Br. at 4;

*Cruz-Foster v. Foster*, 597 A.2d 927, 930 & n.3 (D.C. 1991).  Rogers does not argue that Ms.

Johnson-Norman failed to carry her burden of persuasion, but that the trial court did not allow

him to present evidence that would have disproved Karen Johnson-Norman's claims of stalking.
However, Rogers' procedural-deficiency argument has already been vetted and rejected by both
Judge Liebovitz and the DC Court of Appeals.

## III.    CONCLUSION

In short, there is no part of Rogers' allegations that have not already been litigated and
reduced to findings of facts by the trial court.  Rogers is not required to agree with the trial
court's determinations, however those determinations bar subsequent relitigation of Rogers'
allegations.  Therefore, for the foregoing reasons, Karen Johnson-Norman respectfully requests
that this Court dismiss each and every claim against her contained in Rogers' complaint.

Respectfully submitted,

Of Counsel:

Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated:  September 18, 2006

4

## CERTIFICATE OF SERVICE

Plaintiff Rogers has refused to provide his exact whereabouts, frustrating service of all documents in this case. I hereby certify that copies of the foregoing Reply to Rogers' Opposition to Johnson-Norman's Motion to Dismiss was served by regular United States mail, postage prepaid, this 18th day of September, 2006 upon Plaintiff Rogers at each address listed below:

Virgil M. Rogers
P.O. Box 66352
Los Angeles CA 90066

The above address was provided to counsel by Rogers in *Rogers v. Johnson-Norman*, Nos. 03-FM-1255 and 04-FM-196 (D.C. App. Sep. 26, 2005).

Bernadine T. Tsung-Megason
(Former Counsel)
4 East Holly St., Suite 215
Pasadena, CA 91103

A copy of Karen Johnson-Norman's Reply to Rogers' Opposition to Johnson-Norman's Motion to Dismiss has also been faxed to the number below provided by Rogers on July 11, 2006.

Via Fax: (310) 943-6952

Sean P. Beaty, *pro bono*
(Bar No. 493597)