Sean P. Beaty, *pro bono*
(Bar No. 493597)
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, D.C.  20004
Telephone: (202) 383-6944
Fax: (202) 478-2691

Attorney for Defendant
KAREN JOHNSON-NORMAN

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VIRGIL M. ROGERS, *pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAREN JOHNSON-NORMAN, | ) | Civil Case. No. **06-01186 (ESH)** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## KAREN JOHNSON-NORMAN'S REPLY TO ROGERS' OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

# TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ...................................................................................1

II.   ARGUMENT .........................................................................................1

   A.   Collateral estoppel bars Counts II through VIII of Rogers'
        Amended Complaint ..............................................................................2

        1.   Rogers' allegations in the instant case have been actually
             litigated in prior proceedings ...........................................................3

        2.   Rogers had a full and fair opportunity to litigate the
             instant allegations in prior proceedings .........................................5

        3.   The judicial determinations made in the prior proceedings
             were valid, final judgment on the merits of Rogers'
             instant allegations ...........................................................................7

        4.   Many of Rogers' allegations are also precluded by
             settlement of similar claims against Karen Johnson-
             Norman in the Eastern District of Virginia .................................8

   B.   Many of Rogers' claims are time-barred by statutes of
        limitations ............................................................................................9

        1.   Rogers' Amended Complaint should not be related back
             to the filing date of his original complaint ....................................9

        2.   Count IV for Abuse of Process is time-barred ...............................10

        3.   Portions of Count VII for Perjury are time-barred ........................10

        4.   Rogers' Counts II and III alleging "Infliction of
             Emotional Distress" are barred under the one-year statute
             of limitations for malicious prosecution .......................................10

        5.   Count VIII for Invasion of Privacy is barred under the
             one-year statute of limitations for defamation ............................11

   C.   Rogers fails to state a cognizable claim in Counts I, IV, V, and
        VI ........................................................................................................12

        1.   Rogers fails to state a claim under the Fair Credit
             Reporting Act ...................................................................................12

    *2.*  ***Rogers fails to state a claim for abuse of process*** ....................................**13**

    *3.*  ***Rogers fails to state a claim for False Reporting of a Crime*** .............................................................................**14**

  **D.**  **In the Alternative to Dismissal, the Court Should Strike Portions of Rogers' Amended Complaint** ...........................................**15**

**III.**  **CONCLUSION** ...........................................................................................**15**

# TABLE OF AUTHORITIES

## CASES

*Arizona v. California*,
530 U.S. 392 (U.S. 2000)..........................................................................................8

*Bown v. Hamilton*,
601 A.2d 1074 (D.C. 1992) .....................................................................................13

*Bragdon*,
425 F. Supp. 2d at 3-4 ..............................................................................................12

*Bragdon v. Malone*,
425 F. Supp. 2d 1 (D.D.C. 2006)..............................................................................12

*Bryson v. Gere*,
268 F. Supp. 2d 46 (D.D.C. 2003)..........................................................................2, 3

*Cruz-Foster v. Foster*,
597 A.2d 927 (D.C. 1991) ..........................................................................................5

*Doe v. Southeastern University*,
732 F. Supp. 7 (D.C. Cir. 1990)................................................................................11

*Green v. Small*,
No. 05-1055, 2006 U.S. Dist. LEXIS 2835 (D.D.C. Jan. 19, 2006).........................1

*Marshall County Health Care Authority v. Shalala*,
988 F.2d 1221 (D.C. Cir. 1993).................................................................................1

*Rogers v. Johnson-Norman*,
No. 01-cv-01924 (E.D. Va. 2001)..............................................................................8

*Scales v. George Washington University*,
No. 89-07961 1991 U.S. Dist. LEXIS 16765 (D.D.C. Nov. 15, 1991) ...................10

*Scott v. District of Columbia*,
101 F.3d 748 (D.C. Cir. 1996)..................................................................................14

*Sturdza v. Government of the United Arab Emirates*,
350 U.S. App. D.C. 154 (D.C. Cir. 2002)..................................................................7

## STATUTES

D.C. Code § 5-117.05 ..............................................................................................14

D.C. Code § 12-301 ...................................................................................................10, 12

FCRA 15 U.S.C. § 1681n(a).........................................................................................13

Fed. R. Civ. P. 15 (c)(2)...............................................................................................9

# I.    INTRODUCTION

Most of Rogers' allegations have already been fully and fairly litigated and decided in valid and final judgments on the merits. Rogers is not required to agree with those courts' decisions, however, those decisions bar relitigation of many of Rogers' claims. Even Rogers has previously argued that collateral estoppel precludes rulings based on the same set of facts that have already been determined in a prior proceeding:

> In fact, in my view Collateral Estoppel barred the issuance of an Order at all based on the same facts which had been dispositively litigated in my favor.

