# EXHIBIT M

Virgil M. Rogers
Post Office Box 1904
Woodland, CA 95776

JUDGE LYNN LEIBOVITZ
District of Columbia Superior Court
500 Indiana Avenue, NW
Washington, DC 20001

26 November 2003

SUBJECT: Intra Family # 2497-03


RECEIVED
DEC 0 5 2003
CHAMBERS OF
JUDGE LYNN LEIBOVITZ

Judge Leibovitz:

I am writing with regards to various troubling conditions of the aforementioned civil protection order (Order) issued under your direction on October 29, 2003. First, in this Order you directed that I complete a counseling program for drug and alcohol abuse at the discretion of Court Services and Offenders Supervision Agency (CSOSA) and also undergo a mental health examination and treatment as recommended. Secondly, this Order apparently denies me of my Second Amendment right to bear arms without any justifiable grounds. Finally, the Order appears to improperly exceed Superior Court's jurisdiction and bounds of statutory authority by directing me to stay away from various individuals who are not parties to these civil proceedings and whom I've never met and to stay away from public locations outside of Washington, D.C., including a place of worship. It's clearly impermissible for the Court to include extended family members irrelevant to these proceeding under the purview of this civil order; and I believe the Court may only direct conditions pertaining to the parties in these proceedings; not total strangers. Without an articulable justification for doing so, I also believe the Court is enjoined by the First Amendment from prohibiting my attendance at a public place of worship in another jurisdiction. There is no statutory support for the Court's baseless and arbitrary actions in this case. Clearly, they are unjust!

The Court directed me in this Order to attend drug and alcohol treatment without any basis whatsoever for such a personally intrusive and defaming condition. In fact, I have unequivocally never abused either drugs or alcohol at any time in my life. I believe it is unjust and outside of the Court's discretion to order such intrusive conditions without any articulable and definitive legal or factual grounds which warrant such action. Further, this appears to violate my civil rights and needlessly invade my privacy. There has not been a scintilla of proof offered of any type of abuse on my behalf. Accordingly, I am baffled by the Court's arbitrary exercise of authority in this case; which is unsupported in DC Code §16-1001 et seq. Fundamentally, when the Court utilizes civil means to direct personally intrusive conditions upon a citizen's free will, I would think it must act scrupulously to the law, and should be able to clearly articulate some relevant issue of fact which warrants its intrusive actions. That is clearly not the case in this matter.

7

The Order directs that I shall not "purchase or possess any firearm or ammunition". As a former member of the National Rifle Association who hunts and target shoots, I am perplexed and bothered by the Court's lighthearted approach to obliterating my Second Amendment right. In so directing such a condition, I believe this Court has improperly deprived my Second Amendment right without any factual or legal basis. There was not any evidence offered that I have abused the Petitioner in this matter or ever threatened her in any manner at any time. In fact, I have never abused or threatened her or anyone else. The inability to bear arms due solely to this Order has had a limiting effect on my professional opportunities and chosen sporting activities, but the Court made no inquiries on this issue prior to imposing this Order and revoking this Constitutional right. There was no clear and convincing evidence of any underlying Intra-Family offense which justified this Order; I was not convicted of any criminal conduct, and in fact was completely exonerated of the stalking charge underlying the request for this Order. I maintain my innocence and categorically deny committing any criminal offense against the Petitioner. In fact, she has a long history of fabricating similar false allegations in the past.

After the contrary exonerating verdict in the preceding criminal case, it's unclear how there was proof by clear and convincing evidence of any crime justifying the Court to intrude on my civil liberties or deprive me of any Constitutional right. In this case, the Court expressed displeasure with the favorable verdict and apparently sought to use civil provisions to place me under de facto "probation" after a finding of "Not Guilty" in a criminal matter. "Not Guilty" is a final adjudication, and it's not in the Courts province to undermine such findings. In the least, making a subsequent conflicting finding of fact appears dubiously improper and is contrary to Due Process and the Double Jeopardy Clause. In fact, in my view Collateral Estoppel barred the issuance of an Order at all based upon the same facts which had been dispositively litigated in my favor. That the Petitioner may have requested these conditions is not sufficient grounds or legal cause for the Court to insist on overreaching conditions-which appear to have come from out of thin air.

