UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 06- 1186 (ESH) |
| KAREN JOHNSON-NORMAN, | ) |
| Defendants, | ) |

**PLAINTIFF'S SURREBUTTAL TO DEFEDNANT'S REPLY TO ROGERS' OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND OPPOSITION TO JUDICIAL NOTICE**

Plaintiff Virgil M. Rogers hereby objects to the defendant's request for the Court to take judicial notice of numerous exhibits that she appended to her dismissal pleadings. He also submits his surrebuttal to her <u>Reply to Rogers Opposition to Motion to Dismiss Plaintiff's Amended Complaint</u>.

## ARGUMENT

**I.   Judicial notice is improper for numerous of defendant's exhibits**

Karen Johnson-Norman by and through her counsel have descended further down the slippery slope of ethics and propriety with each successive pleading in this civil action. She has taken a carefree attitude with the truth before the federal judiciary time and again, and has submitted the most implausible of arguments in an attempt to prejudice this Court against *pro se* litigant Virgil Rogers. She has attempted to persuade the Court that Mr. Rogers - a law-abiding citizen whose only contacts with the justice system have come about due to her lies - cannot be trusted because he has been stalking her from other states for at least the past 6 years. Moreover,

she claims he has fabricated the allegations in both his original and amended complaints against both her and the District of Columbia even though the D.C. Government settled with him, proving at least the existence of some probative evidence of their wrongdoing which risked exposure at a public trial. Defendant is probably aware that she risks perjuring herself during a trial or discovery as this civil action proceeds when she is compelled to swear to the veracity of her many outrageous claims to the judiciary. Therefore, she has resorted to submitting highly prejudicial documents as "exhibits" to her dismissal pleadings in the hope that they portray Mr. Rogers as so indignant that the Court grants a dismissal on that basis, notwithstanding the facts or the case law. Mr. Rogers respectfully urges the Court to reject the defendant's efforts to dramatize this case or to polititicize it with prejudicial innuendo of domestic violence. The facts will speak for themselves, and this case should be settled on the merits. *Defendant is desperate for a dismissal by any means possible.*

Mr. Rogers recognizes that the Court may take judicial notice of related proceedings and records in cases before the same court. MacMillan Bloedel Ltd. V. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985) and other cases including the same subject matter or questions of a related nature between the same parties. Veg-Mix, Inc. v. USDA, 832 F.2d 601, 607 (D.C. Cir. 1987). However, the Court is under no obligation to take judicial notice of any particular records simply because it has been requested to do so by a party. Moreover, a party opposing judicial notice of a given fact must be afforded an opportunity to be heard, and may certainly make recognized objections to the admissibility of such judicially noticed facts as evidence in the case. In re James, 300 B.R. 890, 896 (W.D. Tex. 2003).

However, the numerous exhibits submitted by defendant seeking judicial notice are ambiguous and the facts that she is attempting to elicit are cumbersome. However, this Court only takes judicial notice of facts that are straightforward and easy to ascertain. Weinstein v.

Islamic Republic of Iran, 175 F.Supp. 2d 13, 16 (D.D.C. 2001). Factual allegations in briefs or memorandums of law may not be considered, particularly when the facts they contain contradict those alleged in the complaint. Henthorn v. Dep't of Navy, 29 F.3d 682, 688 (D.C. Cir. 1994). In the instant case, the defendant has skillfully submitted only some irrelevant pleadings from certain proceedings in an effort to prejudice Mr. Rogers or portray him as indignant in prior judicial proceedings and the Court should not take judicial notice of these pleadings.

    A.    **Exhibits A and M are prejudicial and should be excluded**

Mr. Rogers strenuously objects to the defendant's submission of Exhibit M and requests the Court refuse to take judicial notice of this letter.  Defendant's purpose in submitting this letter to this Court is clearly and abundantly transparent. Mr. Rogers originally composed this letter under violent conditions in D.C. jail where he was unlawfully held following his extrajudicial seizure in California and unlawful detention for several months. It was mailed to Superior Court from California after Mr. Rogers was acquitted of all criminal charges and after Superior Court issued a CPO with the prejudicial provisions.  Exhibit M - written without access to legal counsel or research materials- can be taken out of context because it may be construed as indignant. Though the letter was converted to a motion to reconsider without an express request, it is highly prejudicial to Mr. Rogers and provides no probative support to the legal arguments submitted by defendant on her Motion to Dismiss. As such, the Court should decline to take judicial notice of this exhibit and it should be stricken from the record.  Her reasons for submitting it are obvious - to offer a misleading picture to the Court of Mr. Rogers as a litigant unfamiliar with the decorum expected in legal process that cannot be taken seriously. It should be clear that Mr. Rogers has evolved in his legal writing and this Exhibit M should be ignored. Moreover, Exhibit A which is the written Order sternly denying the relief sought in Exhibit M is

also prejudicial and should also be excluded because it is irrelevant to the defendant's Motion to Dismiss.

