UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIN M. ROGERS, )<br>)<br>　　　　Plaintiff, )<br>v. )<br>)<br>KAREN JOHNSON-NORMAN, )<br>)<br>)<br>　　　　Defendants, )<br>) | Civil Action No. 06- 1186 (ESH) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO STRIKE ROGERS' SURREBUTTAL BRIEF**

Plaintiff Rogers hereby opposes the defendant's request for the Court to strike his surrebuttal brief in opposition to her motion to dismiss. As his opposition may be untimely, he respectfully request leave of the court to file it on December 1, 2006 as he had communicated to defendant's attorney so that the defendant's motion is not considered as conceded. To the extent that his surrebuttal may have been filed in conflict with the Local Rules, he requests leave at this time to have it considered by the Court in its discretion. Defendant's attorney did not concede the instant pleading.

## **ARGUMENT**

1.   Plaintiff Rogers submitted a legitimate pleading in opposition to the defendant's exhaustive attempts to submit prejudicial and irrelevant documents to this Court for consideration under the judicial notice doctrine. Mr. Rogers' motion opposing judicial notice was coupled with a pleading entitled "surrebuttal" to defendant's reply to his opposition to her

motion to dismiss. To the extent that defendant opposes the portion taken as surrebuttal, Mr. Rogers points out that she has not responded to his objections to the judicial notice issues.

2.    Case law in this jurisdiction supports Mr. Rogers' request that judicial notice of the documents at issue be declined at this time. Defendant has not made clear what the legitimate fact or issue she is attempting to elicit in most of the documents she has submitted for judicial notice. This Court only takes judicial notice of facts that are straightforward and easy to ascertain.  <u>Weinstein v. Islamic Republic of Iran</u>, 175 F.Supp. 2d 13, 16 (D.D.C. 2001).  Since none of the documents submitted by defendant contain facts that can be reasonably deemed "straightforward" or "easy" to ascertain, they were rightfully objected to by Mr. Rogers and he urges the Court to decline judicial notice.  It is clear that most of the documents have been submitted by defendant for an illegitimate purpose – to bolster her theme that Mr. Rogers is an adversary unworthy of the Court's time and outmatched by Howrey, Simon, Arnold, and White LLP.  *However, if resolved on the merits, defendant is on shaky ground in this case as she has been on the merits of each past case.*

3.    To the extent that the Court intends to allow any of the collateral facts submitted by defendant under judicial notice, Mr. Rogers respectfully urges the Court to require defendant Johnson to also submit complete written transcripts of (1) all criminal and civil proceedings in Maryland District Court pertaining to she and Mr. Rogers; (2) a certified copy of her sworn testimony before the United States Air Force in 2000; and (3) copies of all the discovery material from the prior civil action in Eastern Virginia District Court.  Defendant has graciously offered to make records of other proceedings available to the Court in her <u>Motion to Strike Surrebuttal Brief (Ppg 2)</u>. If the Court allows the documents she as submitted, it should also judicially notice the other public documents cited above. This will give the Court a full and very insightful view of the defendant's long and documented history with respect to the types of

allegations that are at issue in this civil action. Moreover, these documents will distinguish which litigant has a history of fabricating allegations and embellishing facts, and which does not. Because defendant has invited the Court (on the record) to judicially notice the entire record of prior proceedings concerning these parties and has offered to provide them, then Mr. Rogers urges the Court to accept this invitation and order the defendant to produce the records cited above to be judicial noticed.

4.  Defendant cited local Rule 7 as grounds for her motion to strike Mr. Rogers' surrebuttal. However, the Rule does not prohibit Mr. Rogers' response. It neither allows nor prohibits a surrebuttal. Such a decision is left to the sound discretion of the District Court. Mr. Rogers' surrebuttal should be considered by the Court because the misleading misinformation contained in defendant's reply brief taints the civil process.

5.  Because defendant has a pro bono lawyer, she has already tried to prejudice the Court against Mr. Rogers by overtly claiming the entire sums of allegations against her are preposterous and deluded. In reality, such sophistry is an artifice to help the defendant escape accepting responsibility for her misdeeds. The amended complaint construed liberally or otherwise is factually based and is but a glimpse of the misdeeds committed by the defendant.

6.  Mr., Rogers respectfully requests the Court to grant him leave to file his surrebuttal brief and opposes her motion to strike.

                              Respectfully Submitted,

Filed December 1, 2006                     //s//

                              VIRGIL ROGERS