Sean P. Beaty, *pro bono*
(Bar No. 493597)
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 383-6944
Fax: (202) 478-2691

Attorney for Defendant
KAREN JOHNSON-NORMAN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, *pro se*<br><br>    Plaintiff,<br><br>v.<br><br>KAREN JOHNSON-NORMAN<br><br>    Defendant. | Civil Case. No. **06-01186 (ESH)** |

**KAREN JOHNSON-NORMAN'S REPLY TO ROGERS' UNTIMELY OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF' SURREBUTTAL BRIEF**

I.   **ARGUMENT**

Karen Johnson-Norman has sought dismissal of this case since July 12, 2006. (D.I. 4.) With every filing, resolution of Ms. Johnson-Norman's Motion to Dismiss Rogers' Amended Complaint is delayed. Karen Johnson-Norman respectfully requests that the Court declare briefing on the Motion to Dismiss closed.

> A.   **Rogers' Opposition is untimely and therefore the Court should treat Karen Johnson-Norman's motion as conceded**

Karen Johnson-Norman moved to strike Rogers' Surrebuttal on Saturday, November 4, 2006. (D.I. 21.) United States District Court for the District of Columbia Local Rule 7(b) required Rogers to file his opposition to Ms. Johnson-Norman's motion within 11 days. Under Federal Rule of Civil Procedure 6(a), when the period of time to respond to a motion is eleven days or more, intermediate Saturdays, Sundays, and legal holidays are included in the computation of time. Therefore, Rogers' eleven days expired on November 15, 2006. With the three days added to the prescribed period under Fed. R. 6(e), Rogers was required to file his brief on Monday, November 20, 2006.

In deference to Rogers' *pro se* status, counsel for Ms. Johnson Norman contacted Rogers on November 27, 2006 to ascertain whether Rogers was conceding the motion to strike. Rogers offered no explanation for his delay, but indicated that he was not conceding the motion and would file his opposition on Friday, December 1, 2006. Ms. Johnson-Norman did not affirmatively move to treat her motion to strike as conceded because it would have sparked another round of briefing and further delayed the resolution of this case.

Now two weeks late, Rogers still has not provided any explanation for his tardiness. In fact, Rogers makes no statement regarding his delay, other than that his opposition "may be untimely." (D.I. 25, p.1) Without explanation for his failure to file a timely brief, the Court should treat Ms. Johnson-Norman's Motion to Strike Rogers' Surrebuttal Brief as conceded.

### B. The Court should strike Rogers' Surrebuttal Brief

Even if Rogers' Opposition had been timely, the Court should still strike Rogers' Surrebuttal. Local Rule 7 is clear; it provides for a motion, an opposition, and a reply to the opposition. The reason for the rule is just as clear – it prevents endless briefing cycles such as the one the parties are currently mired in. If each party seeks to have the last word, briefing on an issue will never end.

Rogers did not move the Court for leave to file a surrebuttal brief. Rogers did not confer with opposing counsel before filing his Surrebuttal. Rogers has not provided with the Court with any explanation as to why it should allow the Surrebuttal Brief, other than that the "misleading misinformation contained in defendant's reply brief taints the civil process." (D.I. 25, p. 3.) Without providing the Court a sound reason to allow it, Rogers' Surrebuttal Brief should be stricken.

### C. It would have been impermissible and inappropriate for Karen Johnson-Norman to respond to Rogers' Surrebuttal Brief and Opposition to Judicial Notice

Rogers notes that Ms. Johnson-Norman has not responded to his Opposition to Judicial Notice. However, Rogers' Surrebuttal was docketed by the Court as a "Surreply to Reply to opposition to Motion, *Opposition to Judicial Notice*." (D.I. 20, italic in original.) The caption of Rogers' brief was "*Plaintiff's Surrebuttal to Defendant's Reply to Rogers' Opposition to Motion to Dismiss Plaintiff's Amended Complaint* and Opposition to Judicial Notice." (*Id.*, emphasis added.) Rogers' brief was first and foremost a Surrebuttal, and his Opposition to Judicial Notice was inextricable from the Surrebuttal.

