UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, *pro se*<br><br>　　　　Plaintiff,<br><br>v.<br><br>KAREN JOHNSON-NORMAN<br><br>　　　　Defendant. | Civil Case. No. **06-01186 (ESH)** |

**KAREN JOHNSON-NORMAN'S ANSWER TO ROGERS' AMENDED COMPLAINT**

Defendant Karen Johnson-Norman ("defendant" or "Johnson-Norman") hereby answers Plaintiff Virgil Rogers' ("plaintiff" or "Rogers") amended complaint ("complaint") as follows:

PRELIMINARY STATEMENT

1. Johnson-Norman admits the first four sentences alleged in paragraph 1. Johnson-Norman denies that wrongdoing by the District of Columbia defendants may be inferred by their decision to settle the claims alleged by Rogers, and therefore, Johnson-Norman denies the allegations contained in the fifth sentence of paragraph 1. Johnson-Norman admits that the Eastern District of California found immunity for each of the "DOJ defendants;" however, Johnson-Norman denies that Rogers was wrongfully harmed, and therefore denies the remaining allegations in the sixth sentence of paragraph 1. Johnson-Norman admits that she moved the Eastern District of California for dismissal of Rogers claims, and that the Court gave Rogers the option to either dismiss the suit against Johnson-Norman or transfer the case to the District of Columbia; however, Johnson-Norman denies the remaining allegations of the seventh sentence of paragraph 1. Johnson-Norman admits that Rogers' allegation of violation of the Fair Credit Reporting Act against Karen Johnson-Norman has not yet been resolved, but denies the remainder of the last sentence of paragraph 1.

2. Johnson-Norman admits the first sentence of paragraph 2. Johnson-Norman hereby answers Rogers' amended complaint, and therefore denies the remaining allegations of paragraph 2.

3. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

4. Johnson-Norman admits that this court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Johnson-Norman lacks knowledge or information regarding Rogers' actual residency or domicile in any state, and therefore denies that true diversity of citizenship exists as required under 28 U.S.C. § 1332. Subsequent to the Court's dismissal of Counts II - VIII of Rogers' amended complaint, the only remaining Count is Rogers' Fair Credit Reporting Act claim. Therefore, given the statutory limitation for recovery on Rogers' FCRA claim, Johnson-Norman denies the amount in controversy exceeds $75,000 USD.

5. Johnson-Norman admits that, to the extent Rogers' FCRA claim purports that the majority of the events took place in the District of Columbia, venue is proper pursuant to 28 U.S.C. § 1391, but Johnson-Norman denies the remainder of paragraph 5.

## PARTIES

6. Johnson-Norman admits that Rogers is a natural person; however, Rogers refuses to provide Johnson-Norman or the Court the physical address of his residence, and therefore Johnson-Norman lacks knowledge sufficient to form a belief as to the truth of the remainder of the first sentence of paragraph 6 and on that basis, denies the remainder of the first sentence of paragraph 6. The remaining allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

7. Johnson-Norman admits the first sentence of paragraph 7. The remaining allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

## FACTS

8. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

9. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

10. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

11. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

12. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

13. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

14. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

15. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

16. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

17. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

18. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

19. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

20. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

21. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

22. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

23. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

24. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

25. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

26. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

27. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

28. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

29. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

30. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

31. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

32. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

33. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

34. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

35. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

36. Johnson-Norman denies the allegations of paragraph 36.

37. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

38. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

39. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

40. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

41. The allegations in this paragraph were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

42. Johnson-Norman admits the allegations of paragraph 42.

43. Johnson-Norman admits that the U.S. District Court for the Eastern District of California did not rule on Karen Johnson-Norman's motion to dismiss Rogers' original complaint and therefore she renewed her motion to dismiss in the U.S. District Court for the District of Columbia, which this Court granted in part by Court Order dated December 20, 2006. Johnson-Norman denies the remaining allegations of paragraph 43.

