Sean P. Beaty, *pro bono*
(Bar No. 493597)
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 383-6944
Fax: (202) 478-2691

Attorney for Defendant
KAREN JOHNSON-NORMAN

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, *pro se* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KAREN JOHNSON-NORMAN ) | Civil Case. No. **06-01186 (ESH)** |
| ) | |
| Defendant. ) | |

**KAREN JOHNSON-NORMAN'S MOTION TO SEAL ROGERS' AMENDED COMPLAINT**

I.  **INTRODUCTION**

Karen Johnson-Norman respectfully petitions the Court to seal Rogers' proposed amended complaint and amended complaint and redact the public versions thereof, asserting as follows:

1. Plaintiff Rogers moved for leave to amend his complaint on September 11, 2006, attaching a proposed amended complaint thereto. (D.I. 10-1, 10-2) The Court granted Rogers leave to amend on September 20, 2006, and the amended complaint was filed that day. (D.I. 15, 16).

2. Rogers' amended complaint alleged a laundry list of claims, all but one of which were dismissed with prejudice by the Court on December 20, 2006. (D.I. 28)

3. Many of Rogers' dismissed allegations were objectionable and inflammatory. Indeed, in its Memorandum Opinion, the Court held:

> [A]lthough portions of plaintiff's *pro se* amended complaint may be irrelevant, demonstrably false, or scandalous, the allegations as to which the defendant takes issue are irrelevant given the Court's determination that only the FCRA claim survives. (D.I. 28, Fn.1)

4. Although the Court dismissed Counts II – VIII of Rogers' amended complaint, Rogers' allegations relating to those Counts continue to be part of the public record in this case.

5. Karen Johnson-Norman is concerned with the potential misuse of the amended complaint in the discovery process. In particular, Ms. Johnson-Norman anticipates that Rogers will send unredacted copies of his amended complaint to Ms. Johnson-Norman's employer, supervisors, and peers. In his briefs, Rogers has stated that he intends to subpoena Ms. Johnson-Norman's employer, Wells Fargo Company, as well as other third parties. (See, e.g., D.I. 18, p. 15-16) Ms. Johnson-Norman expects that Rogers will attach unredacted versions of his amended

complaint to correspondence with these third parties solely for the purpose of humiliating Ms. Johnson-Norman in the eyes of her co-workers.

6. Rogers has previously sent correspondence to Ms. Johnson-Norman's employer for the purpose of embarrassing her. (Attachment A) Rogers' letter to Ms. Johnson-Norman's supervisors alleged that Karen Johnson-Norman was misappropriating company resources. Rogers sent the letter not only to Ms. Johnson-Norman's direct supervisor, but to the President and CEO of Wells Fargo Company, as well as others in Karen Johnson-Norman's chain-of-command. Rogers also attached to his letter a copy of a criminal complaint that he filed against Karen Johnson-Norman in Maryland that alleged that she sexually assaulted him. The criminal complaint in Maryland was dismissed *nolle prosequi*.

7. Sending unreadacted versions of the amended complaint to Ms. Johnson-Norman's employer and other third parties would serve no legitimate discovery purpose because the only allegation remaining at issue is Rogers' claim for violation of the Fair Credit Reporting Act. (D.I. 28, Fn.1) Dissemination of the allegations relating to dismissed Counts II-VIII would only unduly embarrass Karen Johnson-Norman and her family.

8. The Court can prevent unnecessary embarrassment to Ms. Johnson-Norman by sealing the proposed amended complaint and amended complaint (D.I. 10-2, 16), and replacing them with a redacted version. (Attachment B) Upon the Court's Order, no party would be allowed to disseminate the sealed version of the amended complaint.

9. No protective order has yet been issued in this case, and no other remedy is available to Ms. Johnson-Norman to prevent such abuse. Counsel for Ms. Johnson-Norman attempted to contact Rogers to confer regarding this motion pursuant to D.D.C. LR 7(m), however counsel for Ms. Johnson-Norman was unable to reach Rogers.

Therefore, Karen Johnson-Norman respectfully requests that this Court grant her motion to seal Docket Entries 10-2 and 16, namely Rogers' proposed amended complaint and amended complaint, and substitute a redacted version for those documents.

Respectfully submitted,

Of Counsel:

Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated: January 5, 2007

3