# ATTACHMENT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

VIRGIL M. ROGERS,                    )
                                     )
                 Plaintiff,          )
                                     )
     v.                              )
                                     )   Civil Action No. 06-1186 (ESH)
KAREN JOHNSON-NORMAN,                )
                                     )
                                     )
                 Defendants,         )
                                     )

**AMENDED COMPLAINT**

(           **Violation of FCRA**              )

**PRELIMINARY STATEMENT**

1. Plaintiff Virgil M. Rogers ("Rogers") originally filed this civil action against numerous defendants, including Karen Johnson-Norman ("Johnson") on/about June 13, 2005 in the federal court for the Eastern District of California (Sacramento). Included in the original suit were numerous defendants that are or were employed by the United States Department of Justice ("DOJ") as U.S. Attorneys ("USAO"). He also sued the District of Columbia ("D.C.") government and numerous employees of that municipality in their individual and official capacities. Subsequently, the District of Columbia entered into a settlement agreement with Rogers on behalf of itself and the defendants employed by the municipality. Though the District of Columbia didn't expressly admit wrongdoing, wrongdoing by these defendant's as alleged can be strongly inferred since D.C. Code §2-402 only permits the municipality to settle civil suits upon the wrongful or negligent acts of its employees or officers. Regarding the DOJ defendants, the District Court permitted each one to assert immunity for their official acts that wrongfully resulted in the harm to Rogers. The District Court in California specifically didn't

1
FIRST AMENDED COMPLAINT FOR DAMAGES

grant defendant Johnson's request for a dismissal but did allow her an opportunity to transfer this civil action to the District Court in Washington, D.C. once the other defendants had been removed or settled the claims concerning their wrongful conduct. Of all the defendants denied immunity, only Johnson's wrongdoing remains unresolved though her actions were inextricably intertwined with those of the D.C. defendants that have settled with Rogers.

2. This Amended Complaint results from the transfer of the civil action from California due to the fact that defendant Johnson is the only remaining original defendant. She has filed a Motion to Dismiss with this Court but has not yet answered the Complaint, thus giving rise to Plaintiff's effort to seek leave of Court to amend his complaint for brevity and efficiency.

3.

4. The Court has jurisdiction over this action pursuant 28 U.S.C § 1367 as well there is true diversity of citizenship and the controversy exceeds $75,000 USD.

5. Venue is proper pursuant to 28 U.S.C. § 1391 and § 1332 because a substantial part of the events giving rise to the Plaintiff's claims occurred in this judicial district.

## PARTIES

6. Plaintiff Rogers is a natural person and a resident of California.

7. Defendant Johnson is a natural person who, by information and belief resides in Maryland.

**FACTS**

8.

9.

1
2
3
4
5    10.
6
7
8
9
10
11   11.
12
13
14
15
16
17
18
19
20   12.
21
22
23
24
25   13.
26
27
28

14.

15.

17.

18.

1   19.

2

3

4   20.

5

6

7

8

9   21.

10

11

12  22.

13

14

15

16  23.

17

18

19

20

21

22  24.

23

24

25

26

27

28

25

26

27

28

29

30

31

32

33

34.

35.

36. On or about April 2004 Johnson used her position at Wells Fargo Real Estate Group to either initiate or caused to be initiated a credit inquiry about Rogers' personal information.

37.

38.

39.

40

41

42. Rogers filed the instant civil suit on or about June 13, 2005. It originally contained numerous defendants. The defendants associated with the USAO were granted immunity. The District of Columbia, Durant, and Chief Charles Ramsey were not granted immunity and eventually settled the claims against them with Rogers.

43. Johnson was allowed to transfer the case to the District of Columbia where she promptly filed an additional Motion to Dismiss since her prior motion had failed to be granted in Sacramento.

## CAUSE OF ACTION (I)

WILLFUL NONCOMPLIANCE WITH FAIR CREDIT REPORTING ACT ("FCRA")

44. Plaintiff realleges paragraphs 1 through 43.

45. At all times relevant herein, the conduct of Defendant was subject to 15 U.S.C. § 1681 et seq. due to her employment by Wells Fargo Company ("Wells Fargo") or any affiliate, a financial institution subject to the FCRA and federal banking laws.

46. On or about April 2004 Johnson, under false pretenses, knowingly, and without a permissible purpose obtained or caused to be obtained a consumer report containing private information about Rogers from or through a credit reporting agency.

47. Plaintiff is informed and believes, and thereon alleges, that Johnson utilized interstate commerce and communications with a network of various colleagues at Wells Fargo to obtain access to information from Plaintiff's credit report and to hide her wrongful actions by couching them as legitimate Wells Fargo financial inquiries.

48. As a direct and proximate cause of the aforementioned acts of Defendant,

Rogers suffered damage resulting from her invasion into his private credit file as well as other credit header information (e.g. address, social security number, credit score).

49. By reason of the aforementioned acts and omissions of defendant, Rogers incurred special and general damages in an amount to be provided at trial.

50. By reason of the aforementioned acts of defendant, Rogers was required to file the instant civil action, and Rogers requests payment by defendant of a reasonable sum as and for legal fees pursuant to 15 U.S.C. §1681 (n)

51. The aforementioned acts of the defendant were willful, wanton, malicious and oppressive and thereby justify the awarding of punitive damages.

## CAUSE OF ACTION (II)

52.

53.

54.

55.

56.

57.

58.

59.

60.

61.

62.

63.

64.

65.

66.

1  67.

## CAUSE OF ACTION (III)

9  68.
10 69.

12 70.

15 71.

21 72.

26 73.

74.

75.

76.

## CAUSE OF ACTION (IV)

77.

78.

79.

80.

81.

82.

1   83.

4   84.

8   85.

12  86.

16  87.

20  88.

89.

## CAUSE OF ACTION (V)

90.

91.

92.

93.

94.

95.

96.

**CAUSE OF ACTION (VI)**

97.
98.

99.

100.

101.

| | |
|---|---|
| 1 | **CAUSE OF ACTION (VII)** |
| 2 | |
| 3 | |
| 4 | 102. |
| 5 | 103. |
| 6 | |
| 7 | |
| 8 | 104. |
| 9 | |
| 10 | |
| 11 | |
| 12 | 105. |
| 13 | |
| 14 | |
| 15 | |
| 16 | 106. |
| 17 | |
| 18 | 107. |
| 19 | |
| 20 | |
| 21 | 108. |
| 22 | |
| 23 | |
| 24 | |
| 25 | 109. |
| 26 | |
| 27 | |
| 28 | |

110.

111.

112.

113.

## CAUSE OF ACTION (VIII)

114.
115.

116.

117.

118.

119.

**WHEREFORE**, Plaintiff VIRGIL M. ROGERS prays for judgment against Johnson as follows:

1. For general damages according to proof;
2. For compensatory damages according to proof;
3. For consequential and incidental damages according to proof;
4. For pre-judgment interest according to proof;
5. For costs of suit, including reasonable attorney's fees and litigation expenses as provided by Federal and State laws;
6. For such further relief as this Honorable Court deems just and proper.

*Plaintiff VIRGIL M. ROGERS hereby respectfully requests a trial by jury.*

DATED:  September 6, 2006                         VIRGIL M. ROGERS, pro se


                                                  By: ___/S/_____
                                                      VIRGIL M. ROGERS