# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRGIL M. ROGERS, *pro se* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KAREN JOHNSON-NORMAN ) | |
| ) | Civil Case. No. **06-01186 (ESH)** |
| Defendant. ) | |
| ) | |

## KAREN JOHNSON-NORMAN'S STATEMENT OF THE CASE

Rogers' amended complaint alleges that Karen Johnson-Norman, through her employment at Wells Fargo, "initiate[d] or caused to be initiated a credit inquiry about Rogers' personal information." There is no evidence that supports this allegation. As an employee in Wells Fargo's Real Estate group, Karen Johnson-Norman has neither the authority nor the ability to initiate an inquiry into anyone's credit history.

Rogers' sole piece of "evidence" is his credit report, retrieved from one of the three national credit bureaus, which shows that the Wells Fargo Company ran an inquiry on Rogers' credit history. This credit report was not attached to Rogers' amended complaint, and has not yet been produced. Nonetheless, there are myriad explanations for this notation on Rogers' credit report (if the notation indeed exists).

Rogers has previously stated that he and his family have been customers of Wells Fargo for many years; therefore, the credit inquiry may have related to Rogers' prior patronage. Rogers may have himself initiated the credit inquiry, either directly with Wells Fargo our indirectly with a loan provider such as "LendingTree.com." The credit

inquiry also could have been completed as part of a firm offer of credit, as allowed under

the Fair Credit Reporting Act (FCRA). Discovery will allow exploration of these and

other possible explanations.

Discovery from Wells Fargo will likely be central to resolution of this case. As a

consumer reporting agency (as defined by the FCRA), Wells Fargo should have records

of all inquiries into Rogers' credit history, including who requested the credit inquiry and

the purpose for the inquiry. Ms. Johnson-Norman is confident that discovery of this

evidence will eviscerate Rogers' remaining claim.

In short, liability in this case will rest on (1) whether Wells Fargo ran Rogers'

credit history, and (2) what involvement, if any, Ms. Johnson-Norman had in the credit

inquiry. Karen Johnson-Norman believes these to be discrete issues of fact that will be

quickly discovered and ultimately resolved in her favor.

## STATUTORY BASIS OF KAREN JOHNSON-NORMAN'S CLAIMS AND DEFENSES

Diversity of Citizenship - Karen Johnson-Norman denies that Rogers has

established the diversity of citizenship necessary to establish subject matter jurisdiction

under 28 U.S.C. §1332. Rogers has never provided the Court or opposing counsel the

address of his physical residence. Moreover, Rogers suggested that he will be moving

back to Maryland to pursue this case against Ms. Johnson-Norman. It is not clear from

the present record that there exists true diversity of citizenship. Nonetheless, Karen

Johnson-Norman submits that subject matter jurisdiction is proper under Federal

Question jurisdiction, 28 U.S.C. §1331.

Statute of Limitations – Although the discovery record is currently incomplete, Ms. Johnson-Norman may rely on the statute of limitations imposed by 15 U.S.C. §1681p if the evidence shows that Rogers slumbered on his right of action.

Limitation on Damages – Karen Johnson-Norman also intends to rely on the statutory limitation on damages provided by 15 U.S.C. §1681n(a), which limits Rogers' recovery to Rogers' actual damages suffered or $1,000, whichever is greater.

Attorney's Fees – Finally, Ms. Johnson-Norman will seek attorney's fees from Rogers pursuant to 15 U.S.C. §1681n(c) and 28 U.S.C. §1927. Karen Johnson-Norman believes that Rogers filed this action in bad faith and for the purpose of harassing of Ms. Johnson-Norman, and will seek attorney's fees on that basis.

Respectfully submitted,

Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Of Counsel:

Dated:  January 25, 2006