UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIRGIL M. ROGERS, *pro se*          )
                                    )
       Plaintiff,                  )
                                    )
v.                                  )
                                    )
KAREN JOHNSON-NORMAN                )      Civil Case. No. **06-01186 (ESH)**
                                    )
       Defendant.                  )
                                    )

### PLAINTIFF ROGERS' STATEMENT OF THE CASE

      Mr. Rogers firmly believes that during the course of conduct committed by defendant as alleged in his Amended Complaint that she engaged in covert and diverse intelligence gathering activities concerning Mr. Rogers (and persons that she believes are associated with him). Her reasons for engaging in such behavior are unclear, however it is consistent with the mentality which allowed her to file numerous failed criminal acts in Maryland against Mr. Rogers and false criminal and civil actions in the District of Columbia. It certainly is not inconceivable that someone who has done and said some of the things originating from this defendant would have engaged in all of the acts alleged.

      Defendant claims in her Statement of the Case that there are myriad possible explanations for the illegal credit intrusions against Mr. Rogers perpetrated by an arm of Wells Fargo. That claim is disingenuous. In theory, defendant would argue that shortly after she had filed false criminal charges against Mr. Rogers in 2003 and initiated his illegal seizure in California (which resulted in a dubiously failed criminal proceeding against him) that some wild coincidence produced the credit inquiry from the same umbrella of financial

institutions that currently employs her. Her explanations are simply incredible. Mr. Rogers has not voluntarily engaged in any commercial transactions with Wells Fargo or authorized any intrusions into his privacy whatsoever. Mr. Rogers is not a current customer of any Wells Fargo company, however defendant suggest wild theories of liability such as speculative request for credit from "Lending Tree" but she has no basis for this assertion. In sum, there is an infinitesimally small circle of individuals in the United States who work for Wells Fargo that could have orchestrated such an illegal intrusion except for defendant given her obsessive history of irrational actions against Mr. Rogers. Any explanation to the contrary is mere sophistry because there is no other parties employed by Wells Fargo with the demonstrated motive to violate the law as alleged.

Despite her claim, Wells Fargo is not a credit reporting agency, (since this would be a company such as Trans Union) but nevertheless Wells Fargo is governed by the Fair Credit Reporting Act. However, since the inquiry was illegal, defendant was apparently not acting under her authority as an employee so it is of no moment whatever that she is not authorized to perform consumer inquiries. If she were involved in **any** respect, given her past history and apparent motive to harm Mr. Rogers, her personal involvement in this illegal act, no matter how remote would nevertheless violate the statute.

It's unclear whether the defendant is alleging that Mr. Rogers lives in Maryland and therefore has failed to prove diversity of citizenship. There is no evidence whatsoever that Mr. Rogers has moved to Maryland. He never told the defendant he was moving to Maryland; merely that he may remain there during portions of this case. Such a basis is inadequate for the defendant to object to jurisdiction, especially since this was not raised on

her dismissal pleadings. Mr. Rogers does not live in Maryland and did not when he filed this civil action against defendant, and that is the material inquiry on her confusing statement.

Mr. Rogers will endeavor to retrieve the maximum damages possible from defendant and will seek all costs. Contrarily, Mr. Rogers completely objects to the defendant's wild claim that she will seek attorney's fees from him. International law firm Howrey, Simon, Arnold, & White LLP has agreed to represent defendant *Pro Bono* at their pleasure or detriment under a program designed for indigent domestic violence victims. As such, neither they nor the defendant are entitled to attorney's fees or cost despite the reality that she is neither indigent nor a victim of violence by Mr. Rogers. Mr. Rogers has previously cautioned defense counsel against raising such disingenuous statements solely because he is *pro se*. It is improper and/or unethical for an officer of the court to imply a threat of seeking fees that have never been incurred as a means of scaring a *pro se* litigant and the defendant should be admonished promptly against this conduct. Mr. Rogers has previously offered an extremely favorable settlement offer to defendant whereby she need only provide a personal apology and a sworn statement disavowing any involvement in the illegal credit inquiry (as she has obliquely claimed in her Statement of the Case) in order to prompt him to move for dismissal of the civil action. Defendant has surprisingly rejected the offer to apologize to Mr. Rogers for her conduct and instead shown a willingness to see this case through completion. She also refused to consider Alternative Dispute Resolution (ADR) in a show of overall intractability. Therefore, Mr. Rogers may seek costs commensurate with the obstinate failure of defendant's refusal to reasonably seek resolution.

DATED: January 28, 2007                                                                 _____//S//_____
                                                                                                             VIRGIL M. ROGERS