UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRGIL M. ROGERS, *pro se* <br><br> Plaintiff, <br><br> v. <br><br> KAREN JOHNSON-NORMAN <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Case. No. **06-01186 (ESH)** <br> ) <br> ) |

**PLAINTIFF MOTION FOR PROTECTIVE ORDER**

Plaintiff Rogers respectfully requests that this honorable Court enter a protective order pursuant to FRCP 26 (c) and 30 (d) (4) against defendant Karen Johnson-Norman. The facts on which this Motion are based are as follows:

1.) This civil action was originally filed in the Eastern District of California against numerous parties including Karen Johnson-Norman and the District of Columbia. The District of Columbia settled with Mr. Rogers and the Court ultimately removed the remaining counts to the District of Columbia federal court. Upon a motion to dismiss by Karen Johnson-Norman, this Court dismissed several counts of the amended complaint alleging that she abused legal process and generally filed false criminal and civil actions against Plaintiff Rogers. The remaining count revolves around the defendant's illegal intrusion into Plaintiff Rogers' private Experian credit file.

2. ) During Rule 16 meet and confer discussions, Mr. Rogers offered a settlement to defendant upon the requirement only that she apologize for her actions and provide a sworn statement supporting her alleged disinvolvement in the illegal credit intrusions. Karen Johnson Norman surprisingly refused

this favorable settlement offer in lieu of continued litigation. Furthermore, her defense counsel asked Mr. Rogers to dismiss the case solely upon defendant's agreement not to pursue fees and costs. However, defense counsel is representing defendant pro bono and Mr. Rogers believes defendant is therefore not entitled to seek fees and costs so defendant's settlement offer was disingenuous.

3.)    Mr. Rogers provided defendant notice of deposition and intends to depose her at 1299 Pennsylvania Avenue, NW on February 2, 2007. However, defense counsel has made numerous untenable requests to Mr. Rogers with respect to his scheduled deposition. Among these request, 1) defense counsel has asked Mr. Rogers to depose defendant via a remote video link because she claims to be fearful to appear at a deposition; 2) defense counsel has indicated a propensity to introduce non party "security" personnel inside of the deposition room; 3) defense counsel has strongly indicated a desire to constrain the questioning posed by Mr. Rogers to what defense counsel believes is relevant. Mr. Rogers has informed defense counsel that he would seek a protective order from the Court so that these issues would not obstruct the judicial function of the scheduled deposition.

4.)    Mr. Rogers requests a protective order directing the defendant to submit to a conventional deposition.  There is no basis whatsoever for the defendant's claimed fear to be in the same room with Mr. Rogers for purposes of judicial proceedings.  The defendant's request that the deposition proceed via a remote video link has not been supported by any legitimate grounds other than her disinclination to proceed. Such a request is inconsistent with her unwillingness to settle this matter on the favorable grounds posed to her previously. Moreover, there has been no evidence submitted at any time that Mr. Rogers has physically harmed or threatened defendant. Defense counsel has agreed that non parties shall not be introduced into the deposition room except for a possible additional defense counsel and one advisor for the Plaintiff. Because of the nature of the request by defense counsel, Mr. Rogers seeks a protective order pursuant to FRCP 26 ( c) (5)  to mandate that a conventional deposition shall occur and no intimidating parties e.g. "security" shall be introduced into the room which may disrupt or obstruct the proceedings.

5.)     Most importantly, Mr. Rogers seeks a protective order pursuant to FRCP 26 (b) (1) so that defense counsel may not obstruct the deposition by needlessly objecting, coaching, or otherwise constraining the questioning to the extent that the deposition becomes non-effective.  During meet and confer, defense counsel intimated that he will advise his client to refrain from answering questions he finds irrelevant or will object. However, FRCP 26 (b) (1) allows broad latitude in questioning given that it is reasonably calculated to lead to the discovery of admissible evidence. Given this rule, Mr. Rogers may seek to question defendant on matters relating to her motives to engage in the alleged acts, her past history with Mr. Rogers, and a myriad of other issues that may lead to discoverable evidence. Given prior instances of alleged perjury and prevarication by the defendant before judicial officers and proceedings Mr. Rogers may seek to question her consistent with this subject matter.  Defense counsel may attempt to overly utilize FRCP 26 (c) claiming that some questions subject his client to "annoyance, embarrassment, or oppression." However, Mr. Rogers seeks a protective order to limit the defendant's cavalier use of this provision. The history of these parties involves a dubious romantic relationship and numerous judicial proceedings over several years and may necessarily expose information which other parties would find embarrassing, however in this matter its part of the make up between these parties and should not be allowed to constrain legitimate inquiry or discovery.

    WHEREFORE, Plaintiff Rogers seeks a preemptive protective order to govern the conduct of his deposition on 2 February 2007 directing the defendant to appear at a conventional deposition and disallowing any intimidation or extraneous parties into the deposition room. He request the Court direct that questions shall not be obstructed to the extent that he asks reasonable questions pursuant to FRCP 26 (b) (1).  Given that Mr. Rogers is traveling a great distance to depose defendant, he also asks the court to direct procedures to follow should the defense become obstreperous or obstructive.

DATED: January 29, 2007                    //s//
                                            VIRGIL M. ROGERS, pro se