UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, *pro se* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAREN JOHNSON-NORMAN )<br>)<br>Defendant. )<br>) | Civil Case. No. **06-01186 (ESH)** |

### RESPONSE TO DEFEDNANT'S OPPOSITION TO

### PLAINTIFF'S FIRST MOTION FOR PROTECTIVE ORDER

Defendant's opposition to Virgil Rogers' Motion for a Protective Order mischaracterizes his pleading severely and increases the rhetoric, confusion, and litigiousness of this civil action unnecessarily.

Defendant repeatedly claims that Mr. Rogers' legitimate efforts to depose her in this civil action are harassing, which demonstrates part of the reasoning for Mr. Rogers seeking the Protective Order in the first place from a seemingly unpredictable adversary. The implication made by the defendant is that the only legitimate purposes for civil actions before federal courts are when one party wishes to "harass" another which is not only incorrect but tends to debase the judicial role in society. Mr. Rogers has maintained the decorum of the process to the best of his lay-person ability, and the defendant's repeated attacks calling this civil action harassing as a whole and specifically Plaintiff's efforts to depose her (while traveling a great distance to do so at his own expense) harassing are an effort to dramatize a legal function which occurs routinely in civil actions and seeks to garner more sympathy for the defendant.

Foremost, Mr. Rogers has not "repeatedly stated that he demanded and apology" from the defendant as claimed on defendant's opposition. That is inflammatory. Mr. Rogers offered a settlement agreement to the defendant if she were to apologize, which is nothing similar to a demand for an apology as the defendant outrageously claimed on her opposition.

Defendant's claims that she desperately requires an order for unconventional means of deposition because she "continues to live in fear" of Mr. Rogers are ludicrous. (1) There is no evidence whatsoever in any court record that Mr. Rogers has ever struck or threatened defendant, though her opposition falsely cites nonexistent "evidence" of more than one altercation. Defendant has testified repeatedly that Mr. Rogers has never personally threatened her, and the one altercation of which she has testified in May 2000 was an assault *she perpetrated* upon Mr. Rogers.  (2) Mr. Rogers has **_never_** been convicted of stalking this defendant - he was charged with a petty misdemeanor nearly seven years ago and convicted in a bench trial of _attempted_ stalking.  This is the only crime for which Mr. Rogers has ever been adjudged in his life.  (3) Mr. Rogers has not been in the Washington metro area in over 3 years and hasn't seen this defendant outside of a courtroom in almost *7 years*.

 Given these facts, there is no rational basis for defendant's claimed fear such that extraordinary means must be ordered by this federal Court for a routine civil deposition in a busy law firm in broad daylight. Such a request by the defendant is outrageous and meant to obstruct the civil process and garner more sympathy for her through dramatics. She demonstrates an irrational posture towards the entire process when she calls this civil action a "powder keg" because in her view these parties have a "tortured past".  These parties have not seen each other in 7 years, so to describe this civil deposition as a "powder keg" is bordering on madness meant to have this Court become emotional about routine matters it encounters daily. Furthermore, the

defense counsel has already agreed to a conventional deposition during meet and confers subject to court approval, and Mr. Rogers has incurred significant costs based upon this good faith agreement. Therefore, the Court should grant Mr. Rogers a Protective Order and deny Karen Johnson's request to mandate a remote deposition based upon her feigned alleged fears. Furthermore, the deposition will be videotaped so the claimed fears will be ameliorated since the Court will be able to observe the entire process if necessary.

Mr. Rogers doesn't need to provide evidence to justify a reason why a conventional deposition should occur, as the defendant suggests. A routine deposition should be the rule not the exception and the defendant should bear a burden to prove why this cannot occur. The preposterous claims in her opposition do not meet that burden. Further, defense counsel has **already agreed** that security personnel shall remain outside of the deposition room during meet and confer discussions. Mr. Rogers and defense counsel agreed that having numerous imposing figures milling around a deposition would be distracting, and as mentioned there is no plausible grounds to believe security must be in the room during testimony. Mr. Rogers didn't say that he was going to bring "defense counsel" to the deposition, because he is the Plaintiff. Defense counsel, Mr. Beatty indicated he would bring additional defense counsel (since Ms. Johnson is the defendant), and he agreed to allow Mr. Rogers one advisor. Defendant cannot demand that Mr. Rogers' advisor depose defendant, especially without knowing the professional standing of the proposed advisor.

- **Scope of Deposition**

Defendant attempts to insist what the issues are in this case so that she can constrain and direct the scope of discovery according to her strategic goals. Further, she attempts to determine what relevant discovery is and what may be excluded. This should not be allowed. The FRCP

allow for discovery as long as the matters are **_reasonably_** expected to lead to admissible evidence. The defendant is obviously motivated to constrain this Rule as narrow as possible to favor her position.  Credibility of a witness and motive are admissible evidence, even if it is not an element of the offense at issue. Similarly, if Mr. Rogers had filed suit against a financial institution he would be entitled to discover background information about his past dealings with that bank and any motives that bank or any person employed there may have to violate the law. The case law cited by defendant in her opposition doesn't meaningfully imply that motive or any particular line of discovery is not allowed. Instead she cites cases that are not similar to the instant matter at all and have none held a particular line of discovery was superfluous before the discovery issue had been raised. In other words, these cases don't cite preemptive grounds to prohibit discovery beforehand. Even if the Court were to consider such a line of cases in support of her opposition, relevancy in this matter is not the primary consideration. If the discovery is **reasonably** calculated to lead to admissible evidence, the Federal Rule allows it.

     For the foregoing reasons, Mr. Rogers request that the Court grant his Motion for Protective order directing defendant to attend a conventional deposition and answer questions that Mr. Rogers may pose to her. Further, defendant should be bound by her meet and confer agreement that both parties may have only an additional attorney or advisor in the deposition room and that any security personnel must remain outside to avoid intimidation or obstruction. The video taping of the deposition will ensure that Mr. Rogers behaves according to the federal Rules and more importantly defense counsel behave according to the ethical rules of the D.C. Bar and particularly doesn't attempt to steam roll a *pro se* litigant during any point in the process.  Videotaping with keep all parties honest and defendant should not be able to feign fear to avoid a deposition.

- 5 -

DATED: January 31, 2007                //S//
                                       VIRGIL ROGERS