UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIRGIL M. ROGERS, )
)
         Plaintiff, )
v. )
) Civil Action 06-1186 (ESH)(DAR)
KAREN JOHNSON-NORMAN, )
)
)
         Defendants, )
)

**PLAINTIFF'S MOTION TO
REOPEN DEPOSITION OF DEFENDANT**

    Plaintiff Virgil M. Rogers respectfully moves this honorable court for leave to potentially reopen the deposition of defendant Karen Johnson-Norman. Mr. Rogers initially deposed the defendant on February 2, 2007. At that time, the court limited Mr. Rogers to approximately 30 minutes and constrained the scope of his inquiry based in part upon objections from defendant's counsel. Mr. Rogers was unable to probe numerous permissible lines of questioning during this deposition. Particularly, Mr. Rogers was not permitted to question the defendant on her credibility and her prior instances of perjury before judicial officers and in judicial proceedings. However, Mr. Rogers believes that credibility is always subject to inquiry in a deposition. In fact, defendant demonstrably prevaricated on numerous instances during the initial deposition, which should be grounds to widen the scope instead of constraining it further.

    In this matter, the credibility of the defendant is fundamental to the search for truth in this civil action. The Court constrained Mr. Rogers' deposition to conform to the discovery of one overall question, which was whether defendant initiated the credit inquiry at issue in Count I of the civil action. However, without permitting Mr. Rogers to probe the defendant's documented and lengthy history of prevarication before judicial officers, dating back nearly 7 years, her

1

denial on the facts of this case are not believable and carry no weight for the purposes of discovery in this matter. In sum, if the defendant has resorted to untruthfulness in prior judicial proceedings, Mr. Rogers doesn't believe her credibility is off limits in this case. Moreover, since the defendant is purportedly a member of the D.C. Bar, she is prohibited by Rules of Professional Conduct 8.4 [c] from "engaging in conduct involving fraud, dishonesty, or deceit and/or misrepresentation." See <u>In re Thompson</u>, 538 A.2d 247 (D.C. 1987).  If she has engaged in such conduct in any judicial proceeding, such information is admissible before this court at trial and as such is discoverable.

Pursuant to Rule 26 (b), Mr. Rogers may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Relevant information need not be admissible at the trial if the discovery appears <u>reasonably</u> calculated to lead to the discovery of admissible evidence.

On these grounds, Mr. Rogers moves to potentially reopen his deposition of the defendant with questions possibly including but not limited to the following questions:

1. Please describe all parties with whom you have discussed Mr. Rogers that are or were employed by Wells Fargo?
2. Describe by name, title, and address all of your superiors up to and including the President of Wells Fargo Real Estate Group?
3. Name all parties known to you that work for Wells Fargo in Pennsylvania?
4. Name all parties known to you that work for Wells Fargo Financial Acceptance or any affiliated company.
5. Have you been completely honest and truthful in every judicial proceeding in which you have testified under oath?

6.  Describe all the parties to whom you have ever disclosed personal information about Virgil Rogers.

7.  Describe any photographs, writings, recordings, or other likeness of Virgil Rogers in your possession or under your control.

8.  Describe your net worth and all assets greater than $1000.

9.  Describe anyone that you have paid for information about Virgil Rogers.

10. Describe any contacts you have had with any credit reporting agency since 2004.


Mr. Rogers moves the court to reopen the deposition of defendant with the above questions. However, he doesn't want to limit the questioning to those above. He seeks to question on any other permissible topics as more information comes to light during the discovery process.

                                                                        Respectfully Submitted,

Filed March 2, 2007                                  //s//

                                                                        VIRGIL ROGERS