# Attachment A

Page 1

UNITED STATES DISTRICT FOR THE DISTRICT OF COLUMBIA

```
VIRGIL M. ROGERS,              x
                               :
          Plaintiff,           :
     vs.                       :Civil Case No.
                               :06-01186
KAREN JOHNSON-NORMAN           :
                               :
          Defendant.           X
```

WASHINGTON, D.C.

Friday, February 2, 2007

DEPOSITION OF:

KAREN JOHNSON-NORMAN,

a witness, called for examination by counsel on

behalf of the plaintiff, pursuant to notice and

agreement of the parties as to time and date, taken

at the US DISTRICT COURTHOUSE, 333 Constitution

Avenue, NW, Courtroom 4, Washington, D.C., beginning

at approximately 1:10 p.m., before Raakeebah L.

Henderson, a Notary Public and court reporter in and

for the District of Columbia, when were present on
behalf of the respective parties:
------------------------------------------------
                DIGITAL EVIDENCE GROUP
           1111 16th Street, NW Suite 410
                Washington, DC  20036
                   (202) 232-0646

2/2/2007          Virgil M. Rogers v. Karen Johnson-Norman    Johnson-Norman, Karen

Page 12

1          MR. BEATY:  Objection, Your Honor.

2          THE COURT:  On what grounds?

3          MR. BEATY:  Again, I think we're getting

4    back into the issue of credibility and having

5    testified previously.  Her previous testimony before

6    both D.C. and Maryland.

7          THE COURT:  Mr. Rogers?

8          MR. ROGERS:  Your Honor, I just asked

9    her if she's familiar with the rules of professional

10   conduct that lawyers in the District of Columbia are

11   held to.

12         THE COURT:  Objection sustained on the

13   ground that the answer could not possibly be relevant

14   to the instant proceeding.

15   BY MR. ROGERS:

16        Q.    In April of 2004, what was your title and

17   duties at Wells Fargo?

18        A.    I believe they were vice president.

19        Q.    Is that the complete title?  Vice president

20   of Wells Fargo?

21        A.    I don't remember.

22        Q.    Has your title changed since then?

Page 13

1      A.      Yes.

2      Q.      And what's your title today?

3      A.      I'm the district manager, vice president.

4      Q.      So you're assuming that at some point you

5   went from vice president to district manager?

6      A.      I was always a vice president I think since

7   '04.

8      Q.      Do you know what month?

9      A.      I do not.

10      Q.      But as far as you can recollect in April of

11   2004, you were the vice president?

12      A.      Yes.

13      Q.      What group or division do you work in?

14      A.      Real estate group, loan administration

15   division.

16      Q.      Where is that group headquartered?

17      A.      I don't understand your question.

18      Q.      Wells Fargo is headquartered in San

19   Francisco; is that correct?

20      A.      Yes.

21      Q.      And does each division have headquarters as

22   well?

Page 14

1       A.      No.

2       Q.      The real estate group is also headquartered

3   in San Francisco as far as you know?

4       A.      I don't know.

5       Q.      Can you describe briefly the circumstances

6   around which you met me?

7               MR. BEATY:   Objection, Your Honor.

8               THE COURT:   On the ground of relevance?

9               MR. BEATY:   Absolutely.

10              MR. ROGERS:   We haven't established

11  that.  Before I ask the witness the next question we

12  haven't established that the witness even knows me,

13  Your Honor.

14              THE COURT:   You may ask that question.

15  You may not ask -- or the Court will sustain the

16  objection to the question that you just asked.

17  BY MR. ROGERS:

18      Q.      Do you know who I am?

19      A.      Yes.

20      Q.      Can you describe how you know who I am?

21              MR. BEATY:   Again, Your Honor.

22              THE COURT:   The objection is sustained.

2/2/2007        Virgil M. Rogers v. Karen Johnson-Norman      Johnson-Norman, Karen

Page 15

1    BY MR. ROGERS:

2        Q.    How long have you known me?

3            MR. BEATY:  Your Honor, I would object.

4    The statute doesn't require anything about knowledge.

5            THE COURT:  The objection is sustained.

6    BY MR. ROGERS:

7        Q.    In your duties as the vice president at

8    Wells Fargo, do you have occasion to deal with

9    clients?

10       A.    Yes.

11       Q.    In those duties -- scratch that.  Can you

12   please describe exactly what your duties are at Wells

13   Fargo?

14       A.    I manage three offices that close

15   commercial real estate transactions and I personally

16   close commercial real estate transactions.

17       Q.    What offices would that be?

18       A.    Boston, Washington, D.C., and Philadelphia.

19       Q.    In those duties do you supervise

20   individuals that gather information on credit?

