# Attachment D

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
  :
In the Matter of: :
  :
VIRGIL ROGERS, :
  :
 Plaintiff, :
  :
 vs. : Civil Action No. 06-1186
  :
THE DISTRICT OF COLUMBIA, :
et al. :
  :
 Defendants. :
 : Washington, D.C.
- - - - - - - - - - - - - - - - x February 1, 2007

TRANSCRIPT OF DISCOVERY STATUS HEARING

BEFORE THE HONORABLE DEBORAH A. ROBINSON

1  Judge Huvelle has so ordered that the deposition take place
2  -- or, that the Court preside over the deposition.  And I
3  intend to do that here in the courtroom.
4  MR. BEATY:  Certainly, Your Honor.  So, to that
5  end, we believe that -- I don't know that it's one question,
6  maybe there is a second question, a follow-up.  But I don't
7  think the questions should go outside the scope of, "Did you
8  have anything to do with this?  What was your role in this?"
9  I can't see what other -- and if the answer is,
10 what I expect to be is, "No, I've had nothing to do with
11 this, I never ran your credit history," which I expect her
12 testimony to be, I don't see why this would go forward and
13 I would hope that the Defendant would drop this.  Would drop
14 this suit.
15 MR. ROGERS:  The Plaintiff.
16 MR. BEATY:  Excuse me, pardon me, the Plaintiff.
17 THE MAGISTRATE JUDGE:  Very well.  Thank you,
18 Mr. Beaty.
19 The Court's order is that the deposition will
20 begin at 10:00 o'clock tomorrow, that each side will bear
21 its own costs unless the parties agree to some other
22 arrangement, that the deposition will take place here in the
23 courtroom, and that the inquiry during this phase which I
24 will construe now as the initial phase of the deposition
25 will be limited to the question of what role, if any, the

1   Defendant had in requesting or causing to be generated the
2   credit report.
3   I have no basis upon which to speculate about what
4   the answer to that question will be.  I think we can all
5   agree that there are some answers that might occasion a
6   follow-up question, so I'm not prepared to say now that that
7   is the only question that might be asked, because I do not
8   know what the answer will be.
9   If the answer is, "Yes, I had some role," then
10  obviously there would be questions regarding what that role
11  was, at what point the role was assumed, what action was
12  taken with respect to that role, and other follow-up
13  questions based upon the answers to those questions.
14  If the answer to the question is, "No," perhaps
15  there might be some questions that the Court would deem
16  relevant regarding the credibility of that answer, of that
17  denial.  Typically, the Court would expect that any
18  impeachment of such an answer would be by way of confronting
19  the witness with, for example, a prior inconsistent
20  statement under oath.  That would certainly be one way to
21  do that.
22  Because I gather that your intention, Mr. Rogers,
23  would be to, instead, revisit a course of events spanning a
24  period of nearly ten years, some of which has already been
25  adjudicated by the Court, you should expect that the Court

1   would not find a significant line of inquiry regarding those
2   matters relevant.  In other words, if there are questions
3   you intend to ask which would -- or through which you would
4   intend to demonstrate that the witness is not credible, the
5   Court would expect that those questions would be focused on
6   relevant inquiries and would be far more limited than the
7   matters that the Court has already adjudicated spanning this
8   period of nearly ten years.  In other words, the deposition
9   will not be the occasion to address those matters again or
10  to seek some different outcome with respect to those
11  matters.  That is simply not a proper purpose of discovery
12  in the context of a single Fair Credit Reporting Act claim,
13  and the Court would likely not allow it.
14  Because the Court does not know what the answer
15  to the question will be, it is difficult to suggest what
16  the time limit for this phase of the deposition will be.
17  You have already been permitted, each side, a period of
18  seven hours for each deposition.  The proceedings tomorrow
19  will not require seven hours; indeed, they may not require
20  one hour.  That does not mean I will not hear argument at
21  some later time about what other questions are appropriate
22  and agree that the deposition will resume and that other
23  questions may be asked.  I could not do that in fairness to
24  the parties without knowing what the answer to the question
25  is.

1  However, given your suggestion, Mr. Rogers,
2  before Judge Huvelle, that your immediate concern is with
3  the answer to that fundamental question regarding the nature
4  of the cause of action, I have ruled as I have to limit your
5  inquiry to that area.  The presumptive limit at this time
6  for that phase of the deposition is 30 minutes.
7  It may be that if the Court rules that questions
8  that you now characterize as questions regarding credibility
9  are irrelevant, we will require a shorter period than the
10  30 minutes.  It may be that there will be an answer which
11  will suggest that a period longer than 30 minutes will be
12  required.  So some flexibility will be required by all of
13  you since I have allowed for the possibility that more time
14  will be needed, depending upon the answer to the question.
15  MR. ROGERS:  Your Honor?
16  THE MAGISTRATE JUDGE:  Now, Mr. Rogers.
17  MR. ROGERS:  Your Honor, I was just going to ask
18  about some brief foundation about the Defendant's duties at
19  Wells Fargo.  That would seem to be relevant.  I certainly
20  don't allege that this inquiry was a part of her duties.
21  I believe it was outside of her duties, and I
22  would just ask that the Court allow me some latitude to find
23  out exactly what her duties are, some history about Wells
24  Fargo and how that might relate if, in fact, someone else
25  at Wells Fargo that she knows of had anything to do this.