UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
VIRGIL M. ROGERS, *pro se*            )
                                      )
        Plaintiff,                    )
                                      )
    v.                                ) Civil Case No. 06-01186 (ESH)(DAR)
                                      )
KAREN JOHNSON-NORMAN                  )
                                      )
        Defendant.                    )
_____)

**KAREN JOHNSON-NORMAN'S MOTION TO COMPEL INTERROGATORY
ANSWERS FROM ROGERS**

Rogers' refusal to adequately answer Karen Johnson-Norman's interrogatories highlights Rogers' bad faith in filing and maintaining his Fair Credit Reporting Act claim. Upon information and belief, Rogers has or is aware of evidence that exculpates Ms. Johnson-Norman, proving that she had no involvement in running an inquiry on Rogers' credit history in April 2004. Thus, Ms. Johnson-Norman's interrogatories seeking to discover this information are directly relevant to Count I of Rogers' Amended Complaint. Therefore, pursuant to Federal Rule 37(a)(2)(B), and Local Rule 26.2(d), Karen Johnson-Norman hereby moves to compel adequate responses to Ms. Johnson-Norman's first set of interrogatories to Rogers.

   **I.    BACKGROUND**

Ms. Johnson-Norman's discovery requests relate to Rogers' sole remaining claim for violation of the Federal Credit Reporting Act (FCRA). Rogers claims that the Karen Johnson-Norman improperly ran a credit inquiry on his personal information or caused someone else to improperly run a credit inquiry on his personal information, thus violating the FCRA. Fact discovery in this case is scheduled to end on June 8, 2007.

On February 5, 2007, Karen Johnson-Norman served Rogers with her first set of interrogatories. Rogers' answers to Ms. Johnson-Norman's interrogatories are thus far incomplete. Pursuant to Local Rule 7(m), the parties have held several meet and confer sessions to resolve disagreements regarding the scope of Karen Johnson-Norman's discovery. Unfortunately, the parties have reached an impasse with respect to Interrogatory 12 from Karen Johnson-Norman's first set of interrogatories.

In the hopes of resolving additional discovery issues without the Court's intervention, negotiations continue with respect to additional interrogatories and document requests. However, Ms. Johnson-Norman does not waive her right to move to compel further discovery if the parties cannot reach an accord on other interrogatories or document requests.

## II.  ROGERS' CREDIT APPLICATION HISTORY POTENTIALLY EXCULPATES KAREN JOHNSON-NORMAN AND THUS SHOULD BE DISCLOSED

Interrogatory 12 from Karen Johnson-Norman's first set of interrogatories seeks information on loans Rogers has applied for in the relevant time period:

> **Interrogatory 12**. Identify any loans you have applied for from January 1, 2004 to the present and for each loan identify: (a) the amount of the loan applied for; (b) the prospective lender; (c) whether you were approved for or denied the loan.
>
> **Rogers' Answer:** Plaintiff declines to answer this question in accordance with his meet and confer with defendant.

First, Rogers improperly implies that the parties reached an agreement during their meet and confer sessions that excused Rogers from answering Interrogatory 12 from Karen Johnson-Norman's first set of interrogatories. Karen Johnson-Norman never relieved Rogers of his obligation to answer this interrogatory.

Interrogatory 12 is directly relevant to Rogers' liability case. If a credit inquiry occurred,[1] Karen Johnson-Norman believes that it is because Rogers applied for credit or financing and the company that received the credit application used Wells Fargo Financial Acceptance Corporation's services to run Rogers' credit history. According to Wells Fargo's website, one of Wells Fargo Financial Acceptance Corporation's primary services is to process credit inquiries for car dealerships.[2] Thus, Karen Johnson-Norman suspects that Rogers applied for a lease or financing at a car dealership, which resulted in Wells Fargo Financial Acceptance Corporation running an inquiry on Rogers' credit.

Upon information and belief, Wells Fargo Financial Acceptance Corporation also processes other types of consumer loans, such as credit card applications or applications for lines credits. It is also likely that Rogers applied for a loan or credit card during the relevant period, which would also have resulted in Wells Fargo Financial Acceptance Corporation running an inquiry on Rogers' credit. Thus, *any* credit application during the relevant time period potentially exculpates Karen Johnson-Norman because Rogers would have himself initiated the April 2004 credit inquiry.

Notably, Rogers has not denied that he applied for any other lines of credit in April 2004; he simply refuses to identify those credit applications. Rogers argues that he has never applied for credit with Wells Fargo, and therefore all other credit inquiries are immaterial. However, Rogers' allegations claim that Karen Johnson-Norman initiated an inquiry on Rogers' credit. Hence, any evidence that supports Ms. Johnson-Norman's theory that Rogers *himself* initiated the inquiry is relevant because it disproves Rogers' liability case and exculpates Karen Johnson-Norman.

---

[1] Karen Johnson-Norman does not concede that Rogers can prove that a credit inquiry was run by Wells Fargo Financial Acceptance Corporation. Rogers' sole document evidencing the alleged credit inquiry is incomplete and obscured with redactions. Ms. Johnson-Norman contests the authenticity and admissibility of the Rogers' copy of the credit report at issue in this case.

[2] *See, e.g.,* http://financial.wellsfargo.com/commercial/auto/site/dealertrack.html. *See also*, http://www.hoovers.com/wells-fargo-financial-acceptance/--ID__112541--/free-co-factsheet.xhtml.

### III.     CONCLUSION

For the foregoing reasons, Karen Johnson-Norman respectfully requests this Court to compel Rogers to adequately answer Interrogatory Number 12 from Karen Johnson-Norman's first set of interrogatories. Ms. Johnson-Norman respectfully requests to be heard at oral argument on her motion to compel.

_____/s/_____
Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania
Washington, DC 20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated: March 23, 2007.