UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIN M. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action no.06-1186 (ESH)(DAR) |
| KAREN JOHNSON-NORMAN, ) | |
| ) | |
| ) | |
| Defendants, ) | |
| ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO REOPEN DEFENDANT'S DEPOSITION**

Mr. Rogers respectfully urges this court to issue an order to reopen the deposition of the defendant. Moreover, the court should disregard the opposition that has been submitted by the defendant. Her opposition is replete with disinformation and is extremely emotionally charged. It underscores her major objective in this civil action – to villainize Mr. Rogers as a "stalker" so that this court will pity her as a victim and rule in favor of her primarily on that basis instead of the rule of law. Her efforts are transparent and unceasing and should be disregarded.

Moreover, defense counsel has apparently abandoned his putative role and responsibilities under the D.C. Bar Canon of Ethics to remain professional and honest – instead personally attacking Mr. Rogers in derisive terms, lying in his pleadings by expressly claiming Mr. Rogers is a convicted stalker, *threatening* Mr. Rogers with over $140,000 in legal fees in his intial disclosure even though he is a PRO BONO counsel, and expressly accusing Mr. Rogers of using this civil action as a means of criminal extortion. Quite contrary to displaying professional ethics, defense counsel has resorted to a contentious win-at-all cost posture; even possibly suborning untruthful deposition testimony by his client or covering it up (at the deposition before

1

Magistrate Judge Robinson) by claiming rather nonchalantly that Karen Johnson Norman's untruths were a result of memory lapses. For all of these reasons, and in the interest of justice, the court should reopen the deposition of defendant and should not continue to restrict the questioning as narrowly as the initial phase.

**DEPOSITION TIME LIMIT**

Defendant claims that Plaintiff doesn't need or deserve additional time to depose defendant. However, the court limited Mr. Rogers to only 30 minutes during the initial phase of the deposition which was inadequate. Defendant refers several times to a statement Mr. Rogers made at the outset indicating that he wanted foremost to hear testimony from the defendant that she had not initiated the credit inquiry at issue in this matter. For several reasons, the articulated limitations should not be deemed as a relinquishment of any rights to seek admissible discovery.

   A. **Pro Se status**

*Mr. Rogers is a pro se litigant*. He doesn't believe that he surrendered any rights under the Federal Rules with respect to deposing the defendant. If he mistakenly articulated his intentions with respect to the conduct of the deposition, that error should not foreclose his opportunity to depose whatever. The federal courts do not hold *pro se* litigants to the same stringent standards as attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). The defendant is represented pro bono by one of the largest law firms in the U.S., and she will hardly be prejudiced or harmed in any way by submitting to a more in depth deposition on permissible evidence. Pro se litigants should be afforded some latitude based on their status. Moore v. Agency for Int'l Dev. 994 F.2d 874, 876 (D.C. Cir 1993). The defendant urges this court to hold Mr. Rogers strictly to a representation that he made prior to the deposition, which would clearly be unfair to Mr. Rogers since he did not know that defendant would malinger or pravaricate.

2

***B.* Defendant Malingered during her initial deposition and was untruthful**

The defendant was contemptuous and malingered during her intial deposition by feigning memory loss on even the most basic questions posed by Mr. Rogers. Remarkably, the defendant claims in her opposition that she could not remember such basic facts such as (1) where is Wells Fargo Real Estate Group headquartered?  Defendant has worked for the Real Estate Group since 1999 and it is absolutely unbelievable that she somehow forgot where her supervisor works and all her professional direction originate. This Court should not reward the defendant for malingering during a federal deposition which was held *inside the federal court before a federal magistrate at defendant's own request*. Such feigned memory loss has been deemed contempt in some circumstances.

Defendant argues in her opposition that the question about her involvement in the illegal credit inquiry is forestalled because it was "asked and answered". (Def'n opposition 4).  This is not a valid objection in a deposition. Defendant is submitting objections used during trial to forestall additional follow up questions or even proper foundation because she urges this court to issue an improper ruling that such information has been asked and answered. It would be inappropriate for the court to prevent a federal plaintiff from asking questions in a deposition that may lead to admissible evidence and there is no portion of the Federal Rules which permit an "<u>Asked and Answered</u>" objection. Mr. Rogers has not found case law supporting the defendant's objections.

In any event, because the defendant failed to answer simple basic questions with a truthful and complete answer, her testimony as to the more germane issues are totally unreliable and require further follow up.  Essentially, if she lied or malingered about small matters, Mr. Rogers and this court have no way of knowing that she is not lying about more relevant matters. Mr. Rogers believes that she has been untruthful with both the Court and with him during the

deposition and should be subject to further deposing. 30 minutes is simply inadequate to probe a defendant so adept at malingering and prevaricating.

