UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIN M. ROGERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAREN JOHNSON-NORMAN, )<br>)<br>)<br>Defendants, )<br>) | Civil Action 06-1186 (ESH)(DAR) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
INTERROGATORY ANSWERS**

For the first time, Defendant Karen Johnson Norman baldly claims in her Motion to Compel Interrogatory Answers that Mr. Rogers filed this civil action in bad faith and that he has some unspecified evidence which exculpates her. As a preliminary matter to his opposition, Mr. Rogers denies that he has any such exculpatory information, however if he didn't legitimately believe that Karen Johnson Norman was involved in alleged illegal conduct, he would move to dismiss this action immediately, and he has communicated that intention in earnest several times to defense counsel.

In Interrogatory 12, Karen Johnson Norman seeks to discover specific details into *every single loan* Mr. Rogers has applied for, either individual or jointly since January 1, 2004.

Such information is not relevant and is not reasonably calculated to lead to admissible evidence. The proper inquiry is whether Mr. Rogers ever applied for credit from Wells Fargo in April 2004. Mr. Rogers has provided a sworn statement that he did not apply for any credit from any division of any Wells Fargo company in 2004 or since then. Such a sworn statement should foreclose the defendant's legitimate need from prying further into his credit.

Foremost, the primary basis for the allegations in this civil action are that Karen Johnson Norman has misused Mr. Rogers SSAN and has pried into his personal credit file for nefarious

1

or illegal purposes. She has irrationally sworn to ruin Mr. Rogers' life and has shown herself willing to go to extreme lengths to glean personal information about Mr. Rogers or various members of his inner circle to facilitate such harm. Were the Court to provide her with unwarranted and unlimited access to Mr. Rogers' credit files relative to companies besides Wells Fargo, it would subject Mr. Rogers' family to further harassment by defendant.

Defendant apparently desires to utilize the discovery process to gather intelligence on Mr. Rogers, which is not a legitimate purpose of discovery and possibly puts Mr. Rogers' family at risk. Defense Counsel has expressly asked Mr. Rogers his physical location recently, and has complained of not being given access to Mr. Rogers' residential address on numerous instances. Such information has been used by defendant in the past to fabricate false criminal allegations and have Mr. Rogers illegally seized in foreign jurisdictions. Therefore, Mr. Rogers is loathe to provide such information to defendant.

Moreover, there is no possible information that can be gleaned by knowing from whom Mr. Rogers sought credit during a three and a half year period, but further personal information would be gleaned by defendant, which is the actual purpose of some of her discovery requests.

In her Motion to Compel, Karen Johnson Norman relies upon a highly speculative theory that is mere conjecture. Her theory is that Mr. Rogers possibly applied for credit from some other company that initiated a credit inquiry under the false pretense that it was being initiated by Wells Fargo Financial Acceptance Corporation (WFFAC). What she is essentially alleging is that Mr. Rogers submitted a legitimate credit inquiry that resulted in that company fraudulently representing itself as a different company when it sought credit information from Experian. Such a theory is unsupported by any statute and has no basis in fact.

Defendant's theory is disproved by 15 U.S.C. § 1681a {§ 603 (d) (2) (c)} which states in relevant part:

> *any report in which a person who has been requested by a third party to make a specific extension of credit directly or indirectly to a consumer conveys his or her decision with respect to such request, if the third party advises the consumer of the name and address of the person to whom the request was made, and such person makes the disclosures to the consumer required under section 615 [§ 1681m];*

Clearly, a company may not perform a proxy inquiry upon a consumer's credit file on behalf of another company without disclosing that information to the consumer. No company ever disclosed such information to Mr. Rogers and his sworn statement that he did not apply for credit from any Wells Fargo company in 2004 (nor since then) is representative of the statute requiring disclosure from any creditor using WFFAC.   15 U.S.C. § 1681e {§607 (e)}

*(e) Procurement of consumer report for resale.*

*(1) Disclosure. A person may not procure a consumer report for purposes of reselling the report (or any information in the report) unless the person discloses to the consumer reporting agency that originally furnishes the report*

*(A) the identity of the end-user of the report (or information); and*

*(B) each permissible purpose under section 604 [§ 1681b] for which the report is furnished to the end-user of the report (or information).*

Defendant further claims that <u>any</u> credit application initiated by Mr. Rogers in April 2004 may exculpate Karen Johnson Norman because of this clearly fraudulent conduct she speculates may have occurred where one company purports to be WFFAC.   This is not a factually based theory, and oddly she seeks to discover credit applications made by Mr. Rogers in the subsequent 3 years since April 2004. Such information cannot be discoverable and lead to information about an inquiry from WFFAC in April 2004. Essentially, defendant seeks to discover every company that has extended credit to Mr. Rogers prior to or since January 2004 and every company that has inquired about Mr. Rogers' credit since the same date. This is overly broad and is not relevant. Credit inquiries are required to be removed from a credit report two years from the date of the inquiry. Therefore, even the WFFAC inquiry should have been removed from Mr. Rogers' Experian report at least a year ago in April 2006.

3

Defendant outrageously claims that the Experian credit report evincing that there was an inquiry from WFFAC is not authentic. The report number has been given to defendant and she can easily authenticate the report number with Experian. Essentially, she claims that Mr. Rogers falsified an entire Experian credit report and fabricated a report number. Her allegations are false and are a desperate attempt to implicate Mr. Rogers in the illegal act of falsifying a credit report. Since she has the Experian credit report number, her allegations of feigned authenticity are submitted in bad faith.

WHEREFORE Mr. Rogers opposes the defendant's efforts to discover all of his credit information that is not related to the WFFAC inquiry in April 2004. Her theory of another company falsely using WFFAC as a proxy is contradicted by the United States Code which prohibits the type of activity she speculatively alleges. Granting her wide discovery request would place Mr. Rogers in danger of her further intrusions into his privacy and may irreparably damage his family's security and peace of mind from this defendant's activities.

        Respectfully Submitted,

Filed March 31, 2007        //s//

        VIRGIL ROGERS