UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, )<br>)<br>          Plaintiff, )<br>v. )<br>) Civil Action 06-1186 (ESH)(DAR)<br>KAREN JOHNSON-NORMAN, )<br>)<br>)<br>          Defendants, )<br>) | |

**PLAINTIFF'S SECOND MOTION FOR PROTECTIVE ORDER**

Plaintiff Virgil M. Rogers respectfully moves this honorable court for a protective Order enjoining the defendant from further publicizing, releasing, disclosing, or otherwise utilizing in any manner his Social Security Number (SSAN) for any purposes. Such use is not only unauthorized and improper, but it violates the Local Rules of this Court, infringes on Mr. Rogers' right to privacy, and places Mr. Rogers at unhealthy and unwarranted risk of identity theft or privacy intrusions such as those already alleged against defendant in this civil action. Moreover, the unauthorized use of Mr. Rogers' SSAN is a violation of the D.C. Bar Rules of Professional Conduct.

Foremost, Mr. Rogers has never provided or given his SSAN to either defendant or her counsel. He has no idea where the defendant obtained this personal information or how long she has been using it for improper purposes. Mr. Rogers certainly never authorized defendant or her counsel to utilize his SSAN at any time for any reason.

Mr. Rogers urges this Court to sanction defense counsel *sua sponte* for two reasons. First, defendant committed perjury in the presence of Magistrate Judge Robinson on February 2, 2007 during her deposition when she claimed that she first learned of Mr. Rogers' SSAN as a result of some pleading that defendant falsely claims that Mr. Rogers filed in this instant action. This statement was blatantly false and defense counsel was aware of that fact. Each pleading Mr.

Rogers has filed in this civil action is public and is subject to the Court's inspection. Nowhere in any pleading filed by Mr. Rogers will this Court find Mr. Rogers' SSAN except where it was publicly filed by the defendant. Secondly, defendant has improperly disclosed Plaintiff's SSAN for at least the second time in this civil action.

On/about November 3, 2006 Mr. Rogers filed a pleading in this Court pointing out that defendant improperly filed a document including Mr. Rogers' SSAN in violation to LCvR 5.4 (f). Defendant did not deny this improper behavior and acknowledged the impropriety seeking to file a redacted version of her pleading the following day.

The defendant and/or defense counsel have now once again misused Mr. Rogers' SSAN without proper authorization. On/about March 27, 2007 defendant served notice of a Subpoena Duces Tecum which she either has served upon Wells Fargo or endeavors to serve upon Wells Fargo which discloses Mr. Rogers' SSAN. This subpoena is subject to public disclosure as part of this civil action, however it clearly violates LCvR 5.4 and it grossly violates Mr. Mr. Rogers' privacy. Even though the defendant was put on notice during the prior instance of her violating the privacy restrictions, this latest instance indicates a flagrant disregard for the Rules. From all indications, defendant has already provided Mr. Rogers' SSAN to one or more parties in Los Angeles and elsewhere as indicated on her subpoena and service documents. Therefore, even if she has not completed the service of the subpoena to all intended parties, she has disclosed Mr. Rogers' SSAN to one or more parties without any legal authorization whatsoever.

Mr. Rogers request this Court sternly admonish defendant and her counsel from any further such violations. Secondly, he request the Court issue an order requiring the defendant to immediately disclose to Mr. Rogers any and all parties that she has ever provided Mr. Rogers' SSAN to at any time so that he can clearly identify any possible intrusions to his privacy that may result from defendant's disclosures. Thirdly, he request the Court issue an Order requiring the defendant to retrieve all original and copies of any documents containing Mr. Rogers' SSAN

or other private information that have been disclosed and submit a sworn affidavit to this Court asserting that these documents have been retrieved and returned to Mr. Rogers. Lastly, Mr. Rogers requests this Court *sua sponte* sanction the defendant and her counsel for blatantly misusing Mr. Rogers's SSAN (without ever being given this information from Mr. Rogers) without proper authorization and doing so in blatant disregard to the Rules and the D.C. Bar Rules of Professional Conduct.

Mr. Rogers moved this Court to reopen the defendant's deposition partially in the hope that he could learn the truth about the circumstances surrounding defendant obtaining his SSAN. Clearly, she committed perjury before this Court when she claimed she first learned of his SSAN as a result of some undisclosed pleading. The Court denied Mr. Rogers' motion to reopen the deposition. However, Mr. Rogers urges the court to reconsider this denial since the circumstances of defendant's use of Mr. Rogers' SSAN is totally probative to the resolution of this civil action. It cannot be learned unless the defendant is compelled to give truthful testimony and understands that perjury will not be tolerated from a lawyer.

WHEREFORE this court is charged with the approbation of conduct by attorney's performing functions before it. Both defendant and her counsel are subject to the ethical requirements of the D.C. Bar. Given that identity theft and other intrusions of private information is rampant in the U.S. and is essentially the subject of Count 1 of this civil action, the defendant's actions are unconscionable. This Court should issue a Protective Order enjoining defendant from further using or disclosing Mr. Rogers SSAN to any person without authorization. He urges this Court to take the other steps, including a sua sponte sanction to impress upon the defendant that a third violation is untenable.

                                                Respectfully Submitted,

Filed March 31, 2007                             //s//

                                                VIRGIL ROGERS