UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
VIRGIL M. ROGERS, *pro se*          )
                                    )
        Plaintiff,                  )
                                    )
    v.                              ) Civil Case No. 06-01186 (ESH)(DAR)
                                    )
KAREN JOHNSON-NORMAN                )
                                    )
        Defendant.                  )
_____)

**KAREN JOHNSON-NORMAN'S REPLY TO ROGERS' OPPOSITION TO MS. JOHNSON-NORMAN'S MOTION TO COMPEL**

Rogers' opposition to Karen Johnson-Norman's Motion to Compel clouds the issue before this Court.  Ms. Johnson-Norman submits this reply for the sake of clarity.

**I.    KAREN JOHNSON-NORMAN ONLY SEEKS ROGERS' LOAN APPLICATION HISTORY DURING THE RELEVANT TIME PERIOD**

Ms. Johnson-Norman is ***not*** moving to compel Rogers' entire loan application history.  Karen Johnson-Norman only seeks Rogers' loan application history from March 2004 to May 2004, which is the relevant time period in this case.

**II.   ROGERS' LOAN APPLICATION HISTORY DURING THE RELEVANT TIME PERIOD IS DIRECTLY RELEVANT TO HIS ALLEGATIONS**

Ms. Johnson-Norman's theory of this case is that Rogers applied for credit with some company during the relevant time period, and that company used Wells Fargo Financial Acceptance Corporation to process the credit inquiry.  Karen Johnson-Norman acknowledges that Rogers does not accept her theory of the case – she did not expect that he would.  However, Ms. Johnson-Norman has good-faith reason to believe that Rogers ***did, in fact,*** apply for credit during the relevant time period, and that the company with

whom he applied for credit used Wells Fargo Financial Acceptance Corporation's services to process the credit inquiry.

If Rogers applied for credit, and the company receiving the credit application used Wells Fargo Financial Acceptance Corporation to process the credit aplication, then Rogers *himself* initiated the April 2004 credit inquiry.  This is the very definition of exculpatory material.  Thus, any such information that refutes the allegations of Count I of Rogers' amended complaint is directly relevant to Rogers' claims and should be discoverable.

### III. DESPITE ROGERS' PRONOUNCEMENTS ON CONSUMER LENDING LAWS, WELLS FARGO FINANCIAL ACCEPTANCE CORPORATION DOES PROCESS CREDIT INQUIRIES FOR OTHER COMPANIES

Wells Fargo's website shows that one of Wells Fargo Financial Acceptance Corporation's primary services is to process credit inquiries for car dealerships.[1]  Upon information and belief, Wells Fargo Financial Acceptance Corporation also processes other types of consumer loans, such as credit card applications or applications for lines of credit.  This is consistent with Karen Johnson-Norman's theory of the case.

Rogers argues that if Wells Fargo Financial Acceptance Corporation had processed a credit application for another company, it violated the FCRA because Rogers did not apply for credit directly with Wells Fargo.  Rogers therefore concludes that if Wells Fargo Financial Acceptance Corporation *had* ran his credit history for another company, it would have done so improperly.  Rogers' argument fails for two reasons.

First, Rogers suffers an error of apprehension.  Ms. Johnson-Norman's theory is not that Rogers was unaware that Wells Fargo Financial Acceptance Corporation was processing his credit application.  Ms. Johnson-Norman believes that Rogers knew or

---

[1] *See, e.g.,* http://financial.wellsfargo.com/commercial/auto/site/dealertrack.html and http://www.hoovers.com/wells-fargo-financial-acceptance/--ID__112541--/free-co-factsheet.xhtml (Attached hereto as Attachment A).

should have known that Wells Fargo was processing his credit application, and indeed authorized the inquiry. Second, even if Rogers did not know that Wells Fargo was processing his credit application or authorized Wells Fargo to conduct the inquiry, his application for credit with a company that was ultimately processed by Wells Fargo still exculpates Karen Johnson-Norman. Whether Rogers authorized the inquiry is an issue he can pursue with another party.

### IV. ROGERS STILL HAS NOT DENIED THAT HE APPLIED FOR A LOAN OR FINANCING DURING THE RELEVANT TIME PERIOD

If Rogers truly believed that his loan application history during the relevant time period is not exculpatory, he should have no objection to identifying all applications for credit or financing during the relevant time period.[2] Indeed, Rogers does not deny that he applied for credit or financing during the relevant time period. Rogers refuses to answer this interrogatory because he knows that this information will exonerate Ms. Johnson-Norman and highlight Rogers' bad faith in bringing this action.

### V. CONCLUSION

Therefore, pursuant to Federal Rule 37(a)(2)(B) and Local Rule 26.2(d), Karen Johnson-Norman hereby moves to compel an adequate answer to Interrogatory Number 12 from Karen Johnson-Norman's first set of interrogatories. Counsel for Karen Johnson-Norman remains available to be heard on Ms. Johnson-Norman's motion if the Court is inclined to hold oral arguments.

---

[2] Rogers dedicates much of his opposition to impugning Ms. Johnson-Norman's intentions for seeking this discovery. However, during the meet and confers, Rogers had steadfastly refused to enter into a stipulated protective order that would have addressed his confidentiality concerns. Counsel for Karen Johnson-Norman remains open to discuss additional protections for the parties' confidential information.

                                                                          /s/
                                      Sean P. Beaty, *pro bono*
                                       (Bar No. 493597)
                                     HOWREY LLP
                                     1299 Pennsylvania
                                     Washington, DC 20004
                                     (202) 783-0800

                                   Attorney for
                                   Karen Johnson-Norman

Dated: April 2, 2007.