UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
VIRGIL M. ROGERS, *pro se*          )
                                    )
            Plaintiff,              )
                                    )
      v.                            ) Civil Case No. 06-01186 (ESH)(DAR)
                                    )
KAREN JOHNSON-NORMAN                )
                                    )
            Defendant.              )
_____)

**KAREN JOHNSON-NORMAN'S OPPOSITION TO ROGERS' SECOND MOTION FOR PROTECTIVE ORDER**

Rogers failed to meet and confer with counsel for Ms. Johnson-Norman pursuant to Local Rule 7(m) or even notify counsel that Rogers was filing his motion, and therefore the Court should summarily deny his motion. Moreover, Rogers' Second Motion for a Protective Order is not rooted in any violation of the Local or Federal Rules of Civil Procedure. The instant motion evidences Rogers' continued bad faith in filing, maintaining, and litigating this suit and therefore, Karen Johnson-Norman respectfully requests that the Court deny Rogers' motion and require Rogers pay reasonable costs, including attorneys fees, incurred opposing this motion pursuant to Federal Rules 26(c) and 37(a)(4)(A).

**FACTS**

1. Karen Johnson-Norman does not know Rogers' social security number. Counsel for Ms. Johnson-Norman has Rogers' social security number in his case files due to the long history of litigation with Rogers.

2. Rogers' social security number is publicly available. For instance, Rogers' social security number is part of the public record in felony case F-4208-03, in the D.C. Superior Court. In 2003, Rogers was arrested in California on a warrant. Prior to

transporting Rogers back to the District of Columbia to stand trial, Rogers was brought before the Honorable Peter Nowinski of the U.S. District Court for the Eastern District of California for an identification and detention hearing.

Rogers' counsel at the identification hearing put the Government to its burden of proving Rogers' identity. During the Government's proffer, Assistant United States Attorney Ferrari identified Rogers on the record by his date of birth and social security number. The transcript of this hearing is publicly available, and can be found in Case No. Mag-03-0132 in the Eastern District of California.[1]

3. At the beginning of this case, counsel for Karen Johnson-Norman inadvertently filed an unredacted copy of the identification hearing transcript with the Court as an attachment to Ms. Johnson-Norman's Motion to Dismiss. D.I. 4. Immediately upon learning of his error, counsel for Ms. Johnson-Norman moved the Court to replace the unredacted transcript with a redacted version. D.I. 22. The Court granted Ms. Johnson-Norman's motion and instructed the Clerk of the Court to exchange the unredacted transcript for the redacted version. Minute Order, Nov. 11, 2006.

4. On March 26, 2007, Karen Johnson-Norman issued a subpoena to Wells Fargo to obtain documents evidencing any inquiries Rogers may have initiated on his own. Karen Johnson-Norman identified Rogers by social security number in the subpoena because that is the most expedient method for Wells Fargo to find the relevant information.

5. Ms. Johnson-Norman has not yet served the subpoena upon Wells Fargo because California Code of Civil Procedure § 1985.3 required Ms. Johnson-Norman to give Rogers notice prior to serving the subpoena. It also appears that California law required counsel for Ms. Johnson-Norman to mail a copy of the subpoena and other required forms from California. Hence, counsel for Ms. Johnson-Norman asked an

---

[1] A redacted version of this transcript is available in this case at D.I. 22 (Attachment A).

associate in Howrey's Los Angeles office to mail the subpoena and other forms to Rogers' last known address, which is a P.O. Box in Los Angeles.

**ARGUMENT**

Rogers casts wild accusations of ethical and legal violations by both counsel for Karen Johnson-Norman and Ms. Johnson-Norman herself. With each motion, Rogers' tone has become more acrimonious. Seething with venom, Rogers' instant motion inappropriately requests sanctions against Ms. Johnson-Norman and her counsel. The Court should deny Rogers' motion and require Rogers to pay reasonable expenses, including attorney's fees, incurred in opposing Rogers' motion.

**I.     ROGERS FAILED TO MEET AND CONFER WITH COUNSEL FOR MS. JOHNSON-NORMAN PRIOR TO FILING THE INSTANT MOTION**

Rogers' motion should be summarily denied because Rogers has again failed to meet and confer with counsel for Ms. Johnson-Norman prior to filing his motion. Local Rule 7(m) requires parties meet and confer prior to filing any non-dispositive motion. Moreover, Federal Rule 26(c) states that every motion must include a certification that the movant has conferred with opposing counsel prior to filing his motion.

