# Attachment A

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

March 31, 2007

VIA E-MAIL

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

Re:   *Rogers v. Johnson-Norman* – Your March 31, 2007 Letter

Dear Mr. Rogers:

Thank you for your response to our objections to your document requests and interrogatories. We will review your letter and respond appropriately when we are prepared to do so. While we note your objection that we have not yet answered your interrogatories or produced documents, we remind you that our responses are not due until April 6, 2007.

We are currently reviewing your motion for a protective order. We are disappointed that you failed to confer with us prior to the filing of your motion. As a reminder, the parties are required to meet and confer prior to filing any non-dispositive motion pursuant to Local Rule 7(m). We hope you will abide by the local rules in the future.

Finally, we cannot help but notice the acrimonious tone of your recent filings. We hope that you will continue to meet and confer with us in good faith and maintain your duty of honesty and candor with the Court. We have thus far overlooked your misrepresentations to the Court, but we now ask that you stop making false representations in your briefs.

As always, please do not hesitate to contact me with questions or concerns.

Sincerely,

Sean P. Beaty

March 31, 2007

Mr. Beaty,

Concerning your 3/31/07 letter, I disagree that I've fostered an acrimonious environment. On the contrary, I've dealt with you respectfully and in good faith but you've disrespected me repeatedly. As a consequence of this disrespect, you've sensed acrimony because the professionalism seems to have disappeared.

I will meet and confer in accordance with the Rules. However, in this case you acted improperly by invading my privacy. I have never provided you or your client my social security number or granted authorization for you to use it in any way. For all I know, you may have obtained it from an illegitimate source like the MPD (who likely obtained it by sinister means). For at least the second time that I know of, you disclosed or misused my information in a way that was inappropriate and unauthorized. Unless there is an explanation for this occurrence, it would appear that sanctions may be appropriate and possibly a Bar Counsel inquiry.

If you recall our last conversation, I urged you to cease the implicit and explicit personal attacks against me and the disrespect you've shown me. Though you denied any personal motives you agreed to remain professional. Despite your claims of professionalism, you filed an even more disrespectful and polarizing motion replete with falsehoods so that you could mislead a federal court and personally attack me. Among your most odious misrepresentations, you once again claimed that I had been convicted of stalking though you were fully aware while submitting such information to the federal court that it was false and slanderous.

This wasn't the first time you filed or permitted false statements. I also maintain an accounting of your many misrepresentations and all instances of perjury by your client. Despite both of your obligations to the Rules of Professional Conduct, such falsities persist. Assuredly, you won't enhance your professional esteem or distinguish yourself as a lawyer by showing irreverence, even in victory, over a *pro se* litigant. Therefore, there's no reason for you to engage in contentiousness or legal wrangling. Any victory you gain over me by bombast or artifice lacks legitimacy and is further devalued since it's a victory necessarily lacking in prestige. You're working *pro bono* against a layman, so your efforts should at least be honorable and ethical.

I urge you reexamine and reaffirm your commitment to maintain decorum, professionalism, integrity and honesty in all matters before all courts and judges and all parties, even *pro se* litigants. If dishonorable means must be used in *pro bono* cases like this, one should explore their commitment to uphold the law ethically.

As for your allegation that I have somehow misrepresented or falsified any information to the court, I won't dignify that red herring with a response since I stand by my representations fully. If you have such information, I urge you to specifically notify me of what you believe I've said that's untrue. You may not throw stones when your client lives in a perpetual glass house with respect to issues of truthfulness.

If you believe the honesty and truthfulness of these litigants and their counsel is an issue that should be brought before an adjudicative body and examined, I welcome that opportunity. In contrast to your client, my record for honesty is unassailable. You and your client have an ethical duty to always be honest and truthful, however it doesn't appear that duty has been upheld by either of you, particularly your client. Given that notion, should you feel compelled to bring questions of honesty to an adjudicative body for inquiry, as your inflammatory accusations against me suggest, feel free. In any intelligent cost/benefit analysis by the defense, such a decision would seem to ultimately prove myopic.

I again request that you remain professional and adhere to tenets of the Rules of Professional Conduct.

Regards,

Virgil Rogers