# ATTACHMENT A

## Beaty, Sean

| | |
|---|---|
| **From:** | Beaty, Sean |
| **Sent:** | Friday, January 12, 2007 13:04 |
| **To:** | V Rogers |
| **Cc:** | Kellett, Christopher |
| **Subject:** | Meet and Confer |

Mr. Rogers,

Thank you for getting back to me and clearly outlining your position on this matter. Please allow me the opportunity to do the same.

(1) Your Remaining Claim:  I do not believe the Amended Complaint was filed in good faith. The Court dismissed Counts II through VIII of your amended complaint not on "procedural grounds," but on the basis that the merits of your claims have already been determined by prior judgment(s).  I urge you to reread the Court's memorandum opinion.  I believe that the remaining Count is specious and was filed in bad faith.  I believe that you know Karen Johnson-Norman had nothing to do with anyone accessing your credit report, and that you are using this lawsuit to continue to harass her.  If and when the remaining FCRA Count is dismissed against Ms. Johnson-Norman, we will seek attorney's fees and costs associated with defending this claim, as allowed by statute.

I have NEVER suggested that any of your claims are non-libelous or that they are substantially true.  I did state that we moved to seal your amended complaint because that was the best course for us, and that if the allegations in your amended complaint had been actionable, we would have filed a counterclaim against you.

(2) Ms. Johnson-Norman's Deposition:  Given the long history of documented harassment by you against Karen Johnson-Norman, I cannot in good faith recommend that you two sit in the same room together at deposition.  I have made every effort to provide a workable solution such that the two of you do not need to be in the same room; however, you have rejected all of my suggestions.  I have provided February 2, 2007 as a deposition date for Karen Johnson-Norman under the following conditions:

(a) The deposition takes place in a conference room at my offices at 1299 Pennsylvania Ave., NW
(b) We will not re-produce Ms. Johnson-Norman for a second deposition.  This is your one opportunity to depose her, and we have recommended that you wait until the close of document discovery
(c) You will take this deposition by video conference.

We will inform the Court on February 1, 2007 that these are the only conditions under which Ms. Johnson-Norman feels safe, and await the Court's ruling.  If the Court agrees, we will proceed on February 2 by video-conference.  If the Court denies this relief, then we will proceed with both parties in the same room, however Ms. Johnson-Norman reserves the right to have additional security present.

(3) Your Deposition:  I will not take your deposition until document production is complete, and your deposition will take place in the District of Columbia.  I will do everything in my power to accommodate your schedule.

(4) Protective Order:  I think a protective order is necessary to address the potentially large volume of private information that is going to be made public in this lawsuit.  It also addresses the disclosure of privileged information, which we were required to address by the Court's order.  If you don't like the one I've drafted, I encourage you to draft your own and send it to me.  I imagine that Wells Fargo is going to require a protective order be in place before they produce any documents requested in third-party subpoenas.

(5) Settlement Negotiations:

1

Sean Beaty
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
(202) 383-6944  Office
(202) 478-2691  Fax