# ATTACHMENT C

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

March 26, 2007

VIA U.S. MAIL & E-MAIL

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

    Re:   *Rogers v. Johnson-Norman* – Wells Fargo Subpoena

Dear Mr. Rogers:

    Attached, please find the subpoena we will serve on Wells Fargo in relation to this case. In the interest of protecting your privacy, we have limited the scope of our request to the relevant time period. Pursuant to California law, we will serve Wells Fargo with this subpoena on Monday, April 9, 2007, and their document production will be due by April 30, 2007.

    Also attached is a Consent to Release Records. In the hopes of quickly resolving this matter, we ask that you please execute and return this form.

    As always, please do not hesitate to contact me with questions or concerns.

Sincerely,

Sean P. Beaty

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Rogers | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| Johnson-Norman | Case Number:[1] 06-01186 (ESH)(DAR) D.D.C. |

TO: Wells Fargo & Company
Law Department, c/o Custodian of Records
633 Folsom St.
San Francisco, CA 94107

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents relating to applications for credit by Virgil Rogers (DOB     '69, SSN     -4216), on or about April 2004

| PLACE   Howrey LLP, 1299 Pennsylvania Ave., NW, Washington, D.C. 20004 | DATE AND TIME |
|---|---|
| | 4/30/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Defendant | 3/26/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sean P. Beaty, 1299 Pennsylvania Ave., NW, Washington, D.C. 20004  (202) 783-0800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                                          SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

SUBP-025

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Sean P. Beaty (DC Bar 493597)<br>1299 Pennsylvania Ave., NW<br>Washington, DC 20004<br>TELEPHONE NO.: (202) 783-0800    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): BeatyS@Howrey.com<br>ATTORNEY FOR (Name): Ms. Karen Johnson-Norman | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER: Virgil Rogers
DEFENDANT/RESPONDENT: Karen Johnson-Norman

CASE NUMBER: D.D.C. 06-01186

NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION
(Code Civ. Proc., §§ 1985.3, 1985.6)

**NOTICE TO CONSUMER OR EMPLOYEE**

TO (name): Virgil Rogers

1. PLEASE TAKE NOTICE THAT **REQUESTING PARTY** (name): Karen Johnson-Norman
   SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on (specify date): April 30, 2007
   The records are described in the subpoena directed to **witness** (specify name and address of person or entity from whom records are sought): Wells Fargo & Company - 633 Folsom St., San Francisco, CA 94107
   A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED. IN ITEM a. OR b. BELOW:
   a. If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify the subpoena and give notice of that motion to the **witness** and the **deposition officer** named in the subpoena at least five days before the date set for production of the records.
   b. If you are not a party to this action, you must serve on the **requesting party** and on the **witness**, before the date set for production of the records, a written objection that states the specific grounds on which production of such records should be prohibited. You may use the form below to object and state the grounds for your objection. You must complete the Proof of Service on the reverse side indicating whether you personally served or mailed the objection. The objection should not be filed with the court. WARNING: IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.

3. YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 3/26/07

Sean P. Beaty
(TYPE OR PRINT NAME)    (SIGNATURE OF ☐ REQUESTING PARTY ☑ ATTORNEY)

**OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS**

1. ☐ I object to the production of all of my records specified in the subpoena.
2. ☐ I object only to the production of the following specified records:

3. The specific grounds for my objection areas follows:

Date:

(TYPE OR PRINT NAME)    (SIGNATURE)

(Proof of service on reverse)    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-025 [Rev. January 1, 2007]

NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION

Code of Civil Procedure,
§§ 1985.3, 1985.6,
2020.010–202.510
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUBP-025

| PLAINTIFF/PETITIONER: Virgil Rogers | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Karen Johnson-Norman | D.D.C. 06-01186 |

**PROOF OF SERVICE OF NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION**
(Code Civ. Proc., §§ 1985.3, 1985.6)

☐ Personal Service   ☑ Mail

1. At the time of service I was at least 18 years of age and not a party to this legal action.
2. I served a copy of the *Notice to Consumer or Employee and Objection* as follows (check either a or b):
   a. ☐ **Personal service.** I personally delivered the *Notice to Consumer or Employee and Objection* as follows:
      (1) Name of person served:
      (2) Address where served:
      (3) Date served:
      (4) Time served:

   b. ☑ **Mail.** I deposited the *Notice to Consumer or Employee and Objection* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
      (1) Name of person served: Virgil Rogers
      (2) Address:
         PO Box 66352 Los Angeles, CA 90066
      (3) Date of mailing: 3/26/2007
      (4) Place of mailing (city and state):
         Los Angeles, CA
      (5) I am a resident of or employed in the county where the *Notice to Consumer or Employee and Objection* was mailed.
   c. My residence or business address is (specify): 550 South Hope St. Suite 1100 Los Angeles, CA 90071
   d. My phone number is (specify): (213) 892-1800

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 3/26/2007

Benjamin Deming
(TYPE OR PRINT NAME OF PERSON WHO SERVED)     (SIGNATURE OF PERSON WHO SERVED)

**PROOF OF SERVICE OF OBJECTION TO PRODUCTION OF RECORDS**
(Code Civ. Proc., §§ 1985.3, 1985.6)

☐ Personal Service   ☐ Mail

1. At the time of service I was at least 18 years of age and not a party to this legal action.
2. I served a copy of the *Objection to Production of Records* as follows (complete either a or b):
   a. ON THE REQUESTING PARTY
      (1) ☐ **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
         (i) Name of person served:
         (ii) Address where served:
         (iii) Date served:
         (iv) Time served:

      (2) ☐ **Mail.** I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
         (i) Name of person served:
         (ii) Address:
         (iii) Date of mailing:
         (iv) Place of mailing (city and state):

         (v) I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
   b. ON THE WITNESS
      (1) ☐ **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
         (i) Name of person served:
         (ii) Address where served:
         (iii) Date served:
         (iv) Time served:

      (2) ☐ **Mail.** I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
         (i) Name of person served:
         (ii) Address:
         (iii) Date of mailing:
         (iv) Place of mailing (city and state):

         (v) I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
3. My residence or business address is (specify):
4. My phone number is (specify):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶

(TYPE OR PRINT NAME OF PERSON WHO SERVED)     (SIGNATURE OF PERSON WHO SERVED)

SUBP-025 [Rev. January 1, 2007]     **NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION**     Page 2 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIRGIL M. ROGERS, *pro se*  )
           Plaintiff,  )
           v.  )
KAREN JOHNSON-NORMAN  )  Civil Case No. 06-01186 (ESH)
           Defendant.  )

## CONSENT TO RELEASE RECORDS

I, the undersigned consumer, do hereby consent and agree that Wells Fargo & Company, holder of my personal records as described in a subpoena duces tecum issued by Defendant on March 26, 2007 and served on that holder, may release those records to Defendant.

_____
Virgil Rogers

Dated: _____