UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRGIL M. ROGERS, *pro se* | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Case No. 06-01186 (ESH)(DAR) ) |
| KAREN JOHNSON-NORMAN | ) ) |
| Defendant. | ) |

**VIRGIL ROGERS' MOTION TO COMPEL INTERROGATORY
ANSWERS AND PRODUCTION OF DOCUMENTS FROM DEFENDANT**

Defendant's refusal to adequately answer Virgil Rogers' interrogatories or produce any documents whatsoever during discovery highlights defendant's truculence and bad faith in defending this civil action and improperly using defense counsel's subpoena power to obtain private information on Mr. Rogers while refusing to allow *any* information about her to be released, whatever. Upon information and belief, defendant was involved in the alleged acts. Thus, Mr. Rogers' interrogatories and request for production of documents seeks to discover information relevant to Count I. Particularly; Rogers' wishes to discover who in Wells Fargo would or should be aware of the alleged actions of defendant and how and when that information would have been communicated. Defendant refuses to provide any information.

Initially, she cited confidentiality agreements and privilege. However, when Mr. Rogers asked to view confidentiality agreements and a privilege log, she withdrew these grounds for withholding discovery and now simply refuses based upon a blanket objection of relevancy, which really amounts to a statement that she doesn't want to cooperate and dares Mr. Rogers to notify the Court. The questions pertaining to defendant's finances are proper since several federal courts have held that in Fair Credit Reporting Act cases where actual damages cannot be proven, punitive damages may be awarded. In order to assess the defendant's ability and likelihood to oblige with any order for punitive damages, Mr. Rogers needs to assess her

1

financial health. Defendant may continue to submit her general objection based upon criminal proceedings of 7 years ago. In response, Mr. Rogers agreed to allow her to redact any private information such as address and SSAN. This will ameliorate her alleged fears that Mr. Rogers will glean some information that she doesn't want him to know. But she simply cannot refuse to participate in meaningful discovery on the grounds she has raised thus far. It violates the Local Rules and it is disingenuous. Therefore, pursuant to Federal Rule 37(a)(2)(B), and Local Rule 26.2(d), Rogers hereby moves to compel adequate responses to all of Mr. Rogers first set of interrogatories to Rogers and his request for production of documents.

I.    **BACKGROUND**

Fact discovery in this case is scheduled to end on June 8, 2007.  On March 8, 2007 Mr. Rogers served defendant with his first set of interrogatories and request for production of documents. Defendant's answers to Mr. Rogers' discovery are thus far incomplete. Pursuant to Local Rule 7(m), the parties have held several meet and confer sessions to resolve disagreements regarding the scope of Mr. Rogers' discovery. As stated, defendant has cited every known objection and wavered when asked to confirm confidentiality agreements or any privilege. If she cites a general refusal to disclose any personal information due to any criminal allegations that may have been held in the past, Mr. Rogers believes it would be totally appropriate to allow him to require the defendant to provide information under oath about her truthfulness before courts of law and her motivations in those cases. Refusing Mr. Rogers to probe the defendant's history of perjury and prevarication in response to such a discovery objection would be unfair to the Plaintiff. For the stated reasons, the parties have been unable to reach any resolution on any of Mr. Rogers' discovery. The only item she has produced whatsoever is a printout from a bankruptcy court referring to Mr. Rogers in response to questions about where she first learned of Mr. Rogers' SSAN. However, the defendant is being dishonest since she has testified several years ago to contradictory information.

## II. PLAINTIFF DISCOVERY REQUESTS AND DEFEDNANT'S RESPONSES.

Because of the contentious nature of this civil action, and the repeated misrepresentation of information by defendant through her counsel to this Court which attempt to demean Mr. Rogers, Plaintiff was compelled to include the entire sum of the defendant's most recent response to his discovery request. The second of two nearly identical correspondences defendant sent to Mr. Rogers objecting essentially in sum to Mr. Rogers' discovery are attached as exhibits.

Mr. Rogers doesn't believe that the objections that have been used by defendant to avoid all discoveries in this matter are not sufficient to escape providing any information whatsoever. Unfortunately, since the defendant was not going to confer in good faith in any way that leads to more discovery being disclosed, it was necessary for Mr. Rogers to seek court intervention.

### III.   CONCLUSION

For the foregoing reasons, Virgil Rogers respectfully requests this Court to compel Karen Johnson to adequately answer all interrogatories and produce the documents as requested by Rogers. If she objects on grounds related to any confidentiality or privilege grounds, she must be compelled to produce them. If she objects on the grounds of prior litigation, Mr. Rogers request to question her on her prior truthfulness to determine if these objections are legitimate or are dilatory in nature.

/s/
VIRGIL ROGERS

Dated: April 25, 2007.