**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| VIRGIL M. ROGERS, *pro se* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 06-01186 (ESH)(DAR) |
| | ) |
| KAREN JOHNSON-NORMAN | ) |
| | ) |
| Defendant. | ) |
| | ) |

**KAREN JOHNSON NORMAN'S OBJECTIONS AND ANSWERS TO ROGERS'**
**FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Karen Johnson-Norman hereby objects to and answers Plaintiff Virgil Rogers's First Set of Interrogatories, Nos. 1-4. Karen Johnson-Norman reserves the right to amend and/or supplement these objections and answers to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia.

**GENERAL OBJECTIONS**

1.     Karen Johnson-Norman objects to the instructions and definitions set forth in Rogers' interrogatories to the extent they purport to impose requirements beyond those of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia.

2.     Karen Johnson-Norman objects to Rogers' interrogatories to the extent they call for information covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

3.     Karen Johnson-Norman objects to Rogers' requests to the extent they call for information that is the subject of confidentiality obligations to third parties that prohibit or restrict the disclosure of such documents by Karen Johnson-Norman. Such information will

not be produced absent proper notice and/or where appropriate, upon consent of the third parties.

4.    Karen Johnson-Norman objects to Rogers' requests to the extent they seek confidential information absent an appropriate stipulation and protective order regarding the use of discovery materials and limiting the disclosure of such confidential information. The unwarranted disclosure of confidential information prior to the entry of an appropriate protective order would result in undue oppression and hardship on Karen Johnson-Norman and would subject Karen Johnson-Norman to irreparable injury.

These general objections apply to each Request for production of documents as though restated in full.

## OBJECTIONS TO SPECIFIC REQUESTS

Subject to and without waiving its General Objections and Objections to Definitions and Instructions, Karen Johnson-Norman responds to Rogers' specific interrogatories as follows:

> **Interrogatory 1.**   Identify each person by name, professional title, complete physical address, and both business phone number and fax number that currently works in the defendant's chain of command at Wells Fargo Real Estate Group including all supervisors, managers, group leaders, and/or directors up through and including the President of Wells Fargo Real Estate Group and those that have held these positions with Wells Fargo since January 1, 2004.

**Objection:**    Ms. Johnson-Norman objects to this request on the grounds that the request seeks information outside of the relevant time period, namely March 1, 2004 to May 31, 2004. Ms. Johnson-Norman also objects on the grounds that the request is overbroad, oppressive, and unduly burdensome.

Karen Johnson-Norman further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Johnson-Norman has already testified that she did not discuss you with anyone at Wells Fargo during the relevant time

period. Johnson-Norman Dep. Tr. 38:5-22, 39:1-9. Thus Ms. Johnson-Norman did not discuss you with anyone in her chain of command during the relevant time period.

Moreover, whether the alleged violation occurred within or outside the scope of Ms. Johnson-Norman's duties at Wells Fargo, or even if Wells Fargo approved of the alleged violation, is irrelevant to your claim. Your motion to reopen Ms. Johnson-Norman's deposition indicated that you intended to pursue this line of questioning. However, the Court summarily denied your motion, citing our opposition as the basis of the Court's decision. Minute Order, March 29, 2007. The identity of Ms. Johnson-Norman's chain of command also bears no logical relationship to this case, and thus is not discoverable.

> **Interrogatory 2.** Identify all persons with whom defendant has personally discussed or corresponded concerning Virgil Rogers, irrespective of the subject matter of the communication including all communications with any person employed or formerly employed by Wells Fargo and any person providing or seeking direct or indirect information about Virgil Rogers since January 1, 2004.

**Objection:**    Ms. Johnson-Norman objects to this request on the grounds that the request seeks information outside of the relevant time period, namely March 1, 2004 to May 31, 2004. Ms. Johnson-Norman also objects on the grounds that the request is overbroad, oppressive, and unduly burdensome. Your interrogatory literally asks Ms. Johnson-Norman to identify everyone she has spoken to regarding you since January 2004.

Karen Johnson-Norman further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. The only remaining issue in this case is whether Ms. Johnson-Norman ran an alleged inquiry on your credit directly or through a network of contacts at Wells Fargo. However, as stated above, Ms. Johnson-Norman has already testified that she did not discuss you with anyone at Wells Fargo during the relevant time period. Johnson-Norman Dep. Tr. 38.5-22, 39:1-9.

