UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRGIL M. ROGERS, *pro se* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAREN JOHNSON-NORMAN )<br>)<br>Defendant. )<br>) | Civil Case No. 06-01186 (ESH)(DAR) |

**KAREN JOHNSON-NORMAN'S OBJECTIONS AND RESPONSES TO ROGERS'
FIRST SET OF REQUESTS FOR PRODUCTION**

Karen Johnson-Norman hereby objects and responds to Rogers' First Set of Requests for Production of Documents ("Rogers' requests") dated March 7, 2007.

**GENERAL OBJECTIONS**

1. Karen Johnson-Norman objects to the instructions and definitions set forth in Rogers' requests to the extent they purport to impose requirements beyond those of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia.

2. Karen Johnson-Norman objects to Rogers' requests to the extent they call for documents or other materials covered by the attorney-client privilege, the work product doctrine or any other applicable privilege. Pursuant to Fed. R. Civ. P. 26, Karen Johnson-Norman will produce a privilege log of those documents and other information withheld on the ground of privilege by April 13, 2007.

3. Karen Johnson-Norman objects to Rogers' requests to the extent they call for the production of documents or information that are the subject of confidentiality obligations to third parties that prohibit or restrict the disclosure of such documents by Karen Johnson-

Norman. Such documents will not be produced absent proper notice and/or where appropriate, upon consent of the third parties.

4.   Karen Johnson-Norman objects to Rogers' requests to the extent they seek the production of documents containing confidential information absent an appropriate stipulation and protective order regarding the use of discovery materials and limiting the disclosure of such confidential information. The unwarranted disclosure of confidential information prior to the entry of an appropriate protective order would result in undue oppression and hardship on Karen Johnson-Norman and would subject Karen Johnson-Norman to irreparable injury.

These general objections apply to each Request for production of documents as though restated in full.

## OBJECTIONS TO SPECIFIC REQUESTS

Subject to and without waiving its General Objections and Objections to Definitions and Instructions, Karen Johnson-Norman responds to Rogers' specific document requests as follows:

> **Document Request 1.** A copy of all tax returns, tax transcripts, and any associated schedules, addendums, and attachments from the Internal Revenue Service and any other government for the tax years 2004 to 2007.

**Objection:**   Ms. Johnson-Norman objects to this request on the grounds that it seeks information outside of the relevant time period, namely March 1, 2004 to May 31, 2004. Ms. Johnson-Norman also objects on the grounds that the request is overbroad, oppressive, and unduly burdensome.

Karen Johnson-Norman further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Karen Johnson-Norman's assets have no bearing on whether or not she had any involvement in running your credit history. You have not proven a prima facie case for liability under the FCRA, and therefore there is

no need to discuss Ms. Johnson-Norman's assets or ability to pay damages. The damages in this action are statutorily limited to $1000, and Ms. Johnson-Norman is gainfully employed. And there is no indication that Ms. Johnson-Norman would not be able to pay the statutory limit of $1000 in damages if you were to prevail in this case.

Moreover, disclosure of this information is inappropriate in this case. You have previously been charged and convicted on allegations relating to your stalking of Ms. Johnson-Norman. Answering this question would give you access to Ms. Johnson-Norman's most personal information. The Court has already ruled that you cannot ask Ms. Johnson-Norman where she lives, and you stated that you weren't interested in asking Ms. Johnson-Norman anything like that. Feb. 1, 2007 Scheduling Hr'g Tr. 8:9-12. Disclosure of any ownership Ms. Johnson-Norman's tax returns would circumvent the Court's order. Indeed, your motion to reopen Ms. Johnson-Norman's deposition indicated that you intended to pursue this line of questioning. However, the Court summarily denied your motion, citing our opposition as the basis of the Court's decision. Minute Order, March 29, 2007.

> **Document Request 2.** A copy of any facsimiles, electronic mail, handwritten correspondence, tapes, pictures, or any other written or electronic media or communications in any format that relates or mentions in any way directly or indirectly Virgil Rogers, any member of his family or any legal action involving Virgil Rogers including but not limited to any documents or emails related to any information gleaned about Virgil Rogers from any source, provider, or agency since January 1, 2003.

**Objection:** Ms. Johnson-Norman objects to this request on the grounds that it seeks information outside of the relevant time period, namely March 1, 2004 to May 31, 2004. Ms. Johnson-Norman also objects on the grounds that the request is overbroad, oppressive, and unduly burdensome. The only issue left in this case is whether or not Ms. Johnson-Norman was involved in this alleged credit inquiry. Correspondence and pictures from the parties' prior relationship and legal documents relating to the civil and criminal cases in Maryland, Virginia, and the District of Columbia, even if they relate to Virgil

Rogers, do not pertain to Count I of your Amended Complaint. Therefore, documents relating solely to the parties' prior relationship or the history of litigation between the parties are irrelevant and thus not discoverable.

**Response:** Ms. Johnson-Norman will produce any documents that she possesses that pertain to Virgil Rogers's credit history, the alleged inquiry into Virgil Rogers' credit information, or documents containing Virgil Rogers's Social Security number. In response to this request for production, please find the attached document bearing Bates number KJN 0001.

> **Document Request 3.** Documents which describe and assess value to any and all assets believed to be greater than $1000 in value belonging in whole or in part to Karen Johnson-Norman including their location. This includes but is not limited to all real property, bank accounts, and brokerage accounts and their location and ownership whether owned prior to January 1, 2004 or acquired thereafter if such assets are still owned in whole or in part by Karen Johnson-Norman.

**Objection:** Ms. Johnson-Norman objects to this request on the grounds that it seeks information outside of the relevant time period, namely March 1, 2004 to May 31, 2004. Ms. Johnson-Norman also objects on the grounds that the request is overbroad, oppressive, and unduly burdensome.

Karen Johnson-Norman further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Karen Johnson-Norman's assets have no bearing on whether or not she had any involvement in running your credit history. You have not proven a prima facie case for liability under the FCRA, and therefore there is no need to discuss Ms. Johnson-Norman's assets or ability to pay damages. The damages in this action are statutorily limited to $1000, and Ms. Johnson-Norman is gainfully employed. And there is no indication that Ms. Johnson-Norman would not be able to pay the statutory limit of $1000 in damages if you were to prevail in this case.

Moreover, disclosure of this information is inappropriate in this case. You have previously been charged and convicted on allegations relating to your stalking of Ms. Johnson-Norman. Answering this question would give you access to Ms. Johnson-Norman's most personal information. The Court has already ruled that you cannot ask Ms. Johnson-Norman where she lives, and you stated that you weren't interested in asking Ms. Johnson-Norman anything like that. Feb. 1, 2007 Scheduling Hr'g Tr. 8:9-12. Disclosure of any ownership interest in any of real property would circumvent the Court's order. The same would result if Ms. Johnson-Norman disclosed any vehicle titles or bank accounts. Indeed, your motion to reopen Ms. Johnson-Norman's deposition indicated that you intended to pursue this line of questioning. However, the Court summarily denied your motion, citing our opposition as the basis of the Court's decision. Minute Order, March 29, 2007.

/s/
Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania
Washington, DC 20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated: April 6, 2007.