UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
VIRGIL M. ROGERS, *pro se*            )
                                      )
            Plaintiff,                )
                                      )
      v.                              ) Civil Case No. 06-01186 (ESH)(DAR)
                                      )
KAREN JOHNSON-NORMAN                  )
                                      )
            Defendant.                )
_____)

**KAREN JOHNSON-NORMAN'S SECOND MOTION TO COMPEL DISCOVERY**

Rogers still has not provided Karen Johnson-Norman with certain discovery requested in this case. Rogers refuses to answer Ms. Johnson-Norman's interrogatories and has not produced any documents regarding his damages. Moreover, Rogers has not produced all the documents in his possession related to his claims, including relevant correspondence with Wells Fargo. Thus, pursuant to Federal Rule 37(a)(2)(B), and Local Rule 26.2(d), Karen Johnson-Norman hereby moves to compel discovery from Rogers.

**I.    BACKGROUND**

Ms. Johnson-Norman's discovery requests relate to Rogers' sole remaining claim for violation of the Federal Credit Reporting Act (FCRA). Rogers claims that the Karen Johnson-Norman improperly ran a credit inquiry on his personal information or caused someone else to improperly run a credit inquiry on his personal information, thus violating the FCRA. Fact discovery in this case is scheduled to close on June 8, 2007.

On February 5, 2007, Karen Johnson-Norman served Rogers with her first set of interrogatories and document requests. D.I. 40, 41. The parties conferred regarding Ms. Johnson-Norman's requests and attempted to reach a resolution regarding the parties' discovery. When the parties had reached an impasse, Ms. Johnson-Norman moved the

Court to compel discovery relating to Rogers' loan application history. D.I. 55.  In her motion, Karen Johnson-Norman advised the Court that although the parties had appeared to have reached an impasse with respect to certain discovery requests, Ms. Johnson-Norman was not moving to compel on all of her outstanding discovery issues. *Id*. Instead, Karen Johnson-Norman served additional discovery that she hoped would focus the discovery issues requiring the Court's intervention.[1]  After full briefing, the Court granted Ms. Johnson-Norman's motion. D.I. 64.

Unfortunately, Rogers' answers to Ms. Johnson-Norman's interrogatories and Rogers' document production are still incomplete.  The document production deadline was April 13, 2007; thus, document discovery is now closed.  Pursuant to Local Rule 7(m), Karen Johnson-Norman has attempted to confer with Rogers prior to filing the instant motion.  Ms. Johnson-Norman has recently sent Rogers several letters requesting that Rogers supplement his document production and interrogatory answers.  *See, e.g.,* Attachment B (April 21, 2007 letter to Rogers regarding outstanding discovery requests). Rogers has refused, and has not responded to Ms. Johnson-Norman's latest letter.

## II.     ROGERS REFUSES TO PROVIDE ANY DISCOVERY ON THE BASIS FOR HIS DAMAGES CLAIM

Karen Johnson-Norman has served Rogers with several discovery requests to identify the extent to which Rogers has been injured, the amount of Rogers' alleged damages, and the basis for his claim for punitive damages.  Ms. Johnson-Norman moves to compel responses to two of her discovery requests pertaining to damages:

> **Document Request 6**.  All documents that refer to, relate to, or show any damages you have suffered as a result of the allegations in Count I of the Amended Complaint.
>
> **Rogers' Response:**  Plaintiff doesn't possess this documentation as indicated in his meet and confer with defendant.

---

[1] To better understand Rogers' refusal to provide certain discovery to Karen Johnson-Norman, on March 19, 2007, Ms. Johnson-Norman served Rogers with her First Set of Requests for Admissions. *See* Attachment A.

**Interrogatory 7**.  Identify all damages you have suffered as a result of the allegations contained in Count I of your Amended Complaint, including the basis for and calculation of those damages.

**Rogers' Answer:**  Plaintiff's damages have not been fully realized and explored as of this interrogatory.  He has suffered an intrusive, degrading, and illegal invasion into his private credit information which he believes was perpetrated by defendant via contacts or professional affiliation with WFFAC.  This has perpetuated his emotional distress and mental anguish and exposed him to possible identify theft, misuse, exploitation, and other forms of harassment.  Actual damages have not been fully discovered as of the date of this writing.

Although Karen Johnson-Norman is confident that this case can be resolved on the merits at the close of discovery, counsel for Ms. Johnson-Norman must continue to prepare her defense under the assumption that this case will go to trial.  To that end, Ms. Johnson-Norman must be allowed discovery on the facts and documents Rogers will use at trial to establish both injury and damages.  Rogers cannot ambush Ms. Johnson-Norman at trial with facts that he has never disclosed or documents he has never produced.

