# ATTACHMENT B

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

April 21, 2007

VIA E-MAIL

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

Re: *Rogers v. Johnson-Norman* – Our Discovery Requests

Dear Mr. Rogers:

We have several outstanding discovery requests that you have not fully answered. I write this letter in a final effort to resolve these discovery issues without the Court's further intervention.

**Damages.** We are still awaiting your amended answer to Interrogatory 7, as well as documents evidencing your alleged damages. As you know, courts do not allow trial by ambush. We have asked you several times to identify the facts or evidence you will use at trial to establish (1) whether or not you were injured, (2) the amount of the damages suffered, and (3) whether the alleged conduct warrants punitive damages. This information is directly relevant to Count I of your Amended Complaint, and our preparation for trial.

You have told us that you plan to ask for the statutory maximum of $1000 rather than an award of actual damages; however, you have not filed anything with the Court or given us a sworn statement consistent with your position. If this is still your position, please provide us with a sworn statement to that effect by April 24, 2007. However, without written assurance in a motion, pleading, or other sworn statement that you are only seeking statutory damages, you force us to proceed as if you *have not* agreed to limit your damages to the statutory maximum and we will be need to take additional discovery on your damage claim.

Although a sworn statement or document filed with the Court will alleviate our concerns regarding your claim for actual damages, we still have concerns regarding the evidence you intend to introduce to prove that you were injured and the facts you will rely on to justify an award of punitive damages. Please amend your interrogatory answers and document production with any facts or documents you intend to rely on at trial by Tuesday, April 24, 2007. If you do not provide this information and documents, we will be forced to ask the Court for appropriate relief, which may include precluding you from presenting any such evidence at trial.

**Your Document Production.** Request 2 of Ms. Johnson-Norman's Document Requests asks for a copy of the credit report referenced in your Amended Complaint. You produced a

# HOWREY LLP

April 21, 2007
Page 2

redacted version of page 16 of an alleged 22-page Experian credit report, dated July 14, 2005. In your April 19, 2007 response to Ms. Johnson Norman's First Set of Request for Admissions, you admitted that you do not have a complete and unredacted version of your July 2005 Experian credit report.

Also, Request 7 of Ms. Johnson-Norman's Document Requests asks for all correspondence with Wells Fargo regarding the allegations in Count I of your Amended Complaint. You produced a copy of your January 26, 2006 letter to Wells Fargo. That letter indicates that you had additional correspondence with Wells Fargo, including a letter you sent on January 9, 2006 and a response from Wells Fargo dated January 16, 2006. We have asked you to produce these two letters; however, in your April 19, 2007 response to Ms. Johnson Norman's First Set of Request for Admissions, you admitted that you do not have copies of either your January 6, 2006 letter to Wells Fargo or Wells Fargo's January 16, 2006 letter to you.

Please detail your efforts to obtain complete and unredacted versions of both your alleged credit report and all correspondence with Wells Fargo, including who you have contacted to obtain copies of these documents, by April 24, 2007.

**Requests for Admission.** You have produced two documents in this case. However, in response to Ms. Johnson Norman's First Set of Request for Admissions, you denied that those two documents were the only documents in your possession related to the allegations in Count I of your Amended Complaint. As you are aware, Request 1 of Ms. Johnson-Norman's Document Requests asked for all documents "supporting, relating to, or proving any allegations contained in Count I of the Amended Complaint." You will not be allowed to introduce documents at trial that we have asked for and were not produced during discovery. Please produce all documents you have that supporting, relating to, or proving your claims contained in Count I of your Amended Complaint by Tuesday, April 24, 2007.

Finally, in your April 19, 2007 response to our request for admissions, you deny applying for a loan or financing in 2004. However, the documents produced by Wells-Fargo indicate otherwise. Please verify that you deny making any application for credit in April 2004.

As always, please do not hesitate to contact me with questions or concerns.

Sincerely,

*Sean P. Beaty*

Sean P. Beaty