# ATTACHMENT C

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

March 8, 2007

VIA E-MAIL

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

> Re: *Rogers v. Johnson-Norman*, C.A. 06-1186 (D.D.C.)

Dear Mr. Rogers:

We have received your answers to defendant's interrogatories and requests for production of documents. However, we were disappointed to see that your responses were deficient in a number of material ways. Our continued objections are outlined below. Please supplement your interrogatory answers and document production by 1700 hours EST on March 16, 2007, or we will be forced to move to compel this discovery.

## INTERROGATORIES

> **Interrogatory 3**. Identify all documents that support, contradict, refer to, or relate to your allegations in paragraphs 36, and 45-51 of your complaint.

**Your Answer:** Experian Credit Report number 2209620732 indicates and documents the credit inquiry from WFFAC on April 25, 2004.

**Our Objection to Your Answer**: Your answer is incomplete. In response to Interrogatory 7, you indicate that you corresponded with Wells Fargo regarding this alleged credit inquiry. Any correspondence with Wells Fargo relating to this inquiry is clearly covered by this Interrogatory. Therefore, please supplement your response to Interrogatory 3 to include **all** documents that support, contradict, refer to, or relate to your allegations in paragraphs 36, and 45-51 of your complaint.

Also, please comply with the definitions and instructions for each interrogatory, which specify:

> When referring to documents, "to identify" means to provide the: (i) type of documents; (ii) general subject matter; (iii) date of the document; and (iv) author(s), address(es) and recipient(s).

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US:20249871_1

# HOWREY LLP

March 8, 2007
Page 2

**Interrogatory 4.** Identify your FICO Score with each of the three major credit reporting agencies (Equifax, Experian, and TransUnion) as of February 2007.

**Your Answer:** Plaintiff is without sufficient knowledge to answer this interrogatory.

**Our Objection to Your Answer:** As we discussed in the meet and confer, your current FICO score bears directly on your claim for damages in this case. Your current FICO score is uniquely within your control and is easily accessible to you without undue burden. We therefore request that you answer this interrogatory fully.

**Interrogatory 7.** Identify all damages you have suffered as a result of the allegations contained in Count I of your Amended Complaint, including the basis for and calculation of those damages.

**Your Answer:** Plaintiff's damages have not been fully realized and explored as of the date of this interrogatory. He has suffered an intrusive, degrading, and illegal invasion into his private credit information which he believes was perpetrated by defendant via contacts or professional affiliation with WFFAC. This has perpetuated his emotional distress and mental anguish and exposed him to possible identity theft, misuse, exploitation, and other forms of harassment. Actual damages have not been fully discovered as of the date of this writing.

**Our Objection to Your Answer:** Your answer is inadequate for two reasons. First, you fail to identify the dollar amount of your damages. Even if your damages "have not been fully discovered," as you claim, you are obliged to answer this interrogatory and identify those damages you have suffered as of this date. Secondly, you have failed to provide a calculation for those damages as the interrogatory requests.

As we discussed in our meet and confer, you cannot refuse to disclose your damages during discovery and simply "prove your damages at trial." as you have indicated. Moreover, as Judge Huvelle remarked in the Scheduling Hearing, you are limited under the FCRA to real damages,[1] not speculative damages such as "emotional distress and mental anguish." Therefore, we request that you supplement your response to Interrogatory 7 with (1) a statement of any *actual* damages you have suffered, (2) a dollar value for your actual damages, and (3) a calculation showing how you arrived at the dollar value for your actual damages. In the alternative, if you are willing to stipulate that you have not incurred any actual damages due to the allegation in Count I of your complaint, we would be willing to withdraw our objection.

---

[1] "Do you understand, sir, that there are damages under the statute, if I'm correct, they're limited to either a thousand dollars or actual damages. Actual damages would have to be real ones. I don't think it is pain and suffering if I'm not mistaken." Schedul. Hrg. 4:19-23

# HOWREY LLP

March 8, 2007
Page 3

Further, supplementation of these disclosures is required by Federal Rule of Civil Procedure 26(a)(1)(C). *See Bullard v. Roadway Express*, 3 Fed. Appx. 418, 420 (6th Cir. 2001) ("[a]stonishingly, plaintiff's statement does not contain any reference to a dollar figure"); *In re Oakwood Homes*, 340 B.R. 510, 541 (Bankr. D. Del. 2006) (rule requires disclosure of "specific dollar figure"). Therefore, you are required to disclose the specific dollar figure of any actual damages you have suffered.

