# ATTACHMENT E

Sean Beaty  
1299 Penn Ave NW  
Washington, DC 20004

March 16, 2007

VIA EMAIL

Re:   Your letter of March 8, 2007   Civil Action 06-1186

Mr. Beaty,

I have received your letter and have conducted additional research in order to try and determine if I am in possession of the items which are responsive to your discovery request. As I have told you by phone numerous times, I fully intend to abide by my obligations with respect to discoverable material and will do so to the best of my ability. I have not listed your original comments line by line, but I have answered each. Hope we can resolve these issues professionally.

### Interrogatory 3

The mix up on this interrogatory seems to be that I included the second letter that I faxed to WFFAC with my produced documents in response to the requests you propounded. There was an initial correspondence that I sent to WFFAC informing them of my concerns on this unauthorized inquiry and to the best of my recollection that was sent about October 2005 and a brief form letter I received back from WFFAC notifying me that they had no record of me having an account with WFFAC that was faxed to me about January 2006. Regrettably, those correspondences are not in my possession and it appears that they have been misplaced. It is possible that these documents can be obtained from WFFAC but I do not have them. Accordingly, I answered this interrogatory initially and above with the sum of information that is currently available to me.

### Interrogatory 4

As we discussed by phone on two occasions, I do not have any knowledge of my FICO score from any of the 3 major credit reporting agencies. As this is not in my possession and has not been in possession during the pendency of this discovery request or civil action, it is burdensome for me to produce this information. As we have discussed, since damages have not been accurately determined as of the date of this correspondence, damages may therefore be deemed to be limited to those allowable by the statute.

### Interrogatory 7

As mentioned in the answer to Interrogatory 4, damages have not been fully realized and therefore may be presumed to be limited to those allowed by the statute at this point. However, as is frequently the case, punitive damages in FCRA cases are always allowable, particularly in cases where there is a lack of proof of actual damages.

**Interrogatory 8**

As actual damages will be supplanted by statutory damages along with any punitive damages, the type, amount, and nature of any loans are not at issue. Moreover, the time period in question is too broad (i.e. 10 years). I agree that the question may be answered for a period dating back 5 years, which is 2 years prior to the event at issue in this case. To the best of my knowledge, there aren't any consumer loans that have been discharged without satisfaction in the past 5 years.

**Interrogatory 10**

During our Meet and Confer on this issue, you clearly explained to me that you were seeking to discover any communications that I have had with Wells Fargo that did not concern my allegations against the defendant (i.e. all other communications). As to my understanding of your discussion with me, you were trying to learn of any manner of contact I had had with anyone in Wells Fargo that was not directly connected to this civil action since you have already inquired of this communications in Interrogatory 1. If I were to answer this question in strict accordance with your objection, the answer would be limited to the same exact answer for Interrogatory 1 since the only communications that I recall having about this issue are written. Moreover, your question didn't contain any type of a time frame on it whatsoever. The relevant periods of time are obviously those since about the time of this civil action. I don't think that you are asking for every communication that I have ever had (which would include every time I have EVER been to any Wells Fargo bank in my life). Aside from the communications that I disclosed in Interrogatory 1, I don't recall having any communications with anyone in Wells Fargo in the past 5 years. This time period includes the entire period in question.

**Interrogatory 11**

I continue to believe that the manner in which this question has been posed is overly broad and unduly burdensome You are asking me if I have ever been a consumer of any Wells Fargo operation. That is not germane to this civil action. However, I will answer with approximate dates in the spirit of disclosure. I believe that I may have had a checking account from about 1986 to about 1990 in Northern California. I have never initiated any consumer loans from Wells Fargo and to the best of my ability have not initiated any other consumer relationships with Wells Fargo at any time. The maximum that likely would have been in this checking account was $10,000 and there may have been up to 200 checks written on it. Obviously, I cannot possibly account for each and every check that may have been written on an account nearly 20 years ago. The more relevant time frame is the last 5 years, and I have not initiated any consumer activity with Wells Fargo during that time. I HAVE NO ONGOING RELATIONSHIP WILL WELLS FARGO AND HAVE NOT PERSONALLY ENDEAVOURED TO START ONE DURING THIS TIME.

**Interrogatory 12**

The relevant inquiry in this interrogatory pertains to any consumer loans that I may have applied for from Wells Fargo since 2004. The answer is none. There is no possible relevance to any other consumer loans that I may or may not have applied for with any other company. Pursuant to the prior statement that damages will be sought in accordance with the statute, the information has no bearing on this civil action.

**Interrogatory 13**

I stand by my answer. I have NEVER admitted to you or anyone else that any lawyer was doing legal research or writing briefs on my behalf in this case. Any conversations I may have had with lawyers were of a general nature. Attorneys that I may associate with always adhere to the strict ethical standards of conduct, as all lawyers are ethically and professionally bound to do. If you have specific information which contradicts my sworn answer, obviously you are free to confront any attorney you believe has violated any cannon of ethics and report that attorney to the Bar Counsel.

