# ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| VIRGIL M. ROGERS, *pro se* | ) |
| Plaintiff, | ) |
| v. | ) |
| KAREN JOHNSON-NORMAN | ) Civil Case No. 06-01186 (ESH) |
| Defendant. | ) |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION**
**OF DOCUMENTS FROM PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Karen Johnson-Norman hereby requests that plaintiff Virgil M. Rogers produce the documents hereinafter described for inspection and copying within thirty (30) days of the date of service at the offices of Howrey LLP, 1299 Pennsylvania Ave., Washington, D.C. 20004.

**I.    Definitions**

The following definitions apply to this request:

(a)    **"Amended Complaint"** refers to the Amended Complaint filed by Virgil M. Rogers on September 21, 2006 and docketed at Civ. No. 06-1186-ESH, in the United States District Court for the District of Columbia.

(b)    **"And"** and **"or"** are both conjunctive and disjunctive and shall not be interpreted to exclude any information otherwise within the scope of any request.

(c)    **"Communication"** or **"Statement"** means the written, electronic or oral transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(d)    "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

(e)    "**Document**" has the same meaning as in Fed. R. Civ. P. 34 and includes documents in your possession, custody, or control, including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

(f)    "**FICO score**" means any the numeric value assigned to a person's creditworthiness derived from a credit scoring system based on the Fair Isaac and Company software model, or any other method of rating an individual's creditworthiness, including, but not limited to, Equifax's BEACON score, Experian's Experian/Fair Isaac Risk Model score, and TransUnion's EMPIRICA score.

(g)    "**Person**" or "**persons**" refers to all individuals and entities, including all natural persons, corporations, companies, partnerships, ventures or other associations, trusts, estates, public agencies, departments, bureaus, boards, societies, associations-in-fact, all federal, foreign, state, local or other governmental entities, and all legal entities including all members, officers employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

(h)    "**Referring to**" means constituting, comprising, concerning, regarding, containing, setting forth, showing, disclosing, describing, explaining, summarizing, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

(i)    **"Relating to"** or **"related to"** means constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, pertaining to, having any relationship to or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

(j)    **"Shows"** or **"Showing"** means constituting, comprising, concerning, regarding, containing, setting forth, referring, disclosing, describing, identifying, explaining, summarizing, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

(k)    **"Wells Fargo,"** when used herein, means Wells Fargo & Company, and any agents, employees, representatives, accountants, attorneys, parents, affiliates, divisions, controlled companies, subsidiaries, and other related entities of Wells Fargo and the agents, employees, representatives, accountants and attorneys of those entities, and all other persons or entities, acting, or in purporting to act, on its behalf.

(l)    **"You,"** **"your,"** and **"yours"** means yourself, Virgil M. Rogers, or anyone acting on your behalf or at your request or direction.

**II.    Instructions**

(a)    Unless otherwise indicated, each specification of this document request covers the period from January 1, 2004 until the present.

(b)    Identify all documents responsive to any request which are no longer in existence or which are no longer in your possession and describe the circumstances under

3

which such documents were destroyed or left your possession, and identify all persons or locations from which copies of the documents might be obtained.

(c)     If any information called for by any documents request is withheld on the basis of privilege or work product, state the nature of the privilege claimed and provide sufficient information concerning the basis of the claim to permit a full determination of whether the claim is valid, separately for each document:

     (i)     its date;

     (ii)    its author;

     (iii)   the business or position of its author;

     (iv)    its recipient and the business or position of each recipient;

     (v)     its general subject matter; and

     (vi)    the paragraph of the interrogatory to which the document or communication is responsive

(d)     For any draft, copy or reproduction of any document responsive to any of the following requests that contains or has been revised to include any postscript, notation, change, amendment or addendum, not appearing in the document itself as originally written, typed or otherwise prepared, produce each such draft, copy or reproduction.

(e)     All documents requested shall be produced in the same file or other organizational environment in which they are maintained by you, *viz*, if the document is part of a file or other grouping, it should be physically produced, together with all of the documents from said file or group in response to the request in the same order or manner of arrangement as the original.

(f)     All documents that respond, in whole or in part, to any part of any request herein, should be produced in their entirety, in unredacted form, including all attachments and enclosures, as they are kept in the ordinary course of business.  If any information specified in any request appears on any page of any document, all pages of the document should be produced in response to the request.

**III.    Documents to Be Produced**

1.     Documents supporting, relating to, or proving any allegation contained in Count I of the Amended Complaint.

2.     A copy of the credit report referred to in your Amended Complaint that discloses that Wells Fargo initiated a credit inquiry in April 2004.

3.     A copy of your current credit report from each of the three major credit reporting agencies (Equifax, Experian, and TransUnion), including your current FICO score from each credit reporting agency.

4.     Documents which show your FICO score between January 2004 and March 2004.

5.     Documents which show your FICO score between May 2004 and July 2004.

6.     All documents that refer to, relate to, or show any damages you have suffered as a result of the allegations in Count I of the Amended Complaint.

7.     All written communications between you and Wells Fargo, regardless of who initiated the communication, including, but not limited to, any communications relating to authorized or unauthorized credit inquiries, loans, accounts, or offers of credit.

Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania
Washington, DC 20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated: February 5, 2007.

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing request for production of documents was served by e-mail, this 5th day of February, 2007, to the same e-mail account Rogers uses to receive CM/ECF filings. No other viable address is available for Counsel for Karen Johnson-Norman to effectuate service.

Sean P. Beaty, *pro bono*
(Bar No. 493597)