# ATTACHMENT C

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

March 19, 2007

VIA E-MAIL

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

    Re:    *Rogers v. Johnson-Norman*, C.A. 06-1186 (D.D.C.)

Dear Mr. Rogers:

    Thank you for your March 17, 2007 response to my March 8, 2007 letter regarding your interrogatory responses and document production. We are concerned that we have reached an impasse with respect to several items, and we are therefore sending you this letter in a final effort to resolve these issues without the Court's intervention. We have outlined our continued objections below.

## INTERROGATORIES

    **Interrogatory 7.** Identify all damages you have suffered as a result of the allegations contained in Count I of your Amended Complaint, including the basis for and calculation of those damages.

    **Your Answer:** Plaintiff's damages have not been fully realized and explored as of the date of this interrogatory. He has suffered an intrusive, degrading, and illegal invasion into his private credit information which he believes was perpetrated by defendant via contacts or professional affiliation with WFFAC. This has perpetuated his emotional distress and mental anguish and exposed him to possible identity theft, misuse, exploitation, and other forms of harassment. Actual damages have not been fully discovered as of the date of this writing.

    **Your Response to Our Objection:** As mentioned in the answer to Interrogatory 4, damages have not been fully realized and therefore may be presumed to be limited to those allowed by the statute at this point. However, as is frequently the case, punitive damages in FCRA cases are always allowable, particularly in cases where there is a lack of proof of actual damages.

    **Our Continued Objection**: As we have stated previously, we object to your failure to identify the damages you have actually suffered as a result of the allegations contained in Count I of your Amended Complaint. While we appreciate your concession that your actual damages will be capped at the statutory maximum of $1000, it does not settle the issue of determining

**HOWREY** LLP

March 19, 2007
Page 2

what damages you have *actually suffered*. Similarly, to the extent you are seeking punitive damages, you are obligated to explain the basis for those punitive damages.

To assist us in clarifying your alleged damages, we have attached Karen Johnson-Norman's First Set of Requests for Admission. Your admissions or denials are due by April 18, 2007. Although we are not waiving our objections to your answer to Interrogatory 7, we will refrain from moving to compel a more detailed answer to Interrogatory 7 until we have received your admissions.

> **Interrogatory 12.** Identify any loans you have applied for from January 1, 2004 to the present and for each loan identify: (a) the amount of the loan applied for; (b) the prospective lender; (c) whether you were approved for or denied the loan.

**Your Answer:** Plaintiff declines to answer this question in accordance with his meet and confer with defendant.

**Your Response to Our Objection:** The relevant inquiry in this interrogatory pertains to any consumer loans that I may have applied for from Wells Fargo since 2004. The answer is none. There is no possible relevance to any other consumer loans that I may or may not have applied for with any other company. Pursuant to the prior statement that damages will be sought in accordance with the statute, the information has no bearing on this civil action.

**Our Continued Objection:** You have still failed to fully answer this interrogatory. Interrogatory 12 is relevant for two reasons. First, it is directly relevant to any alleged credit inquiry initiated by Wells Fargo Financial Corporation. While you may not have applied for any loan directly to Wells Fargo Financial Corporation, many companies use Wells Fargo Financial Corporations' credit inquiry services. Therefore, if you applied for a loan or financing *anywhere* it would have relevance to your claims.

Second, without a signed stipulation that you have not suffered any actual damages, this interrogatory is directly relevant to whether you have suffered any injury to your credit worthiness, or any other actual damages you have suffered. Therefore, we insist that you fully answer Interrogatory 12 by 1700 hours EST on March 21, 2007, or we will move to compel a more complete answer from you.

## DOCUMENT REQUESTS

> **Request 1.** Documents supporting, relating to, or proving any allegation contained in Count I of the Amended Complaint.

> **Request 2.** A copy of the credit report referred to in your Amended Complaint that discloses that Wells Fargo initiated a credit inquiry in April 2004.

# HOWREY LLP

March 19, 2007
Page 3

**Your Reply**: Produced [a redacted version] of page 16 of Experian Credit report number 2209620732 dated July 14, 2005...

