UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

VIRGIL M. ROGERS, *pro se*   )

    Plaintiff,   )

    v.   ) Civil Case No. 06-01186 (ESH)(DAR)

KAREN JOHNSON-NORMAN

    Defendant.

**ROGERS' REPLY TO KAREN JOHNSON-NORMAN'S OPPOSITION TO ROGERS' MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION**

    Defendant callously and insensitively trivializes Mr. Rogers' request for an emergency injunction, apparently asking this Court to find that it is totally void of any merit. However, arguments in opposition are not consistent with the facts or the law. She urges the Court to find that Mr. Rogers is essentially prohibited by law from seeking such an injunction. As the Court will surely ascertain on its own, there is no statutory prohibition to Mr. Rogers' request and the Local Rules of this Court neither prevent a request for an emergency injunction nor do they prevent the Court from granting relief in this instance. The legal arguments coming from the defendant oftentimes represent disingenuousness and at least a lack of legal experience, though Mr. Rogers is portrayed as the neophyte.

    No matter how the defendant tries to twist and turn and minimize the ethical offense committed by her pro bono defense counsel, they are evident and are admitted even in her

1

opposition. While Mr. Rogers' second Motion for a Protective Order is still pending before the court, and without providing Mr. Rogers any opportunity to oppose her efforts, defendant's counsel used his subpoena power to obtain documents that are highly personal and which contain private information about Mr. Rogers and his family.

Defense counsel insults this court when he claims to have had a legal duty turn over this material to Karen Johnson Norman as soon as he obtained it. In fact, by doing this he demonstrated a lack of ethics and contempt for the authority of this Court. Were Sean Beaty actually committed to doing what is professional and appropriate, he would have foremost refrained from seeking to obtain information that was the subject of a pending request for a protective order. Once that ethical lapse occurred, a professional attorney with respect for the court would have secured this information and secured it during the pendency of the protective order motion. In the least, he should have sought leave of the Court to proceed with his actions. By failing to do any of these things, defense counsel action improperly and such actions warranted the extraordinary actions taken by Mr. Rogers. And this Court should always keep in mind that Sean Beaty and the defendant are suppose to be attorneys and are supposed to represent all that is intertwined with the Rules of Professional Conduct. Mr. Beaty works for one of the largest law firms in the world.  Mr. Rogers is a layperson with no legal training. With that stark contrast in mind, the conduct of the defendant and her counsel are outrageous and warrant extraordinary relief.

Defendant by and through her counsel claims that the private information that Mr. Rogers seeks to protect is germane to her defense. She never explains this ridiculous assertions and how she would have been prejudiced had her defense counsel had withheld this information from others until such time as the proper handling of such material was

determined by the court. In such a contentious case, it was obviously improper for defendant or her counsel to unilaterally determine the proper handling of private information simply because Sean Beaty has the ability to issue subpoenas. With that ability comes a great responsibility, and Sean Beaty abused that ability in this case, to the detriment of Mr. Rogers.

Defendant makes much of the alleged Protective Order that was discussed between defense counsel and Mr. Rogers. She left a few details out or hopes they are swept under the rug. The proposed Protective Order that she sent to Mr. Rogers was stunningly and astoundingly one sided. In sum, it permitted any person that is a member of the bar to retain copies of any private information about Mr. Rogers. *Only members of the bar.* So defendant would have been permitted to misuse any information about Mr. Rogers and since he is not a member of the bar, his access to information about her was limited. Clearly, this proposed order was a farce as Mr. Rogers told defense counsel. It was not a serious attempt by defendant to confer and negotiate legitimately. It was a pro forma tactic used to try and discredit Mr. Rogers and claim he is intractable. As any intelligent person would have done (if they could decipher the many pages of legalese in that proposed order), Mr. Rogers rejected their offer and it was never seriously amended.

Defendant has now come before the court on April 30, 2007 with a motion claiming that she has uncovered some documents that exculpate her because of a credit report that she received from Wells Fargo. Obviously, there is no surprise that there is a credit report which contain information about Mr. Rogers. However, as in her opposition to this motion for an injunction, defendant misleads the court. She has not and will never produce any documents in which Mr. Rogers authorized this intrusion to his credit

report. Now her subpoenas run amok and she seeks information from Car Max and several other companies. Her subpoenas are not subject to any checks and is wild and unrestrained. However, they cannot possibly prove that Mr. Rogers authorized a credit inquiry but they will bring grave damage upon Mr. Rogers via grave intrusions to his privacy. It certainly is not necessary for Mr. Rogers to present more evidence than that made by the Executive Branch itself by and through the Federal Trade Commission that the release and misuse of such sensitive information as that obtained by defendant through her lawyers questionable subpoena tactics is damaging. Defendant has contacted former girlfriends, family members, and members of the Untied States Congress to do harm to Mr. Rogers. As a demonstration of her obsessed mental state to harm Mr. Rogers, she asserted a serious intent to contact George W. Bush, the United States President to pursue legal actions against Mr. Rogers when she testified in Superior Court in 2001. She clearly has the capacity to misuse information and may be delusional. The Court should rightly place severe limitations on the subpoena power and the use of information by defendant and her legal team in this case.

## CONCLUSION

Mr. Rogers respectfully urges this court to promptly grant his motion for an emergency injunction and take proper remedial steps necessary to protect and restrict further improper actions by defense counsel and any other relief as the Court may deem appropriate.                                                          /s/

VIRGIL ROGERS

Dated: April 30, 2007.

4