# ATTACHMENT A

## Kellett, Christopher

**From:** V Rogers [rogerslaw1@hotmail.com]
**Sent:** Tuesday, April 17, 2007 12:10 AM
**To:** Kellett, Christopher
**Subject:** RE: Rogers v. Johnson-Norman (D.D.C.)

Mr. Kellett,

You have not provided any responses to any of my interrogatories or productions save one printout from the Bankruptcy Court in D.C.

I will reply once again in hopes that you will submit the requested information. If you will not answer any of the requested infrormation, I will need to seek assistance from the Court.

1.  You don't specify your objections to my instructions and definitions or the claim that they exceed the Rules. These instructions are essentially the same ones you submitted to me. Therefore, they are presumed to be allowable and lawful. You need to submit specific objections.

2.  You never provided a privilege log, though you claimed it was forthcoming. Without this, your claims of privilege are not acceptable.

3.  You did not specify the confidentiality agreements you are citing nor who they include. I requested that you provide a copy of the actual written agreements for authentication. Please provide the agreements in order to utilize them as grounds to refuse discovery.

4.  I have a;ready agreed to allow you to redact information covered under the privacy clause in the Local Rules which should ameliorate your privacy concerns with respect to your clients address, etc. You did not address this concession in your objections. You may redact private information as long as its the information that conforms with the local rules. In the alternative, I have suggested that you seek a protective order to cover the use of other private information.

5.  You use the dates March 1, 2004 to May 31, 2004 to now claim that is the only relevant time period. As a matter of propriety, several of you interrogatories covered a larger period than this and thus I don't find it improper to seek this information. if it was proper for you to do it, then it is proper for me to do so. You now narrow all of your objections to a date the Court used to narrow your questions of me. The Court has not ruled that my questions are to be narrowed to the same extent. As such, please answer the questions.

6.  I cannot agree with any of the other specific objections you have raised. In addition, you repeatedly cite a 7 year old misdemeanor case as grounds to refrain from answering questions. If necessary, we can raise the specific testimony and facts of that case to dispel that the facts of that case support your objections in this case. They do not and the court likely will not uphold that case as a basis to refuse discovery.

In sum, I don't think you have made much effort to cooperate with this discovery. You didn't even provide a privilege log that was promised on April 13, 2007. Hesitantly, I will seek court intervention if we cannot come to some agreement and consensus on addressing my discovery by COB on April 17, 2007.

Respectfully,

Virgil Rogers

>From: "Kellett, Christopher" <KellettC@howrey.com>
>To: <rogerslaw1@hotmail.com>
>CC: "Beaty, Sean" <BeatySean@howrey.com>
>Subject: Rogers v. Johnson-Norman (D.D.C.)

1

```
>Date: Fri, 6 Apr 2007 17:38:49 -0400
>
>Mr. Rogers,
>
>Attached are Ms. Johnson-Norman's objections and answers to your first
>set of interrogatories as well as Ms. Johnson-Norman's objections and
>responses to your first set of requests for production.
>
>Christopher Kellett
>Howrey LLP
>1299 Pennsylvania, NW
>Washington, DC 20004-2402
>202-783-0800 ext. 6793
>Admitted only in Maryland.
>Not admitted in D.C.
>Practicing under the supervision of firm principals
```

---

Mortgage rates near historic lows. Refinance $200,000 loan for as low as $771/month*
https://www2.nextag.com/goto.jsp?product=100000035&url=%
2fst.jsp&tm=y&search=mortgage_text_links_88_h27f8&disc=y&vers=689&s=4056&p=5117

**HOWREY** LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

April 17, 2007

VIA E-MAIL

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

Re:   *Rogers v. Johnson-Norman* – Discovery

Dear Mr. Rogers:

We have received your April 17, 2007 e-mail regarding our responses to your discovery requests. As lead counsel for the Defendant in this case, please direct all correspondence to my attention in the future.

We provided our objections and responses to your discovery requests on April 6, 2007. To my knowledge, today's e-mail has been your first contact with us regarding your discovery requests since we served our objections and responses. We welcome the opportunity to meet and confer regarding your discovery requests; however, we are concerned that your deadline of close of business today does not allow sufficient time for the meet and confer process.

We also have concerns regarding your responses to our discovery requests, which warrant further discussion. In the hopes of facilitating that discussion, we have outlined the issues as follows:

**Objections to Instructions and Definitions.** We object to your instructions only to the extent that they impose obligations outside of the Local or Federal Rules. In construing your discovery requests, we have applied a plain meaning to your instructions and definitions. We do not have specific objections to your instructions or definitions at this time.

**Confidentiality Agreements.** We are not aware of any confidentiality agreements that would restrict our production of any documents or answers to interrogatories. However, should the Court order Ms. Johnson-Norman to supplement her document production or interrogatory answers, our responses would be subject to any applicable confidentiality agreements or protective orders that may exist.

