**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| | ) |
| VIRGIL M. ROGERS, *pro se* | ) |
| | ) |
| Rogers, | ) |
| | ) |
| v. | ) Civil Case No. 06-01186 (ESH)(DAR) |
| | ) |
| KAREN JOHNSON-NORMAN | ) |
| | ) |
| Karen Johnson-Norman. | ) |

_____)

**KAREN JOHNSON-NORMAN'S MOTION FOR STATUS CONFERENCE**

Karen Johnson-Norman respectfully petitions the Court to set a status conference to discuss outstanding discovery issues and evaluate whether the Court should extend the discovery period in this case.  In support of her motion, Karen Johnson-Norman states as follows:

1.  Discovery in this case is scheduled to close on June 8, 2007.

2.  Rogers has two pending motions relating to Karen Johnson-Norman's pursuit of discovery in this case.  These motions ask the Court to rule on the propriety of Ms. Johnson-Norman's use of Rogers' social security number in the course of discovery.

3.  Following the trail of evidence discovered in this case, Karen Johnson-Norman has served four subpoenas on third-party financial companies that Ms. Johnson-Norman believes can substantiate her theory of the case.  These subpoenas did not contain Rogers' social security number.

4.  At least one of the subpoenaed third-parties has contacted counsel for Ms. Johnson-Norman and informed counsel that the company would not be able to respond to

the subpoena if Ms. Johnson-Norman could not provide it with Rogers's social security number.

5. Counsel for Ms. Johnson-Norman did not provide the subpoenaed company with Rogers' social security number, and told the company counsel would not supply it until the Court ruled on whether Rogers' social security number could be used in the course of discovery.

6. With the exception of Rogers' deposition, which is scheduled for June 6, 2007, Karen Johnson-Norman has completed as much discovery as she can without the use of Rogers' social security number. However, there is additional evidence that is relevant to Ms. Johnson-Norman's defense that can only be obtained through the use of Rogers' social security number in the course of discovery.

7. Thus, with the close of discovery rapidly approaching, Karen Johnson-Norman will have to request and extension of the discovery deadline if these issues are not resolved soon. Any extension of the discovery deadline will likely lead to a delayed summary judgment briefing schedule, which would further delay resolution of this case.

8. Counsel for Ms. Johnson-Norman conferred with Rogers regarding this motion, and he stated that he has no opinion on the motion.

Therefore, Karen Johnson-Norman respectfully requests that the Court set a status conference to discuss the on-going discovery issues in this case. To minimize expense for Rogers, the Court could set the status conference as a telephonic hearing. Or, if the Court is available, it could also set an in-person hearing for June 5th or June 7th, as Mr. Rogers will be in Washington, D.C. for his deposition on June 6, 2007.[1]

---

[1] However, an in-person status conference on June 5th or 7th will likely necessitate a six week extension of the discovery deadline.

3

_____/s/_____
Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania
Washington, DC 20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated: May 17, 2007.