UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

VIRGIL M. ROGERS, *pro se*           )

      Plaintiff,                              )

   v.                                             ) Civil Case No. 06-01186 (ESH)(DAR)

KAREN JOHNSON-NORMAN

      Defendant.

## ROGERS' OPPOSITION TO KAREN JOHNSON'S

## SECOND MOTION TO COMPEL DISCOVERY

    Plaintiff Rogers hereby opposes the defendant's motion to compel the discovery sought in her Second Motion to Compel Discovery. As a preliminary matter, the defendant's motion is rooted in bad faith since she has produced absolutely no document discovery to Mr. Rogers and has been caught in numerous untrue statements that she made while under oath during a deposition. Each of Mr. Rogers' discovery requests have been ignored by defendant and the discovery process has been impeded by her counsel's improper conduct.

    All forms of basic mutual professional decorum have long been abandoned in this case. As the Court has surely recognized, the relationship in this case is more than contentious. Defense counsel has engaged in conduct which Mr. Rogers believes is improper and shall be referred to the Bar Counsel. Among his transgressions has been threatening Mr. Rogers with $200,000 in fees and cost though this case is pro bono, filing

1

slanderous and false statements in this court about Mr. Rogers, and misusing his subpoena authority to actually engage in intelligence gathering on behalf of defendant Johnson.

It is this last request which Mr. Rogers is most concerned about with respect to discovery in this case. Defense counsel has misused and disclosed Mr. Rogers' SSAN to various individuals. He has sought personal discovery on matters related to Mr. Rogers' private information even when it was not directly related to this case. And most egregiously, he has consistently provided any and all private information he has obtained about Mr. Rogers to his client. Defense counsel did so even in the face of strenuous objection by Mr. Rogers and while a protective order motion (and a motion for an injunction) were pending in this court. This type of improper defense trickery underscores the many difficulties in discovery issues. Defendant has taken the liberty to proclaim all of Mr. Rogers' discovery requests irrelevant but even her most obscure requests have been brought before this court in pursuit of an order to compel.  The conduct by defendant's counsel during discovery has been indistinguishable from conduct which would constitute gathering private information about Mr. Rogers for the purpose of providing it to Karen Johnson for nefarious purposes.  Given some of the extreme transgressions on the defense side, there is no other logical explanation for them.

Mr. Rogers has disclosed all of the information that he has in his possession. Contrary to the defendant's motion to compel, he has not refused to answer any proper discovery requests. To the extent that defendant claims that there is some conflict between any set of answers that Mr. Rogers has submitted to her inquiries, the confusion is likely due to improperly framed questions or questions which are compound and confusing.

      Defendant claims that Mr. Rogers has failed to disclose the basis for his damages. This simply is not a true statement. Mr. Rogers has responded to the discovery requests with a sincere statement that he has experienced the uneasiness and distress associated with the privacy breach alleged. However, he has responded to the defense counsel that he has been unable to quantify the damages and therefore seeks damages in accord with the statute as well as punitive damages. The FCRA stature expressly permits punitive damages. Because of the contentiousness mostly fomented by defendant and her counsel, she claims that she cannot trust Mr. Rogers to seek only statutory damages and punitive damages and thus requires an order from this court to assuage this fear. This is an extreme request. The defendant is asking this Court for all encompassing and undeviating support for all of her requests with respect to discovery while at the same time unilaterally determining that she will not cooperate with Mr. Rogers' discovery request on strictly relevance grounds.  It would seem extraordinary for defendant to seek an order compelling Mr. Rogers to provide a sworn statement that he seeks damages in accordance with the statute.

      Defendant posed questions to Mr. Rogers such as seeking an admission that he has not suffered <u>any</u> damage to his credit (Defn 2nd motion to compel pg 4). Mr. Rogers would never logically answer yes to this discovery request since the answer is likely affirmative but his denial isn't the type of answer that indicates that he is being deceptive. There is no follow up question that is proposed by defendant that will change the submitted answer to this question but her motion to compel is not the appropriate resolution since inability to quantify a figure is not the same as damages being nonexistent.

      Mr. Rogers has submitted all of the requested correspondence to defense counsel. Of course, as equally significant is the fact that defendant has also requested the same

3

correspondence from Wells Fargo and did not receive any correspondence in response to that request. Presumably, Wells Fargo did not produce any such correspondence because they do not possess it but defendant did not move to compel Wells Fargo to produce the same documents that she now seeks to compel from Mr. Rogers. This is a questionable act since she seeks court intervention to seek documents that Mr. Rogers has stated he doesn't have but she doesn't make much effort to obtain these from Wells Fargo and simply accepts their non submission. In fact, she obtained a credit report from Wells Fargo proving that the inquiry into Mr. Rogers' credit was performed as alleged but neither Wells Fargo nor anyone else has ever produced anything by Mr. Rogers that authorized this credit inquiry.

Mr. Rogers has submitted what was in his possession in response to Document request 1, 6, and 7 and has no further documents to produce. He also answered fully Interrogatories 3 and 7. Any discrepancies that the defendant complains about at this point are due to her own suspicions and possibly improper wording of her discovery requests. As posed to Mr. Rogers, all discovery requests have been answered fully. However, defendant has not answered any discovery requests fully and should first be compelled to cooperate before she is permitted to seek intervention against Mr. Rogers on any grounds.

## CONCLUSION

Mr. Rogers respectfully urges this court to deny defendant's second motion to compel.

/s/

VIRGIL ROGER

Dated: May 21, 2007.

4