UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

VIRGIL M. ROGERS, *pro se*                )

      Plaintiff,                                        )

      v.                                                   ) Civil Case No. 06-01186 (ESH)(DAR)

KAREN JOHNSON-NORMAN

      Defendant.

**ROGERS' REPLY TO DEFEDNANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

    Defendant challenges the form and substance of nearly every inquiry Mr. Rogers posed via discovery requests and she has unilaterally determined that they are all irrelevant in sum. Mr. Rogers opposes this assertion and urges the Court to require some reasonable responses to his discovery requests. In fact, utilizes the universal stonewalling trifecta, claiming each inquiry is broad, burdensome, and/ or irrelevant. Given the information that defendant has in fact gleaned about Rogers during discovery, Rogers' questions are not improper whatsoever.

- Colleagues

    Mr. Rogers sought the names of various Wells Fargo personnel to determine of the defendant's behavior was authorized or unauthorized. Some of the individuals who would likely be uncovered in response to Mr. Rogers' inquiry would have had discoverable information. Quite possibly, one or more persons covered under this inquiry may have

1

actually implicated Karen Johnson for engaging in the alleged conduct or similar conduct against Mr. Rogers at another time. For her to claim its irrelevant is self serving.

She then claims that if Mr. Rogers was allowed access to this information that he may send copies of the Amended Complaint to some of them. This is also a red herring. These individuals work for a publicly traded company and their identities are subject to disclosure. Mr. Rogers may already know the names of some of these individuals, and the Amended Complaint is in the public domain so defendant's fears are unfounded. They may view the Amended Complaint or any other portions of the record at anytime, and there is no legal grounds inhibiting them from doing so. However, these individuals may have information about the defendant's actions with respect to Mr. Rogers and should be disclosed. Defendant has stonewalled responding to any discovery questions for months and continues to do so.

- Prior Relationship

The questions that Mr. Rogers asked in discovery do not seek direct information about the parties' relationship, which would be particularly unnecessary since Mr. Rogers would know such information already. However, the discovery does seek to glean what types of conversations or intelligence defendant has been seeking about Mr. Rogers and with whom she has been sharing it with. Her actions in the past are probative to her alleged bad acts in this case. None of the requested information is irrelevant because it's all related to Mr. Rogers and what type of information defendant has sought about him either presently or in the past. Disclosure of this information may very well inculpate Karen Johnson Norman which is her true reasoning for refusing to disclose it.

- Financial Records

Defendant fails to disclose that Mr. Rogers has discussed this matter with counsel

2

repeatedly out of good faith and acquiesced so that all private identifiers on documents she released could be redacted. Her failure to even disclose this fact underscores the bad faith in opposing this motion. Mr. Rogers is not gathering intelligence on defendant and doesn't need to use discovery for improper purposes. However, it would be wholly proper to require the defendant to provide some information on her finances given that she is the defendant. She has not proven to any standard that she is innocent of the alleged conduct and her stonewalling in the discovery of admissible evidence indicates that she has plenty to hide in this matter.

The defendant attempts to convince the Court that all discovery by Mr. Rogers has been foreclosed by some prior order, but that order was relative to the conduct of the deposition and was not expressly covering the document discovery. The only document the defendant has produced is a log from a bankruptcy court. Otherwise, she has failed to cooperate meaningfully in discovery. Mr. Rogers has spoken to defense counsel about the matters at hand. However, on several occasions defense counsel has spoken disrespectfully to Mr. Rogers or threatened Mr. Rogers. However, despite these facts it's untrue to claim that Mr. Rogers has failed to confer with defense counsel.

Mr. Rogers seeks an order compelling reasonable discovery from Karen Johnson Norman and any other resolution that the court deems just.

## CONCLUSION

Mr. Rogers respectfully urges this court to grant his motion to compel and award just fees and costs associated with his motion .

/s/

VIRGIL ROGER

Dated: May 21, 2007.

3