UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

_____

VIRGIL M. ROGERS, *pro se*            )

      Plaintiff,            )

    v.            ) Civil Case No. 06-01186 (ESH)(DAR)

KAREN JOHNSON-NORMAN

      Defendant.

## ROGERS' OPPOSITION TO KAREN JOHNSON'S

## MOTION FOR SPOILATION SANCTIONS

    Plaintiff Rogers hereby opposes the defendant's misguided motion for spoilation sanctions. Unfortunately, this Court and Mr. Rogers have been forced to infer too much about the actual motives and the substance of this motion for it to be taken seriously. Although the motion doesn't specifically state which federal rule upon which it is based, from all logical indications, it appears that the defendant is seeking sanctions pursuant to Rule 11. Clearly, the defendant didn't comply with the safe harbor requirements which must be observed in this jurisdiction.

    Although this motion ostensibly requests sanctions against *pro se* litigant Rogers, its actual objective seeks an order that dismisses the entire civil action. Based upon the manner in which the defendant's motion is drafted – whereas it's derisive towards Mr. Rogers- its true objective is abundantly clear - *to add injury to its explicit insult*. This motion could conceivably be construed as an impermissible and successive motion to dismiss the civil action. Moreover, the sole relief

1

requested in the defendant's motion is dismissal of the case. Such a crude approach to that end - a request that has already been considered and denied by the Court - is improper and doesn't warrant any consideration by this Court. Defendant hasn't previously raised her arguments about spoliation in this way, but in any event, they do not present any factual basis to dismiss the civil action and there is absolutely no legal basis to even consider sanctions against Mr. Rogers.

*Most troubling about this motion is its blatant deficiencies*. Mr. Rogers is an unrepresented plaintiff; however even with his limited legal acumen the deficiencies within the substance of defendant's motion are obvious. Though defendant's counsel is purportedly employed by Howrey as a trial lawyer and presumably has access to infinite research resources, the defendant still fails to meet the burden of proof in her motion and fails to even mention the correct legal standards regarding Rule 11 sanctions. T*his Court has held that the filing of a frivolous motion for sanctions is itself a sanctionable breach, and such a holding may very well apply to the defendant's motion.* Defendant's motion doesn't even demonstrate a consciousness of the substantive and procedural requirements associated with the filing of a Rule 11 motion, and for that the Court's ire may certainly be raised. Defendant paid no attention to the "safe harbor" requirements for Rule 11 motions and this omission is by itself grounds for the Court to promptly deny this motion and strongly consider instituting Rule 11 sanctions against defendant and her counsel.

- **LEGAL STANDARD FOR RULE 11 SANCTIONS**

Under Federal Rule of Civil Procedure 11, the court may impose sanctions on attorneys or unrepresented parties if "a pleading, written motion, or other paper . . . [is] presented for any improper purpose[;] . . . the claims, defenses, and other legal contentions therein are [un]warranted by existing law[;] . . . the allegations and other factual contentions have [no] evidentiary support[; or] the denials of factual contentions are [un]warranted on the evidence[.]"

FED. R. CIV. P. 11(b). There are procedural and substantive requirements set forth in the Rule that must be met before a court may impose sanctions. *See* <u>Edmond v. United States Attorney</u>, 959 F. Supp. 1, 5 (D.D.C. 1997); *see generally* 2-11 Moore's Federal Practice § 11.23 (2004).

Rule 11 mandates that sanctions be imposed only "after notice and a reasonable opportunity to respond[.]" FED. R. CIV. P. 11(c); *see also* <u>Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.</u>, 174 F.3d 87, 92 (2d Cir. 1999) (discussing the due process requirements prior to imposing sanctions that "a sanctioned attorney must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter"). Rule 11 also requires that "[a] motion for sanctions . . . shall be served [on the opposing party] . . . and shall not be filed unless, within 21 days after service of [such] motion, . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." FED. R. CIV. P. 11(c)(1)(A); <u>Elliott v. Tilton</u>, 64 F.3d 213, 216 (5th Cir. 1995) (holding that the court was precluded from granting the plaintiff's Rule 11 sanctions motion because the plaintiff failed to serve the motion on the defense counsel, which deprived the defense counsel of the 21 day safe harbor to withdraw or correct the alleged offending conduct); <u>U.S. v. BCCI Holdings (Luxembourg), S.A.</u>, 176 F.R.D. 1, 2 (D.D.C. 1997) (concluding that "the government's letter to petitioners' counsel [was] too tentative to provide the functional equivalent of 'safe harbor' notice").

