UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

_____

VIRGIL M. ROGERS, *pro se*            )

       Plaintiff,            )

       v.            ) Civil Case No. 06-01186 (ESH)(DAR)

KAREN JOHNSON-NORMAN

       Defendant.

**ROGERS' MOTION TO AMEND SCHEDULED STATUS CONFERENCE**

Plaintiff Virgil M. Rogers respectfully request that the Court cancel the status conference that it has scheduled for June 7, 2007 and schedule an alternative status conference to be held telephonically at the court's earliest opportunity before June 7, 2007.

Mr. Rogers has filed previous requests for the court to issue an injunction and a protective order to direct that the defendant cease and desist with the filing of overreaching subpoenas that improperly invade Mr. Rogers' privacy and are generally not seeking admissible evidence. Mr. Rogers has requested that the court should impose some restrictions on the discovery that defense counsel is permitted to seek in this case. However, while Mr. Rogers' motions have been pending before the Court, defense counsel has continued the improper and coercive conduct that invades Mr. Rogers' most private information. Mr. Rogers requested that the court require all subpoenas filed by defense counsel to be approved beforehand. As grounds for continuing this conduct, defense counsel has repeatedly cited the fact that the Court has never ruled on Mr. Rogers' motions.

As an example of the types of subpoenas that defense counsel has submitted since the filing of Mr. Rogers' motion for an injunction, Mr. Rogers attached Exhibit A. This is a subpoena directed at Round Rock Independent School District wherein defense counsel requests address and contact information for Mr. Rogers and even request that the school district include a *photograph* of Mr. Rogers. There is no possible purpose of this request other than surveillance and harassment. In the absence of an extraordinary explanation, this sort of discovery is abusive for a member of the D.C Bar.

Defense Counsel has filed numerous other subpoenas in this case while Mr. Rogers' motions have been pending that are not calculated to lead to admissible discovery. In fact, it appears that defense counsel is conducting intelligence on Mr. Rogers' private life on behalf of the defendant, and the sum of all his actions is tantamount to using the judicial system to conduct espionage on Mr. Rogers.

When defense counsel spoke to Mr. Rogers about seeking a status conference, Mr. Rogers stated that he (Mr. Rogers) would move the court for a status conference since he preferred that it be held telephonically and prior to any further discovery had been initiated. Defense Counsel stated that since he had already prepared his motion he would file it and was amenable to a telephone conference as soon as possible. Subsequent to this conversation, defense counsel served the improper subpoena on Round Rock ISD.

The issues that are likely to be resolved via a status conference go to the very life of this case and its future prosecution. Conducting a prompt conference by telephone will allow both parties to assess their standing in the case before proceeding further. Since Mr. Rogers is not located on the East Coast, conducting a hearing in court on June 7, 2007 may pose some financial difficulties for Mr.

Rogers and subject him to harm in the interim. More importantly, holding the hearing promptly will restrict the improper discovery by defense counsel that Mr. Rogers has been complaining of for several weeks. Moreover, it will prevent the defense counsel from filing any further improper subpoenas.

Mr. Rogers and d3efense counsel discussed the matter and both were amenable to a telephone conference.

## CONCLUSION

Mr. Rogers respectfully urges this court to cancel the scheduled June 7, 2007 status conference and schedule a telephone conference on the pending issues at the court's earliest opportunity.

/s/

Respectfully Submitted,

VIRGIL ROGERS

Dated: May 25, 2007.