# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRGIL M. ROGERS, *pro se* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAREN JOHNSON-NORMAN )<br>)<br>Defendant. ) | Case. No. 06-01186 (ESH)(DAR) |

## KAREN JOHNSON-NORMAN'S OPPOSITION TO ROGERS' MOTION TO AMEND SCHEDULED STATUS CONFERENCE

Rogers' Motion to Amend Scheduled Status Conference was incorrectly filed as "Unopposed." However, Karen Johnson-Norman opposes the instant motion because the Court has already set an in-person status conference for Thursday, June 7, 2007. After reviewing the evidence she has already collected during discovery, Ms. Johnson-Norman believes that the most efficient use of the Court's and parties' time would be for the parties to appear before the Court, in person, and discuss what, if any, additional discovery the parties need to prepare for trial.

There will be no undue burden on Rogers because he will already be in DC for his deposition on June 6, 2007. Moreover, in the likely event that a dispute arises at Rogers' deposition, the parties can raise any issues with the Court at that time. Thus, the in-person conference after Rogers' June 6th deposition is more efficient than if the Court holds a status conference *before* Rogers' deposition and is then required to intervene *after* the deposition as well.

Finally, despite Rogers' contention otherwise, Karen Johnson-Norman has only sought relevant discovery from both Rogers and third parties. In the case of the Round Rock subpoena, Rogers' employment with Round Rock ISD and his mailing address in April 2004 are both disputed facts. The subpoena sought verification of Rogers' employment, including a

photograph and his mailing address, so that Ms. Johnson-Norman could impeach Rogers if he were to deny his employment and mailing address at his deposition.

Indeed, Ms. Johnson-Norman offered to withdraw the subpoena in exchange for Rogers' stipulation that he was employed by Round Rock as a teacher and confirming his mailing address in April 2004. Attachment A. Rogers refused. Nonetheless, every subpoena Ms. Johnson-Norman has served was validly issued and properly sought discovery relating to Karen Johnson-Norman's defenses. Although Rogers is uncomfortable with Ms. Johnson-Norman taking discovery on any aspect of Rogers' personal life during the relevant time period, Ms. Johnson-Norman must be allowed to take discovery on Rogers' allegations and her defenses. Rogers opened the doors to this discovery when he filed his Amended Complaint, and thus Rogers has only himself to blame.

## CONCLUSION

Therefore, Karen Johnson-Norman respectfully requests that the Court deny Rogers' motion and maintain the June 7, 2007 in-person conference.

Respectfully submitted,

_____/s/_____
Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania
Washington, DC 20004
(202) 783-0800
Attorney for Karen Johnson-Norman

Dated: May 25, 2007.