UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
VIRGIL M. ROGERS, *pro se*            )
                                      )
        Plaintiff,                    )
                                      )
        v.                            ) Civil Case No. 06-01186 (ESH)(DAR)
                                      )
KAREN JOHNSON-NORMAN                  )
                                      )
        Defendant.                    )
_____)

**KAREN JOHNSON-NORMAN'S REPLY TO ROGERS' OPPOSITION TO MS. JOHNSON-NORMAN'S MOTION FOR SPOLIATION SANCTIONS**

Rogers' opposition to Ms. Johnson-Norman's Motion for Spoliation Sanctions is rich in adverbs (e.g., abundantly, absolutely, clearly), but is deficient of factual or legal analysis and argument. Most importantly, Rogers never disputes the basic facts that were outlined in Ms. Johnson-Norman's Motion for Spoliation Sanctions: (1) Rogers at some point possessed a copy of his credit report and his correspondence with Wells Fargo; (2) Rogers either negligently or intentionally lost or destroyed this evidence; (3) Rogers had a duty to preserve this evidence.

   I.   **UNABLE TO DEFEAT MS. JOHNSON-NORMAN'S ARGUMENTS, ROGERS CONSTRUCTS STRAW MEN TO KNOCK DOWN**

Instead of addressing the arguments outlined in Ms. Johnson-Norman's Motion for Spoliation Sanctions, Rogers constructs "straw men." He distorts Ms. Johnson-Norman's arguments in small, but important ways in an effort to defeat them. However, Rogers has failed.

### A. The Doctrine of Spoliation Is a Rule of Evidence, NOT a Sanction Under Rule 11

Contrary to Rogers' assertions, Ms. Johnson-Norman is ***not*** seeking sanctions under Rule 11. The spoliation of evidence rule, like the name implies, is a rule of evidence. *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995). It is not found in the Federal Rules of Civil Procedure (or the Federal Rules of Evidence), but instead arises from the Court's inherent power to control the judicial process and litigation. *See Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). The spoliation of evidence rule concerns the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *Id.* Therefore, the Court's power to sanction a party for the spoliation of evidence is not grounded in any particular rule, but is instead an inherent, equitable power of the court to regulate the discovery process.

Furthermore, it should be obvious that Ms. Johnson-Norman's Motion for spoliation sanctions was not brought under Rule 11. Ms. Johnson-Norman never mentions Rule 11 anywhere in her original motion. Furthermore, a motion for spoliation sanctions cannot even be brought under Rule 11. Rule 11 applies to written submissions to the court. *See* Fed. R. Civ. P. 11. As Ms. Johnson-Norman's Motion for Spoliation Sanctions clearly stated, it was Rogers' spoliation of evidence, not any submission to the Court, that is at issue. Finally, although Rogers' opposition goes into great detail about Rule 11, he neglects the last section of the rule which clearly states that the rule does not apply "to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37." *Id*. at (d). In short, Ms. Johnson-Norman's motion is not based on Rule 11, but rather on Rogers' violation of the

2

spoliation of evidence rule and the inherent power of the Court to control the judicial process and litigation.

### B. Ms. Johnson-Norman Does Not Have Another Copy of Rogers' Spoliated Credit Report

Rogers claims that Ms. Johnson-Norman already possesses a copy of the credit report that Rogers spoliated; however, this is not true. Ostensibly Rogers is referring to the credit report that Wells Fargo produced in response to Ms. Johnson-Norman's subpoena. The report produced by Wells Fargo was generated by *Equifax* in *April 2004*. However, the credit report at issue was generated at Rogers' request by *Experian* in *July 2005*. It is this July 2005 Experian report that Rogers destroyed and misplaced.

Because Rogers spoliated the July 2005 Experian credit report, there is no way to know whether or not the April 2004 Equifax credit report contains the same the information. However, it is highly unlikely that the information contained in the two reports is the same. First, the two credit reports were generated over a year apart. Rogers' spoliated Experian credit report is dated July 14, 2005, more than a full year after the Equifax credit report, which is dated April 21, 2004. Thus, the Equifax credit report does not even span the entire relevant time period, which the Court has ruled is March 1, 2004 to May 31, 2004. D.I. 64.

