UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

VIRGIL M. ROGERS, *pro se*

      Plaintiff,

  v.                                  Civil Case No. 06-01186 (ESH)(DAR)

KAREN JOHNSON-NORMAN

      Defendant.

**ROGERS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINITFF'S MOTION TO AMEND SCHEDULED STATUS CONFERENCE**

      Plaintiff Rogers again respectfully requests the Court to reschedule the status conference that it has scheduled for June 7, 2007 and reschedule an alternative status conference to be held telephonically at the court's earliest opportunity. The defendant will not be prejudiced or harmed in any way by permitting such a conference to commence however, Mr. Rogers would be gravely prejudiced otherwise.

      Defendant claims in her opposition that Mr. Rogers incorrectly entitled his motion as unopposed though she mistakenly claims to have had opposition to this action from inception. However, in her original motion requesting a status conference, she expressly informed the Court that scheduling an in-person hearing on this matter would necessitate a *6 week extension* of the discovery deadline (Defn Motion for Status Conf @ 2). The logical and correct inference that the Court could draw from the defendant's argument is that if a hearing were to take place that it would be best that it

1

occur by telephone at the earliest possible opportunity, and she urges such a resolution. Though the defendant claims in her motion that Mr. Rogers had no opinion of her motion, in fact Mr. Rogers stated beforehand in a discussion with defense counsel that he "*didn't think such a motion was a good idea*" and he preferred if defense counsel "*did not*" file such a motion. Far from being a voice of indifference, Mr. Rogers made clear that he was not in agreement with any motion that called for him to appear in-person for a status conference. Defendant predictably failed to mention these comments in her motion.

Defendant now claims she opposes such a hearing and her apparent aim is to force Mr. Rogers to come to the east coast for a status conference instead of cooperatively agreeing to a telephone conference. She doesn't ever really explain what her objection is to a telephone conference. Perhaps, after some consideration, she wants to heap as much cost and difficulty upon Mr. Rogers in an effort to coerce him to dismiss the civil action. Mr. Rogers has already suffered grave and improper invasions of his privacy during discovery. In fact, defense counsel has obtained a copy of Mr. Rogers' social security card, a previous driver's license, and a set of fingerprints from a background check and defense counsel portrays to this Court that these actions are proper use of discovery in this case. Defense counsel perpetrated all of these actions within the last couple of weeks but assuredly after Mr. Rogers sought intervention from the court for such behavior. He also urges this Court to believe that Mr. Rogers incredibly initiated 21 <u>separate</u> credit inquiries of his own at the same time, and this is the purported $200,000[1] defense Howrey will mount on behalf of Karen Johnson, without any proof that any inquiries were ever authorized by Mr. Rogers. This is an outrageous defense theory which is a pretext to deflect guilt from the defendant and permit the dishonorable discovery tactics that the defense has utilized. In fact, most of the discovery sought and obtained by defense counsel has not

---

[1] Defense Counsel has repeatedly threatened Mr. Rogers that he will obtain costs and fees from Mr. Rogers if this civil action is not dismissed. Defense Counsel claims to have accrued over $200,000 in costs and fees in less than a year.

been proximately related to any evidence in this case but has been a form of espionage that defense counsel has perpetrated using the discovery process. Such conduct has been accompanied by various forms of threats, coercion, and indiscriminate hijacking of every personal bit of Mr. Rogers' life. The defendant's sudden change of heart with respect to agreeing to a telephone conference after suggesting to the Court it was appropriate is a continuation of this harassing conduct by her and her pro bono counsel against Mr. Rogers. And yet, defendant claims that she is victimized and would be prejudiced by the conduct of a telephone hearing.

Defendant claims that Mr. Rogers' motion for a telephone hearing should not be granted because she recently submitted a notice of deposition to him. However, defendant has never conferred with Mr. Rogers about the proposed dates and locations of the deposition nor has Mr. Rogers confirmed his availability on the proposed date. In fact, Mr. Rogers indicated to defense counsel during a discussion that a deposition would appropriately occur in California, that Mr. Rogers had scheduling conflicts and that Mr. Rogers could not financially bear to attend a deposition at Howrey's office in D.C. Mr. Rogers has a scheduling conflict with the date proposed by the defendant and moreover he would be burdened to accommodate the defendant's proposed arrangements. Moreover, considering the outrageous and abusive discovery tactics that have been engaged by defense counsel in this matter, Mr. Rogers would be vulnerable in appearing before a lawyer that takes so cavalierly his obligations under the D.C. Bar Rules of Professional Conduct and without the appropriate limitations and admonitions which would approbate his conduct. Mr. Rogers has urged defense counsel to accept a deposition in the State of California where Mr. Rogers is located.

What defendant claims as an incorrect motion labeled unopposed is a difference in interpretation and even a difference in the defendant's position from one pleading to the next. In her original motion, she essentially urges the Court to hold a telephone hearing promptly and identified

3

that several issues need to be resolved. Based upon this fact and the discussion Mr. Rogers had with defense counsel, it appeared to be an unopposed motion. If it was entitled erroneously, it was not done intentionally but due to a genuine misunderstanding of the defendant's position. However, once Mr. Rogers essentially agreed with defendant that a telephone conference was best and pursued that option, defendant changed her tune. She did this to be difficult apparently and to force unnecessary costs upon Mr. Rogers.

The outstanding issues as well as the improper discovery that has been permitted thus far by defendant should be addressed. However, these issues should rightly be addressed before any further discovery is permitted and before Mr. Rogers is forced to bear further costs or be subjected to an assaultive and abusive deposition.

WHEREFORE, Mr. Rogers request the Court conduct a telephone hearing at its earliest opportunities and infer from the language of defendant's original motion that she did in fact concur with such an arrangement.

## CONCLUSION

Mr. Rogers respectfully urges this court to cancel the scheduled June 7, 2007 status conference and schedule a telephone conference on the pending issues at the court's earliest opportunity.  Mr. Rogers is unable to attend the June 7, 2007 conference as scheduled.

/s/

Respectfully Submitted,

VIRGIL ROGERS

Dated: June 1, 2007.