UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

VIRGIL M. ROGERS, *pro se*

      Plaintiff,

      v.                                        Civil Case No. 06-01186 (ESH)(DAR)

KAREN JOHNSON-NORMAN

      Defendant.

**PLAINTIFF'S OPPOSITION TO THE MAGISTRATES**

**JUDGE'S REPORT AND RECOMMNDATION**

      Plaintiff Rogers respectfully opposes the Report and Recommendation of the Honorable Magistrate Judge Robinson to dismiss the civil action with prejudice pursuant to rule 41. Pursuant to the case law concerning Pro Se litigants, it would be unfair to dismiss the case under Rule 41. Moreover, the defendant's counsel has violated numerous tenets of both the spirit and letter of the Rules of Professional Conduct with respect to the conduct of discovery in this matter. He has actually been threatening and abusive towards Mr. Rogers, taking advantage of the Plaintiff's pro se status and misusing his subpoena privileges to further invade Mr. Rogers' privacy. Therefore, it is wholly unwarranted to reward the defendant with a Rule 41 dismissal, which is considered a resolution on the merits**.**

      Before dismissing a case with prejudice, a district court should consider alternative

1

sanctions. In Titus v. Mercedes Benz, 695 F.2d 746, 748-49 (3d Cir. 1982), the district court dismissed the case after the plaintiffs *repeatedly* failed to prepare a draft pretrial order. On appeal, the 3rd Circuit held that district courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits id. at 749, and held the district court was required to consider sanctions other than dismissal, id. at 750, and record its findings, id. at 751.

Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders. Poulis, 747 F.2d at 868; Comdyne I, 908 F.2d at 1148. On the other hand, "sloppiness" that results in untimely response to two court orders and a late retention of local counsel does not amount to "a pattern of deliberate dilatory action," Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 343 (3d Cir. 1982), and "inexcusable" lateness of one or two weeks in meeting four court deadlines is not a "default comparable to Poulis," where the plaintiff was non-responsive and tardy, Scarborough, 747 F.2d at 875. In some cases, appellate courts have remanded for consideration of alternative sanctions with a bar on dismissal. See, e.g., Donnelly, 677 F.2d at 344; Carter, 804 F.2d at 808

While district court's have condemned irresponsibility toward the judicial process, several circuits have held that lesser sanctions will chasten effectively without the extreme result of "depriv[ing] the plaintiff of the right to have his claim adjudicated on the merits." Titus, 695 F.2d at 749

Six factors found relevant by the 3rd circuit in Poulis weigh against dismissal with prejudice, such that a failure to consider these factors did not constitute the sound exercise of discretion. In a close case, doubts should be resolved in favor of reaching a decision on the merits. Scarborough, 747 F.2d at 878. Dismissal must be a sanction of last, not first, resort," Poulis, 747 F.2d at 869,

and in this case lesser sanctions should be applied.

There are six factors the 3rd Circuit held indispensable in evaluating whether a district court abuses its discretion in dismissing with prejudice and its review was guided by the manner in which the trial court balanced [six] factors . . . and whether the record supports its findings." <u>Poulis</u>, 747 F.2d at 868. The six factors were:

(1) the extent of the party's <u>personal responsibility</u>;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was <u>willful or in bad faith</u>;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of <u>alternative sanctions</u>; and

(6) the <u>meritoriousness</u> or the claims or defenses.

<u>Poulis</u>, 747 F.2d at 868.

In the current case, Mr. Rogers, acting Pro Se has not substantially met the criteria warranting a dismissal with prejudice in <u>Poulis</u>. Clearly he has not acted in bad faith. He was unable to attend a status hearing due to the fact that Mr. Rogers is located a great distance away from the forum. He requested by motion a telephone hearing to dispose of the issues and the Court denied his request. Mr. Rogers contacted the court and notified it that he would be unable to attend in advance of his absence. He did not ignore the court's order and was not comutacious in his actions.

A party's problematic acts must be evaluated in light of its behavior over the life of the case. In

Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146 (3d Cir. 1968), the court overturned a dismissal for want of prosecution, despite Dyotherm's failure to inform the court of its activities as requested, its late and unprepared appearance at trial without its key witness, and its failure to produce an adequate excuse for the witness's absence. While acknowledging the inexcusable behavior of plaintiff's counsel, the court noted, among other mitigating factors, that there was no indication of dilatory tactics during the first two and a half years in which the case was litigated.

