# ATTACHMENT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, <br><br> Plaintiff, <br><br> v. <br><br> KAREN JOHNSON-NORMAN, <br><br> Defendants, | Civil Action no. 06-1186 (ESH)(DAR) |

**PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST AND SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION**

1. Identify each person having any knowledge or information that supports, contradicts, refers to, or relates to any of the allegations set forth in paragraphs 37, and 45-51 of your Amended Complaint and describe with particularity the knowledge of each such person.

   ANSWER: Plaintiff is himself aware of the credit inquiry alleged in the Amended Complaint and by information and belief the defendant Karen Johnson-Norman has knowledge of the allegations. Plaintiff believes that James Fisher, President of Wells Fargo Financial Acceptance Corporation also has knowledge of this inquiry as Plaintiff contacted that entity and inquired of the substance of this intrusion.

2. Identify all facts that support the allegations in paragraphs 36, and 45-51 of your Amended Complaint that Ms. Johnson Norman "obtained or caused to be obtained a consumer report containing private information about Rogers from or through a credit reporting agency." Including the date that the alleged credit inquiry.

   ANSWER: An unauthorized credit inquiry was perpetrated upon Plaintiff's credit file at Experian on/about April 25, 2004. The inquirer was Wells Fargo Financial Acceptance Corporation in Philadelphia, PA. Plaintiff did not authorize any such inquiry in writing or orally. By information and belief the only person known by Plaintiff to be employed by any Wells Fargo Company is Karen Johnson-Norman. Plaintiff contacted WFFAC and inquired but did not disclose defendant's name because he did not want to cause defendant any problems at her employment. However, defendant at the time of this inquiry had sought and received a frivolous and invalid CPO in D.C. Superior Court despite the fact that Plaintiff had not engaged in any conduct warranting that action and had not had any contact with defendant in years. By information and belief, defendant holds a grudge against Plaintiff for some unknown reason and therefore perpetrated the inquiry at question in furtherance of that grudge.

3. Identify all documents that support, contradict, refer to, or relate to your allegations in paragraphs 36, and 45-51 of your complaint.

   ANSWER: Experian Credit Report number 2209620732 indicates and documents the credit inquiry from WFFAC on April 25, 2004.

4. Identify your FICO Score with each of the three major credit reporting agencies (Equifax, Experian, and TransUnion) as of February 2007.

   ANSWER: Plaintiff is without sufficient knowledge to answer this interrogatory.

5. Identify your FICO score with each of the three major credit reporting agencies (Equifax, Experian, and Transunion) between January 2004 and March 2004

   ANSWER: Plaintiff is without sufficient knowledge to answer this interrogatory.

6. Identify your FICO score with each of the three major credit reporting agencies (Equifax, Experian, and TransUnion) between May 2004 and July 2004.

   ANSWER: Plaintiff is without sufficient knowledge to answer this interrogatory.

7. Identify all damages you have suffered as a result of the allegations contained in Count I of your Amended Complaint, including the basis for and calculation of those damages.

   Answer: Plaintiff's damages have not been fully realized and explored as of the date of this interrogatory. He has suffered an intrusive, degrading, and illegal invasion into his private credit information which he believes was perpetrated by defendant via contacts or professional affiliation with WFFAC. This has perpetuated his emotional distress and mental anguish and exposed him to possible identity theft, misuse, exploitation, and other forms of harassment. Actual damages have not been fully discovered as of the date of this writing.

8. Identify any of your loans and debts that have been discharged without full repayment or satisfaction within the past 10 years, including, but not limited to, voluntary or involuntary bankruptcies.

   ANSWER: Plaintiff declines to answer this question in accordance with his meet and confer with defendant.

9. Identify any and all accounts that are currently more than 30 days past-due or any accounts that had been more than 30 days past-due between January 1, 2004 and the present.

   ANSWER: By information and belief there are no accounts within these parameters.

10. Identify all communications you have had with Wells Fargo, whether oral or written, for any purpose, including, but not limited to loans, accounts, outstanding balances, and credit inquiries.

    ANSWER: By information and belief, Plaintiff has not engaged in any business communications with Wells Fargo for credit or business purposes at any time in the prior 10 years.

11. Identify if you have ever been a Wells Fargo Customer, and if so: (a) identify the time period that you were a customer, including the end date if you are no longer a Wells Fargo customer; (b) Identify the number of transactions you were involved in with Wells Fargo; (c) For each transaction, describe the nature and type of transaction and the approximate dollar value associated with each transaction.

    ANSWER: At some point during his life, Mr. Rogers was a consumer customer of Wells Fargo. By information and belief he has not initiated any consumer activity with Wells Fargo in over 10 years. Due to the long period of time since he was a customer, he lacks sufficient records or knowledge to describe any transactions over 10 years ago.

12. Identify any loans you have applied for from January 1, 2004 to the present and for each loan identify: (a) the amount of the loan applied for; (b) the prospective lender; whether you were approved for or denied the loan.

ANSWER: Plaintiff declines to answer this question in accordance with his meet and confer with defendant.

13. Identify each person that advised you with respect to any document filed in this action or that assisted you in researching, drafting, writing, or filing any document filed in this action including but not limited to, whether the person has legal training, which documents the person assisted you with, and the substance of their assistance.

### Document Production

1. Documents supporting, relating to, or proving any allegation contained in Count I of the Amended Complaint:

   Produced: Page 16 of Experian Credit report number 2209620732 dated July 14, 2005 and letter written by Mr. Rogers to WFFAC about the inquiry which did not accuse or mention defendant by name to protect her privacy.

2. See document from # 1
3-6. Plaintiff doesn't possess this documentation as indicated in his meet and confer with defendant
7. All written communications between you and Wells Fargo, regardless of who initiated the communication, including, but not limited to, and communications relating to authorized or unauthorized credit inquiries, loans, accounts, or offers of credit

   By information and belief the only correspondence pertaining to the issues in Plaintiff's custody is produced in #1 above. He doesn't posses the original correspondence he sent to WFFAC or there initial response. The above is his follow up letter which was never answered.

ANSWER: By information and belief, there are no individuals within these parameters.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Filed March 7, 2007

VIRGIL ROGERS