# ATTACHMENT E

**Beaty, Sean**

| | |
|---|---|
| **From:** | V Rogers [rogerslaw1@hotmail.com] |
| **Sent:** | Friday, December 22, 2006 10:39 |
| **To:** | Beaty, Sean |
| **Subject:** | Re: Judgment 06-1186 |

Sean,

    Congratulations on the outcome of your motion to dismiss. I respect the court's opinion and agree with its rationale on some points. It was thorough in its explanation and I accept its decision. This outcome was not surprising, thus I did not retain an attorney. I also noted the court's comment about a possible future summary judgment motion, which would only be appropriate after meaningful discovery.

    As to the remaining count, your prior motion seemed to strongly indicate your unfavorable view of bringing your client's colleagues and superiors into the litigation and generally causing her any embarrassment and discomfort in her work environment through the discovery process. I understand this predicament, and contrary to her actions towards me I am sympathetic to the embarrassment this may present. I am not a malicious person and it is not my intent to cause any person undue embarrassment or discomfort. However, these colleagues are likely to be involved by necessity.

    If you want to discuss a settlement on fair grounds, I am willing to discuss this, but as a starting point such discussions must include some compensation for harm that I have endured. If this is not something you want to discuss, I understand. I am very willing to continue in this litigation, which may lead to several more motions, pleadings, and hearings. I would think this is not something a pro bono lawyer prefers(especially since it affects your billable hours). And from what I have been told, no lawyer wants to be litigating with a lay person, because its unorthodox and taxing.

    As you know, the scheduling conference is set for February. If we cannot come to a resolution before that time, it may lead to cost and discomfort for all parties. I will appear at the scheduling conference and will likely remain in Maryland for the duration of the litigation thereafter, which is not comfortable for me or anyone else. I intend to serve subpoenas on Wells Fargo and other entities, which if opposed may lead to countless hearings and motions, which I am sure both you and the judge are loathe to endure. And because I am representing myself at this time, you and the court are dealing with the unorthodox legal procedures that come with a pro se litigant, which I assume is also not the legal procedure to which you and the court are accustomed.

    We should both be mindful that there is only one count remaining on this federal civil action. However, the judge was cautious not to dismiss it, which in light of her other rulings was a possibility. Perhaps your client has denied causing the action alleged, and perhaps you believe that is the case. However, I have been straight with you and respectful in our many interactions, as I hope you would agree. If she has denied this conduct, I would be hesitant to believe it in this instance. It's almost inconceivable that any other person could have committed this behavior without being directed to do so by your client. This count was not included as a red herring. I would expect to personally depose your client about many issues and facts near the time of the conference. Along with other discovery, I expect that many uncomfortable facts would be revealed under oath. Thereafter, I would expect some other Wells Fargo personnel to be involved.

    In any event, the inconvenience and/or discomfort that is likely to occur is probably not commensurate with the single count that remains. If you want to discuss a settlement, let me know what dates you are available for me to call you. Otherwise, we can discuss a plan of action on the future discovery and hopefully agree on a reasonable plan. I await your reply.

Regards,

Virgil Rogers

1

The MSN Entertainment Guide to Golden Globes is here.  Get all the scoop.
http://tv.msn.com/tv/globes2007/