# ATTACHMENT G

March 31, 2007

Mr. Beaty,

Concerning your 3/31/07 letter, I disagree that I've fostered an acrimonious environment. On the contrary, I've dealt with you respectfully and in good faith but you've disrespected me repeatedly. As a consequence of this disrespect, you've sensed acrimony because the professionalism seems to have disappeared.

I will meet and confer in accordance with the Rules. However, in this case you acted improperly by invading my privacy. I have never provided you or your client my social security number or granted authorization for you to use it in any way. For all I know, you may have obtained it from an illegitimate source like the MPD (who likely obtained it by sinister means). For at least the second time that I know of, you disclosed or misused my information in a way that was inappropriate and unauthorized. Unless there is an explanation for this occurrence, it would appear that sanctions may be appropriate and possibly a Bar Counsel inquiry.

If you recall our last conversation, I urged you to cease the implicit and explicit personal attacks against me and the disrespect you've shown me. Though you denied any personal motives you agreed to remain professional. Despite your claims of professionalism, you filed an even more disrespectful and polarizing motion replete with falsehoods so that you could mislead a federal court and personally attack me. Among your most odious misrepresentations, you once again claimed that I had been convicted of stalking though you were fully aware while submitting such information to the federal court that it was false and slanderous.

This wasn't the first time you filed or permitted false statements. I also maintain an accounting of your many misrepresentations and all instances of perjury by your client. Despite both of your obligations to the Rules of Professional Conduct, such falsities persist. Assuredly, you won't enhance your professional esteem or distinguish yourself as a lawyer by showing irreverence, even in victory, over a *pro se* litigant. Therefore, there's no reason for you to engage in contentiousness or legal wrangling. Any victory you gain over me by bombast or artifice lacks legitimacy and is further devalued since it's a victory necessarily lacking in prestige. You're working *pro bono* against a layman, so your efforts should at least be honorable and ethical.

I urge you reexamine and reaffirm your commitment to maintain decorum, professionalism, integrity and honesty in all matters before all courts and judges and all parties, even *pro se* litigants. If dishonorable means must be used in *pro bono* cases like this, one should explore their commitment to uphold the law ethically.

As for your allegation that I have somehow misrepresented or falsified any information to the court, I won't dignify that red herring with a response since I stand by my representations fully. If you have such information, I urge you to specifically notify me of what you believe I've said that's untrue. You may not throw stones when your client lives in a perpetual glass house with respect to issues of truthfulness.

If you believe the honesty and truthfulness of these litigants and their counsel is an issue that should be brought before an adjudicative body and examined, I welcome that opportunity. In contrast to your client, my record for honesty is unassailable. You and your client have an ethical duty to always be honest and truthful, however it doesn't appear that duty has been upheld by either of you, particularly your client. Given that notion, should you feel compelled to bring questions of honesty to an adjudicative body for inquiry, as your inflammatory accusations against me suggest, feel free. In any intelligent cost/benefit analysis by the defense, such a decision would seem to ultimately prove myopic.

I again request that you remain professional and adhere to tenets of the Rules of Professional Conduct.

Regards,

Virgil Rogers

**Beaty, Sean**

**From:** V Rogers [rogerslaw1@hotmail.com]
**Sent:** Monday, May 07, 2007 09:19
**To:** Kellett, Christopher
**Cc:** Beaty, Sean
**Subject:** RE: Rogers v. Johnson-Norman, 06-1186 D.D.C.

Dear counsel,

I object to these subpoenas and expect you to withdraw them and quash the service. I have not been consulted further before you seek more personal information from other financial institutions.

You have already received info from Carmax and that is allegedly whom you claim I authorized to run a credit report, but they obviously did not produce anything resembling an authorization. I believe you are abusing the subpoena power granted to you by virtue of Bar Admission (or pending Bar Admission in the case of co-counsel). What you are doing is now abusive and a witch hunt. Wells Fargo and Carmax could not produce what you claim to seek, so now you want to dive further into my personal life and its not appropriate.

I would hope you will do the appropriate thing and withdraw these subpoenas. They are intrusive, I have made my objections to these tactics known previously, and without giving me an opportunity to oppose them first (and serving them on a saturday as usual), I think they are unethical. They will not uncover what you claim to seek. I think you know that but persist to be litigious, contentious, and to pad what you claim are already outragous legal fees you are billing to Howrey and hope to recoup from me.

If these subpoenas are not withdrawn by the end of the day, I will contact Bar Counsel about both of the lawyers known to be working on this matter. I will contact all of these companies and let them know they are dealing with counsel that is acting outside of the proper legal grounds. I will also contact the Court again and inform it of counsel's improper conduct and abuse towards a pro se litigant. In the least, how you have behaved in this matter lends the appearance of passionate and vindictive lawyering. Your actions have long ago departed from dipassionate advocacy. The United States District Court can clearly see that, and others will likely determine that to be the case as well.

Virgil Rogers

>From: "Kellett, Christopher" <KellettC@howrey.com>
>To: <rogerslaw1@hotmail.com>
>CC: "Beaty, Sean" <BeatySean@howrey.com>
>Subject: Rogers v. Johnson-Norman, 06-1186 D.D.C.
>Date: Fri, 4 May 2007 20:33:14 -0400
>
>Mr. Rogers:
>
>Attached, please find copies of subpoenas to Capital One Auto Finance,
>Triad Financial Corporation, Americredit Financial Services, and Citi
>Financial Auto that were served today (5/4/07).
>
>Christopher Kellett
>Howrey LLP
>1299 Pennsylvania, NW
>Washington, DC 20004-2402
>202-783-0800 ext. 6793
>Admitted only in Maryland.
>Not admitted in D.C.
>Practicing under the supervision of firm principals
>
>--------------------------------------------------------------------------
>-------------------------- This email and any attachments contain
>information from the law firm of Howrey LLP, which may be confidential

>and/or privileged.
>The information is intended to be for the use of the individual or
>entity named on this email.
>If you are not the intended recipient, be aware that any disclosure,
>copying, distribution or use of the contents of this email is prohibited.
>If you receive this email in error, please notify us by reply email
>immediately so that we can arrange for the retrieval of the original
>documents at no cost to you.
>

><< SubpoenatoCitiFinancialAuto.pdf >>

><< SubpoenatoAmericreditFinancialServices.pdf >>

><< SubpoenatoTriadFinancialCorporation.pdf >>

><< SubpoenatoCapitalOneAutoFinance.pdf >>

---

Exercise your brain! Try Flexicon.
http://games.msn.com/en/flexicon/default.htm?icid=flexicon_hmemailtaglineapril07