# ATTACHMENT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, *pro se* ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KAREN JOHNSON-NORMAN ) <br> Defendant. ) <br> ) | Civil Case. No. **06-01186 (ESH)** |

**DECLARATION OF SEAN P. BEATY**

I, Sean P. Beaty, declare as follows:

    1.    I am an attorney at Howrey LLP, counsel of record for Defendant Karen Johnson-Norman. In preparing this declaration, I have reviewed and am familiar with Rogers' Objection to the Court's Report and Recommendation for Dismissal, as well as the following court opinions: *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863 (3d Cir. 1994); *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212 (1947); and *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001).

    2.    Rogers' Objection Brief (D.I. 85 - hereinafter, "Brief") largely plagiarizes from the three Court Opinions above. Indeed, of the twenty-six paragraphs in Rogers' Brief, only seven are wholly original.

    3.    For example, Paragraph 2 of Rogers' Brief is wholly plagiarized without attribution. Compare Paragraph 2 of Rogers' Brief with page 876 of *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*:

> Rogers' Brief, Para. 2:
>
>> Before dismissing a case with prejudice, a district court should consider alternative sanctions. In Titus v. Mercedes Benz, 695 F.2d 746, 748-49 (3d Cir. 1982), the district court dismissed the case after the plaintiffs *repeatedly* failed to prepare a draft pretrial order. On appeal, the 3rd Circuit held that district courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits id. at 749, and held the district court was required to consider sanctions other than dismissal, id. at 750, and record its findings, id. at 751.

*Adams,* 29 F.3d at 876:

> Before dismissing a case with prejudice, a district court should consider alternative sanctions. In *Titus v. Mercedes Benz,* 695 F.2d 746, 748-49 (3d Cir. 1982), the district court dismissed the case after the plaintiffs repeatedly failed to prepare a draft pretrial order. On appeal, we stated, "district courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits," *id.* at 749, and held the district court was required to consider sanctions other than dismissal, *id.* at 750, and record its findings, *id.* at 751.

4.  Similarly, Paragraph 3 of Rogers' Brief with pages 874-875 of *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*:

Rogers' Brief, Para. 3:

> Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders. Poulis , 747 F.2d at 868; Comdyne I, 908 F.2d at 1148. On the other hand, "sloppiness" that results in untimely response to two court orders and a late retention of local counsel does not amount to "a pattern of deliberate dilatory action," Donnelly v. Johns-Manville Sales Corp. , 677 F.2d 339, 343 (3d Cir. 1982), and "inexcusable" lateness of one or two weeks in meeting four court deadlines is not a "default comparable to Poulis ," where the plaintiff was non-responsive and tardy, Scarborough , 747 F.2d at 875.

*Adams,* 29 F.3d at 874-75:

> Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders. *Poulis,* 747 F.2d at 868; *Comdyne I,* 908 F.2d at 1148. On the other hand, "sloppiness" while an attorney is moving offices that results in untimely response to two court orders and a late retention of local counsel does not amount to "a pattern of deliberate dilatory action," *Donnelly v. Johns-Manville Sales Corp.,* 677 F.2d 339, 343 (3d Cir. 1982), and "inexcusable" lateness of one or two weeks in meeting four court deadlines is not a "default comparable to *Poulis,*" where the plaintiff was non-responsive and tardy, *Scarborough,* 747 F.2d at 875.

5.  In some case Rogers copied even larger sections of the *Adams* opinion. Unsurprisingly, Rogers was selective in which sections of the *Adams* opinion to copy, being careful not to include the cases cited that directly contravened Rogers' argument:

Rogers' Brief, Para. 13-14:

> In evaluating a dismissal, a district court looks for "the type of willful or contumacious behavior which was characterized as `flagrant bad faith,' in National Hockey League , [ 427 U. S. at 643 ]." Scarborough , 747 F.2d at 875; see also Poulis , 747 F.2d at 866. In National Hockey League , the district court dismissed the case after 17 months in which the plaintiffs failed to answer crucial interrogatories despite numerous extensions, and broke promises and commitments to the court. The Supreme Court approved the dismissal as a proper response to such behavior.
>
> Willfulness involves intentional or self-serving behavior. In Donnelly, when the plaintiff's case was transferred from Texas to New Jersey, he was tardy meeting court orders to obtain New Jersey counsel. The 3rd Circuit held the plaintiff's difficulties did not amount to an inability to comply, but rather, "[a]t best ... show[ed] a failure to move with the dispatch which the notice and order to show cause required, and provide[d] no basis for exculpation of plaintiff's Texas counsel on the grounds of inability." Donnelly, 677 F.2d at 342. Noting, however, that the Texas lawyer had timely attempted to locate local counsel, we also held, "no willfulness is mirrored in the record." Id. at 343 (internal quotation omitted). Thus, tardiness not excused for inability is not necessarily willful. See also Scarborough, 747 F.2d at 875 (where attorney filed all required papers, albeit some tardily, behavior was not willful or contumacious).

