UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRGIL ROGERS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-01186 (ESH) |
| KAREN JOHNSON-NORMAN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Following *pro se* plaintiff Virgil Rogers's failure to appear at a status conference on June 7, 2007, defendant Karen Johnson-Norman moved to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b). In light of plaintiff's history of dilatory behavior and harassing tactics, Magistrate Judge Deborah A. Robinson, to whom the case had been referred for management of discovery, recommended that defendant's motion be granted. *See Rogers v. Johnson-Norman*, No. 06-01186, Rep. & Rec. (D.D.C. June 7, 2007). For the reasons set forth herein, the Court will adopt the recommendation and dismiss this case with prejudice.

## BACKGROUND

### I.     Plaintiff's History of Stalking Defendant

Plaintiff and defendant were involved in a romantic relationship from approximately 1998 to 2000. *Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162, 165 (D.D.C. 2006). Once the relationship ended, defendant complained to law enforcement on multiple occasions that she had received unwanted contact from plaintiff. *Id.* In March 2001, plaintiff was convicted in D.C. Superior Court of attempted stalking and ordered to stay away from defendant. *Id.* at 166.

After defendant began receiving harassing, anonymous letters, plaintiff was again charged with stalking in D.C. Superior Court in 2003. *Id.* Although plaintiff was acquitted by a jury, Judge Lynn Leibovitz subsequently held a hearing on defendant's request for a civil protection order. *Id.* Applying a preponderance of the evidence standard, Judge Leibovitz found that plaintiff had sent the letters. *Id.* She further found that the letters were "obsessive" and that plaintiff had "acted intentionally, willfully and with malice" in a successful "effort to cause emotional distress" to defendant. (Def.'s Mot. to Dismiss for Failure to State a Claim upon Which Relief May Be Granted ["Def.'s Mot. to Dismiss"] Ex. E at 15, 18.) "Each of the letters include[d] multiple-page, single-spaced, extremely repetitive excoriations of Ms. Johnson-Norman for having done things to the writer [that] were objectionable to him." (*Id.* at 13.) One letter stated that the writer would "always be defiant and arrogant as hell" and that defendant "should not expect it to go away now." (*Id.* Ex. A at 3.)

Judge Leibovitz issued a civil protection order barring plaintiff from going within one hundred yards of defendant, her husband, her children, her parents, her siblings, her home, her workplace, or her church for one year. *Rogers*, 466 F. Supp. 2d at 166. Plaintiff unsuccessfully appealed the order to the D.C. Court of Appeals. *Id.* at 167.

While that appeal was pending, defendant sought an extension of the protection order. *Id.* at 168. Plaintiff did not appear at the extension hearing that was held on October 28, 2004. *Id.* Based on the testimony of defendant and a Court Services and Offender Supervision Agency officer, Judge Robert Rigsby found good cause to believe that plaintiff had committed or threatened an intrafamily offense. *Id.* Judge Rigsby thus extended the protective order through October 28, 2005. *Id.*

II.   **Civil Lawsuits brought by Plaintiff**

The first lawsuit filed by plaintiff was brought in 2001 in the Eastern District of Virginia. Defendant counterclaimed against plaintiff, and the parties ultimately settled at the end of 2002. *Rogers v. Johnson-Norman*, No. 01-01924 (E.D. Va.).

The instant case commenced with plaintiff's filing a complaint in the Eastern District of California on June 13, 2005.  (*See* Compl.)  The complaint generally focused on plaintiff's arrest and prosecution for attempted stalking, and it named as defendants not only Johnson-Norman, but also the District of Columbia, the Metropolitan Police Department of the District of Columbia, and several assistant United States attorneys ("AUSAs").  (*Id.* at 1.)  On June 20, 2006, after the District of Columbia settled and the claims against the AUSAs were dismissed, the case against Johnson-Norman was transferred to this Court on June 20, 2006. (*See* Am. Compl. ¶ 1.)

