UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIN M. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action no.06-1186 (ESH) |
| ) | |
| KAREN JOHNSON-NORMAN, ) | |
| ) | |
| ) | |
| Defendants, ) | |
| ) | |

## DECLARATION OF VIRGIL ROGERS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND ADDITIONAL RELIEF

1. I did not sign any authorization permitting a credit inquiry to be initiated on me at a Car Max in San Antonio, Texas on/about April 2004. I did not shop at Car Max in San Antonio in 2004 or thereafter and I did not apply for any credit at this location by any electronic means in 2004. I do not know who initiated any credit inquiry using my name at Car Max in 2004.

2. Prior to the Status Conference held in this case in June 2007, I called the chambers of Magistrate Robinson and called Chauncey Malone and Lorita Miller and left messages with both several days before the scheduled hearing to notify them that I was unable to attend and requesting an alternative date or a telephone conference. I did leave a phone number for them to call me back. Further, I requested these messages be forwarded to Judge Robinson. I did not receive a call or email in response to my calls.

3. I did personally offer to settle this case with Sean Beaty on numerous occasions in 2006 and 2007 without requesting any costs but Beaty refused to settle and Beaty needlessly incurred any cost after these offers.

4. Sean Beaty implicitly and explicitly threatened me on the telephone on diverse occasions that if I did not dismiss this case against Karen Johnson that he would

1

extract over $200,000 in attorney's fees from me. During these conversations, Beaty implied to me that the district court would find in his favor because he is a member of the D.C. Bar.

5. I notified Sean Beaty on numerous occasions that I did not initiate or authorize the credit inquiries at Car Max in San Antonio and that there was no legitimate basis for him to move for attorney's fees based on the contention that I initiated the credit inquiry at issue in this case.

6. I did not stalk or contact Karen Johnson at anytime in 2002 or thereafter. I was not present in the District of Columbia at anytime from on/about December 2001 to February 2007 except in court or in government custody.

7. During periods in 2004 in which Karen Johnson claimed under oath that I was physically stalking her, I was not located in the jurisdiction of the United States.

8. I did not file the instant suit against Karen Johnson in bad faith. I did not file this case against her with any knowledge that the credit inquiry was filed by myself or another person on my behalf.

I hereby declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 31, 2007.

//s//

**VIRGIL ROGERS**
Plaintiff