UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action 06-1186 (ESH) |
| KAREN JOHNSON-NORMAN, | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY TO VIRGIL ROGERS' OPPOSITION TO DEFENDANT'S REQUEST FOR ATTORNEY'S FEES AND ADDITIONAL RELIEF**

For a*t least* the third separate time defense counsel has blatantly violated Local Rule of Civil Procedure 5.4 (f) by electronically publishing Mr. Rogers' private information in a public filing or attachment.

The latest rule infraction occurred on September 8, 2007 when Sean Beaty filed <u>Karen Johnson-Norman's Reply To Rogers' Opposition To Ms. Johnson-Norman's Motion For Attorney's Fees And Additional Relief</u>. On this instance, on page 5 of Attachment B defense counsel violated LCvR 5.4(f) (1) *and* LCvR 5.4 (f) (3) by publishing an exhibit which contains both Mr. Rogers' social security number and his date of birth, each of which separately violated the local rules of this court.

Mr. Rogers informed the Court of a previous instance of defense counsel's violation of this rule on November 3, 2006. At that time, the Court did not address counsel's infraction and the violations have persisted. Mr. Rogers urges the Court take

1

judicial notice of all of defense counsel's filings and attachments in this case since many of them are similarly suspicious as to content and/or origin.  Moreover, on August 1, 2007 defense counsel filed numerous private documents publicly with this Court that while possibly not technical violations of the letter of LCvR 5.4 (f) certainly violated the *spirit* of the rule. On that instance in defendant's initial <u>Motion For Attorney's Fees</u>, Mr. Beaty filed redacted copies of a social security card, a drivers license, and employment documents which in essence unnecessarily revealed Mr. Rogers' private information.  However, Local Rule 5.4 (f) states in pertinent part that, "personal identifiers shall be excluded or redacted where inclusion is *necessary.*" (See generally LCvR 5.4 (f).   These items were not necessary and served no legitimate purpose as filed.  Mr. Beaty should not have had these items in his possession since they weren't relevant or probative.

     Foremost, Mr. Rogers believes it was improper for defense counsel to misuse his subpoena authority by even *obtaining* this private information about Mr. Rogers' employment. There was no material fact at issue in this civil action which required Mr. Beaty to request social security cards, licenses, pay statements, or similar information. These items were not even remotely relevant to any recognized defense advanced by defendant in this case and any connection is tenuous and dubious at best. The only possible reason that Mr. Beaty sought such information from Mr. Rogers' former employer and filed such information publicly in violation of the Local Rules is for the purpose of harassing and humiliating Mr. Rogers. As the Court is aware, such motivations, especially by members of the bar are improper and demean the proper administration of the law.

Mr. Rogers believes that defense counsel has violated Federal Rule 12 (b)(1) by repeatedly filing private information in violation to the local rules for an improper purpose, specifically to harass Mr. Rogers. Such behavior by a member of the bar also violates the Rules of Professional Conduct and is unethical. Moreover, as stated, much of the private information that has been repeatedly filed publicly by defense counsel was obtained via discovery for improper purposes as well, which is a separate violation of the Rules of Professional Conduct

Rule 12 (f) permits a trial court, upon a motion or on its own initiative to strike immaterial, impertinent, or scandalous matter. (see generally Civil Rule 12). Mr. Rogers respectfully request that the Court strike not only the September 8, 2007 filing and attachment which violates the local rule and publishes his private information but to also strike the original <u>Motion for Attorney Fees</u> since it also contained information which can reasonably be construed as disrespecting the local rules of this Court and unnecessarily exploiting Mr. Rogers' private information.

Mr. Rogers urges the Court to sanction defense counsel in accordance with Rule 11 (4)( c) (1) (b) on its own initiative for the contemptuous conduct. Notwithstanding the Court's strongly worded Memorandum Opinion dismissing this civil action, the Court certainly cannot countenance repeated violations of its rules and unprofessional conduct from officers of the court. Mr. Beaty has clearly demonstrated a lack of commitment to his obligation under the Rules of Professional Conduct and has engaged in personal threats and attacks against Mr. Rogers. The unprofessional attitude has manifested itself in actions such as those giving rise to this filing, violations of the rules. The types of

actions that Mr. Beaty has engaged in cannot be explained away as inadvertent or mistaken. Mr. Beaty has sworn under oath to this court that in approximately one year as pro bono counsel in this case, he has performed nearly a *quarter of a million dollars* worth of legal work against one *pro se* litigant. Such an incredible claim, even by an inexperienced attorney lends itself to the perception that he has meticulously checked his filings for blatant violations of the rules and untruthful matter. However, Mr. Beaty's filings routinely contain both. The only explanation which is plausible is an indifference to professional ethics and possibly an proclivity to harm Mr. Rogers through these violations.

      WHEREFORE, Mr. Rogers moves this honorable court to strike the entire reply pleading filed by Sean Beaty and the original request for attorney's fees for repeated violations of the local rules and Rules of Professional Conduct. He further urges the Court to consider sanctions on its own initiative to maintain the integrity of the court with respect to lawyers using the Court to harass. If the Court doesn't strike the entire reply brief, Mr. Rogers request leave to file a surreply to the filing.

                                              Respectfully Submitted,

Filed September 10, 2007                                      //s//

                                                         VIRGIL ROGERS