UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action 06-1186 (ESH) |
| KAREN JOHNSON-NORMAN, ) | |
| ) | |
| ) | |
| Defendants, ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANT'S REPLY TO VIRGIL ROGERS' OPPOSITION TO JOHNSON'S REQUEST FOR ATTORNEY'S FEES AND ADDITIONAL RELIEF**

Respectfully, Virgil Rogers hereby moves this Court for permission to file a surreply to defendant's reply submission in response to plaintiff's opposition to defense counsel's request for attorney's fees.  D.I. 93.

The very unusual nature of the request for fees filed by *pro bono* defense counsel and the interests of justice warrant a complete opportunity for Mr. Rogers to respond to the seemingly novel arguments that defense counsel raised in his reply brief.  Mr. Rogers would otherwise not receive an opportunity to meaningfully respond to these meritless arguments absent this Court's permission for leave to file a surreply. In Mr. Rogers' view, defense counsel's arguments are faulty and need to be exposed on the record.

For example, for the first time, defense counsel claims that this Court has no discretion in ruling on his request for fees because he claims its "mandated" by some statute[1]. D.I. 97 at 1. This is a more stringent position than the one taken in the original motion for fees. In essence,

---

[1] US Code §1681 (n) (c) (1)

1

defense counsel is now arguing to this Court that it has no other choice but to award fees to multi-million dollar law firm Howrey for its *pro bono* efforts and he woefully misapplies the statute to buttress this argument. Since Howrey is a behemoth firm endowed with limitless resources which Mr. Rogers opposes *pro se,* plaintiff is respectfully concerned that the Court may mistakenly overlook some of his probative arguments while crediting the behemoth's erroneous arguments because they derive from a law firm and are artfully phrased.

Defense counsel repeats his erroneous claim that the court's dicta and other comments in its Memorandum Opinion constituted a legal finding of bad faith.  Given Mr. Rogers' uncontroverted sworn statement attached to his Opposition, there can be little doubt that there was no bad faith on his behalf, and he doesn't believe a legal finding of such was ever intended.

However, defense counsel now claims for the first time that the primary rationale for the *DeBusk*[2] case is irrelevant D.I. 97 at 3. That is to say that defense counsel incredibly argues that the basis by which the *DeBusk* court found bad faith- fraud and dishonesty- are insignificant.  In essence defense counsel claims that his use of the *DeBusk* case is not substantially inapposite due to the significantly distinguishable fact pattern because he claims the legal conclusions are somehow identical. Such an argument has no basis in law or fact and is indeed a strange contention for a putative lawyer to theorize before a federal court.

For the first time in his reply, defense counsel raises *Laffey*[3] to justify the rates he now claims for his *pro bono* work.  This new argument also needs to be explored further. In approximately one year's time, consisting of only one court appearance, Sean Beaty claims to have legitimately accumulated nearly one quarter of a million dollars in attorney's fees against

---

[2] DeBusk v. Wachovia Bank, No. CV0606-0324, 2006 WL 3735963, at *1 (D. Ariz. Nov. 17, 2006)

[3] Laffey v. Northwest Airlines, Inc. 572 F. Supp. 354, 371 (D.D.C. 1983)

one pro se litigant, using the Laffey Matrix. He now claims this amount for his pro bono efforts, which is inapposite to logic and to the matrix since its not intended for use by *pro bono* counsel.

Defense counsel essentially acknowledges his obstinance and lack of cooperation with respect to settlement opportunities, despite the district judge's comments at the status conference in February 2007 indicating her favorable outlook for such a resolution. Members of the D.C. Bar have an obligation to seek resolution when possible to preserve judicial resources, and the obstinance indicated by defense counsel needlessly dragged out this litigation in contravention to his obligations as a member of that bar. This novel issue needs to be explored further.

Lastly, defense counsel cites affidavits from two individuals in his reply brief. Though neither of these individuals offers any sworn testimony that contradicts Mr. Rogers' Declaration under oath, defense counsel clearly includes them to try and discredit Mr. Rogers through implication since he cannot assail anything sworn to by Mr. Rogers with substance.

Mr. Rogers has not had an opportunity to respond to the arguments raised in defense counsel's reply since many of them are newly raised or with a different spin. Moreover, several of defense counsel's arguments are directly contradicted by the facts and the record and Mr. Rogers would like an opportunity to explain them to the Court in detail. Mr. Rogers has conferred with the opposing party who has not consented.

Wherefore, Mr. Rogers respectfully requests the Court grant him leave to file a surreply so as to allow him to address these arguments to which he otherwise had no opportunity to respond.

                                                  Respectfully Submitted,

Filed September 13, 2007                                         //s//

                                                  VIRGIL ROGERS