# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, *pro se* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAREN JOHNSON-NORMAN )<br>) Civil Case. No. **06-01186 (ESH)**<br>Defendant. ) | |

## KAREN JOHNSON-NORMAN'S OPPOSITION TO ROGERS' MOTION FOR LEAVE TO FILE A SURREPLY BRIEF

Rogers' instant motion highlights why Karen Johnson-Norman seeks relief from the Court. Rogers incessantly demands the last word, and will continue to assail Ms. Johnson-Norman and her attorney until the bitter end. Rogers' refusal to let go is what has precipitated Karen Johnson-Norman's motion to declare Rogers a vexatious litigant and for the Court to award attorney's fees as provided under the Fair Credit Reporting Act (FCRA).

There is no compelling interest in allowing Rogers to diverge from the ordinary briefing schedule. Despite Rogers' protestations, Karen Johnson-Norman's reply brief does not raise novel arguments of law or fact. Instead, Ms. Johnson-Norman's reply brief, as the name implies, replied to Rogers' opposition brief and clarified points of law and fact raised in Ms. Johnson-Norman's opening brief.

For instance, Rogers attempted to muddy the waters in an effort to cloud the facts supporting the Court's finding of bad faith; Karen Johnson-Norman simply clarified the evidence before the Court. Rogers argued that Section 1681(n) of the FCRA was inapplicable in this case; Ms. Johnson-Norman explained why attorney's fees should be awarded. Rogers attempted to

distinguish the *DeBusk* case;[1] Karen Johnson-Norman exposed Rogers' strained application. In short, Ms. Johnson-Norman's reply brief did nothing more than reply to Rogers' opposition brief.

Moreover, Rogers has eliminated the need further briefing, as Rogers' instant motion is itself little more than a thinly-veiled surreply. Indeed, it appears that Rogers has outlined all of the issues that he would ask the Court to consider in his surreply. Thus, granting Rogers leave to file a surreply will serve little purpose other than to give Rogers license to continue his *ad hominem* attacks on Karen Johnson-Norman and her counsel.[2]

## CONCLUSION

Rogers has not demonstrated any need to file a surreply, other than to satisfy his own desire to have the last word. If the Court is willing to entertain additional briefing on this matter, Karen Johnson-Norman respectfully requests that the Court set an expedited briefing schedule. Finally, to the extent Rogers demands an additional opportunity to oppose Ms. Johnson-Norman's motion for attorney's fees, Karen Johnson-Norman respectfully requests oral argument on the issue.

---

[1] *DeBusk v. Wachovia Bank*, No. CV06-0324, 2006 WL 3735963 (D. Ariz. Nov. 17, 2006).

[2] One cannot help but note the increasingly personal attacks against counsel for Ms. Johnson-Norman in Rogers' papers. *See, e.g.*, D.I. 96, 98.

2

|                              | Respectfully submitted, |
|------------------------------|-------------------------|
|                              | /s/                     |
| Of Counsel:                  | Sean P. Beaty, *pro bono* |
|                              | (Bar No. 493597)        |
|                              | HOWREY LLP              |
|                              | 1299 Pennsylvania Ave., N.W. |
|                              | Washington, D.C.  20004 |
|                              | (202) 783-0800          |
|                              |                         |
|                              | Attorney for            |
|                              | Karen Johnson-Norman    |
| Dated:  September 14, 2007   |                         |