(Rogers' November 26, 2003, letter to Judge Liebovitz of the D.C. Superior Court; Beaty Second Supp. Decl. ¶ 2, Ex. M at 2.)[1] Following Rogers' own logic, collateral estoppel precludes Rogers' allegations against Karen Johnson-Norman because they are "based on the same facts which had been dispositively litigated" in Karen Johnson-Norman's favor.

Moreover, almost all of Rogers' allegations are also barred by binding settlement agreements, statutes of limitation, or insufficient pleading. In short, Rogers is not entitled to relief on any of his claims, and therefore each count of Rogers' amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

# II.    ARGUMENT

Counts II through VIII of Rogers' complaint repackage old allegations under new theories of liability; however, each of these Counts must be dismissed under the doctrine of collateral estoppel. Similarly, many of Rogers' claims are also precluded from further litigation

---

[1] In deciding whether to dismiss a claim under Rule 12(b)(6), the Court may look beyond the plaintiff's complaint to matters of public record without converting the motion to one for summary judgment. *Green v. Small*, No. 05-1055, 2006 U.S. Dist. LEXIS 2835, at *19 n.4 (D.D.C. Jan. 19, 2006) (citing *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1228 (D.C. Cir. 1993). For the Court's convenience, a copy of Rogers' November 26, 2003 letter requesting reconsideration is attached as an exhibit to the Second Supplemental Declaration of Sean P. Beaty. Ms. Johnson-Norman respectfully requests the Court take judicial notice of this exhibit. Throughout her reply brief, Ms. Johnson-Norman also cites the Declaration and Supplemental Declaration of Sean P. Beaty, which were filed in support of her various motions to dismiss.

by a 2003 settlement agreement arising from similar claims Rogers made against Ms. Johnson-Norman in the U.S. District Court for the Eastern District of Virginia.

Moreover, many of Rogers' claims are barred by statutes of limitation, including those that do not appropriately relate back to the date of the original complaint. Finally, Rogers has failed to state a claim under the Fair Credit Reporting Act, as well as claims for "Abuse of Process" and "False Reporting of a Crime." Those claims must be dismissed as a matter of law.

### A.    Collateral estoppel bars Counts II through VIII of Rogers' Amended Complaint

Rogers' claims boil down to one theme: Karen Johnson-Norman lied.[2]  Rogers alleges that Ms. Johnson-Norman lied to the police about Rogers' stalking, lied to the Court when she petitioned for a CPO, lied at Rogers' criminal trial and falsified evidence, lied at the CPO hearing, and lied again at the CPO extension hearing. (D.I. 16, Am. Compl. ¶¶ 7-14, 18, 20-22, 26, 32, 37-38, 40-41, 53-58, 60, 62, 64, 78, 80-86, 91-93, 98-99, 103-105, 108-110, 115, 117.) These claims have been received, vetted, and flatly rejected in several prior proceedings.

Collateral estoppel prevents parties from relitigating issues that have already been adjudicated. *Bryson v. Gere*, 268 F. Supp. 2d 46, 54 (D.D.C. 2003). Collateral estoppel applies where: (i) the issue was actually litigated; (ii) the issue was determined by a valid, final judgment on the merits; (iii) there was a full and fair opportunity for litigation by the parties or