As a result of this Order, CSOSA has also intruded on my civil liberties and my right to privacy. CSOSA has made numerous telephone calls to family members and/or acquaintances of mine in an effort to determine my residential address. I have declined to disclose this information to CSOSA on privacy grounds, and I persist in that position. I also made clear to CSOSA my desire that my family should not be contacted or harassed concerning this matter. I don't believe CSOSA and/or the Court has a valid need to know where I am residing. In my opinion, I have a right to privacy, so CSOSA's actions are an unconstitutional invasion of my privacy under the erroneous and presumed color of authority granted to it by the Court in this Order with respect to this purported treatment. CSOSA has absolutely no legal basis to affirmatively inquire of my anyone in order to track my whereabouts. The Constitution guarantees me the right to be free from such oppressive government intrusion upon my privacy. Frankly, I choose for CSOSA and Superior Court to refrain from disturbing me at my place of residence or from even knowing where I live. That is my right as a citizen. I would ask that the Court ensure that this harassing behavior ceases and desists immediately.

Accordingly, the record in this matter does not explain or justify the Court's directive that I attend a "mental health examination" and follow treatment. This again is another personally intrusive condition without any evidence warranting such a drastic measure in a <u>civil matter</u>. There has been nothing offered to substantiate an order to compel me to submit to any kind of involuntary psychological treatment. I have previously submitted to a similar D.C. Superior Court ordered assessment less than 2 years before this Order which found <u>no psychological disorders</u> and recommended <u>no treatment</u>. In light of that prior finding, what legitimate judicial purpose could the Court possibly serve by compelling me to repeat this humiliating and needless process? By directing a redundant and clearly cumulative evaluation, the Court has compounded the unjust burden upon me, invaded my privacy and intruded upon my civil liberties. Without offering proper foundation and justification, the Court's Order simply seems capricious and harassing.

The Court was aware that I live in California at the time that it issued this Order, and that it was abnormally intrusive and impractical. For that reason, CSOSA informed me that it would not pay for any of the ordered assessments or cooperate whatsoever in arranging them. I have never been a permanent citizen of the District of Columbia and the Court was mindful of this overwhelming logistical complication at the time it issued this Order. It clearly did not consider the fairness or propriety of directing such restrictive civil conditions upon a citizen of another jurisdiction. Apparently, the Court also failed to consider factors such as a lack of drug use either.

If the Court insists that I comply with these conditions, it would be appropriate to provide pre-payment of all costs for a licensed treatment facility in California for these services. Further, I would need the Court to provide for my transportation costs and compensation for lost wages and incidental expenses as a result of compliance with this Order. In my view, the Court should rightfully pay the full cost for all involuntary conditions it has imposed. I do not have the means to pay for treatment which I clearly do not need. I do not believe it would be fair for the Court to require me to pay any costs associated with these unwarranted, intrusive, and involuntary conditions over my objections. Without some discernible, compelling and valid legal basis, I don't believe the Court has discretionary authority to compel me to comply with any needless or oppressive conditions at my own cost and inconvenience. Such intrusion on civil liberties is simply an assault on the Constitution and contrary to the rule of law.

In conclusion, I have herein petitioned the Court in accordance with the First Amendment of my grievances with the unfair conditions of this Order. I request the Court withdraw the conditions directing me to involuntarily attend various unjustified treatment programs without providing for the financial costs associated with such an Order. I would think I am not subject to any findings of contempt on these grounds. I request the Court enjoin CSOSA from intruding on my privacy or attempting to monitor my whereabouts under the color of this Order. I request the Court reconsider the basis for the intrusive deprivation of my Second Amendment rights.

Though this matter has been submitted for appeal, it is unfortunate that the Court did not foresee the inherent injustices and shortcomings within this Order. As a result, greater Court resources and time must and will be expended in the Court of Appeals for this matter which should have been dispositively resolved fairly and appropriately at the trial court level. It is unfortunate that the Court has allowed the appearance of bias and caprice to be present in this matter. I sincerely feel that I've been unjustly deprived of civil liberties capriciously by the Court solely because I prevailed in a criminal trial before this same Judge immediately prior to the imposition of this civil order. The Court has taken impermissible liberties with the relevant statutes at the expense of my privacy and civil liberties, and I believe unfair provisions should be rescinded. Your attention to this mater is greatly appreciated.

Submitted,

VIRGIL M ROGERS

cc  Judicial Disabilities Commission
    Senate Judiciary Committee
    House Subcommittee on the District of Columbia
    National Rifle Association
    Honorable Judge Annice Wagner
    Honorable Judge Rufus King
    Councilwoman Kathy Patterson
    David Farhenthold
    Patrick Christmas, Esq
    Steven G Polin, Esq
    Civil Liberties Union