    **B.**    **Exhibit I should be excluded**

Defendant's Exhibit I (transcript of 2003 initial appearance after seizure in California) should be excluded from the record in this case and the Court should not take judicial notice of the proceedings at Mr. Rogers' initial appearance before Eastern California District Court. Foremost, it's unclear what purpose the defendant submitted this exhibit as it doesn't support any argument she has submitted in seeking a dismissal. In pleadings by the U.S. Attorney and the D.C. Bar Counsel, it has been conclusively shown that the District Court in California erred when it permitted Mr. Rogers to be involuntarily brought to the District of Columbia in violation to D.C. Code §23-563 prohibiting extradition to D.C. for misdemeanors. The Eastern California District Court also erred when it denied Mr. Rogers the preliminary hearing he is due under Federal Criminal Procedure Rule 5. Exhibit I is not probative or relevant to the legal arguments on her pleading for dismissal. The exhibit does demonstrate the fundamental unfairness of the proceedings in California but otherwise don't offer much probative evidence in furtherance of the purpose it was submitted; a motion to dismiss.

Further, defendant submitted the Exhibit I in violation to LCvR5.4(f)(1). The transcript contains Mr. Rogers' personal information that the local rule does not permit to be filed with this Court without being redacted. Defendant knowingly filed this exhibit in violation to the local rules and without a legitimate purpose. The Court should decline to take judicial notice of Exhibit I as irrelevant and strike it from the record for being improperly filed.

    **C.**    **Exhibits B, G and H should be excluded**

Exhibits B, G and H are the appellate briefs filed, pro se, by Mr. Rogers in the D.C. Court of Appeals on the original CPO and the Court's Memorandum Opinion and Judgment. The fact

that defendant has submitted only Mr. Rogers' briefs and not her own brief is instructive for the Court. The appellate division did not give an overwhelming endorsement of the injunction, it merely declined to reverse on the grounds sought by Mr. Rogers. The MOJ doesn't bolster the dismissal whatsoever. It merely indicated that Mr. Rogers filed an appeal on certain grounds (without and attorney) and the appellate court declined to reverse. His brief doesn't provide any relevant information on the Motion to Dismiss submitted by defendant in this case. This exhibit should be excluded and the Court should not take judicial notice. In the alternative, the Court should take judicial notice of the entire record on appeal, including defendant's appellate brief which Mr. Rogers has attached for the Court's convenience.

    D.    **Exhibit D is irrelevant**

Exhibit D is the judgment and commitment order revoking probation from the case in which Mr. Rogers was convicted in January 2001. It's totally unclear why defendant has submitted this exhibit or what legal issue she is attempting to establish with it but it's irrelevant to the instant case. The Court should not take judicial notice of this exhibit and should strike it as irrelevant.

    E.    **Exhibit C is irrelevant**

Exhibit C is the Notice of Appeal Mr. Rogers filed in misdemeanor case M970900 before Superior Court. It is not relevant or probative to any legal fact in the instant Motion to Dismiss and the Court should not take judicial notice of this exhibit.

**II.    Defendant's Motion to Dismiss Should Be Denied**

    **A.  Collateral Estoppel doesn't bar any counts in the Amended Complaint**

The defendant's Reply pleading to Mr. Rogers' opposition is nearly identical to her prior pleadings. She has still not submitted any citations or authorities from the federal courts which

have held a civil protection order issued under the most permissive and lenient standards as barring a subsequent civil action against the petitioner, especially given fabricated allegations that had been rejected by a criminal jury. Mr. Rogers requests the Court take judicial notice of defendant's appellate brief where she cites Exhibit M as support where Mr. Rogers used the term collateral estoppel in opposition to the CPO entry. However, Mr. Rogers isn't an attorney and the Exhibit was initially produced in jail without any research materials. In her own appellate brief in 04 FM 196 before the D.C. Court of Appeals, defendant argued <u>against</u> collateral estoppel because it only

> "bars the relitigation of issues of fact or law determined in a prior proceeding which were essential to that judgment" (Appellee Brief 04-Fm-196 pg. 16).

In arguing that the acquittal was insignificant to the CPO entry, she bolsters Mr. Rogers' arguments since the sole issue in controversy in a CPO is whether there is good cause to believe the petitioner has made a good cause case to be granted an injunction.