Karen Johnson-Norman did not respond to Rogers' Opposition to Judicial Notice because Rogers' Surrebuttal was a non-conforming brief filed outside the purview of the normal briefing cycle. The appropriate response was for Ms. Johnson-Norman to move to strike the non-conforming brief, which she did. It would have been disingenuous for Ms. Johnson-Norman to

2

have moved to strike Roger's Surrebuttal Brief on the one hand and on the other have filed her own non-conforming response to Rogers' Opposition to Judicial Notice.

Moreover, no response to Rogers' Opposition to Judicial Notice was necessary because Ms. Johnson-Norman never filed a Motion for Judicial Notice in the first place. In her motion to dismiss, Karen Johnson-Norman requested that the Court take judicial notice of several public documents; however, no separate motion was filed. Therefore, Rogers opposed a motion that has not been filed.

To the extent Rogers opposes Ms. Johnson-Norman's request for judicial notice contained in her Motion to Dismiss, then he should have opposed that request in his Opposition to the Motion to Dismiss. Rogers cannot re-characterize his Surrebuttal as an Opposition to Judicial Notice so he can continue to argue against dismissal of his claims.

### D. Rogers' Opposition to Judicial Notice has been superseded by Rogers' request for the Court to take judicial notice of the entire record of prior proceedings

To the extent the Court would like Ms. Johnson-Norman to formally file a brief in reply to Rogers' Opposition to Judicial Notice, she would be happy to do so. However, Rogers' Opposition has been superseded by his own request for the Court to take judicial notice of the entire record:

> "Because [D]efendant has invited the Court (on the record) to judicially notice the entire record of prior proceedings concerning these parties and has offered to provide them, then Mr. Rogers urges the Court to accept this invitation and order the defendant to produce the records cited above to be judicial [sic] noticed." (D.I. 25, p.3.)

Rogers has undercut his argument opposing judicial notice by urging the Court to take judicial notice of the entire record. Therefore, Rogers has withdrawn his Opposition to Judicial Notice.

> E. **If Rogers' request for judicial notice of the entire record of proceedings occurring outside the District of Columbia is granted, Rogers should bear the cost of obtaining and producing the additional materials**

Karen Johnson-Norman invited the Court to take judicial notice of the entire record of the prior proceedings in the *District of Columbia*, specifically: Rogers' two criminal trials, the original CPO hearing, the CPO extension hearing, and Rogers' appeal to the Court of Appeals for the District of Columbia. (D.I. 21.) Ms. Johnson-Norman offered to make the records of all of the proceedings available for the Court's review upon request. (*Id.*) Karen Johnson-Norman's offer stands, and she has or can obtain copies of these materials if the Court so desires.

However, Rogers now argues that the Court should not only take judicial notice of the prior proceedings in the District of Columbia, but also all the proceedings in Maryland District Court, proceedings before the United States Air Force, and those in the U.S. District Court for the Eastern District of Virginia.[1] While Ms. Johnson-Norman does not object to the Court taking judicial notice of any public record, she is not in possession of the records in these cases. Indeed, it is entirely likely that the U.S. Air Force Tribunal's record may not be accessible to civilians.

Obtaining these materials may be costly and time consuming. Rogers urges that these materials be produced, however he wants them produced at Ms. Johnson-Norman's expense. However, should the Court order the parties to obtain and produce these materials, Ms. Johnson-Norman respectfully requests that Rogers bear the cost of obtaining these records because Rogers is the party that urges the Court to take judicial notice of these additional materials.

---

[1] Rogers urges the Court to order Ms. Johnson-Norman to produce the entire discovery record from the case that *Rogers filed against Karen Johnson-Norman* in the U.S. District Court for the Eastern District of Virginia.

4

## II. CONCLUSION

Therefore, Karen Johnson-Norman respectfully requests that the Court strike Rogers' Surrebuttal Brief and declare briefing on Karen Johnson-Norman's Motion to Dismiss complete.

Respectfully submitted,

Of Counsel:

/s/ Sean Beaty

Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated: December 1, 2006

5