**CAUSE OF ACTION (I)**

WILLFUL NONCOMPLIANCE WITH FAIR CREDIT REPORTING ACT ("FCRA")

44. Johnson-Norman reasserts and incorporates by reference her answers to paragraphs 1-43.

45. Johnson-Norman admits that she is employed by Wells Fargo Company, but denies the remaining allegations of paragraph 45.

46. Johnson-Norman denies the allegations of paragraph 46.

47. Johnson-Norman denies the allegations of paragraph 47.

48. Johnson-Norman denies the allegations of paragraph 48.

49. Johnson-Norman denies the allegations of paragraph 49.

50. Johnson-Norman denies the allegations of paragraph 50.

51. Johnson-Norman denies the allegations of paragraph 51.

### CAUSE OF ACTION (II)

52. Johnson-Norman reasserts and incorporates by reference her answers to paragraphs 1-51.

53. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

54. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

55. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

56. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

57. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

58. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

59. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

60. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

61. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

62. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

63. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

64. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

65. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

66. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

67. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

## CAUSE OF ACTION (III)

68. Johnson-Norman reasserts and incorporates by reference her answers to paragraphs 1-67.

69. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

70. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

71. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

72. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

73. The claims in this Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

74. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

75. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

76. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

### CAUSE OF ACTION (IV)

77. Johnson-Norman reasserts and incorporates by reference her answers to paragraphs 1-76.

78. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

79. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

80. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

81. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

82. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

83. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

84. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

85. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

86. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

87. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

88. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

89. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

## CAUSE OF ACTION (V)

90. Johnson-Norman reasserts and incorporates by reference her answers to paragraphs 1-89.

91. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

92. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

93. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

94. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

95. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

96. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

**CAUSE OF ACTION (VI)**

97. Johnson-Norman reasserts and incorporates by reference her answers to paragraphs 1-96.

98. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

99. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

100. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

101. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

**CAUSE OF ACTION (VII)**

102. Johnson-Norman reasserts and incorporates by reference her answers to paragraphs 1-101.

103. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

104. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

105. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

106. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

107. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

108. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

109. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

110. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

111. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

112. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

113. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

### CAUSE OF ACTION (VIII)

114. Johnson-Norman reasserts and incorporates by reference her answers to paragraphs 1-113.

115. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

116. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

117. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

118. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

119. The claims in Cause of Action were dismissed by Court Order dated December 20, 2006, and therefore no answer is required.

## PRAYER FOR RELIEF

In answer to Rogers' Prayer for Relief, Johnson-Norman denies that Rogers is entitled to any of the relief sought in paragraphs 1-6 of the Prayer for Relief and further denies that Rogers is entitled to any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

Johnson-Norman admits that Rogers purports to demand a trial by jury, but denies that Rogers' remaining claim is triable.

## GENERAL DENIAL

Johnson-Norman denies allegations contained in the complaint not expressly admitted in this Answer.

## DEFENSES

The following defenses apply to Rogers' remaining cause of action alleged in the complaint.

### First Defense

Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the statute of limitations.

### Third Defense

Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

### Fourth Defense

Plaintiff has failed to mitigate its damages, if any.

### Fifth Defense

Plaintiff lacks standing to assert the claims alleged in the complaint.

### Sixth Defense

Any injuries or damages plaintiff may have suffered were caused solely and proximately by the acts or omissions of others.

Johnson-Norman reserves the right to assert any additional defenses that may be disclosed during the course of additional investigation and discovery.

### JURY DEMAND

Johnson-Norman demands a trial by jury on the sole remaining Count in Rogers' amended complaint.

### PRAYER

THEREFORE, having fully answered plaintiff's complaint, defendant Johnson-Norman prays:

(1) For dismissal of the remainder of Rogers' amended complaint with prejudice;

(2) For the award of Johnson-Norman's costs and attorneys' fees, as provided by 15 U.S.C. §1681(n)(c) and common law; and

(3) For such other relief as the Court deems just and appropriate.

Respectfully submitted,

Of Counsel:

Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated: January 5, 2007