21       A.    No.

22       Q.    How do you evaluate credit for potential

2/2/2007          Virgil M. Rogers v. Karen Johnson-Norman        Johnson-Norman, Karen

Page 19

1    correct?

2              MR. BEATY:   Objection, Your Honor.

3    Argumentative.

4              THE COURT:   Mr. Rogers?

5              MR. ROGERS: Your Honor, I specifically

6    asked her if her recollection was working well today,

7    if she was feeling well and she answered in the

8    affirmative and the last several questions have been

9    I don't recall, I don't recall.

10             THE COURT:   The objection is sustained.

11   BY MR. ROGERS:

12       Q.    With respect to any personal information

13   that you have ever known about me have you ever

14   provided any personal information meaning social

15   security number, address, date of birth or any other

16   information to any person?

17       A.    No.

18       Q.    You have never given any information about

19   me at any time, and I remind you you are under oath;

20   you have never given any information about me to any

21   other person other than using it for your own use?

22       A.    Besides the police, yes.

Page 20

1    Q.    Specifically whom did you provide that

2    information to specifically?

3    A.    Any policeman who asked me during the time

4    as these cases were going on.

5    Q.    Specifically did a police officer call you

6    up out of the blue and ask you for my social?

7    MR. BEATY:  Objection, Your Honor.  This

8    is getting back --

9    THE COURT:  Sustained.

10   BY MR. ROGERS:

11   Q.    In what time frame did you provide my

12   personal information and what information did you

13   provide?

14   A.    During the period of 2000 -- May or April

15   2000 to June, July 2004, to the best of my

16   recollection.

17   Q.    What information did you provide?

18   A.    At least your name and whatever address I

19   had at the time and telephone numbers.

20   Q.    To the best of your knowledge where was the

21   last location I lived?

22   A.    I do not remember.

Page 22

1      A.     Had they caught you yet?

2      Q.     Is that it?

3      A.     That's it.

4             MR. BEATY:  Your Honor, I'm going to

5   object.  I think we're getting far off subject here.

6             MR. ROGERS:  I didn't know what her

7   answer was going to be to that question, Your Honor.

8             THE COURT:  Very well.  Let's continue

9   then.

10  BY MR. ROGERS:

11     Q.     Have you ever paid anyone to provide you

12  any information about me?

13     A.     No.

14     Q.     Have you ever hired an investigator of any

15  sort to learn information about me?

16     A.     No.

17     Q.     Have you ever used electronic means Google

18  or any other electronic means?  Have you ever typed

19  my name into Google?

20     A.     Yes.

21     Q.     When?

22     A.     I don't remember.

Page 23

1      Q.    For what reason did you type my name into

2    Google?

3            THE COURT:  The Court is going to

4    interrupt at this point.  We've been here now 20

5    minutes and you recall that the Court set a limit of

6    30 minutes for this opening phase of the deposition;

7    and while the Court is reluctant to involve itself in

8    the manner in which any party asks questions in this

9    circumstance I simply note that you, Mr. Rogers have

10   yet to ask a question about the allegations in Count

11   I of the complaint and that is of course the reason

12   that we are here.

13           I do not intend to in my tally of the

14   time with my account of the time that has passed plan

15   to take into the account the time that I have spoke

16   on.  I believe that would be unfair.

17           I simply want to point out that you have

18   roughly 10 to 25 minutes remaining and if it appears

19   to the Court that you are asking questions other than

20   those you advised Judge Huvelle and this Court that

21   you intended to ask the Court would have little

22   choice but to take that unwillingness to focus on the

Page 24

1    issue at hand into account in deciding how much

2    additional time you should be allowed.

3             Now, with that we ask you to continue,

4    please.

5             MR. ROGERS: Understood, Your Honor.

6    Thank you.

7    BY MR. ROGERS:

8         Q.    In addition to Google have you used any

9    information to gain information about me?

10        A.    I don't know.

11        Q.    What's your best recollection?

12        A.    No.

13        Q.    Google's the only source of information

14   you've ever used about me?

15        A.    Maybe yellow book lookup, reverse lookup.

16            THE COURT:  Mr. Rogers, I'm going to ask

17   you to move on to the issues involving Count I.  I

18   have Count I before me and there is no allegation

19   here regarding Ms. Johnson-Norman's efforts if any to

20   obtain personal information.

21            The allegation concerns use of

22   information and while I indicated that you would be

Page 25

1    allowed at least in the first instance a period of 30

2    minutes it appears to the Court that you are -- you

3    do not require even the 30 minutes because you were

4    not asking about the allegations in Count I and my

5    intention is to terminate the deposition early.   I

6    simply cannot permit you to use this forum for

7    purposes other than discovery with respect to the

8    remaining count of the complaint.