### C. The Proper remedy for questions that won't lead to admissible evidence is an objection not preventing further questions

The defendant wrongly argues in her opposition that because the Court held that some of the Plaintiff's questions should not be answered during the initial deposition that the entire process of deposing the defendant should be foreclosed. This is an entirely excessive and ridiculous request.  The proper remedy in a deposition is to object for the record and to answer the question. It certainly would be improper for the Court to terminate or preclude a plaintiff from deposing a witness simply because it had held some of his prior questions unanswerable.  Were the defendant's resolution adopted by this Court, depositions would rarely be completed in any civil action. The defendant makes an issue of the fact that the deposition was held before Magistrate Robinson in the federal court. Apparently, defendant requested these measures based upon her delusions and fabricated claims of fear. Mr. Rogers never requested that the Court utilize judicial resources to conduct the deposition. Defendant now disingenuously invokes the presumed waste of judicial resources to which she herself requested from this Court as grounds to foreclose Mr. Rogers from further deposing her.  This again would be unfair to Mr. Rogers who never asked for court intervention to preside over the deposition.

**PREVARICATION BY DEFENDANT**

Defendant, by and through her counsel makes many far out and outrageous claims in her Opposition and several other pleadings which are designed solely for the purpose of misleading this Court and garnering sympathy for defendant and prejudicing Rogers.

Defendant claims in a footnote in her opposition (def'n opp 5) that Mr. Rogers "agreed with the Court on many of the rulings" in dismissing his other counts in the Amended Complaint. This is an absolutely ridiculous statement made by the defendant which doesn't even cite or attribute where this alleged statement credited to Mr. Rogers originated. Mr. Rogers has never made such a statement.

    A.    **Stalking**

One of the most outrageous falsities by defendant in her opposition is that Mr. Rogers has been stalking her for nearly 10 years and defense counsel slanders Mr. Rogers when he claims that Mr. Rogers was actually convicted of stalking this defendant. (defn' Opp 7).  Though defendant makes this claim in various forms throughout every pleading she has filed in this case, it is absolutely untrue.  It is submitted only to garner sympathy.

    **MR ROGERS HAS <u>NEVER</u> BEEN CONVICTED OF STALKING.**

Defendant and/or her counsel blatantly lie in a pleading before this court once again when they claim Mr. Rogers has been so convicted. This defendant has filed approximately 7 to 10 false criminal charges against Mr. Rogers and *all but one has resulted in either a dismissal by the court or acquittal*. In all her efforts to defame Mr. Rogers with false charges, he was once convicted 7 years ago of a petty misdemeanor in a bench trial. However, he was not convicted of stalking.  *To state so once again is unethical and unprofessional misconduct by defense counsel.*

    B.    **Defendant has fabricated stalking claims**

The true fact is that Defendant engaged in a casual sexual relationship with Mr. Rogers for nearly 2 years while she was married to another individual. During the entire period of her illicit affair with Mr. Rogers, the defendant lied to her spouse and several other people, explaining to them that Mr. Rogers was instead stalking her for nearly two years while she gleefully sought out Mr. Rogers for sexual trysts and declared her undying love for him. Once he ended the affair, she

5

continued and intensified her false claims of stalking in order to seek retribution against Mr. Rogers. As is clear, the irrational stalking allegations continue to this day and speak volumes about the apparent mental stability of Karen Johnson Norman and her credibility.

In D.C. Superior Court case M970900, in which Mr. Rogers was convicted of the misdemeanor, the defendant's husband testified under oath about the extent of the defendant's prevarication with respect to fabricating claims of stalking against Mr. Rogers. Mr. Rogers has provided a transcript of the criminal case where Karen Johnson-Norman explicitly admits to lying and fabricating allegations of stalking against Mr. Rogers (M970900  ppg 106-108) Attachment A). Her answers to Mr. Rogers' defense counsel make clear that Karen Johnson Norman has been fabricating stalking allegations against Mr. Rogers for years though she tries very hard to convince this Court she is actually a victim.

**Q:** **Okay. And the first time that you explained that you recall explaining Mr. Rodgers away to your husband by explaining to him that he was stalking you was in November of 1999, correct?**

**A:** **That's one of the times. I don't remember when was the first or the last.**

Moreover, defendant goes on to falsely testify that she only told her husband twice that Mr. Rogers was around her because he was stalking her, when in fact she was lying because she was sleeping with Mr. Rogers.  (M970900 ppg. 109).  Defendant's husband was called as a witness by Mr. Rogers and he testified that just during the period encompassed by her casual sexual relationship that defendant may have lied to him and claimed Mr. Rogers was stalking her *as many as 100 TIMES (ppg 267 M970900)*.  *That was at least <u>100 lies</u> by defendant in just under a 2 year period.*  How many lies must she tell to various people before she is deemed at

6

least prone to dishonesty? And these lies were to the person she lived with everyday, which speaks even more about how easy she can and will lie to serve her interests.