The Court should not countenance Rogers' continued flouting of the Local and Federal Rules. Rogers indicated that he is familiar with the civil rules, and that he would be able to abide by them. Feb. 1, 2007 Scheduling Hr'g Tr. 4:5-12.[2] Indeed, Rogers has conferred with opposing counsel on several occasions prior to filing a non-dispositive

---

[2] The Court:     You are familiar with the civil rules, sir?
   Mr. Rogers:     Yes, Your Honor.
   The Court:     You will be able to abide by those, they govern you just like any lawyer and you are required to follow them. I don't anticipate my [sic] amendments or joinders, correct?
   Mr. Rogers:     That is correct, Your Honor.
Scheduling Hr'g, February 2, 2007, 4:5-12.

3

motion. *See* D.I. 36, 44, and 54. Rogers cannot now rely on his *pro se* status to claim ignorance of his duty to confer.

## II.     ROGERS HAS FAILED TO IDENTIFY ANY VIOLATION OF THE LOCAL OR FEDERAL RULES

Rogers moves for a protective order and sanctions without identifying a single violation of the Local or Federal Rules. Counsel for Ms. Johnson-Norman is unaware of any local or federal rule that prohibits the use of Rogers' social security number to subpoena relevant information from a third party. Rogers appears to hang his hat on Local Rule 5.4; however, Rogers' reliance on this rule is inapposite.

Local Rule 5.4, entitled "Cases Assigned to Case Management/Electronic Case Filing (CM/ECF) System," only imposes a duty on counsel to redact social security numbers from *electronically filed documents*. Local Rule 5.4(f). Counsel for Karen Johnson-Norman did not file a copy of her subpoena to Wells Fargo in any format with any court. If circumstances later require Ms. Johnson-Norman to file a copy of her subpoena to Wells Fargo with the Court, counsel for Ms. Johnson-Norman will redact it appropriately. However, as of the filing of Rogers' instant motion, there has been no violation of the Local or Federal Rules.

## III.    ROGERS' OWN OBSTINACY NECESSITATED THE USE OF HIS SOCIAL SECURITY NUMBER

Rogers can only blame himself for causing Ms. Johnson-Norman to subpoena relevant information from third parties. Counsel for Ms. Johnson-Norman asked Rogers for the very same information that is now sought from Wells Fargo. Indeed, Ms. Johnson-Norman had to move to compel relevant discovery from Rogers.[3] D.I. 55.

---

[3] After reading Ms. Johnson-Norman's reply brief, Rogers now agrees to provide the discovery sought in the motion to compel. It is unfortunate that counsel for Ms. Johnson-Norman bore great time and expense to compel this discovery from Rogers, who now concedes the motion. However, as of the time of filing of this opposition, Rogers has not provided a sworn statement regarding his loan application history during the relevant time period, and therefore Ms. Johnson-Norman has not yet withdrawn her motion to compel.

Karen Johnson-Norman asked Rogers to identify all his credit applications during the relevant time period. Rogers refused. Aside from moving to compel the information, which she did, Ms. Johnson-Norman's only recourse was to seek the information from Wells Fargo. Thus, counsel for Karen Johnson-Norman has issued a subpoena for all documents relating to Rogers' application for credit during the relevant time period.

Rogers cannot have it both ways. He cannot refuse to provide relevant information, and then object to Ms. Johnson-Norman seeking the information elsewhere. Karen Johnson-Norman sought information from Wells Fargo, and that necessitated providing Wells Fargo with Rogers' social security number so Wells Fargo could locate the relevant documents.

### IV.     ROGERS PUT HIS CONFIDENTIAL INFORMATION AT ISSUE WHEN HE FILED HIS AMENDED COMPLAINT

Rogers cannot complain that counsel for Ms. Johnson-Norman has used his social security number for the purposes of discovery when Rogers has claimed a violation of the Fair Credit Reporting Act (FCRA). Rogers' FCRA claim relates directly to his credit information, including his credit history, credit score, and loan application history. All of this information is inextricably intertwined with Rogers' social security number.

Rogers tacitly admitted that his social security number is relevant to the facts of this case at Ms. Johnson-Norman's deposition. During Karen Johnson-Norman's deposition, Rogers asked Ms. Johnson-Norman if she ever had access to Rogers' date of birth and social security number. Johnson-Norman Dep. Tr. 16:14-18, 17:15-18:7. Any subpoena to a third party regarding Rogers' credit information necessitates the use of Rogers' personal information because it is the only way for a third party to differentiate Plaintiff Rogers from the thousands of other "Rogers" with credit histories. Rogers initiated this suit. Rogers alleged an invasion of his credit history. Rogers must now face discovery relating to his claims against Karen Johnson-Norman.