All other communications regarding you are irrelevant because they relate to the prior relationship between the parties, including the criminal and civil charges in Maryland and the District of Columbia, or are privileged communications with counsel.

**Response:** Ms. Johnson-Norman did not discuss anything related to Count I of your Amened Complaint with anyone between March 1, 2004 and May 31, 2004. Furthermore, Ms. Johnson-Norman did not discuss you with anyone at Wells Fargo between March 1, 2004 and May 31, 2004. Counsel for Ms. Johnson-Norman will provide a log of those communications over which Ms. Johnson-Norman is asserting privilege by April 13, 2007.

> **Interrogatory 3.** Identify the defendant's current net worth, describe all assets whether individually owned or shared with a value of at least $1000, and list all bank and brokerage accounts on which defendant is a signatory including the balance as of the date served with the instant discovery. This includes al assets owned as of or acquired since January 1, 2004.

**Objection:**    Ms. Johnson-Norman objects to this request on the grounds that the request seeks information outside of the relevant time period, namely March 1, 2004 to May 31, 2004. Ms. Johnson-Norman also objects on the grounds that the request is overbroad, oppressive, and unduly burdensome.

Karen Johnson-Norman further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Karen Johnson-Norman's assets have no bearing on whether or not she had any involvement in running your credit history. You have not proven a prima facie case for liability under the FCRA, and therefore there is no need to discuss Ms. Johnson-Norman's assets or ability to pay damages. The damages in this action are statutorily limited to $1000, and Ms. Johnson-Norman is gainfully employed. And there is no indication that Ms. Johnson-Norman would not be able to pay the statutory limit of $1000 in damages if you were to prevail in this case.

Moreover, disclosure of this information is inappropriate in this case. You have previously been charged and convicted on allegations relating to your stalking of Ms.

Johnson-Norman.  Answering this question would give you access to Ms. Johnson-Norman's most personal information.  The Court has already ruled that you cannot ask Ms. Johnson-Norman where she lives, and you stated that you weren't interested in asking Ms. Johnson-Norman anything like that.  Feb. 1, 2007 Scheduling Hr'g Tr. 8:9-12.  Disclosure of any ownership interest in any of real property would circumvent the Court's order.  The same would result if Ms. Johnson-Norman disclosed any vehicle titles or bank accounts.  Indeed, your motion to reopen Ms. Johnson-Norman's deposition indicated that you intended to pursue this line of questioning.  However, the Court summarily denied your motion, citing our opposition as the basis of the Court's decision. Minute Order, March 29, 2007.

> **Interrogatory 4.**  Identify all persons that are currently employed by Wells Fargo or have been employed by Wells Fargo since January 1, 2004 that are personally familiar, known, or are or have been encountered during Karen Johnson-Norman's employment with Wells Fargo since January 1, 2004 irrespective of whether the familiarity or relationship existed prior to 2004.

**Objection:**    Ms. Johnson-Norman objects to this request on the grounds that the request seeks information outside of the relevant time period, namely March 1, 2004 to May 31, 2004.  Ms. Johnson-Norman also objects on the grounds that the request is overbroad, oppressive, and unduly burdensome.  Your interrogatory literally asks Ms. Johnson-Norman to identify everyone at Wells Fargo she has ever met since January 2004.

Karen Johnson-Norman further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Johnson-Norman has already testified that she did not discuss you with anyone at Wells Fargo during the relevant time period. Johnson-Norman Dep. Tr. 38:5-22, 39:1-9.  Moreover, according to the single redacted page of your purported Experian credit report, the alleged credit inquiry was run by Wells Fargo Financial Acceptance Corporation.  Therefore, the only relevant inquiry is whether Ms. Johnson-Norman knew anyone at Wells Fargo Financial Acceptance Corporation during the relevant time period.

**Response:** Ms. Johnson-Norman does not know anyone who was employed by Wells Fargo Financial Acceptance Corporation between March 1, 2004 and May 31, 2004.

I, Karen Johnson-Norman, declare under penalty of perjury that I believe that the foregoing answer to Rogers' First Set of Interrogatories is true and correct.

Karen Johnson-Norman

Dated: April 6, 2007.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing objections and responses to Rogers' First Set of Interrogatories was served by e-mail, this 6th day of April, 2007, to the same e-mail account Rogers uses to receive CM/ECF filings.  No other viable address is available for Counsel for Karen Johnson-Norman to effectuate service.

_____/s/_____

Sean P. Beaty, *pro bono*
(Bar No. 493597)