Rogers argues that he does not have to provide any discovery on damages because he states that he has agreed to limit his request for actual damages to the statutory maximum of $1000.  Indeed, Rogers may argue that the relief sought by Karen Johnson-Norman is unnecessary because of this concession.  However, Rogers' argument fails for two reasons.

First, Karen Johnson-Norman has no basis to believe Rogers.  Although Rogers has sent counsel for Ms. Johnson-Norman unsigned correspondence that says Rogers is seeking the statutory maximum under the FCRA in lieu of actual damages, Rogers refuses to give Ms. Johnson-Norman a sworn statement confirming this concession.  Indeed, Karen Johnson-Norman has asked Rogers to provide such a statement on several occasions. Attachment B. *See also* Attachment C (March 8, 2007 letter to Rogers regarding discovery at 2).

Nor has Rogers filed any document with the Court outlining this agreement, which would be subject to a Rule 11 motion if Rogers were to go back on his word. In short, without a signed agreement, the parties have no agreement. Therefore, Rogers must produce discovery on his actual damages.

Second, even if Rogers stipulated that he was seeking statutory damages in lieu of actual damages, Ms. Johnson-Norman must still be allowed discovery on the facts and documents Rogers will use at trial to prove his case. Rogers' answer to Interrogatory 7 implies that he has suffered on-going damages:

> "Plaintiff's damages have not been fully realized and explored as of this interrogatory. […] This has perpetuated his emotional distress and mental anguish and exposed him to possible identify theft, misuse, exploitation, and other forms of harassment. Actual damages have not been fully discovered as of the date of this writing."

In the hopes of narrowing the issue of Rogers' damages for trial, Karen Johnson-Norman served Rogers with her First Set of Requests for Admissions:

> **Request for Admission 10**. Do you admit: You have not suffered any damage to your credit score or creditworthiness as a result of the allegations in Count I of your Amended Complaint?
>
> **Request for Admission 11**. Do you admit: You have not lost any money as a result of the allegations in Count I of your Amended Complaint?
>
> **Request for Admission 12**. Do you admit: You have not been the victim of identity theft as a result of the allegations in Count I of your Amended Complaint?
>
> **Request for Admission 13**. Do you admit: You have not been exploited or harassed as a result of the allegations in Count I of your Amended Complaint?

Attachment A at 2.

Rogers denied each of these Requests for Admission. *Id*. However, despite his denials, Rogers has not provided any documents relating to his alleged injury or damages, and has not identified any facts relating to his alleged injury or damages.

For example, Rogers apparently contends that he has suffered injury to his credit score or creditworthiness because of the alleged unauthorized credit inquiry. However Rogers has not produced any documents that show that Rogers' credit score decreased because of the alleged inquiry, such as a recent credit report bearing Rogers' credit score. Rogers has not identified in his interrogatory answer what his credit score was before or immediately after the alleged inquiry. Nor has Rogers even tried to quantify the amount his credit worthiness has declined because of the alleged violation.

Similarly, Rogers has steadfastly claimed that he will seek punitive damages to the extent the Court will allow. However, Rogers has not provided Ms. Johnson-Norman with the basis for his claim for punitive damages. Indeed, given the Court's ruling regarding the scope of discovery in this case, Karen Johnson-Norman has no idea what Rogers' basis for punitive damages could be.

In short, Rogers has not turned over any evidence during discovery related to actual damages or his basis for punitive damages. Without this discovery, it would be wholly unfair to allow Rogers to spring such evidence on Ms. Johnson-Norman at trial. Thus, Ms. Johnson-Norman respectfully requests that the Court order Rogers to produce all the documents and facts Rogers will rely on at trial relating to damages. In the alternative, Ms. Johnson-Norman respectfully requests an order precluding Rogers from presenting any evidence relating to actual or punitive damages at trial.

### III. ROGERS HAS NOT PRODUCED ALL HIS CORRESPONDENCE WITH WELLS FARGO

Document Request 7 from Karen Johnson-Norman's first set of document request asked for all the correspondence between Rogers and Wells Fargo relating to Count I of Rogers' Amended Complaint:

> **Document Request 7**. All written communications between you and Wells Fargo, regardless of who initiated the communication, including, but not limited to, any communications relating to authorized or unauthorized credit inquiries, loans, accounts, or offers of credit.

**Rogers' Response:** By information and belief the only correspondence pertaining to the issues in Plaintiff's custody is produced in #1 above. He doesn't posses [sic] the original correspondence he sent to WFFAC or there [sic] initial response. The above is his follow up letter which was never answered.

In response to Document Request 7, Rogers produced a single letter he sent to Wells Fargo on January 26, 2006. Attachment D (Rogers' January 26, 2006 letter to Wells Fargo). The January 26th letter refers to two additional letters between Rogers and Wells Fargo relating to the allegations in Count I of Rogers' Amended Complaint: (1) a January 9, 2006 letter from Rogers to Wells Fargo, and (2) Wells Fargo's January 16, 2006 letter in response. *Id.* at 2.