> **Interrogatory 8**. Identify any of your loans and debts that have been discharged without full repayment or satisfaction within the past 10 years, including, but not limited to, voluntary or involuntary bankruptcies.

**Your Answer:** Plaintiff declines to answer this question in accordance with his meet and confer with defendant.

**Our Objection to Your Answer**: Your response grossly misstates the outcome of our meet and confer session. *At no time* did we agree to relieve you of your obligation to answer this interrogatory completely and honestly. As stated in our February 14, 2007 letter, your credit history is directly related to your creditworthiness. Your incomplete response to Interrogatory 7 indicates that the damages you have allegedly suffered are ongoing. Therefore, to the extent you are claiming his interrogatory is directly relevant to your damages.

> **Interrogatory 10.** Identify all communications you have had with Wells Fargo, whether oral or written, for any purpose, including, but not limited to loans, accounts outstanding balances, and credit inquiries.

**Your Answer:** By information and belief, Plaintiff has not engaged in any business communications with Wells Fargo for credit or business purposes at any time in the prior 10 years.

**Our Objection to Your Answer**: Your response to Interrogatory 10 is improperly limited and flatly contradicted by your answers to Interrogatory 1 and Interrogatory 2. In response to Interrogatory 1 you state, "James Fisher, President of Wells Fargo Financial Acceptance Corporation also has knowledge of this inquiry as *Plaintiff contacted that entity* and inquired of the substance of this intrusion." In your answer to Interrogatory 2 you write, "Plaintiff *contacted WFFAC*." You also produced a copy of a letter that you sent to Wells Fargo. We are frankly confused as to how you consider these to not qualify as communications you have had with Wells Fargo.

Moreover, you have inappropriately limited your answer to "*business* communications." The interrogatory contains no such qualification. All communications with Wells Fargo must be included in your answer. While we agreed in our meet and confer that you did not need to include in your answer your communications with Wells Fargo where you specifically accused Karen Johnson-Norman of misconduct, the communications that you mention in your answers to Interrogatory 1 and Interrogatory 2 are clearly within the scope of the interrogatory. We

# HOWREY<sub>LLP</sub>

March 8, 2007
Page 4

therefore request that you supplement your answer to Interrogatory 10 with **all** communications you have had with Wells Fargo.

> **Interrogatory 11.** Identify if you have ever been a Wells Fargo Customer, and if so: (a) identify the time period that you were a customer; (b) identify the number of transactions you were involved in with Wells Fargo; (c) for each transaction, describe the nature and type of transaction and the approximate dollar value associated with each transaction.

**Your Answer:** At some point during his life, Mr. Rogers was a consumer customer of Wells Fargo. By information and belief he has not initiated any consumer activity with Wells Fargo in over 10 years. Due to the long period of time since he was a customer, he lacks sufficient records or knowledge to describe any transactions over 10 years ago.

**Our Objection to Your Answer**: You response is insufficient. Instruction "c" of defendant's first set of interrogatories directs that "if only approximate dates, amounts, or other computations or figures are known, then those approximations shall be given and stated as such, to the best of your knowledge or belief." Your answer to Interrogatory 11 fails to give an approximate time period when you were a customer. "At some point during [your] life," is clearly not sufficient. Your answer also fails to give the approximate number of transactions you were involved in with Wells Fargo as the interrogatory requests. Finally, your answer fails to describe the nature, type, and approximate dollar value associated with each transaction as the interrogatory requests.

You have indicated that you were, at some point, a customer of Wells Fargo. Although you may not remember specifics, surely you remember at least the general nature, approximate dollar value, and approximate time period of this transaction (e.g. "I applied for a car loan from Wells Fargo for about $5000 approximately 15 years ago"). We request that you supplement your answer to Interrogatory 11 to include this information.

> **Interrogatory 12.** Identify any loans you have applied for from January 1, 2004 to the present and for each loan identify: (a) the amount of the loan applied for; (b) the prospective lender; (c) whether you were approved for or denied the loan.

**Your Answer:** Plaintiff declines to answer this question in accordance with his meet and confer with defendant.

**Our Objection to Your Answer**: Again, your response improperly implies that we reached an agreement during our meet and confer that excused you from answering this interrogatory. We *never* agreed to relieve you of your obligation to answer this interrogatory completely and honestly. This Interrogatory is directly relevant to your allegations, and must be answered fully.