**Document Request**

**Request 1 and Request 2**

Regrettably, though I have searched for the entire credit report associated with this request, I am only able to find and produce page 16 redacted. I maintained this page solely because it was sent to WFFAC to inquire of this issue. I cannot produce documents that I do not have and don't know where they are. However, this page clearly details the relevant issue, that WFFAC initiated an inquiry on the date in question. As a collateral matter, the other companies on this inquiry are not important because they are not Wells Fargo and have nothing to do with this civil action. If I am able to find the additional pages or an unredacted copy, I will promptly provide that but I cannot produce what I don't have. To seek nonexistent documents is obviously burdensome. Moreover, my duty to maintain these documents was not clear to me since I did not directly threaten WFFAC with legal action. I only told them that I would seek out the advice of a Plaintiff attorney which is not a threat to sue.

**Request 3**

As detailed, these documents are not in my possession and are not relevant. To produce them is unduly burdensome. And with regards to the damages being tied to the statute, this request is not longer appropriate.

**Request 7**

As mentioned above, I only had the letter that I sent to WFFAC that I produced. The circumstances under which they are not available are uncertain to me. I cannot isolate a precise date and time that these documents have been misplaced only that during my

exhaustive search for them they could not be found. Certainly, WFFAC can and should have a copy of these documents if they took the inquiry serious. I don't believe there is a spoliation issue because I didn't threaten a suit. I was legitimately trying to learn the origin of this matter. I suspected that the defendant was responsible for this at the time and honorably refused to disclose her name in order to protect her rights. Regrettably, the letters at issue don't appear to be in my possession. If these letters or any other documents should turn up, I will honor my obligations with respect to discovery.

I affirm that the foregoing answers are true and correct to the best of my knowledge and believe.

Regards,

VIRGIL ROGERS

Sean Beaty, Esq.                                          21 March 2007

Re:     06-1186 Response to your letter

### Interrogatory 7

As I have agreed to seek damages only in accordance with the statutory allowable amount, it is not necessary for me to itemize actual damages that I may believe I have suffered. The purpose of having a statutory amount affixed for violations of this statute is to set a damage level when a person either cannot or will not articulate actual damages. As for the punitive damages, there is no statutory requirement that a plaintiff affix and provide a basis for punitive damages Obviously, the punitive damages serve various purposes once liability for a violation of this statute has been proven by a preponderance. In fact §616 (a) (2) permits punitive damages as the *court may allow*. Obviously, the court may base punitive damages on the circumstances of any given case, including the amount of the court's time a defendant used up in defending against the allegations. Many federal courts routinely award substantial punitive damages on such cases of willful noncompliance with the FCRA, but these damages are generally at the discretion of the court or trier of fact.

### Interrogatory 12

Your question here is overly broad and is not germane to the case. The allegations are that <u>defendant</u> caused an illegal inquiry on my credit, and likely used her contacts at Wells Fargo to do so. Your question tries to deflect and obscure the focus of this allegation by broadly claiming that WFFAC uses shell companies to initiate inquiries and that it was this issue that caused the inquiry at hand. However, as the FCRA is written, it doesn't allow one company to mask its identity for the purposes of inquiring on an individual's credit. In other words, what you are insinuating is not allowable. If there was an inquiry from Company A and it has a contract with WFFAC to grant credit, it must inquire on its own name and then contractually assign a client to another company or act as its agent. The only germane question has been answered – to wit I did not apply for credit from Wells Fargo in 2004.
    As I have agreed under oath in my prior response that I will seek damages only in accordance with the statute, I don't believe a written stipulation is required. In other words, there is no formal manner that this must be communicated as long as I have communicated to you the significant issue that I am utilizing the statute. If you want to draft a stipulation for my review, I will consider it. Otherwise, you may move to compel if that is your intent. However, since I have made clear my intention with regard to the statute, such a move to involve the court will be in bad faith on hyper litigious grounds.

**Document request 1 and 2**

As to your issue about authenticity, the redacted report contains a report number that can easily be verified with Experian. You imply that you believe the report is not authentic but do not provide much explanation for such an allegation. There is no evidence to prove that this report is false. In fact, either party can subpoena Experian with the narrow purpose of authenticating a report number and I believe that information would be given freely since there are no privacy concerns there. If authenticity is your actual concern, this can be easily addressed.

I do not believe there is any spoliation whatsoever in this matter. The letter was sent in good faith seeking to find out what is going on. However, the letter was sent to WFFAC and it was not a notice of suit. Secondly, there has been no bad faith in the misplacement of any documents. A motion to compel is not going to produce documents that are not available. We can discuss a strategy to subpoena certain documents from WFFAC. I do not believe Experian can reproduce a credit report from a past date but this can be looked at. In any event, anything that isn't available cannot be produced either between the parties or as a result of court intervention.

**Request 3**

Current credit reports and/or FICO scores will not be produced. Inquiries drop off after two years and a current report will not provide any admissible evidence. Particularly in light of the statutory damages which will be sought.

**Request 7**

I never stated that I did not ask my former attorney if she possessed the documents that are requested. She has been queried and doesn't have the documents at issue. I have produced the documents that I have in my possession. I disagree that I explicitly threatened to sue Wells Fargo. My statement to seek counsel was predicated on their inaction with respect to responding to my inquiry and in any event Wells Fargo is not a party to the current suit. I do not believe spoliation has occurred.

Submitted,

VIRGIL ROGERS, pro se