**Your Response to Our Objection:** Regrettably, though I have searched for the entire credit report associated with this request, I am only able to find and produce page 16 redacted. I maintained this page solely because it was sent to WFFAC to inquire of this issue. I cannot produce documents that I do not have and don't know where they are. However, this page clearly details the relevant issue, that WFFAC initiated an inquiry on the date in question. As a collateral matter, the other companies on this inquiry are not important because they are not Wells Fargo and have nothing to do with this civil action. If I am able to find the additional pages or an unredacted copy, I will promptly provide that but I cannot produce what I don't have. To seek nonexistent documents is obviously burdensome. Moreover, my duty to maintain these documents was not clear to me since I did not directly threaten WFFAC with legal action. I only told them that I would seek out the advice of a Plaintiff attorney which is not a threat to sue.

**Our Continued Objection:** We continue to object to your failure to produce a complete and unredacted copy of your July 14, 2005 Experian credit report. In particular, it appears you have made no effort to contact Experian to obtain another copy of this report. Your failure to produce a complete and unredacted copy of the document highlights the mortal deficiencies in establishing the authenticity of this alleged Experian report. Moreover, we believe this raises the specter of spoliation in the face of your duty to maintain documents relating to this action. If a complete and unredacted version of this document is not produced by 1700 hours EST on March 21, 2007, we will seek the necessary intervention by the Court.

> **Request 3.** A copy of your current credit report from each of the three major credit reporting agencies (Equifax, Experian, and TransUnion), including your current FICO score from each credit reporting agency.

**Your Reply**: Plaintiff doesn't possess this documentation as indicated in his meet and confer with defendant.

**Your Response to Our Objection:** As detailed, these documents are not in my possession and are not relevant. To produce them is unduly burdensome. And with regards to the damages being tied to the statute, this request is not longer appropriate.

**Our Continued Objection**: We have repeatedly stated that your current credit report and FICO score are uniquely within your control and are easily accessible to you without undue burden. It is not costly for you to obtain this information. Moreover, without the Court's intervention, we are unable to obtain these without your permission.

**HOWREY**LLP

March 19, 2007
Page 4

Your current credit reports and FICO score are directly relevant to your alleged damages. Please produce these documents by 1700 hours EST on March 21, 2007, or we will move to compel the production of these documents.

> **Request 7**. All written communication between you and Wells Fargo, regardless of who initiated the communication, including, but not limited to, and communications relating to authorized or unauthorized credit inquiries, loans, accounts, or offers of credit.

> **Your Reply**: Produced: ...letter written by Mr. Rogers to WFFAC about the inquiry which did not accuse or mention defendant by name to protect her privacy.

> By information and belief the only correspondence pertaining to the issues in Plaintiff's custody is produced in #1 above [i.e. the letter written by Mr. Rogers to WFFAC]. He doesn't posses the original correspondence he sent to WFFAC or th[eir] initial response. The above is his follow up letter which was never answered.

> **Your Response to Our Objection:** As mentioned above, I only had the letter that I sent to WFFAC that I produced. The circumstances under which they are not available are uncertain to me. I cannot isolate a precise date and time that these documents have been misplaced only that during my exhaustive search for them they could not be found. Certainly, WFFAC can and should have a copy of these documents if they took the inquiry serious. I don't believe there is a spoliation issue because I didn't threaten a suit. I was legitimately trying to learn the origin of this matter. I suspected that the defendant was responsible for this at the time and honorably refused to disclose her name in order to protect her rights. Regrettably, the letters at issue don't appear to be in my possession. If these letters or any other documents should turn up, I will honor my obligations with respect to discovery.

> **Our Continued Objection:** As with Document Request No. 1 and 2, we continue to object to your failure to produce all correspondence with Wells Fargo. Both your original letter and the original response from Wells Fargo are directly relevant to your claims against Ms. Johnson-Norman. Your statement that "[t]he circumstances under which they are not available are uncertain to me" is unacceptable. Again, your failure to maintain these documents raises serious spoliation issues.

> Your letter threatens legal action against Wells Fargo, which triggers your duty to keep and preserve all evidence relating to any potential claims. Your return address listed on your second letter to Wells Fargo is your former attorney's address; however it appears you have not contacted your attorney to obtain a copy of this correspondence. If a complete and unredacted version of this document is not produced by 1700 hours EST on March 21, 2007, we will seek the necessary intervention by the Court.

**HOWREY**LLP

March 19, 2007<br>Page 5

Please feel free to contact me with any questions.

                                            Sincerely,

                                            Sean P. Beaty