**Relevant Time Period.** We believe the Court's April 4, 2007 Order regarding the relevant time period for Ms. Johnson-Norman's Interrogatory 12 is equally applicable to your discovery requests. The relevant time period for Count I of your Amended Complaint, and thus your discovery requests, is March 1, 2004 to May 31, 2004.

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

**HOWREY**LLP

April 17, 2007
Page 2

**Privilege Log.** We are not withholding any communications on the basis of privilege, and therefore have not prepared a log of any communications over which we are asserting the attorney-client communication privilege. We believe that any of Ms. Johnson-Norman's communications with her attorneys regarding you during the relevant time period are irrelevant because they relate solely to the Civil Protection Order case against you. The Court has already ruled that this topic is not relevant and thus these communications are not discoverable. Should the Court order Ms. Johnson-Norman to supplement her document production or interrogatory answers to include communications with her counsel relating to you during the relevant time period, Ms. Johnson-Norman will produce a privilege log at that time.

**Ms. Johnson-Norman's Private Information.** We object to producing *any* of Karen Johnson-Norman's private information. We appreciate your concession allowing us to redact her social security number; however, that does not alleviate our concerns with producing her tax records, asset records, and other personal information. We do not believe this information is relevant to Count I of your Amended Complaint, and therefore it is not discoverable.

**Your Answer to Interrogatory 12.** We have received your answer to Interrogatory 12. Your answer is unacceptably vague. The Federal Rules require you to conduct a reasonable investigation to answer our interrogatories. *See 3M Innovative Properties Co. v. Tomar Electronics,* No. 05-756, 2006 WL 2670038, at *6 (D. Minn. Sept. 18, 2006) ("parties are under a duty to complete a reasonable investigation when presented with the opposing party's interrogatories and document requests"). Either you did apply for credit during the relevant period, or you did not. Interrogatory 12 does not ask whether you remember applying for credit; it requests that you to identify all applications for credit during the relevant period. Please answer Interrogatory 12 without qualification by April 19, 2007.

**Our Document Requests.** We still have not received complete and unredacted versions of your correspondence with Wells Fargo or your July 2005 credit report. Please detail all your efforts to obtain complete and unredacted versions of your alleged credit report and correspondence with Wells Fargo, including who you have contacted to obtain copies of these documents, by April 19, 2007.

**Damages.** You still have not provided Ms. Johnson-Norman a basis for your alleged injury in this case, as requested in Interrogatory 7. We request that you amend your Answer to Interrogatory 7 to explain the basis of your alleged injury by April 19, 2007. In the alternative, we are willing to waive our objections to your Answer to Interrogatory 7 if you file a written stipulation with the Court stating that you have not suffered any injury arising from the allegations of Count I of your Amended Complaint.

**Requests for Admissions.** As a reminder, your admissions to Karen Johnson-Norman's first set of Requests for Admissions are due tomorrow, April 18, 2007.

# HOWREY LLP

April 17, 2007
Page 3

We look forward to your written response.

Sincerely,

*[signature]*

Sean P. Beaty

# Beaty, Sean

| | |
|---|---|
| **From:** | V Rogers [rogerslaw1@hotmail.com] |
| **Sent:** | Tuesday, April 17, 2007 20:01 |
| **To:** | Beaty, Sean |
| **Subject:** | RE: Letter to Your April 17, 2007 E-Mail |

Mr. Beaty,

My email was sent to Mr. Kellett because he is the person who wrote to me and I merely replied. Please have the responsible counselor send me correspondence and I will respond in turn.

You have included alot of divergent topics in your letter and its a bit confusing because there are so many different topics covered. I must admit that I am having difficulty parsing it out. Some of your letter contradicts statements you have communicated to me previously which makes it more difficult to understand.

I don't think you are being cooperative with respect to my discovery requests. You haven't answered any questions and you are not apparently willing to answer any questions or produce anything. Everything is irrelevant in your eyes. I never asked you to provide any private information about your client and I have agreed twice to allow it to be redacted. Just as you have information about me that you gleaned from "public" sources, that ball bounces in both directions so its not necessary for any party to seek any private info via discovery. But you seem to be stonewalling this process.

1.  You haven't explained how my instructions impose anything outside of the Local Rules. These are your same rules you sent to me. Show me how they are outside of the rules or different than what you requested of me? Specifics are required for this objection.

2.  You previously cited the existence of confidentiality agreements as a grounds to exclude discovery. Now your letter says there are no confidentiality agreements. Confusing. Please clarify, and provide the confidentiality agreements. If they exist, I can be agreeable on this issue, but I need to see the actual agreement or this protection fails.