Rule 11 also requires that a motion for sanctions be filed separately from other motions or requests and describe the specific conduct that is allegedly deserving of sanctions. FED. R. CIV. P. 11(c)(1)(A); *see also* <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1323, 1328 (2d Cir. 1995) (denying a request for sanctions that the movant included in his motion to dismiss); <u>S.E.C. v. Rivlin</u>, No. 99-1455, 1999 WL 1455758, at *6 (D.D.C. 1999) (denying Rule 11 sanctions

3

because the motion was added to the end of the amended answer).

As for the substantive requirements of Rule 11, the court applies "an objective standard of reasonable inquiry on represented parties who sign papers or pleadings." <u>Bus. Guides, Inc. v. Chromatic Communications Enterprises,</u> 498 U.S. 533, 554 (1991). The imposition of Rule 11 sanctions is not something the court takes lightly; Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings. <u>Trout v. Garrett,</u> 780 F. Supp. 1396, 1428 (D.D.C. 1991) (noting that "the blunt instrument of sanctions against individual attorneys ought to be applied with restraint"). When a party's motion is "sufficiently well grounded and warranted by existing law," the party's failure to sustain his or her burden of proof on the motion "does not ipso facto violate the standards of Rule 11." <u>Bantefa v. Tyson,</u> No. CIV.A. 84-3 937, 1987 WL 8710, at *1 (D.D.C. 1987) (denying the defendant's motion for sanctions that was filed in response to plaintiff's unsuccessful motion for relief from judgment). A district court does not abuse its discretion when it imposes Rule 11 sanctions against a defendant whose counterclaims are designed primarily to harass the plaintiff. <u>Marina Mgmt. Services, Inc. v. Vessel My Girls,</u> 202 F.3d 315, 325 (D.C. Cir. 2000) (finding sanctionable a defamation counterclaim "which included allegations not necessarily integrally linked to the legitimacy of the debt recovery action"); *see also* <u>Hilton Hotels Corp. v. Banov,</u> 899 F.2d 40, 43-44 (D.C. Cir. 1990) (affirming the district court's finding that the defendant "failed to make a reasonable inquiry into the factual basis of the amended complaint" and upholding the imposition of Rule 11 sanctions).

The court also has the authority to impose Rule 11 sanctions *sua sponte*. FED. R. CIV. P. 11(c)(1)(B). This inherent power, as the D.C. Circuit recognized, "guard[s] against abuses of the

judicial process." <u>Shepherd v. Am. Board. Co.</u>, 62 F.3d 1469, 1472 (D.C. Cir. 1995). In this regard, Rule 11 serves the purpose of protecting the court from "frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." <u>Cobell v. Norton</u>, 211 F.R.D. 7, 10 (D.D.C. 2002) (quoting <u>Cobell v. Norton</u>, 157 F. Supp. 2d 82, 86 n.8 (D.D.C. 2001)). If the court determines that the motive and intent of the offending party is to harass the other party, or that a party has otherwise violated Rule 11(b), it has the inherent power to consider a Rule 11 sanctions motion *sua sponte* by issuing an order directing the offending party to show case why it has not violated Rule 11(b). FED. R. CIV. P. 11(c)(1)(B); *see* <u>McLaughlin v. Brandlee</u>, 602 F. Supp. 1412 (D.D.C.1985), *aff'd* 803 F.2d 1197 (D.C. Cir.1986). When the court exercises its discretion and imposes sanctions *sua sponte,* it is not required to provide the party with the safe harbor period, as is required in Rule 11(c)(1)(A). *Compare* FED. R. CIV. P. 11(c)(1)(B) (containing no explicit safe harbor provision) *with* FED. R. CIV. P. 11(c)(1)(A) (containing an explicit safe harbor provision); *see, e.g.,* <u>Elliot v. Tilton</u>, 64 F.3d 213, 216 (5th Cir. 1995) (distinguishing between the safe harbor required when sanctions are requested by motion and the absence of the safe harbor requirement when the court is acting *sua sponte).* **The court has held that a frivolous Rule 11 sanction motion may itself be a violation of Rule 11. FED. R. CIV. P. 11.**

Finally, this court has the "discretion to determine both whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation. *Cobell,* 211 F.R.D. at 10 (citations omitted). This court's grant or denial of a Rule 11 motion for sanctions is reviewed under an abuse of discretion standard. <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990); *Geller,* 40 F.3d at 1303.