Furthermore, the Equifax credit report from Wells Fargo Financial only identifies three credit inquiries during the time in question. However, information received from CarMax indicates that Rogers initiated at least 21 separate inquiries on his credit history while applying for car loans during the relevant time period. D.I. 71-5 at 2. Thus, while

the Equifax credit report does not disclose all 21 credit inquiries, the Experian credit report that Rogers spoliated, generated in July 2005, would have shown all 21 inquiries.

### C. Ms. Johnson-Norman Seeks Many Alternative Forms of Relief

Rogers' Opposition claims that "the sole relief requested in the defendant's motion is dismissal of the case." D.I. 75 at 1-2. However, dismissal was not the only form of relief sought by Ms. Johnson-Norman. Indeed, Ms. Johnson-Norman moved in the alternative to preclude Rogers from using the Experian credit report at trial and requested an adverse inference instruction for the jury regarding Rogers' failure to preserve evidence. D.I. 71 at 1.

However, even though Ms. Johnson-Norman has requested other alternative forms of relief, the alternative relief requested would have the practical effect of dismissal of the case. Rogers' only "evidence" in this case is the single, heavily redacted page of his supposed credit report. Should the court preclude Rogers from using the single redacted page of Rogers' Experian credit report at trial, he would not have *any* evidence to support his claim. Therefore, even if the Court declines to dismiss the case outright, precluding Rogers from using the credit report and granting an adverse inference would effectively dismiss the case.[1]

### D. Karen Johnson-Norman's Motion for Spoliation Sanctions Has Not Previously Come Before the Court

Rogers suggests that Ms. Johnson-Norman's request to dismiss the case has "already been considered and denied by the Court." D.I. 75 at 2. This too is incorrect.

---

[1] Rogers' Opposition also contains a lengthy harangue about attorney's fees. Contrary to Rogers' assertions, however, a defendant is entitled to collect attorney's fees when a pro se plaintiff brings an FCRA claim in bad faith. *See DeBusk v. Wachovia Bank*, No. CV06-0324, 2006 U.S. Dist LEXIS 84274, at * 1 (D. Ariz. Nov. 16, 2006); Shipley v. Trans Union Corp., No. C04-2560P, 2006 U.S. Dist. LEXIS 34105, at * 1 (W.D. Wa. May 5, 2006).

4

Earlier in the case, the Court declined to grant Ms. Johnson-Norman's motion to dismiss Count I of Rogers' Amended Complaint *for failure to state a claim.* However, this Court has never considered and certainly never denied Ms. Johnson-Norman's motion to dismiss the case *for failure to preserve evidence.* A motion for spoliation sanctions is essentially a motion for discovery sanctions. Ms. Johnson-Norman's earlier motion to dismiss was not based on any discovery issues, but rather Rogers' failure to state a claim. Therefore, Rogers' statement that the Court has already considered and denied Ms. Johnson-Norman's request to dismiss this case is misleading.

## II.   ROGERS NEVER REBUTS MS. JOHNSON-NORMAN'S ARGUMENTS

Throughout his opposition, Rogers makes many bold claims, but fails to provide any support for these claims or to distinguish, either legally or factually, Ms. Johnson-Norman's arguments.

### A.   Rogers Cites No Law in Support of His Opposition

With the exception of his lengthy discussion of Rule 11, which has been shown to be irrelevant, Rogers cites to no case law to support his assertions. Most importantly, Rogers cites to no case law which contradicts the arguments in Ms. Johnson-Norman's motion for spoliation sanctions.

### B.   Rogers Does Not Distinguish the Cases Cited by Ms. Johnson-Norman

Nor did Rogers make any effort to distinguish the cases that Ms. Johnson-Norman cites to support her arguments. Instead, Rogers merely states in conclusory fashion that Ms. Johnson-Norman's motion "contains a great deal of inapposite case law about

spoliation that quite evidently doesn't comport with the circumstances of this case." D.I. 75 at 6. This unsupported statement without any analysis falls well short of refuting or even challenging any of the arguments brought by Ms. Johnson-Norman in her motion. Indeed, Karen Johnson-Norman joins Rogers in his invitation to the Court to "read the cases upon which she relies." D.I. 75 at 6. Ms. Johnson-Norman is confident that the Court is already familiar with its decision in *Rice v. United States*.