On the other hand, "sloppiness" does not amount to "a pattern of deliberate dilatory action," Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 343 (3d Cir. 1982), and "inexcusable" lateness of one or two weeks in meeting four court deadlines is not a "default comparable to Poulis," where the plaintiff was non-responsive and tardy, Scarborough, 747 F.2d at 875

In Michota the district court found that the history of dilatoriness favors dismissal when plaintiff stopped prosecution abruptly or why it began again after so long. In that case, the 3rd Circuit agreed that a failure to prosecute for more than four years amounts to a history of dilatoriness. Four and one-half years is a significant and inexcusable delay, and could constitute grounds for dismissal under Rule 41(b):

Failure to prosecute" under the Rule 41(b) does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court. It is quite sufficient if he does nothing, knowing that until something is done there will be no trial. Bendix Aviation Corp. v. Glass, 32 F.R.D. 375, 377 (E.D. Pa. 1962), aff'd 314 F.2d 944 (3d Cir.) (per curiam), cert. denied, 375 U.S. 817 (1963).

A history of dilatoriness weighs toward, but does not mandate, dismissal. However, the failure by Mr. Rogers to attend the status hearing is not on the scale of that in Bendix, where the case lay

4

dormant for 11 years, id. at 376, nor was there dilatoriness as in Bedwell, where the plaintiff repeatedly and strategically delayed and disobeyed court orders. Bedwell, 843 F.2d 683 (3d Cir. 1988). For the most part, Mr. Rogers has abided by the Rules and Order of this Court and maintained the propriety of the proceedings albeit in an acrimonious civil action with an apparently dishonest defense counsel trying to provoke bellicosity and stoke negativity constantly.

In evaluating a dismissal, a district court looks for "the type of willful or contumacious behavior which was characterized as `flagrant bad faith,' in National Hockey League, [ 427 U.S. at 643 ]." Scarborough, 747 F.2d at 875; see also Poulis, 747 F.2d at 866. In National Hockey League, the district court dismissed the case after 17 months in which the plaintiffs failed to answer crucial interrogatories despite numerous extensions, and broke promises and commitments to the court. The Supreme Court approved the dismissal as a proper response to such behavior.

Willfulness involves intentional or self-serving behavior. In Donnelly, when the plaintiff's case was transferred from Texas to New Jersey, he was tardy meeting court orders to obtain New Jersey counsel. The 3rd Circuit held the plaintiff's difficulties did not amount to an inability to comply, but rather, "[a]t best . . . show[ed] a failure to move with the dispatch which the notice and order to show cause required, and provide[d] no basis for exculpation of plaintiff's Texas counsel on the grounds of inability." Donnelly, 677 F.2d at 342. Noting, however, that the Texas lawyer had timely attempted to locate local counsel, we also held, "no willfulness is mirrored in the record." Id. at 343 (internal quotation omitted). Thus, tardiness not excused for inability is not necessarily willful. See also Scarborough, 747 F.2d at 875 (where attorney filed all required papers, albeit some tardily, behavior was not willful or contumacious).

A dismissal under Rule 41(b) acts as an issue preclusion under the Federal Rules. Case law on issue preclusion in this jurisdiction requires that an issue must have been (1) *actually litigated*; (2) determined by a valid, final judgment on the merits; (3) *after a full and fair opportunity for litigation*; (4) under circumstances where the determination was essential to the judgment, and not merely dictum. Wash Med Cir. V. Holle, 573 A.2d 1269, 1283 (D.C. 1990).   Issue preclusion must not work a basic unfairness to the party bound by the preclusion. Yamaha Corp. of America v. U.S. 295 U.S. App. D.C. 158, 961 F.2d 245, 254 (D.C. Cir 1992).

 The Supreme Court has held that a more reasonable interpretation of the meaning of "operates as an adjudication upon the merits" in Rule 41(b) is to be found in Rule 41(a), which, in discussing the effect of voluntary dismissal by the plaintiff, makes clear that an "adjudication upon the merits" is the opposite of a "dismissal without prejudice":

"Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

See also 18 Wright & Miller, §4435, at 329, n. 4 ("Both parts of Rule 41 ... use the phrase `without prejudice' as a contrast to adjudication on the merits"); 9 *id.*, §2373, at 396, n. 4 (" `[W]ith prejudice' is an acceptable form of shorthand for `an adjudication upon the merits' "). See also *Goddard*, 14 Cal. 2d, at 54, 92 P. 2d, at 808 (stating that a dismissal "with prejudice" evinces "[t]he intention of the court to make [the dismissal] on the merits"). The primary meaning of "dismissal without prejudice," is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of

6

not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself.