*Adams,* 29 F.3d at 875-76:

> In evaluating a dismissal, this court looks for "the type of willful or contumacious behavior which was characterized as 'flagrant bad faith,' in *National Hockey League*, [427 U.S. at 643]." *Scarborough*, 747 F.2d at 875; *see also Poulis*, 747 F.2d at 866. In *National Hockey League*, the district court dismissed the case after 17 months in which the plaintiffs failed to answer crucial interrogatories despite numerous extensions, and broke promises and commitments to the court. The Supreme Court approved the dismissal as a proper response to such behavior.
>
> Willfulness involves intentional or self-serving behavior. In *Donnelly*, when the plaintiff's case was transferred from Texas to New Jersey, he was tardy meeting court orders to obtain New Jersey counsel. We held the plaintiff's difficulties did not amount to an inability to comply, but rather, "at best . . . showed a failure to move with the dispatch which the notice and order to show cause required, and provided no basis for exculpation of plaintiff's Texas counsel on the grounds of inability." *Donnelly*, 677 F.2d at 342. Noting, however, that the Texas lawyer had timely attempted to locate local counsel, we also held, "no willfulness is mirrored in the record." *Id.* at 343 (internal quotation omitted). Thus, tardiness not excused for inability is not necessarily willful. *See also Scarborough,* 747

F.2d at 875 (where attorney filed all required papers, albeit some tardily, behavior was not willful or contumacious); *c.f.* **Bedwell, 843 F.2d at 695 (where plaintiff and attorney did not comply with court orders and discovery requests without plausible excuses and delay appeared to be calculated, district court properly found conduct willful, not merely negligent).**

6. Rogers also plagiarized from the Supreme Court case *Semtek Int'l Inc. v. Lockheed Martin Corp.* without attribution:

Rogers' Brief, Para. 16-18:

> The Supreme Court has held that a more reasonable interpretation of the meaning of "operates as an adjudication upon the merits" in Rule 41(b) is to be found in Rule 41(a), which, in discussing the effect of voluntary dismissal by the plaintiff, makes clear that an "adjudication upon the merits" is the opposite of a "dismissal without prejudice":
>
> "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."
>
> See also 18 Wright & Miller, §4435, at 329, n. 4 ("Both parts of Rule 41 ... use the phrase `without prejudice' as a contrast to adjudication on the merits"); 9 *id.,* §2373, at 396, n. 4 (" ` [W]ith prejudice' is an acceptable form of shorthand for `an adjudication upon the merits' "). See also *Goddard,* 14 Cal. 2d, at 54, 92 P. 2d, at 808 (stating that a dismissal "with prejudice" evinces "[t]he intention of the court to make [the dismissal] on the merits"). The primary meaning of "dismissal without prejudice," is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of
> not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself.

*Semtek Int'l Inc.,* 531 U.S. at 505:

> We think the key to a more reasonable interpretation of the meaning of "operates as an adjudication upon the merits" in Rule 41(b) is to be found in Rule 41(a), which, in discussing the effect of voluntary dismissal by the plaintiff, makes clear that an "adjudication upon the merits" is the opposite of a "dismissal without prejudice":
>
> > "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed

> by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

See also 18 Wright & Miller, § 4435, at 329, n. 4 ("Both parts of Rule 41 . . . use the phrase 'without prejudice' as a contrast to adjudication on the merits"); 9 *id.*, § 2373, at 396, n. 4 ("'With prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits'"). See also *Goddard*, 14 Cal. 2d, at 54, 92 P. 2d, at 808 (stating that a dismissal "with prejudice" evinces "the intention of the court to make [the dismissal] on the merits"). The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself.

7.   Finally, Rogers plagiarized from the Supreme Court case *Cone v. West Virginia Pulp & Paper Co.* without attribution:

Rogers' Brief, Para. 20:

> Rule 41(a)(2), Federal Rules of Civil Procedure, has been interpreted as authorizing a plaintiff to dismiss his action without prejudice where the court believes that although there is a technical failure of proof there is nevertheless a meritorious claim. see United States v. Lyman, 1 Cir., 125 F.2d 67; Lyman v. United States, 1 Cir., 138 F.2d 509; Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314, 317

*Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. at 217 (Fn. 5):

> Rule 41 (a) (2), Federal Rules of Civil Procedure, has been interpreted as authorizing a plaintiff to dismiss his action "without prejudice where the court believes that although there is a technical failure of proof there is nevertheless a meritorious claim." Report of Proposed Amendments to Rules of Civil Procedure (1946) 64; see *United States* v. *Lyman*, 125 F.2d 67; 138 F.2d 509; *Home Owners' Loan Corporation* v. *Huffman*, 134 F.2d 314, 317.

I declare under the penalty of perjury according to the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on July 2, 2007.

Sean P. Beaty