After the case was transferred, plaintiff filed an amended complaint on September 20, 2006.  The amended complaint added a count for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681*, et seq.*, claiming that in April 2004 defendant had used her position as an employee of Wells Fargo to obtain plaintiff's credit report illegally.  (*Id.* ¶¶ 44-51.)  On December 20, 2006, this Court dismissed all other counts of the complaint for failure to state claims upon which relief could be granted.  *Rogers*, 466 F. Supp. 2d at 162.  The Court relied primarily on collateral estoppel, explaining that plaintiff could not relitigate the veracity of defendant's charges of stalking and harassment.  *Id.* at 168-74.

On the count that remains, plaintiff has indicated that he does not intend to seek more than the one thousand-dollar statutory minimum, as provided for by 15 U.S.C. § 1681n(a)(1)(B).

(Def.'s Second Mot. to Compel Attach. E at 1) ("[S]ince damages have not been accurately determined as of the date of this correspondence, damages may therefore be deemed to be limited to those allowable by statute.").

    Not surprisingly, even though only one limited claim has survived, the course of the proceedings has mirrored the tortured relationship of these parties. First, plaintiff's discovery responses reflect his obstinance and raise a serious question as to his motivations for prosecuting this claim. In response to document requests, plaintiff produced only one letter that he sent to Wells Fargo on January 26, 2006 (*id.* Attach. D), even though that letter references a January 9, 2006 letter from plaintiff to Wells Fargo and a January 16, 2006 letter in response. (*Id.*) Although plaintiff has produced neither of these letters, he appears not to deny that he has a copy of at least one of the letters. (*Id.* Attach. A ¶ 3.) In addition, although it appears that plaintiff's key evidence in support of his claim is a July 14, 2005 credit report prepared by Experian, he produced only one page of the twenty-two page report and that page was heavily redacted. (Def.'s Mot. for Spoliation Sanctions Attach. B.) Nonetheless, when asked in a request for admission if the one letter to Wells Fargo and the one page of the Experian report were the only two documents relevant to his claim, plaintiff refused to respond in the affirmative. (Def.'s Second Mot. to Compel Attach. A ¶ 7.)

    Plaintiff has also attempted to obstruct third-party discovery by refusing to consent to a protective order and by attempting to prevent defendant from obtaining information from third parties by referencing his Social Security number. Plaintiff sought emergency relief by requesting a preliminary injunction that would have forced defense counsel to surrender to plaintiff documents produced by third parties in response to subpoenas containing plaintiff's

4

Social Security number.[1] (Pl.'s Emergency Req. for Prelim. Inj. Relief & Mot. for a Permanent Inj.) On April 19, 2007, he also sent e-mails to Wells Fargo instructing them to seek the return of all documents it had sent to defense counsel.[2] (*See* Def.s Opp'n at 5 & Attach. F.)

In addition to causing these unnecessary disputes,[3] plaintiff failed to appear for a duly noticed deposition that was to occur in Washington, D.C., on June 6, 2007, thereby frustrating defendant's attempt to complete discovery prior to the Court's discovery cutoff of June 8, 2007.[4] *See Rogers v. Johnson-Norman*, No. 06-01186, Scheduling Order (D.D.C. Feb. 1., 2007). In addition, as a result of plaintiff's failure to appear, defendant incurred costs of six-hundred dollars for a court reporter and videographer. (Def.'s Opp'n at 4.)

Finally, after having been ordered by the magistrate judge to attend a status conference on June 7, 2007, plaintiff did not appear. By minute order dated June 4, 2007, Magistrate Judge

---

[1] Plaintiff argued that defendant's use of his Social Security number violated Local Civil Rule 5.4. (Pl.'s Second Mot. for Protective Order at 2.) This rule has no relevance to subpoenas, for it only limits the use of Social Security numbers in pleadings posted on ECF.