---

[2] Count II for Negligent Infliction of Emotional Distress: "Johnson negligently made a *false police report* which claimed that Rogers had stalked her or committed some other criminal offense"; Count III for Intentional Infliction of Emotional Distress: "Johnson initiated a criminal report to the MPD which *falsely* claimed that Rogers had stalked her"; Count IV for Abuse of Process: "Rogers had been involuntarily brought to the District of Columbia upon Johnson's *false criminal allegations*"; Count V for Abuse of Process: "Superior Court issued an additional one year CPO against Plaintiff Rogers [...] issued on the basis of *perjured statements* made at the hearing by Defendant Johnson"; Count VI for False Reporting of a Crime: "in January 2003 and on numerous instances in 2002 Johnson made a *false police report* [...] which claimed that Rogers had either stalked her or committed some criminal act"; Count VII for Perjury: "Johnson presented a *false petition* for a CPO to Superior Court"; Count VIII for Invasion of Privacy: "she defamed his character through her *false* and malicious accusations of criminal wrongdoing and her efforts to obtain unwarranted injunctions." (D.I. 10-2, Am. Compl. ¶¶ 54, 69, 78, 94, 99, 104, 115 (emphasis added).)

their privies; and (iv) the determination of the issue was essential to the judgment, and not merely dictum. *Id.* at 56-57.

Rogers' reliance on the "liberal pleading standard" to survive dismissal for collateral estoppel is misplaced; Karen Johnson-Norman is complaining not that she does not have adequate notice of the allegations against her, but that Rogers' allegations have already been determined by a valid and final judgment on the merits.

> ### 1. *Rogers' allegations in the instant case have been actually litigated in prior proceedings*

Rogers' allegations have been actually litigated on at least three occasions. First, presiding over the CPO hearing, Judge Liebovitz of the D.C. Superior Court found good cause to believe that Rogers had indeed stalked Ms. Johnson-Norman:

> I, therefore, find that there is a preponderance of evidence and that there is good cause to believe that between June 2002 and May 2003, to be specific, the respondent committed the offense of stalking, particularly harassment, by writing letters and making the phone calls and having the other contacts that he did.
>
> …
>
> I further find that there is good cause to believe the respondent poses a danger to Ms. Johnson-Norman.

(Beaty Decl. ¶ 6, Ex. E at 18.)

The trial court specifically rejected Rogers' explanation that Karen Johnson-Norman had forged evidence to support her CPO petition. The Court explicitly found that ***Rogers*** wrote and sent the letters admitted into evidence:

> The letters themselves are obsessive, the letters are a hurt former lover [sic], the letters make reference to the Ms. Johnson-Norman's husband, the letters make reference to the love they had and the relationship they had. And the universe of human beings who could have written this letter, I would find by a far greater standard, than preponderance, is narrowed to one human being and one human being only, and that is Mr. Rogers.

(Beaty Decl. ¶ 6, Ex. E at 16.)

Through the CPO process, Judge Liebovitz weighed Rogers' claims that Karen Johnson-Norman lied against Ms. Johnson-Norman's claims that Rogers stalked her.  Her findings rejected Rogers' contention that Karen Johnson-Norman lied.  The trial court's decision in the original CPO hearing alone is sufficient to support dismissal under the doctrine of collateral estoppel.

However, Rogers refused to accept the trial court's decision, and wrote a "detailed and disrespectful letter" to the court, which Judge Liebovitz treated as a motion for reconsideration. (Beaty Decl. ¶ 3, Ex. B at 3, n.2.)  In what can only be described as delicious irony, Rogers opined in his letter to the court that the entry of the CPO was barred by his acquittal:

> "Not Guilty" is a final adjudication, and it's not in the Courts province to undermine such findings.  In the least, making a subsequent conflicting finding of fact appears dubiously improper and is contrary to Due Process and the Double Jeopardy Clause.  **In fact, in my view Collateral Estoppel barred the issuance of an Order at all based on the same facts with had been dispositively litigated in my favor**.

(Beaty Second Supp. Decl. ¶ 2, Ex. M at 2 (emphasis added).)

Judge Liebovitz's reconsideration was the second time Rogers' allegations that Karen Johnson-Norman had lied were received by a court, and the second time a court rejected Rogers' claims.  The court denied Rogers' Motion for Reconsideration in its January 2004 order, detailing how it weighed Rogers' contentions against Karen Johnson-Norman's claims of harassment:

> Based upon the evidence presented in the criminal trial, the court found that there was good cause to believe that the respondent had committed the intrafamily offense of stalking.
>
> …
>
> The court credited petitioner's trial testimony, corroborated amply by the letters themselves, that she had been the victim of each of these contacts and that she was extremely distressed by them.