Defendant makes much of arguing that the CPO was not improperly entered without any testimony because the Superior Court judge based it substantively on direct and cross examination at the criminal trial ((F-4208-03). However, in her brief she acknowledged that "*Even if the Seventh Amendment applied, the judge did not make findings in the criminal case*" (Appellee Brief 04-Fm-196 pg. 18). In contrast to this statement, defendant subsequently stated that "*Judge Leibovitz stated that she had listened carefully to all of the witnesses, the arguments of counsel, and the Government – and the prosecution in the **criminal case***" (Appellee Brief 04-Fm-196 pg. 23). Later she goes on to argue; "that Ms. Johnson-Norman did not take the stand in her case in chief is immaterial to Mr. Rogers' exercise of his right to cross examine [at the CPO hearing]" (Appellee Brief 04-Fm-196 pg. 26). This argument is preposterous for as this Court knows, there can be no cross examination without direct examination. And though defendant

argued that Judge Leibovitz made no findings at the criminal trial, she then outrageously cites the fact that there was no testimony at the later CPO hearing, proving that the judge must have made findings during the jury trial and denied Mr. Rogers due process in both the criminal trial where the jury was the trier of fact and at the CPO hearing where she was obliged to provide Mr. Rogers due process of law.

Her entire arguments concerning collateral estoppel must fail because it's clear from the text of her own appellate brief that the CPO hearing was not properly conducted and denied Mr. Rogers due process. The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful way" Mathews v. Eldridge, 424 U.S. 319, 333 (1972). Where the defendant admits that she failed to testify under oath at the hearing where an injunction was entered and claims the trial judge based it on findings that were not made at any proceeding, she admits that the CPO was not actually litigated. Collateral Estoppel may only be considered where an issue was *actually* litigated and determined by a valid final judgment. Restatement 2d of Judgments § 27 (1982).   This Court should deny her efforts at dismissal because of the inconsistent pleadings where she argues to urge courts to rule on improper grounds and in contravention to the law. Dugan v. EMS Helicopters, Inc., 815 F.2d 1428, 1431-32 (10th Cir. 1990) ("inconsistent allegations contained in prior pleadings are admissible in subsequent litigation" for use as an impeachment tool). Issue preclusion must not work a basic unfairness to the party bound by the first determination. Yamaha Corp. of America v. U.S. 295 U.S. App. D.C. 158, 961 F.2d 245, 254 (D.C. Cir 1992).

B. **The Amended Complaint has no claims barred by the prior settlement**

The defendant argues again that the settlement agreement bars part of the current litigation. There are no claims on the Amended Complaint that were settled under the settlement agreement in Virginia.  What she complains of is the factual background which portrays her in a

negative light. These should not be subject to attack given the liberal pleading standard. The only claim that my possibly be construed as relating back to the settled facts is the defendant's perjury before District Judge Lee. This is ripe fro exploration in the instant case. To the extent that defendant relies on the defense that her lawyer proffered the false statements before the District Court, it is settled that statements made by an attorney concerning matters within the scope of his employment may be admissible against the client and pleadings in a prior case may be used as evidentiary admissions." Williams v. Union Carbide Corp., 790 F.2d 552, 555-56 (6th Cir 1986).

### C. There are no time barred claims in the Amended Complaint

Mr. Rogers is a pro se litigant and his complaint should be liberally construed. Haines v. Kemer 404 U.S. 519, 520-21 (1972). Looking to the face of the complaint, it is not evident that any claims are time barred by the D.C. statute of limitations. What the defendant seeks is for the Court to embellish the standard for dismissal to suit her needs based on the strong rhetoric in her pleading that is not proper. Foremost**,** except for claims that have an enumerated statute of limitations on their own, the claims are presumed to be subject to the three-year limitation D.C. Code §12-301 (8). Hawkins v. Greenfield, 797 F.Supp. 30, 34 (D.D.C. 1992).

### III.   Conclusion

The Amended Complaint may not be the artful pleading which the defendant would prefer but it meets the standard of this Court. The plaintiff need not plead the elements of a *prima facie* case in the complaint. See Sparrow v. United Airlines Inc. 216 F3d 1111 (D.D.C. 2000). Under Rule 12(b) (6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993). *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000). Moreover, all of the defendant's request for an order to strike should be denied. An order to

strike is a drastic remedy which courts generally disfavor.  <u>Stabilisierungsfonds Fur Wein  v. Kaiser Stuhl Wine Distrbs. Pty. Lty</u>., 647 F.2d 200, 201 (D.C. Cir 1981).  A short and plain statement of the claim is all the federal rules require. <u>Harbury v. Deutch</u>, 244 F.3d 956, 957 (D.C. Cir 2001

     For the foregoing reasons, Virgil Rogers respectfully requests that this honorable Court deny the defendant's motion to dismiss and deny her motion to strike any portion of the Amended Complaint**.**  Further, he request the Court deny her requests for judicial notice as stated in the foregoing.

                                   Respectfully Submitted,

DATED:  November 3,  2006

                              By: ___/S/_____
                                VIRGIL M. ROGERS