9                    MR. ROGERS:  Understood.

10                   THE COURT:  Do you have questions of

11   Ms. Johnson-Norman regarding Count I of the

12   complaint?

13                   MR. ROGERS:  Yes.

14                   THE COURT:  Very well.  Let's proceed

15   on.

16   BY MR. ROGERS:

17      Q.    Have you at any time ever had occasion to

18   know any information at all, and remember you're

19   under oath, about any credit inquiries that were done

20   on me?

21      A.    No.

22      Q.    Do you know anyone that has any type of

Page 26

1    information regarding such an action?

2         A.    No.

3         Q.    At any time in April of 2004, were you in

4    Pennsylvania?

5                   MR. BEATY:  Objection, for relevance,

6    Your Honor.  There is no allegation in the complaint

7    that the location would indicate whether or not she

8    accessed his credit report.

9                   MR. ROGERS:  This is directly related to

10   the date of the allegation in California, Your Honor.

11   That's the date that the allegation occurred in that

12   month.

13                  MR. BEATY:  The location isn't in the

14   allegation.

15                  THE COURT:  What is the relevance of the

16   location, Mr. Rogers?

17                  MR. ROGERS:  Well, Your Honor, the

18   witness just testified that she's the manager of --

19   district manager of an office in Philadelphia.  I've

20   never disclosed that information to Mr. Beaty and I

21   had no way of knowing that but that's where the

22   inquiry came from coincidentally in Philadelphia.

Page 28

1    preponderance or at least a high coincidence that

2    this inquiry was ran at that location at that time

3    and today is the first time I've ever heard that she

4    had any oversight over any offices in Pennsylvania.

5              I had no way of knowing that and I've

6    never disclosed that to Mr. Beaty previously.

7              THE COURT:  What is the question that

8    you wish to ask, Mr. Rogers?

9              MR. ROGERS:  If the witness was in

10   Pennsylvania, March, April or May of 2004 with

11   respect to her duties at Wells Fargo.

12             THE COURT:  Let me ask you to rephrase

13   your question, please, so your inquire -- so that

14   your inquiry is limited with respect to

15   Ms. Johnson-Norman's presence there at Wells Fargo or

16   the Wells Fargo office.

17             MR. ROGERS:  Absolutely, Your Honor.

18   BY MR. ROGERS:

19       Q.    With respect to your duties with Wells

20   Fargo, were you in the State of Pennsylvania from

21   January to June of 2004?

22             THE COURT:  I just directed you,

2/2/2007          Virgil M. Rogers v. Karen Johnson-Norman      Johnson-Norman, Karen

Page 29

1    Mr. Rogers, to limit the inquiry to whether

2    Ms. Johnson-Norman was at the Wells Fargo office.

3              MR. ROGERS:  Sorry, Your Honor.

4    BY MR. ROGERS:

5       Q.    During that time period were you at any

6    office in Pennsylvania of -- affiliated with any

7    Wells Fargo branch?

8       A.    I don't recall so.

9       Q.    Is it possible?

10      A.    It's possible.

11      Q.    Is there any information that you may have

12   in your possession at work that would refresh your

13   memory as to whether you were in Pennsylvania at that

14   time in any Wells Fargo branches?

15      A.    No.

16      Q.    Do you discard records after a certain

17   period of time that this would not be?

18            THE COURT:  The court is satisfied that

19   that is not a relevant inquiry.  Certainly the

20   witnesses recollection may be refreshed by any

21   writing, document, any material indeed that might

22   serve that purpose.

Page 30

1          However, the -- there is no construction

2     of rules governing conduct of depositions which would

3     permit questions in this context regarding any

4     document retention, document destruction policy of

5     Wells Fargo or indeed of Ms. Johnson-Norman.  It's

6     simply not relevant, and accordingly the Court will

7     not allow it.

8               MR. ROGERS:  Thank you, Your Honor.  Two

9     final questions, Your Honor.

10    BY MR. ROGERS:

11         Q.    I'm going to ask you are you absolutely,

12    positively sure without any doubt at all that you

13    disavow any knowledge whatsoever of any inquiries of

14    a credit nature concerning me at any time?

15         A.    Yes.

16               MR. ROGERS:  No more questions.  I have

17    nothing else, Your Honor.

18               THE COURT:  Very well.  Thank you,

19    Mr. Rogers.  You may have a seat.

20               THE COURT:  Mr. Beaty.

21               MR. BEATY:  Very brief, Your Honor.

22                    CROSS EXAMINATION

Page 31

1    BY MR. BEATY:

2        Q.    Ms. Johnson-Norman I just want to clarify

3    and try and understand your testimony.  Did you ever

4    initiate any credit inquiry on Mr. Rogers' personal

5    information at any time?