Defense counsel's claims that Karen Johnson-Norman is beyond lying, under oath or otherwise are outrageously false. She lied in order to obtain the unjust conviction. Moreover, as cited in a prior pleading, defendant lied to District Judge Gerald Bruce Lee of Eastern Virginia, again claiming that Mr. Rogers was stalking her while he was in another part of America attending church services. She has never denied fabricating these claims because they were debunked almost immediately. *Defendant's repeatedly false claims of stalking have never been corroborated by another human being anywhere at anytime.*

Finally, the defendant's credibility is highly suspicious because during the period when she was lying to her husband and claiming Mr. Rogers was stalking her in order to maintain her cryptic cover, ***she was also soliciting Mr. Rogers to participate with her in conspiring to murder her husband for the sake of obtaining an insurance settlement and marrying Mr. Rogers***. Mr. Rogers, of course, denied her request, but this speaks volumes about defendant's character.

Mr. Rogers testified truthfully to this solicitation and has irrefutable evidence to corroborate his testimony. (Attachment B Transcript from F4208-03 pg 18)

Defense counsel has gravely misstated the truthfulness and chastity of Karen Johnson-Norman. He portrays her as a near saint simply in order to foreclose further deposition testimony. However, there is no question that she has fabricated allegations against Mr. Rogers (as proven by her own testimony) and is willing to lie under oath to federal judges. Any arguments or excuses by defense counsel to the opposite are insufficient and false.

**HER OBJECTIONS ARE INSUFFICIENT**

Defendant submits specific objections to the questions posed by Mr. Rogers in his pleading. These objections are not based on the Federal Rules. As mentioned, such objections as <u>Asked and Answered</u> are not objections which may usually foreclose deposition queries. Mr. Rogers may inquire about issues that may lead to admissible evidence and he needs to do so in a deposition forum because the defendant has such a lengthy history of dishonesty that any other format will only present her an opportunity to prevaricate further. Fed.R.Civ.P. 26(b)(1) allows Mr. Rogers to ask questions which are relevant to the issues or reasonably calculated to lead to the discovery of admissible evidence. This is a fairly broad standard to which the court did not adhere during the admittedly tense initial deposition. However, given the evidence herein which proves that Karen Johnson Norman is prone to untruth about stalking allegations, the atmosphere need not be as tense on subsequent depositions. The feigned fear is merely another tool utilized by Karen Johnson Norman to elicit sympathy from District Judge Huvelle, Magistrate Judge Robinson, and any other judicial officers who she believes will be susceptible to ignore facts and evidence and succumb to emotional rulings. The court should reject this ploy and permit the deposition to be reopened.

**THE COURT SHOULD NOT CONDUCT ADDITIONAL DEPOSITIONS IN COURT**

Mr. Rogers objects to the Court conducting additional deposition at the courthouse. The original deposition was held before Magistrate Judge Robinson which facilitated objections promptly. However, there was also at least 4 court security officers in the court room which was distracting and intimidating to Mr. Rogers and the proceeding in general. A guest present with Mr. Rogers was required to leave the courtroom but all of the court security was permitted to remain and they were traveling in and out of the courtroom. Respectfully, Mr. Rogers believes

that under whatever circumstances the numerous security officers were summoned to the deposition, it was unfair to subject a single pro se litigant to perform a competent deposition when he has been clearly confronted with such circumstances. There are significant security measures in entering the courthouse and both parties are educated and professional. Mr. Rogers has never been accused of any type of violent behavior.

It would be appropriate to conduct depositions in a neutral office building while limiting outsiders from distracting the proceeding. The outrageous request by defendant to again use up court resources to continue a deposition is more theatrics and strives to inject more tension and emotion into the proceedings, which should be recognized by the court and rejected.

**WHEREFORE**, Mr. Rogers respectfully asks this court to permit him to continue to question the defendant on all issues that are in accordance with Fed.R.civ.P 26(b)(1) notwithstanding his statements which the court deemed as a limiter to foreclose further inquiry. Mr. Rogers is a pro se litigant and is not perfectly trained in the art of speaking before the court or conducting discovery. He urges the court to keep this fact in mind. Defendant, despite her proclamations of absolute truthfulness has lied many times and lied in her deposition. This alone is sufficient grounds to reopen the deposition, since she not only lied and malingered but did so before Magistrate Judge Robinson while wasting judicial resources. This was a plain contemptuous act before a federal Magistrate. If defendant has been shown to lie about non essential matters, it can be presumed that her denial of the allegations in this civil action require further scrutiny and examination. Each question posed by Mr. Rogers conforms with the Rules and will lead to admissible evidence. He asks the Court for an order permitting further deposition inquiry without requiring it be done under excessive security before a judicial officer in the federal courthouse.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Filed March 23, 2007 | //s// |
|  | VIRGIL ROGERS |