Moreover, Rogers' allegation that he has suffered "unwarranted and unhealthy risk of identity theft and invasion of privacy" is a red herring. Rogers has not suffered any injury in this case or in the course of discovery.[4] The risk of identity theft cannot be calculated as part of Rogers' actual damages. Counsel for Karen Johnson-Norman has not disclosed Rogers' personal information for any purpose other than to seek discovery of relevant information, and thus has not unreasonably exposed Rogers to any risk of identity theft.

Rogers' motive is clear - the instant motion seeks to foreclose Karen Johnson-Norman from presenting her defense in this case. By prohibiting Karen Johnson-Norman from using Rogers' personal information to obtain relevant discovery, Rogers hopes to prevent Ms. Johnson-Norman from obtaining exculpatory material from third parties. Upon information and belief, Wells Fargo possesses relevant information that Rogers knows will exculpate Karen Johnson-Norman and prove that Rogers authorized the April 2004 credit inquiry by Wells Fargo Financial Acceptance Corporation.

### V. THE COURT SHOULD DENY ROGERS' MOTION FOR RECONSIDERATION

In the instant motion, Rogers seeks reconsideration of the Court's March 29, 2007 Order denying Rogers' Motion to Reopen the Deposition of Karen Johnson-Norman. For the same reasons elucidated in Ms. Johnson-Norman's opposition to Rogers' motion to reopen, Karen Johnson-Norman opposes Rogers' motion for reconsideration. However, Rogers raises a new argument, stating that Karen Johnson-Norman perjured herself at her deposition when she testified that Rogers filed his social security number in a pleading before the Court. The deposition transcript again belies Rogers' argument.

---

[4] Although the meet and confer process appears to have broken down, counsel for Ms. Johnson-Norman has served Rogers with discovery requests to identify Rogers' precise damages. If the parties are unable to reach an agreement with respect to this issue, Ms. Johnson-Norman will be forced to seek intervention by the Court.

6

Ms. Johnson-Norman did testify that she thought Rogers had filed his social security number in a pleading with the Court. Johnson-Norman Dep. Tr. 16:14 – 17:13.[5] Rogers challenged Ms. Johnson-Norman's testimony, and Ms. Johnson-Norman responded "I think you did *to the best of my recollection*." *Id*. (emphasis added). Karen Johnson-Norman did not commit perjury; her recollection was simply wrong.

If the Court was to accept Rogers' definition of perjury, every time a witness mistakenly testified to a fact that they believed to be true, we would send them to jail. That is simply not how the system works. Rogers could have asked Ms. Johnson-Norman what pleading she was referring to, but he didn't. Rogers could have asked Ms. Johnson-Norman if she was referring to her counsel's inadvertent filing of his personal information, but he didn't. Rogers had every opportunity to clarify Ms. Johnson-Norman's testimony or impeach her on her recollection, but he didn't. Rogers cannot now ask the Court to reopen the deposition to reward his failures.

---

[5] Q.  At any time have you had occasion to know or have access to my social security number?
A.  Yes.
Q.  Do you know what it is today?
A.  No.
Q.  Do you have that information available to you somewhere in your office, home or somewhere else that's under your domain?
A.  I don't know.
Q.  When was the last time you knew that you had my social security number at your disposal?
A.  When you submitted it with a pleading to the court.
Q.  I've never submitted my social security number to any pleading with this court.
A.  I think you did to the best of my recollection.
THE COURT:  Mr. Rogers, let me remind you that you are to proceed in this deposition entirely by asking questions unless you have comments for the Court in response to an objection posed by Mr. Beaty.
Johnson-Norman Dep. Tr. 16:14 – 17:13.

### VI. THE COURT SHOULD ORDER ROGERS TO PAY ATTORNEY'S FEES AND COSTS INCURRED IN OPPOSING ROGERS' MOTION

Motions for protective orders are governed by Federal Rule 26(c), which only allows protective orders to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Rules further provides that if the Court denies Rogers' motion, the Court may award Karen Johnson-Norman reasonable expenses under the provisions of Rule 37(a)(4). *Id.* Ms. Johnson-Norman respectfully requests the Court to order Rogers to pay attorney's fees incurred in opposing the instant motion.