Karen Johnson-Norman asked Rogers to produce both the January 9th and January 16th letters, as they are directly relevant to Rogers' claims. In his January 9th letter to Wells Fargo, Rogers apparently complains for the first time that an inquiry from Wells Fargo appeared on his credit report. *See generally*, Attachment C. Similarly, Wells Fargo's January 16th response is relevant because it is the first glimpse into Wells Fargo's reaction to Rogers' complaint. Rogers has never claimed that the January letters were not relevant, but instead informed Ms. Johnson-Norman that he no longer had the letters in his possession. *See* Attachment E (Rogers' March 16, 2007 letter regarding Ms. Johnson-Norman's discovery requests at 3-4; Rogers' March 21, 2007 letter regarding Ms. Johnson-Norman's discovery requests at 2).

In her First Set of Request for Admissions, Karen Johnson-Norman asked Rogers to confirm that he did not have a complete and unredacted copy of his other correspondence with Wells Fargo:

> **Request for Admission 3**. Do you admit: You do not have a complete and unredacted copy of the correspondence you sent to Wells Fargo on January 9, 2006?

6

> **Request for Admission 4**. Do you admit: You do not have a complete and unredacted copy of the correspondence Wells Fargo sent to you on January 16, 2006?

Attachment A at 1.

Rogers admitted that he does not have Wells Fargo's January 16, 2006 response, but *denied* that he *does not* have his initial letter to Wells Fargo dated January 9, 2006. *Id.* Apparently this means that Rogers *does* have a copy of his January 9, 2006 letter to Wells Fargo, but he simply failed to produce it.

Rogers' January 9, 2006 letter to Wells Fargo falls within the category of documents requested in Document Request 7. Therefore Ms. Johnson-Norman respectfully requests that the Court compel Rogers to produce the January 9, 2006 letter.

## IV.    ROGERS HAS NOT PRODUCED ALL THE RELEVANT DOCUMENTS IN HIS POSSESSION

Finally, Karen Johnson-Norman asked Rogers to identify and produce all documents the support or relate to Count I of Rogers' Amended Complaint:

> **Interrogatory 3**. Identify all documents that support, contradict, refer to, or relate to your allegations in paragraphs 36, and 45-51 of your complaint.
>
> **Rogers' Answer:** Experian Credit Report number 2209620732 indicates and documents the credit inquiry from WFFAC on April 25, 2004.
>
> **Document Request 1**. Documents supporting, relating to, or proving any allegation contained in Count I of the Amended Complaint.
>
> **Rogers' Response:** Page 16 of Experian Credit report number 2209620732 dated July 14, 2005 and letter written by Mr. Rogers to WFFAC about the inquiry which did not accuse or mention defendant by name to protect her privacy.

To date, Rogers has only produced the two documents that he identified in response to Document Request 1 of Karen Johnson-Norman's First Set of Document Requests. However, when Karen Johnson Norman asked Rogers to admit that the two

documents he produced were the *only* two documents in his possession related to Count I of his Amended Complaint, Rogers denied it:

> **Request for Admission 7**.  Do you admit: The only two documents in your possession related to the allegations in Count I of your Amended Complaint are (i) a redacted copy of Page 16 of your 22-page Experian Credit Report, dated July 14, 2005, and (ii) a copy of your January 26, 2006 letter to Wells Fargo Acceptance Corporation?
>
> **Rogers' Answer:**  Deny

Attachment A at 1.

Karen Johnson-Norman has no idea what additional documents Rogers has in his possession relating to Count I of his Amended Complaint.  However, to the extent Rogers has additional documents, their production was called for in Document Request 1.  Further, Karen Johnson-Norman requested that Rogers identify any relevant documents in Interrogatory 3.  Thus, Rogers should be compelled to produce any additional documents he has in his possession that relate to Count I of his Amended Complaint.

## V.        CONCLUSION

For the foregoing reasons, Karen Johnson-Norman respectfully requests this Court to compel Rogers to supplement his document production in response to Document Requests 1, 6, and 7 from Karen Johnson-Norman's first set of document requests.  Further Karen Johnson-Norman respectfully requests this Court to compel Rogers to supplement his answers to Interrogatories 3 and 7 from Karen Johnson-Norman's first set of interrogatories.

Given the parties' cross-motions to compel discovery, Ms. Johnson-Norman respectfully requests that the Court hold a discovery status conference to resolve the parties' outstanding discovery disputes.

                                               /s/
                           Sean P. Beaty, *pro bono*
                           (Bar No. 493597)
                           HOWREY LLP
                           1299 Pennsylvania
                           Washington, DC 20004
                           (202) 783-0800

                           Attorney for
                           Karen Johnson-Norman

Dated: April 25, 2007.