# HOWREY LLP

March 8, 2007
Page 5

**Interrogatory 13.** Identify each person that advised you with respect to any document filed in this action or that assisted you in researching, drafting, writing, or filing any document filed in this action, including, but not limited to, whether the person has legal training, which documents the person assisted you with, and the substance of their assistance.

**Your Answer:** By information and belief, there are no individuals within these parameters.

**Our Objection to Your Answer:** We are troubled by your response to this interrogatory given that in our meet and confers, you have repeatedly admitted that you have attorneys assisting you with your legal research and brief writing. We cannot fathom how you can now declare under the penalty of perjury that you have not received any assistance from anyone with legal training. If you have not received any assistance, please explain why you "prevaricated" during our meet and confer sessions and why we should have any confidence in any representation you will make at future meet and confers. Otherwise, please supplement your answer to Interrogatory 13 by identifying each person that has assisted you with respect to any document filed in this action.

## DOCUMENT REQUESTS

**Request 1.** Documents supporting, relating to, or proving any allegation contained in Count I of the Amended Complaint.

**Request 2.** A copy of the credit report referred to in your Amended Complaint that discloses that Wells Fargo initiated a credit inquiry in April 2004.

**Your Reply:** Produced [a redacted version] of page 16 of Experian Credit report number 2209620732 dated July 14, 2005...

**Our Objection to Your Reply:** Your production of documents is woefully inadequate. Your production of page 16 of the credit report referred to in your Amended Complaint is deficient in two ways. First, you have only produced page 16 of the credit report. Secondly, you have heavily redacted page 16.

Instruction "f" of Karen Johnson-Norman's first request for production of documents clearly states that "[a]ll documents that respond, in whole or in part, to any part of any request shall be produced *in their entirety, in unredacted form*, including all attachments and enclosures..." Furthermore, it states "[i]f any information specified in any request appears on any page of any document, *all pages* of the document should be produced in response to the request." Indeed, there is no provision under the Federal Rules that allows you to redact whatever you want and only produce the portions of documents *you* want to produce.

# HOWREY LLP

Further, your decision to redact this document is inconsistent with your position on the Protective Order suggested by counsel for Ms. Johnson-Norman. Therefore, we request that you produce a complete and unredacted copy of the credit report referred to in your Amended Complaint.

> **Request 3.** A copy of your current credit report from each of the three major credit reporting agencies (Equifax, Experian, and TransUnion), including your current FICO score from each credit reporting agency.

**Your Reply**: Plaintiff doesn't possess this documentation as indicated in his meet and confer with defendant.

**Our Objection to Your Reply**: As stated previously, because your credit report and current FICO score are uniquely within your control and are easily accessible to you without undue burden, it is our position that you must produce this document. Access to your credit score is critical to discovering what damages you supposedly suffered as a result of the allegations in Count I of your Amended Complaint. We request that you produce these documents forthwith.

> **Request 7.** All written communication between you and Wells Fargo, regardless of who initiated the communication, including, but not limited to, and communications relating to authorized or unauthorized credit inquiries, loans, accounts, or offers of credit.

**Your Reply**: Produced: ...letter written by Mr. Rogers to WFFAC about the inquiry which did not accuse or mention defendant by name to protect her privacy.

By information and belief the only correspondence pertaining to the issues in Plaintiff's custody is produced in #1 above [i.e. the letter written by Mr. Rogers to WFFAC]. He doesn't posses the original correspondence he sent to WFFAC or th[eir] initial response. The above is his follow up letter which was never answered.

**Our Objection to Your Reply**: First, your response fails to follow the directions outlined in defendant's first request for production of documents from plaintiff. Although you did identify documents that are responsive our request that are no longer in existence or which are no longer in your possession, you failed to "describe the circumstances under which such documents were destroyed or left your possession, and identify all persons or locations from which copies of the documents might be obtained."

Perhaps more importantly, your reply raises serious spoliation concerns. Both your original letter and the original response from Wells Fargo are directly relevant to your claims against Ms. Johnson-Norman. In the letter you produced, you threaten legal action against Wells Fargo, which triggers your duty to keep and preserve all evidence relating to any potential claims. Indeed, the letter you produced lists both your original letter to Wells Fargo and Wells Fargo's response as an attachment to the letter. Even more disturbing is that the return address

# HOWREY LLP

March 8, 2007<br>Page 7

you used for your second letter to Wells Fargo is your former attorney's address. We therefore request that you contact your former counsel for a copy of this and any other documents within their control that relate to this action.

Sincerely,

*[signature]*

Sean P. Beaty