3.  The Court order only imposed a time limitation on your discovery to me.
You are expanding the meaning of that order impermissibly and I think the Court would agree that its order said nothing about any other discovery or topics. I will not amend the time limit to a 60 day time frame since the defendant's behavior is what is at question in this case and is subject to a more broad scope.

4.  You previously stated you would provide a privilege log by April 13 and now you say nothing is privileged. That contradictory statement is also confusing.

5.  You cannot determine for me what I deem relevant. You state your opinion, which is as an advocate for a party. I disagree that all of my discovery requests are irrelevant as you seem to believe. The court doesn't permit an advocate to make decisions on behalf of the opponent.

6.  I do not think you can refrain from producing any of Karen's private information. Again, the grounds and stated basis you are using to make such a statement will not hold up to court intervention or legal scrutiny. I did not object to some of my personal information being discovered, I objected to the manner in which it was handled improperly. I do not believe the court will uphold your objection on a "stalking" basis. You simply have no evidence outside your client's uncorroborated statements to several courts to back that up. Not only is it mostly false information, its insufficient to foreclose discovery. I think using that defense to foreclose discovery will open your client's many prior inconsistent and false statements for investigation by the Court.

7.  There is nothing insufficient about my answer to Inter # 12. You are asking me about a period 4 years ago. I have answered under oath that I do not have any recollection of applying for credit. I will not amend this answer. You have already gone to the court for intervention, prematurely I believe. If my answer is not sufficient, you will need to go

1

to the court and have it specify what words I must use to answer.

8. I have answered your question about damages several times. Please recall our conversations.

As for the period of time that I have requested a response, the answers to your objections have been submitted to you twice. The same responses you received on April 16 were sent to you in essentially the same manner previously. I have not changed my position since you have not really provided any discovery.

The nature of this "simple" case has gone contentious. I don't know how you feel about that but I did my best to remain polite and professional.
However, on some issues, I was pushed far beyond what is appropriate. I have told you several times, this is not a personal matter between you and I, but you seemed to have made it one. I don't think professional ego belongs in the work place, especially in cases like this. I remain committed to doing what is right, but this is not a forum for a lawyer to bully a pro per litigant. I do possess some intelligence, as your client can probably attest. I would appreciate some dignity and respect. And for the record, I stand behind the "wild allegations" that were made, particularly about your client. Unconventional they may be, but that doesn't make them false.
Watergate break in allegations were as wild as they come and still regrettably true.

The discovery requests have been lingering for a long time and have not been taken seriously. If you want to talk by phone, we can do so tonight (Tuesday). However, it doesn't's sound like you plan to budge at all. If that is your position, there is no need to waste a phone call, and court intervention will be required. It will just show the court once again how intractable this minor case has become and I believe will make everyone involved look unprofessional if it cannot be resolved between the parties. I urge you to reconsider your hard stance on all my discovery. I will seek court intervention tomorrow if this cannot be resolved.

Virgil Rogers



>From: "Beaty, Sean" <BeatySean@howrey.com>
>To: "V Rogers" <rogerslaw1@hotmail.com>
>Subject: Letter to Your April 17, 2007 E-Mail
>Date: Tue, 17 Apr 2007 18:42:15 -0400
>
>   <<2007.04.17 Letter to Rogers re Rogers' April 17, 2007 e-mail.pdf>>
>Attached please find our response to your e-mail.
>
>Sean Beaty
>Howrey LLP
>1299 Pennsylvania Ave., NW
>Washington, DC 20004
>(202) 383-6944   Office
>(202) 478-2691   Fax

---

Need a break? Find your escape route with Live Search Maps.
http://maps.live.com/?icid=hmtag3

2

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

April 18, 2007

VIA E-MAIL

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

Re: *Rogers v. Johnson-Norman* – Discovery

Dear Mr. Rogers:

We have received your second April 17, 2007 e-mail responding to our April 17, 2007 letter. Your e-mail expresses confusion regarding our objections and responses to your discovery requests. We hope this provides you clarity on our position.

## YOUR DISCOVERY REQUESTS

**Objections to Instructions and Definitions.** We do not have any specific objections to your instructions or definitions. We are not withholding any documents or interrogatory answers on the grounds that we object to your instructions or definitions. In construing your discovery requests, we have applied a plain meaning to your instructions and definitions. However, we cannot know what discovery obligations you intended to impose on Karen Johnson-Norman through your instructions and definitions. Therefore, we object to your instructions and definitions only to the extent that they impose obligations outside of the Local or Federal Rules.

**Confidentiality Agreements.** We are not aware of any confidentiality agreements that would restrict our production of any documents or answers to interrogatories. We are not withholding any documents or interrogatory answers on the grounds that they are covered by confidentiality agreements. However, your document requests and interrogatories are extremely broad. If the Court orders Ms. Johnson-Norman to supplement her document production or interrogatory answers, we will have to (1) find out if any confidentiality agreements apply to the supplemental production, and (2) follow the procedure outlined in those confidentiality agreements with respect to the production of any confidential information.