5

- **SPOILATION**

The fact that defendant's motion doesn't meet the procedural requirements to obtain Rule 11 sanctions against Virgil Rogers is sufficient to disregard the remainder of defendant's pleading without serious deliberation. But in addition to the legal deficiencies and the procedural errors, the defendant's motion has failed to provide sufficient proof of spoliation which is her sole contention. Her motion contains a great deal of inapposite case law about spoliation that quite evidently doesn't comport with the circumstances of this case. If the court is inclined to comprehend the rampant inapplicability of defendant's case law and the disingenuousness intended by its use, the court may decide to read the cases upon which she relies.

The current submission of inapposite case law is reminiscent of the case law the defendant recently submitted in another pleading. At that time, she attempted to mislead this Court into believing that the Supreme Court has held that large for-profit law firms (like Howrey) that agree to represent non-indigent civil defendant's (like Karen Johnson) on a pro bono basis are entitled by common law to extract legal costs and fees from *pro se* plaintiffs (like Mr. Rogers). Neither the Supreme Court nor any other competent federal court has articulated such an absurd and far reaching holding, and *the misstatement of such case law by any member of the bar is contemptuous towards this Court.* The legal assertions based upon inapposite legal citations previously advanced by defendant were as absurd as the instant assertions. Her pro bono counsel claims his billable fees and costs have now eclipsed $200,000 which may explain both his explicit threats to Mr. Rogers concerning these fees and defendant's unfounded motion for sanctions requesting an order of dismissal. Both notions are absurd, as are defendant's arguments about spoliation.

Foremost, the credit report that defendant claims is deserving of sanctions and a final order of dismissal has already been obtained from Wells Fargo using defense counsel's improper exercise of his subpoena authority. Presuming that the defendant is at least partially responsible for the alleged conduct at issue, this may not have been the first credit report she has possessed or handled concerning Mr. Rogers. Defendant can hardly claim to be harmed because Mr. Rogers can't produce an unredacted copy of a credit report that she already has in her possession. She hasn't produced a shred of evidence that the credit report of which she claims is spoiled is any different than the report in her possession or that it would exculpate her whatsoever. In fact, in another instance of duplicity and contempt towards this federal court, the defendant doesn't even mention clearly in her motion that she has already obtained the information of which she complains in her motion through her use of discovery.

Defendant moves this court to sanction Mr. Rogers for conduct that allegedly occurred before the filing of this case. Obviously, given the circumstances of this case that is not an appropriate disposition. And defendant doesn't prove that Mr. Rogers has deliberately spoiled any known evidence that was foreseeably probative to this case. The defendant's motion is frivolous and should be denied.

As this court may have noted, Mr. Rogers has urged this court to consider initiating Rule 11 sanctions against the defendant's counsel for numerous improper transgressions during the course of this litigation. The stark difference between those requests and the defendant's is that Mr. Rogers merely urged the court to consider sua sponte sanctions which are inherent to its power to approbate the behavior of litigants and attorneys, while defendant filed a direct request for sanctions against Mr. Rogers without adhereing to the

7

procedural or substantive requirements to do so. There has been ample evidence that defendant and her counsel have committed sanctionable offenses during this litigation. Mr. Rogers therefore urges the Court to consider sanctions against the defense team for the filing of the frivolous Rule 11 motion in this matter and other transgressions as have been raised previously.

## CONCLUSION

Mr. Rogers respectfully urges this court to deny defendant's motion for sanctions and otherwise dispose of this matter as the Court may deem appropriate.

/s/

VIRGIL ROGERS

Dated: May 21, 2007.