### C. Rogers Does Not Refute That He Had a Duty to Preserve Evidence

Furthermore, Rogers does not address his duty to preserve either the credit report or the correspondence with Wells Fargo. In his opposition, Rogers does not deny that he had a duty to preserve this evidence. Rogers does not deny that he was already in litigation with Ms. Johnson-Norman when he obtained his Experian credit report in July 2005. Rogers does not deny that he was represented by counsel at that time. Nor does Rogers deny that he wrote "I will contact a good plaintiff's attorney in both Pennsylvania and Minneapolis *in anticipation of further legal action* unless my complaint is taken seriously and investigated promptly." D.I. 70-5 at 3 (emphasis added).

Although Rogers claims that he has not "deliberately spoiled any known evidence," that is not necessary.[2] Courts have broad discretion when imposing sanctions for spoliation and may issue spoliation sanctions not only for information destroyed as a result of intentional, bad faith actions or through gross negligence, *but also through ordinary inadvertent negligence. In Residential Funding Corp. v. George Fin. Corp.*, 2002 U.S. App. LEXIS 20422 (2d Cir. Sept. 26, 2002) (emphasis added); *Fujitsu Ltd. v.*

---

[2] The fact that the single page of the credit report that Rogers produced is almost completely redacted with a heavy black marker almost certainly shows that Rogers' spoliation of evidence was intentional (at least in the case of the credit report).

6

*Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *see also Rice v. United States,* 917 F Supp. 17, 21 n.5 (D.D.C. 1996) ("Even upon a finding of 'failure to preserve' evidence, rather than 'gross indifference or reckless disregard' for the relevance of the evidence, the adverse inference would be warranted in an exercise of the court's discretion, given (1) defendant's degree of, at a minimum, negligence; (2) the importance of the evidence; and (3) the absence of other evidence enabling plaintiff to make the same point.") (citations omitted). In this case, Rogers has not given an explanation for his failure to preserve this evidence. His refusal to offer an explanation suggests at a minimum, negligence. Moreover, this evidence is crucial to Rogers' case, and his inability to produce it severely prejudices Ms. Johnson-Norman's ability to prepare her defense. Finally, although Ms. Johnson-Norman has received an April 2004 Equifax credit report through her subpoena to Wells Fargo, we will never know whether it contains the same information as the July 2005 Experian credit report that Rogers spoliated. Therefore, even if Rogers' spoliation was not deliberate, Rogers' negligence merits sanctions for spoliation.

### III.     ROGERS HAS NOT MENTIONED WHAT HE DID WITH THE CREDIT REPORT OR THE CORRESPONDENCE

Finally, Rogers has utterly failed to explain what he did with the rest of the credit report and the correspondence with Wells Fargo. Rogers never explains whether he destroyed the documents, threw them away, or lost them. Although Ms. Johnson-Norman has repeatedly asked Rogers to explain the circumstances under which Rogers lost control of these documents, Rogers has thus far failed to give any explanation. The Court should draw an inference from Rogers' silence on this issue.

### IV.     CONCLUSION

Rogers' opposition is filled with misleading arguments and irrelevant law. Most importantly, however, Rogers never denies the basic facts that are outlined in Ms.

Johnson-Norman's Motion for Spoliation Sanctions, he never offers contrary case law, and he never distinguishes the cases offered by Ms. Johnson-Norman. Therefore, Ms. Johnson-Norman moves this Court to dismiss this case because of Rogers' spoliation of evidence. Should the Court decline to dismiss Rogers' remaining claim, Ms. Johnson-Norman respectfully requests the Court to preclude Rogers from using the single redacted page of Rogers' supposed Experian credit report at trial. Ms. Johnson-Norman further requests an adverse inference instruction to the jury regarding Rogers' failure to preserve evidence.

_____/s/_____
Sean P. Beaty, *pro bono*
(Bar No. 493597)
Christopher P. Kellett[*]
HOWREY LLP
1299 Pennsylvania
Washington, DC 20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated: May 29, 2007.

---

[*] Not yet admitted to the D.C. Bar. Practicing under the supervision of firm principals.