If the Court were intent to dismiss this action- since the contentious nature of discovery led to an apparent impasse- Rule 41 would be more appropriate. Rule 41(a)(1) permits a voluntary dismissal *without prejudice* if the plaintiff files a notice of dismissal by stipulation or by order "upon such terms and conditions as the court deems proper. Such a disposal would operate to lessen the prejudice to Mr. Rogers since his actions have apparently not met the threshold that some circuits have held sufficient to warrant a dismissal pursuant to Rule 41(b). Johnson [496 U.S. 384, 395] Chemical Co. v. Home Care Products, Inc., 823 F.2d 28, 31 (1987)

   Rule 41(a)(2), Federal Rules of Civil Procedure, has been interpreted as authorizing a plaintiff to dismiss his action without prejudice where the court believes that although there is a technical failure of proof there is nevertheless a meritorious claim. see United States v. Lyman, 1 Cir., 125 F.2d 67; Lyman v. United States, 1 Cir., 138 F.2d 509; Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314, 317

   Defendant made an oral motion to the court on June 7, 2007 requesting a dismissal pursuant to Rule 41 because Mr. Rogers had failed to attend the status conference. Federal Rule of Civil Procedure 41(b), provides as follows:

"Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal

7

under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

However, the prototypical judgment on the merits is one in which the merits of a party's claim are in fact adjudicated for or against the party after trial of the substantive issues. The meaning intended in those statements to the effect that a judgment "on the merits" triggers the doctrine of res judicata or claim preclusion. See, *e.g.*, *Parklane Hosiery Co.* v. *Shore,* 439 U. S. 322, 326, n. 5 (1979) ("Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action"); *Goddard* v. *Security Title Ins. & Guarantee Co.*, 14 Cal. 2d 47, 51, 92 P. 2d 804, 806 (1939) ("[A] final judgment, rendered upon the merits by a court having jurisdiction of the cause ... is a complete bar to a new suit between [the parties or their privies] on the same cause of action" (internal quotation marks and citations omitted).

   Defendant in this case has not proven her case via any acknowledged defense such that an issue preclusion is appropriate. In fact, her grounds for requesting a dismissal "on the merits" have nothing to do with the merits but rather with Mr. Rogers failures with respect to the status conference. She also moved based upon Mr. Rogers' failure to show for a deposition. However, the Plaintiff had notified the court of the crisis embodied in the intrusive and unethical behavior of defense counsel during discovery. Without a protective order, Mr. Rogers would have been knowingly subjecting himself to abusive and harassing conduct and possibly worse by attending the deposition under the terms mandated by the defendant. Rogers moved the court for a protective order and injunction to preclude any further illegal behavior from occurring at the hands of defense counsel However, the court dismissed these requests as moot when it filed its Report and Recommendation.

While an appellate court can consider the record only as it existed at the time the court below made the order dismissing the action," <u>Jaconski v. Avisun Corp.</u>, 359 F.2d 931, 936 n.11 (3d Cir. 1966), the party is not required to test its legal arguments before the district court in a Rule 59(e) motion before making them on appeal. With respect to an involuntary dismissal pursuant to Rule 41(b) an appellate court has discretion to hear not only arguments but also claims raised for the first time on appeal, <u>Singleton v. Wulff</u>, <u>428 U.S. 106, 121</u> (1975).

    Mr. Rogers incorporates by reference his pleadings citing the numerous cases concerning the Court's stance with respect to pro se litigants.  In consideration of that case law, it would be unjust and prejudicial to dismiss this civil action under Rule 41(b) and indicate that its not only "on the merits" where that is not a substantiated fact and to trigger issue preclusion simply because Mr. Rogers may have failed to attend a status conference. According to the case law, he is not held to the same lofty standards as a member of the D.C. Bar but dismissing under these circumstances hold him to a higher standard than the case law from the 3rd circuit. Further, Defense counsel is as responsible as Mr. Rogers for the contentious nature of the litigation and defense counsel has repeatedly violated the Rules of Professional Conduct and threatened or abused Mr. Rogers as a pro se litigant. In light of this fact, it would be unjust to dismiss under Rule 41(b)

    WHEREFORE, Mr. Rogers request the Court decline to adopt the report and Recommendation of the Magistrate judge and decline to dismiss under Rule 41(b). In the alternative, Mr. Rogers suggest the court order the parties to consider Alternative Dispute Resolution.

                                     Respectfully Submitted,
                                     VIRGIL ROGERS

Dated: June 17, 2007.