[2] The limited discovery obtained to date raises a serious issue as to whether plaintiff himself initiated the April 2004 credit inquiry complained of in Count I, since it appears that plaintiff applied for several auto loans over the course of two days, and that these loan applications were forwarded to several companies, including Wells Fargo, for financing decisions. In fact, according to a document produced by Wells Fargo, a Vincent Marcellus Rogers applied for an auto loan in San Antonio, Texas, on April 21, 2004. (Def.'s Opp'n to Rogers' Objections to the Ct.'s Rep. & Rec. for Dismissal ["Def.'s Opp'n"] at 6 n.2 & Attach. C.)

[3] As explained by defense counsel, Rogers also sent e-mails to senior partners at Howrey LLP complaining about defense counsel's conduct. (Def.'s Opp'n at 6.)

[4] Plaintiff offered no excuse for his nonappearance, but rather sent an e-mail to defense counsel on June 5, 2007, stating that he was "simply . . . unable to be in D.C. on this date" and that he had "concerns about the proposed scope of your inquiries . . . ." (Def.'s Opp'n at 3 & Attach. B at 7.) Plaintiff did not seek permission from the Court to not appear at the deposition.

Robinson rejected Rogers's claim of financial hardship and his request to reschedule the conference as a telephonic hearing.[5]  *Rogers v. Johnson-Norman*, No. 06-01186, Minute Order (D.D.C. June 4, 2007).  Flouting the court's order, plaintiff did not attend, and the magistrate judge, at defense counsel's request, recommended the dismissal of the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[6]  The magistrate judge then issued a written report and recommendation, citing several discovery abuses and plaintiff's contumacious conduct as grounds for her recommendation that the case be dismissed with prejudice.  Plaintiff has now filed objections to that report and recommendation.

## ANALYSIS

**I.      Standard of Review**

A district court may dismiss a civil action with prejudice for a plaintiff's failure to prosecute or otherwise comply with a court order.  Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981) ("If district court judges are to discharge their heavy responsibilities effectively, their power to dismiss . . . must be more than theoretical.").

---

[5] Earlier in this proceeding, counsel for plaintiff failed to appear at a status conference held on December 5, 2005, in the Eastern District of California.  *Rogers v. Assistant U.S. Attorney Philip A. Ferrari*, No. 05-1177 (E.D. Cal. Dec. 19, 2005) (order imposing sanction on plaintiff's attorney of three hundred dollars).

[6] As correctly recognized by the Magistrate Judge, the action could also have been dismissed under Federal Rule of Civil Procedure 37.  (Tr. of June 7, 2007 Status Conference at 12.)

A single act of misconduct does not usually justify dismissal. *E.g.*, *Trakas v. Quality Brands*, 759 F.2d 185, 188 (D.C. Cir. 1985). "Considerations relevant to ascertaining when dismissal, rather than a milder disciplinary measure, is warranted include the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). "The harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases . . . after less dire alternatives have been tried without success." *Noble v. U.S. Postal Serv.*, 71 F. App'x 69, 69 (D.C. Cir. 2003). However, a district court has discretion to conclude that lesser sanctions "will not be effective to remedy the dilatory conduct." *Bristol Petroleum*, 901 F.2d at 167 (quoting *Locascio v. Teletype Corp.*, 694 F.2d 497, 499 (7th Cir. 1982)).

## II. Discussion

Applying these governing principles to this case, the Court must reject plaintiff's objections, for dismissal with prejudice is the only appropriate remedy and any lesser alternative would be ineffectual. This litigation has already gone on for too long, and it is time to close the book on plaintiff's endless efforts to extract retribution.

Despite the apparent lack of merit with respect to plaintiff's one remaining claim (*see supra* note 2),[7] plaintiff has continued to pursue this case (even though he did at one point offer

---

[7] When the majority of plaintiff's amended complaint was dismissed by this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff informed defense counsel that the "outcome [of the motion] was not surprising, thus I did not retain an attorney." (Def.'s Opp'n Attach. E.) Nonetheless, plaintiff cautioned that in the absence of compensation for the harm he has endured:
> I am very willing to continue in this litigation, which may lead to several more motions, pleadings, and hearings. I would think this is not something a pro bono

to settle if defendant would apologize for her conduct). (*See* Pl.'s Reply to Def.'s Opp'n to Rogers's Objections at 3-4.) He has nonetheless obstructed the discovery process by, *inter alia*, filing meritless motions, failing to comply with discovery requests, and not appearing at his deposition. Most importantly, he defied a court order by not attending a status conference.