…

> Though the jury, applying the reasonable doubt standard, found the respondent not guilty of stalking, this did not preclude the court from finding "good cause to believe" that the respondent had stalked the petitioner, and thereby had committed an intrafamily offense against her.

(Beaty Decl. ¶ 2, Ex. A at 1-4.)

Still unconvinced, Rogers appealed the entry of the CPO to the D.C. Court of Appeals. (Beaty Decl. ¶ 4, Ex. C.)  The Court of Appeals affirmed the trial court's entry of the CPO, stating:  "We discern no merit in any of Rogers' contentions. . ." (Beaty Decl. ¶ 3, Ex. B at 1.) Rogers' claims were rejected for a third time.

Rogers has no colorable argument that his claims have not been actually litigated. Rogers and Karen Johnson-Norman were both parties to the CPO process.  Both attended the original CPO hearing; Rogers was represented by counsel.  Even the standard of proof at the CPO hearing was the same as in this case, preponderance of the evidence.  *Cruz-Foster v. Foster*, 597 A.2d 927, 930 & n.3 (D.C. 1991).

Moreover, Rogers' claims that Ms. Johnson-Norman lied about him stalking her were ***expressly rejected*** by the trial court's finding that there was good cause to believe that Rogers ***had*** stalked Karen Johnson-Norman. (Beaty Decl. ¶ 6, Ex. E at 18.)  There is no clearer example of a matter that should barred by collateral estoppel.

### 2.    *Rogers had a full and fair opportunity to litigate the instant allegations in prior proceedings*

Rogers claims that he was not afforded a full and fair opportunity to litigate his allegations against Karen Johnson-Norman in the prior proceedings.  This contention is false, and has been rejected by the D.C. Court of Appeals.  Before delivering her findings of fact in the CPO hearing, Judge Liebovitz recounted all the evidence and testimony from Rogers' criminal trial, and noted that she "listened carefully to all of the evidence, all of the testimony of every witness, the arguments of counsel and the Government." (Beaty Decl. ¶ 6 Ex. E at 10.)

In fact, Judge Liebovitz expressly offered Rogers's counsel the opportunity to submit any additional evidence:

>  The Court:      Is there anything else, Mr. Polin, that you want me to consider?
>
>  Mr. Polin:      No, Your Honor.

(*Id.*)

Upholding the CPO, the Court of Appeals also expressly held that Judge Leibovitz gave Rogers' attorney an opportunity to present evidence at the CPO hearing in addition to the evidence from the criminal trial, which Rogers' attorney explicitly declined. (Beaty Decl. ¶ 3, Ex. B at 2.) Rogers had every opportunity to present additional evidence at the hearing.  That he did not avail himself of that opportunity cannot serve as Rogers' justification that he did not have a "full and fair opportunity" to be heard.

Even though Karen Johnson-Norman did not testify at the CPO hearing, Rogers, represented by counsel, was afforded a full opportunity to cross-examine Ms. Johnson-Norman at the criminal trial.  Given the higher stakes involved in a criminal trial, Rogers' attorney had an even greater motivation to cross-examine her diligently at the trial.  Rogers' attorney took full advantage of the opportunity to cross-examine Ms. Johnson-Norman; there are over eighty pages of transcript recording of Rogers' vigorous cross-examination of Karen Johnson-Norman.

Rogers also raised the cross-examination issue in his appeal of the CPO, and the Court of Appeals expressly rejected his argument:

>  Rogers asserts that the CPO proceedings were not fairly conducted and, in particular, that he was not given the opportunity to cross-examine the complaining witness.  This claim is without merit.

(Beaty Decl. ¶ 3, Ex. B at 1.)  Rogers' argument that he was not afforded a full opportunity to litigate the instant allegations has already been rejected by the Court of Appeals.  Rogers cannot now ask this Court to undermine that decision.