6        A.    No.

7        Q.    Did you ever ask anyone else to do it?

8        A.    No.

9        Q.    Did you have any knowledge of anyone ever

10   running a credit inquiry on Mr. Rogers?

11       A.    No.

12              MR. BEATY:  No further questions.

13              THE COURT:  Mr. Rogers.

14              MR. ROGERS:  I have no further

15   questions, Your Honor.

16              THE COURT:  Very well.  Thank you.  Are

17   you satisfied, Mr. Rogers, that this is the time to

18   conclude at least this phase of the deposition?

19              MR. ROGERS:  I am, Your Honor.

20              THE COURT:  Very well.  You may do so

21   then since this is the deposition that you noticed.

22              MR. ROGERS:  I will, Your Honor, with

Page 36

1    question that you believe is the appropriate question

2    and I will rule on the objection to it.

3              MR. ROGERS:  I will, Your Honor.  Thank

4    you.

5    BY MR. ROGERS:

6         Q.    To the best of your knowledge, has there

7    ever been any investigation by the bar association

8    against you?

9         A.    Not that I'm aware of.

10             THE COURT:  The objection is sustained,

11   and the answer will be stricken.  The question and

12   the answer will be stricken.

13   BY MR. ROGERS:

14        Q.    Is that an improper question, Your Honor,

15   so I know what line of questioning I'm allowed to --

16             THE COURT:  I have endeavored, Mr.

17   Rogers, as has the assigned district judge to set the

18   parameters.  You are being afforded an opportunity to

19   if you are able to attempt to impeach the witness

20   that is as I'm sure you are aware a means by which a

21   witness's credibility might be attacked.

22             I do not -- I've concluded that it would

Page 37

1    not be appropriate consistent with the single

2    remaining count of the complaint, the rules governing

3    the conduct of discovery or the order of the assigned

4    district judge and indeed my own order entered

5    yesterday on the record to permit questions regarding

6    Ms. Johnson-Norman's truthfulness or lack of

7    truthfulness in other proceedings whether there have

8    been proceedings which have nothing to do with this

9    action or otherwise to turn this deposition into a

10   fishing expedition.

11              MR. ROGERS:  No, I understand, Your

12   Honor.

13              THE COURT:  So if you have questions let

14   me ask you to ask the questions and I will rule on

15   the objections.

16              MR. ROGERS:  Yes, Your Honor.  Your

17   Honor, this civil action was originally filed in

18   Eastern California District Court.  It was a very

19   broad civil action.

20              THE COURT:  Well, those cases have all

21   been -- those counts have all been dismissed by Judge

22   Huvelle so they are simply no longer before the

Page 38

1    Court.  All that is before the Court is Count I.

2                MR. ROGERS:  Okay, your Honor.  Thank

3    you.

4    BY MR. ROGERS:

5        Q.    With respect to your duties at Wells Fargo

6    in April of 2004 as the vice president, did you ever

7    at that time -- around that period of time did you

8    ever have occasion to discuss me with anyone at Wells

9    Fargo?

10       A.    Not that I recall.

11       Q.    Have you ever discussed me with anyone at

12   Wells Fargo?

13               MR. BEATY:  Objection, Your Honor.  Just

14   to the scope of time.

15               THE COURT:  During what period of time,

16   Mr. Rogers?

17               MR. ROGERS:  Well, the witness has only

18   been working at Wells Fargo since I believe 2001,

19   Your Honor.  So since 2001 until today.

20               THE COURT:  I will permit you to

21   inquire -- to limit your inquiry to the period that

22   you have made relevant by paragraph 46 of your

Page 39

1    amended complaint that is on or about April of 2004.

2    BY MR. ROGERS:

3        Q.    Ms. Johnson, on or about April 2004, or any

4    time thereabouts did you have occasion to speak with

5    anyone at Wells Fargo concerning me?

6        A.    No.

7        Q.    Did anyone contact you about me on or about

8    that time?

9        A.    No.

10       Q.    Okay.  Thank you. What is your

11   understanding of permissible uses of credit

12   inquiries?

13              MR. BEATY:  Objection.  Calls for a

14   legal conclusion.  Speculation.

15              THE COURT:  Mr. Rogers.

16              MR. ROGERS:  I've asked her for her

17   understanding.  She's a professional banker.  She's

18   not a layperson with respect to these issues.

19              THE COURT:  The objection is sustained.

20              MR. ROGERS:  I have no further questions

21   at this time, Your Honor.

22              THE COURT:  Very well.  You may conclude