There is no good faith basis for Rogers' motion. Rogers did not confer with counsel for Ms. Johnson-Norman, as required under the Local and Federal Rules, or even contact counsel to object to the use of his social security number. Rogers has not, and cannot, prove any ethical or legal violations by Karen Johnson-Norman or her counsel.[6] Rogers instead uses on this motion to foreclose Ms. Johnson-Norman from obtaining relevant discovery, including evidence that Rogers filed his action in bad faith.

Moreover, with each motion, Rogers' tone has become more rancorous. In his past three filings, Rogers has attacked counsel for Karen Johnson-Norman, charging him with multiple violations of both the D.C. Bar Rules of Professional Conduct and the Local Rules. D.I. 56, 60, and 61. Rogers's recent reply brief repeats scandalous allegations that the Court has already thrown out. *See* D.I. 56. In short, Rogers has departed from the standard of civility that governs the proceedings before this Court. Ms. Johnson-Norman is hopeful that an award of attorney's fees and cost incurred in

---

[6] Karen Johnson-Norman does not owe any ethical obligation to Rogers. Rogers is not a former, current or prospective client of either Ms. Johnson-Norman or her counsel. The only ethical duty that counsel for Ms. Johnson-Norman has that implicates Rogers is his duty of fairness to opposing counsel under D.C. Rule of Professional Conduct 3.4. Counsel for Ms. Johnson-Norman has diligently adhered to his ethical obligations and resents Rogers repeated threats to file baseless ethical complaints against him. *See e.g.*, Attachment A.

opposing Rogers' motion will serve as a reminder to Rogers to adhere to the standards of decorum and civility required by this Court.

Ms. Johnson-Norman anticipates that Rogers will argue that the Court cannot award Ms. Johnson-Norman attorney's fees because counsel for Ms. Johnson-Norman appears *pro bono*. Indeed, Rogers has made this argument on several occasions. D.I. 35 at 1, 36 at 2, and 56 at 1. However, the law is clear that parties can recover attorney's fees when they are represented *pro bono*.

The Supreme Court has long held that *pro bono* counsel is not prohibited from recovering attorney's fees simply because they are performing a public service. *Blum v. Stenson*, 465 U.S. 886, 894-895 (U.S. 1984); *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989). District of Columbia law has similarly evolved, consistently holding that *pro bono* counsel can recover attorney's fees. *See Natural Motion by Sandra, Inc. v. District of Columbia Comm'n on Human Rights*, 726 A.2d 194, 197 n.6 (D.C. 1999) (holding that attorney's fees are eligible for pro bono counsel). *See also Habib v. Thurston*, 517 A.2d 1, 8 n.12 (D.C. 1985); *Martin v. Tate*, 492 A.2d 270, 274 (D.C. 1985).

The U.S. Court of Appeals for the District of Columbia has also held that there is "nothing inconsistent in prosecuting a case in the public interest, agreeing not to charge one's own client a fee and thereafter seeking fees from the losing [party]." *Copeland v. Marshall*, 205 U.S. App. D.C. 390, 410, *en banc* (D.C. Cir. 1980) (internal quotations and citations omitted). Finally, D.C. courts have upheld awards of attorney's fees to *pro bono* counsel in cases where similar statutes were at issue. *See, e.g.*, *Frazier v. Franklin Inv. Co.*, 468 A.2d 1338, 1339 n.1 (D.C. 1983) (granting *pro bono* attorney's fees in an action brought under the Truth in Lending Act). Thus, it is appropriate for the Court to award attorney's fees incurred in opposing Rogers' instant motion.

**CONCLUSION**

Therefore, Karen Johnson-Norman respectfully requests that the Court deny Rogers' Second Motion for Protective Order. Pursuant to Federal Rules 26(c) and 37(a)(4), Ms. Johnson-Norman also respectfully requests an Order for Rogers to pay reasonable attorney's fees incurred in opposing Rogers' motion. Counsel for Karen Johnson-Norman is available to be heard on Rogers' motion if the Court is inclined to hold oral arguments.

                _____/s/_____
                Sean P. Beaty, *pro bono*
                (Bar No. 493597)
                HOWREY LLP
                1299 Pennsylvania
                Washington, DC 20004
                (202) 783-0800

                Attorney for
                Karen Johnson-Norman

Dated: April 2, 2007.