**Privilege Log.** Ms. Johnson-Norman's Answer to Interrogatory 2 states "[c]ounsel for Ms. Johnson-Norman will provide a log of those communications *over which Ms. Johnson-Norman is asserting privilege* by April 13, 2007." We are not withholding any communications on the basis of privilege. Communications with Ms. Johnson-Norman's attorneys during the relevant time period March 1, 2004 to May 31, 2004 relate solely to the Civil Protection Order matters. The Court has already ruled that this topic is not relevant, and therefore those

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

**HOWREY**LLP

April 18, 2007<br>Page 2

communications are not discoverable. If the Court orders Ms. Johnson-Norman to supplement her document production or interrogatory answers to include communications with her counsel relating to you during the relevant time period, Ms. Johnson-Norman will produce a privilege log at that time.

**Ms. Johnson-Norman's Private Information.** Karen Johnson-Norman's tax and asset records are the very definition of personal information. Our objections to producing this information are two-fold. First, they are entirely irrelevant to Count I of your Amended Complaint, and therefore not discoverable. Second, given the parties' history, we believe it is inappropriate to provide you with Ms. Johnson-Norman's most personal and private information.

In the alternative to responding to your discovery requests relating to Ms. Johnson-Norman's private information, we are willing to stipulate that Ms. Johnson-Norman will be able to pay the $1000 statutory maximum if she is found to be liable for Count I of your Amended Complaint. Please let us know if you are interested in pursuing this course of action and we can negotiate the details.

**Relevant Time Period.** The Court determined that the relevant time period for the allegations in Count I of your Amended Complaint is March 1, 2004 to May 31, 2004. D.I. 64. The Court limited the scope of discovery to this time period based on your Opposition to Karen Johnson-Norman's Motion to Compel. *Id.* Your position on the relevant time period is indefensible, and we ask that you reconsider your objection to narrowing your discovery requests to the relevant time period.

## OUR DISCOVERY REQUESTS

**Your Answer to Interrogatory 12.** Interrogatory 12 is not a memory test. You have a duty to conduct a reasonable investigation to answer our interrogatories. *See 3M Innovative Properties Co. v. Tomar Electronics,* No. 05-756, 2006 WL 2670038, at *6 (D. Minn. Sept. 18, 2006) ("parties are under a duty to complete a reasonable investigation when presented with the opposing party's interrogatories and document requests"). Either you did apply for credit during the relevant period, or you did not. Please amend your Answer to Interrogatory 12 by Thursday, April 19, 2007.

**Our Document Requests.** We could not understand your response to our request for an update on your document production. You have not produced a complete and unredacted version of your correspondence with Wells Fargo or a complete and unredacted version of your July 2005 credit report. Please detail all your efforts to obtain complete and unredacted versions of your alleged credit report and correspondence with Wells Fargo, including who you have contacted to obtain copies of these documents, by Thursday, April 19, 2007.

**Damages.** We could not understand your response to our request for more complete answers to Interrogatory 7. Please amend your Answer to Interrogatory 7 to explain the basis of any alleged injury by Thursday, April 19, 2007. In the alternative, we are willing to waive our

**HOWREY**LLP

April 18, 2007<br>Page 3

objections to your Answer to Interrogatory 7 if you file a written stipulation with the Court stating that you have not suffered any injury arising from the allegations of Count I of your Amended Complaint.

**Requests for Admissions.** As a reminder, your admissions to Karen Johnson-Norman's first set of Requests for Admissions are due today.

* * *

The Court has already ruled that discovery in this case is limited to Count I of your Amended Complaint. Feb. 2, 2007 Hr'g Tr. 10:9-12,10:22-23.[1]  Our view is that your discovery requests encompass a wide swath of topics almost entirely outside this permissible scope of discovery.  Nonetheless, we have made a good faith effort to respond to your discovery requests to the extent they relate to Count I of your Amended Complaint.

We understand that you believe the parties have reached an impasse regarding your discovery requests; however, we do not agree.  We do not believe there has been any meaningful meet and confer process, and therefore your motion to compel is premature.  We remain available to discuss your discovery requests with you and urge you to reconsider moving to compel discovery at this time.

We look forward to your written response.

Sincerely,

Sean P. Beaty

---

[1] "THE COURT:  Well, I don't know what other clarity I can give.  There is one count in the complaint which remains, so discovery is limited to that single count." Feb. 2, 2007 Hr'g Tr. 10:9-12.; "THE COURT: Discovery is limited to Count 1, the only count which remains." *Id.* 10:22-23.