Plaintiff's contumacious conduct has unnecessarily prolonged this litigation, thereby wasting judicial time and resources and perpetuating a course of harassment that has spanned many years. This conduct has prejudiced defendant by forcing her to undergo the time and financial and emotional costs of litigation. As plaintiff has correctly observed, "the inconvenience and/or discomfort that is likely to occur is probably not commensurate with the single count that remains." (Def.'s Opp'n Attach. E.) And, indeed, any possible recovery plaintiff could hope to obtain, even if his claim were meritorious (which it appears not to be), is far outweighed by the costs to the Court and to the defendant. If there is ever a case in which deterrence is necessary to preserve the integrity of the judicial system, this is it, since there is every reason to believe that plaintiff is abusing the legal process because of his animosity toward

---

> lawyer prefers (especially since it affects your billable hours). And from what I have been told, no lawyer wants to be litigating with a lay person, because its [sic] unorthodox and taxing.
> . . . I intend to serve subpoenas on Wells Fargo and other entities, which if opposed may lead to countless hearings and motions, which I am sure both you and the judge are loathe to endure. And because I am representing myself at this time, you and the court are dealing with the unorthodox legal procedures that come with a pro se litigant, which I assume is also not the legal procedure to which you and the court are accustomed.
> . . . I would expect to personally depose your client about many issues and facts near the time of the conference. Along with other discovery, I expect that many uncomfortable facts would be revealed under oath. Thereafter, I would expect some other Wells Fargo personnel to be involved.

(*Id.*)

defendant.

Given these circumstances, it is not reasonable to impose lesser sanctions. The imposition of costs on plaintiff for his conduct would hardly be productive given the financial problems that plaintiff claims to have. (Rogers' Reply to Def.'s Opp'n to Pl.'s Mot. to Amend. Scheduled Status Conference at 3.) To limit plaintiff's proof would be a useless exercise and would unnecessarily extend this litigation, since discovery would have to be reopened for defendant's benefit so that she would be in a position to file a motion for summary judgment.

Plaintiff nonetheless suggests that the Court should dismiss without prejudice under Rule 41(a)(1). This request is wholly consistent with plaintiff's strategy of drawing out this litigation as long as possible to avoid an adverse resolution on the merits. The Court is confident that plaintiff -- who has now pursued litigation for six years against defendant in Virginia, California, and the District of Columbia -- would not hesitate to file suit in another jurisdiction if this case were dismissed without prejudice.

Finally, plaintiff suggests that his *pro se* status counsels against dismissal. (Pl.'s Objections to the Magistrate Judge's Rep. & Rec. at 1.) As a general matter, courts are more forgiving of procedural errors committed by *pro se* litigants. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that *pro se* complaints are not to be held to the same standard as those drafted by lawyers). In this case, however, plaintiff cannot rely upon his *pro se* status to avoid dismissal. Plaintiff has not committed the type of minor errors that might be expected from a layperson unschooled in the law. Rather, plaintiff's conduct amounts to bad faith, and such conduct will not be condoned no matter who the litigant is. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) ("[O]ne acting *pro se* has no license to harass

others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."); *Smith v. Little Loan Servicing, L.P.*, No. 04-02846, 2005 WL 289927, at *13 (E.D. Pa. Feb. 4, 2005) ("*Pro se* status must not be wielded as either an Arthurian sword or an invincible shield.").

## CONCLUSION

For the foregoing reasons, the Court adopts the report and recommendation dated June 7, 2007, and dismisses this case with prejudice. A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 18, 2007