Rogers also complains that he was not allowed to speak at the hearing.[3]  However, courts routinely deny parties' requests to directly address the court where, as here, the parties are represented by counsel. *Sturdza v. Gov't of the United Arab Emirates*, 350 U.S. App. D.C. 154 (D.C. Cir. 2002) (holding that so long as appellant is represented by counsel, the attorney speaks on her behalf before this court).  Rogers was ably represented by counsel at both the criminal trial and the CPO hearing, and hence there was no need for Rogers to address the court directly. In sum, Rogers had a full and fair opportunity to litigate his claims against Karen Johnson-Norman at the criminal trial and CPO hearing.

### 3.    The judicial determinations made in the prior proceedings were valid, final judgment on the merits of Rogers' instant allegations

Rogers' claim that the Civil Protection Order was invalid has also been rejected by the D.C. Court of Appeals.  Rogers raised the issue regarding the timing of the CPO in his appellate brief, arguing that the court lacked subject matter jurisdiction. (Beaty Decl. ¶ 8, Ex. G at 17.) However, this argument was also rejected by the Court of Appeals. (Decl. ¶ 3, Ex. B.)  In fact, Rogers acknowledges that he did not prevail on appeal on this or any other basis. (D.I. 18, Opp. Br. at 11.)  The Court of Appeals decision necessarily precludes Rogers from reasserting his argument here.

---

[3] Rogers's portrayal of the court's refusal to allow him to speak is misleading.  The court had finished explaining Rogers' requirements to undergo a drug and alcohol and  mental health evaluations when the following dialogue occurred:

The Court:    In order to do that, Mr. Rogers, you need to listen to [t]his, I'm ordering that as soon as you are released you must report to Room 1230 on this floor of this building to be enrolled in these two screenings or to receive these two screenings.  If you fail to go, you will be in violation of my order; do you understand?

Rogers:    Can I just address it for one minute?

The Court:    No.  Do you understand what I just said to you?

Rogers:    I got it.

(Beaty Decl. ¶ 6, Ex. E at 24.)

Rogers has no legitimate basis on which to claim that the instant allegations were not fully and fairly litigated and determined in a final and valid judgment on the merits. Collateral estoppel bars relitigation of claims based on the same facts that had been "dispositively litigated" in Karen Johnson-Norman's favor in the CPO process. Given Rogers' repeated failure to persuade the courts that Ms. Johnson-Norman falsified her reports of stalking, Counts II through VIII of Rogers' Amended Complaint must be dismissed under the doctrine of collateral estoppel.

### 4. Many of Rogers' allegations are also precluded by settlement of similar claims against Karen Johnson-Norman in the Eastern District of Virginia

All of Rogers' allegations relating to events occurring prior to January 2003 are also barred by Rogers' settlement agreement with Karen Johnson-Norman in a similar case in the U.S. District Court for the Eastern District of Virginia. (Beaty Supp. Decl. ¶ 2, Ex. J.) In a case factually similar to this one, Rogers filed suit against Ms. Johnson-Norman in December 2001, alleging that she had made false allegations of harassment against him. (*Rogers v. Johnson-Norman*, No. 01-cv-01924 (E.D. Va. 2001).) The parties entered a into settlement agreement in January 2003, releasing all claims related to that case. (Beaty Supp. Decl. ¶ 2, Ex. J at 1, ¶ 4.)

Under the terms of the settlement agreement, all claims relating to Karen Johnson-Norman's alleged conduct prior to January 2003 were settled, and therefore cannot be re-alleged in the instant action. *Arizona v. California*, 530 U.S. 392, 414 (U.S. 2000) (holding that although settlements do not always preclude secondary litigation of an issue, in most circumstances, consent agreements are intended to preclude any further litigation on the claim presented). Therefore, many of Rogers' claims are precluded by the parties' settlement agreement: (1) all of Rogers' allegations relating to Ms. Johnson-Norman's reporting his stalking to Maryland authorities, (2) Rogers' allegedly wrongful dismissal from the Air Force, (3) Rogers' allegedly wrongful arrest and detainment in Maryland for harassing Ms. Johnson-Norman; (4) Rogers' allegations for filing false criminal charges in D.C. in 2000; and (5) Ms. Johnson-Norman's alleged perjury or false statements made to Judge Lee. (D.I. 16, Am. Compl. ¶¶ 8-18, 20, 103.)

According to the Amended Complaint, all of these claims accrued prior to the entry of the settlement agreement, and were part of Rogers' claims in his civil suit against Karen Johnson-Norman in the United States District Court for the Eastern District of Virginia.  Therefore, not only are these claims barred by collateral estoppel, but they are barred by a binding settlement agreement already reached between the parties.

### B.    Many of Rogers' claims are time-barred by statutes of limitations

To the extent that Rogers' claims survive dismissal on the grounds of collateral estoppel, Counts II, III, IV, VIII, and portions of Count VII are barred by statutes of limitation, and therefore must be dismissed.

### 1.    Rogers' Amended Complaint should not be related back to the filing date of his original complaint

While Rogers' Amended Complaint is thematically consistent, Rogers' new allegations are factually distinct from those alleged in his original complaint.  The Federal Rules only allow a party's amended pleading to "relate back" to the date of the parties' original pleading if the claims "arose out of the conduct, transaction, or occurrence."  Fed. R. Civ. P. 15 (c)(2).  Rogers does not meet this standard.

Rogers' Amended Complaint details Ms. Johnson-Norman's course of conduct in **petitioning the court to enter a CPO against Rogers**, while the original pleading detailed Ms. Johnson-Norman's alleged false reports of stalking which resulted in Rogers' **criminal** prosecution.  (*Cf.* D.I. 16, Am. Compl.; D.I. 1, Compl.)  Rogers' original complaint does not allege any false statements made in furtherance of Karen Johnson-Norman's petition for the CPO.  (*See generally* D.I. 1, Compl.)  All of Rogers' allegations relating to Ms. Johnson-Norman's seeking of a civil protection order are new allegations based on separate and distinct transactions and occurrences, and therefore cannot be related back to Rogers' original complaint.

### 2.      *Count IV for Abuse of Process is time-barred*

Rogers alleges that Karen Johnson-Norman began abusing the CPO process "on or about July 31, 2003." (D.I. 16, Am. Compl. ¶¶ 77-89.)  The statute of limitations for abuse of process is not enumerated in D.C. Code 12-301; therefore, it is subject to the general three-year statute of limitations provided by D.C. law.  D.C. Code § 12-301(8).  If Rogers' allegations relating to Ms. Johnson-Norman's seeking of a civil protection order are not related back to the date of the original complaint, Count IV is three months past the statute of limitations, and therefore time barred.

### 3.      *Portions of Count VII for Perjury are time-barred*

Similarly, if Rogers' allegations relating to Ms. Johnson-Norman's seeking of a civil protection order are not related back to the date of the original complaint, then portions of Count VII of Rogers' Amended Complaint are also time-barred.  Specifically, Count VII alleges that Karen Johnson-Norman committed perjury against Rogers in July 2002 and July 2003. (D.I. 16, Am. Compl. ¶¶ 103-04.)  There is no statute of limitations enumerated for perjury under the D.C. Code, and therefore it is also subject to the general three-year statute of limitations.  D.C. Code § 12-301(8).  Therefore, Paragraphs 103 and 104 of Rogers' Amended Complaint are time-barred and must be dismissed if Rogers' amended pleading is not related back.[4]

### 4.      *Rogers' Counts II and III alleging "Infliction of Emotional Distress" are barred under the one-year statute of limitations for malicious prosecution*

Courts have held that, if the infliction of emotional distress claim is "intertwined with a cause of action for which a period of limitation is specifically provided in § 12-301," then the statute of limitations for the underlying cause of action applies "and not the general three-year residuary period."  *Scales v. George Washington Univ.*, No. 89-07961 1991 U.S. Dist. LEXIS 16765 *14 (D.D.C. Nov. 15, 1991).  Rogers' claims for infliction of emotional distress are rooted

---

[4] In her Motion to Dismiss, Defendant incorrectly identifies Paragraphs 104 and 105 as the allegations in count VII that are time-barred, however, it is Paragraph 103 and 104 that must be dismissed under the statute of limitations.

in allegations that Rogers was arrested, prosecuted, and incarcerated because of Karen Johnson-Norman's false statements. (D.I. 16, Am. Compl. ¶¶ 58, 60, 64, 73.)  Counts II and III are based on a theory of malicious prosecution, and therefore subject to a one-year statute of limitations. D.C. Code § 12-301(4).

### 5. *Count VIII for Invasion of Privacy is barred under the one-year statute of limitations for defamation*

Rogers' Invasion of Privacy claim is barred by the one-year statute of limitations for defamation. Rogers has not distinguished or explained why the plain language of Doe v. Southeastern University, which states that invasion of privacy claims are subject to a one-year statute of limitations, does not apply. *Doe v. Southeastern University*, 732 F.Supp. 7, 8 (D.C. Cir. 1990).

Rogers argues that his emotional distress counts are the basis for his invasion of privacy count.  However, even if the emotional distress counts did "underlie" the invasion of privacy count, which they do not, *the reason for Rogers' alleged emotional distress is that he considers the statements to be defamatory*. (D.I. 16, Am. Compl. ¶ 115.)  Rogers' own pleading characterizes his invasion of privacy claim in defamation terms:

> Defendant Johnson, by and through her actions invaded the privacy Rogers reasonably expected in a civilized society.  She exposed him to undue physical risks, humiliation, and *she defamed his character through her false and malicious accusations of criminal wrongdoing* and her efforts to obtain unwarranted injunctions.
>
> (*Id*. (emphasis added))

Rooted in a defamation theory of liability, Rogers' invasion of privacy claim is barred by the one-year statute of limitation and must be dismissed.

However, even if Count VIII was not rooted in defamation, Rogers' claim for invasion of privacy is barred by the litigation privilege. Witnesses who testify at trial are immune from civil

suits based on their testimony. *Bragdon v. Malone*, 425 F. Supp. 2d 1, 3-4 (D.D.C. 2006).  Here, Rogers' invasion of privacy claim is clearly based upon Ms. Johnson-Norman's court testimony:

> Each of Johnson's criminal and civil allegations were made in a public forum before the Superior Court and demeaned Rogers' standing in the community for conduct that he was not responsible for.

(D.I. 16, Am. Compl. ¶ 115.)

The litigation privilege even precludes a claim for invasion of privacy where Karen Johnson-Norman committed perjury while testifying. *Bragdon*, 425 F. Supp. 2d at 3-4. Therefore, in the instant case, where Karen Johnson-Norman testified truthfully at both the criminal trial and CPO hearing, Rogers' claim for invasion of privacy claim must fail.

### C.    Rogers fails to state a cognizable claim in Counts I, IV, V, and VI

To the extent that Rogers' claims survive dismissal on the grounds of collateral estoppel, Rogers still fails to state a claim upon which relief can be granted in Counts I, IV, V, and VI.

### 1.    *Rogers fails to state a claim under the Fair Credit Reporting Act*

Rogers still has not described the basis of his claim under the FCRA.  Rogers cites Section 1681n of the FCRA, which provides a private right of action against **any person** for failing to comply with **any requirement** imposed under the FCRA. 15 U.S.C. § 1681n(a).  With a total of four sentences to work with, Ms. Johnson-Norman has no idea what she was required to do under the FCRA, or how she failed to comply with that requirement, as alleged in the Amended Complaint.  (*See generally* D.I. 16, Am. Compl. ¶¶ 36, 44-51.)  To be clear, Karen Johnson-Norman has never accessed Rogers' credit report; she does not even have the ability to request that kind of personal information.

Notably, Rogers did not attach his credit report to his Amended Complaint or to his opposition to the motion to dismiss.  Rogers claims that it would have been "absurd" for him to

attach his credit report to his Amended Complaint; however, his credit report is the ***only*** document that supports his claim.  Moreover, Rogers cannot credibly claim a risk of attaching his credit report to his pleadings or briefings if he alleges that Johnson-Norman has already accessed it – by his own pleading, Karen Johnson-Norman would already have all the information contained therein.  Rogers could have redacted the document, but he did not.  Rogers could have filed the credit report as an exhibit under seal, but he did not.  Rogers could have supplemented his opposition brief with any evidence of his allegation, but he did not.

Count I of Rogers' Amended Complaint is entirely baseless, and that is why it was pled with such generality.  The true motive for this allegation is clear:  Rogers is using this claim as part of his continued harassment of Karen Johnson-Norman.  Rogers stated in unambiguous terms that he intends to drag Ms. Johnson-Norman's employer into the fray and compel discovery from Wells Fargo during discovery if this case survives dismissal:

> Surely, defendant Johnson, and any abettors, acting as unauthorized agent of Wells Fargo will be subject to subpoenas and depositions, including her chain of command if such actions were conducted directly via her employment.

(D.I. 18, Opp. Br. At 16.)  Rogers' plan is to smear Karen Johnson-Norman's name in the eyes of her immediate supervisors.  This tactic must fail, however, because Rogers has not sufficiently pled a claim under the Fair Credit Reporting Act, and therefore it must be dismissed.

### 2.    *Rogers fails to state a claim for abuse of process*

Rogers' Counts IV and V for Abuse of Process must also fail.  Rogers alleges that Karen Johnson-Norman used the CPO process to "compel Rogers' compliance with numerous collateral provisions which he would otherwise not have been compelled to obey." (D.I. 16, Am. Compl. ¶ 81.)  However, the essence of an abuse of process claim is to use the courts "to accomplish some end which is without the regular purview of the process," *Bown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992).  Rogers does not allege that he was compelled to do anything

that was outside the "regular purview of the process," but the exact opposite; Rogers was ordered to comply with the CPO, stop harassing Karen Johnson-Norman, and seek psychiatric treatment.

Rogers contends that the true motive for Ms. Johnson-Norman's alleged abuse of the CPO process was to dissuade Rogers from filing the instant suit. Rogers' theory requires the Court to believe that Karen Johnson-Norman filed a false CPO petition in July 2003 to dissuade Rogers from filing his suit almost two years later; that theory is incredible. However, no matter what motive Rogers assigns to his allegations, the claims must fail.

The Court of Appeals for the D.C. Circuit held that, even if there are ulterior motives for the criminal charges, that does not create a cause of action for abuse of process:

> There is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant. Thus, the entirely justified prosecution of another on a criminal charge, does not become abuse of process merely because the instigator dislikes the accused and enjoys doing him harm. . . .

*Scott v. District of Columbia*, 101 F.3d 748, 755 (D.C. Cir. 1996) (quoting Restatement (Second) of Torts § 682 cmt. b (1977)).

The record available to the Court evidences that Karen Johnson-Norman's motive for seeking the stay-away order was to stop Rogers' stalking conduct. (Beaty Decl. ¶ 6, Ex. E; Beaty Supp. Decl. ¶ 4, Ex. L.) Counts IV and V for Abuse of Process must therefore fail.

### 3.    *Rogers fails to state a claim for False Reporting of a Crime*

There is no private right of action for false reporting of a crime, and hence Rogers has not stated a claim upon which relief can be granted. Rogers' reliance on D.C. Code § 5-117.05, entitled "False or fictitious reports to Metropolitan Police," is misplaced. Rogers' claim for "false reporting of a crime" would have been properly pled under a claim of malicious prosecution. However, as Rogers has conceded, the one-year statute of limitation for a claim of malicious prosecution has already tolled.

**D.    In the Alternative to Dismissal, the Court Should Strike Portions of Rogers' Amended Complaint**

As distasteful as Karen Johnson-Norman finds Rogers' Amended Complaint, Defendant's position on her motion to strike has been fully briefed in her Motion to Dismiss and, therefore, it is unnecessary to rehash all of Rogers' strike-worthy allegations here.  Should any of Rogers' allegations survive dismissal, Karen Johnson-Norman requests the Court to strike those paragraphs enumerated in her Motion to Dismiss.  Otherwise, Rogers will be forced to prove through discovery each paragraph of his Amended Complaint, including those that are bald assertions of opinion or argument and those paragraphs that are demonstrably false.

## III.    CONCLUSION

Therefore, for the foregoing reasons, Karen Johnson-Norman respectfully requests that this Court dismiss each claim contained in Rogers' complaint.  In the alternative, Ms. Johnson-Norman respectfully requests that the Court strike portions of Rogers' allegations from his Amended Complaint.

Respectfully submitted,


_____/s/_____

Of Counsel:                                    Sean P. Beaty, *pro bono*
                                               (Bar No. 493597)
                                               HOWREY LLP
                                               1299 Pennsylvania Ave., N.W.
                                               Washington, D.C.  20004
                                               (202) 783-0800


                                               Attorney for
                                               Karen Johnson-Norman
Dated:  October 27, 2006


16