**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| VIRGIL M. ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )    Civil Action 06-1186 (ESH) |
| KAREN JOHNSON-NORMAN, | ) |
| | ) |
| | ) |
| Defendants, | ) |
| _____ | ) |

**PLAINTIFF'S REPLY TO KAREN JOHNSON'S**
**OPPOSITION TO HIS MOTION TO STRIKE**

Contrary to defense counsel's reply to Mr. Rogers' Motion to Strike,  plaintiff did attempt

to confer beforehand but was informed by counsel's secretary that he may be out for the week.

Instead of truthfully disclosing this conversation to the Court, defense counsel misleads the Court

by claiming that plaintiff avoided the Local Rule and did not attempt to confer. D.I. 99

At this point, Sean Beaty doesn't appear to even be acting as an agent of defendant and is

essentially no longer representing her interests in this case. Instead he appears to represent his

own interests and those of Howrey considering his illegitimate claim for $244,000 in fees for *pro*

*bono* defense work and his subtle vituperations of Mr. Rogers, both of which demonstrate some

ethical shortcomings. However, it is for this reason that plaintiff properly refers to the recent

filings as those of Mr. Beaty as opposed to those representing defendant. Beaty appears willing

to repress the conclusion of this already dismissed case indefinitely with frivolous claims to fees,

even though he acknowledges that Howrey has paid his full salary for the hours expended on this

case.

The type of misleading conduct repeatedly practiced by defense counsel is improper

before a federal court. The conduct appears to be an effort by defense counsel to use his standing

as a putative attorney to malign a *pro se* litigant and gain some perceived professional favor with

this Court.  The behaviors which the Court has apparently found disturbing by Mr. Rogers have

also been demonstrated by Mr. Beaty, albeit more stealthily and difficult to discern.

Mr. Rogers has previously filed numerous documents with the Court detailing the uncivil,

duplicitous, and threatening manner in which defense counsel has behaved towards him

throughout this litigation. Possibly, a thorough investigation of these allegations by the Bar

Counsel is warranted at some point.  However, while this matter is still before this Court the

repeated publication of Mr. Rogers' private information by defense counsel and his flagrant

violation of the Rules of Professional Conduct and certain rules of this court should not be

countenanced. In this instance, defense counsel's perceived entitlement to professional favor

from the Court has led to another filing of private information about plaintiff in flagrant violation

to the rules.

Mr. Rogers hereby renews his request for the Court to strike defense counsel's Motion

for Attorney's Fees (D.I. 93) and his Reply to Rogers' Opposition (D.I. 97).  Both violate the

Local Rules in a way that is obviously not inadvertent. Moreover, Mr. Beaty incredulously tries

to excuses his conduct as inadvertent by averring that he "only learned that an unredacted

version of Attachment B was filed when he read Rogers' Motion to Strike" (D.I. 99 at 1).  In

essence, counsel again claims he is unaware of documents he personally files with the Court,

though his Howrey biography demonstrates an obsession with any case related to Mr. Rogers

and is replete with his volunteer efforts (as discovery counsel) against Mr. Rogers in numerous

cases.

Information such as Mr. Rogers' social security card and other private data was

wrongfully obtained by defense counsel through subpoenas even though they were not relevant

to any issue of fact. It appears that defense counsel obtained these items with a wrongful state of

mind and for an improper purpose. That perception is supported when he repeatedly publishes

this information in violation to the Local Rules. Defense counsel demonstrates malice and

obsession when he publishes other extraneous information that he gleaned from unconventional sources such as his irrelevant contentions that Mr. Rogers works for KBR (D.I. 93).

Evidently, Mr. Beaty has been actively gathering intelligence about Mr. Rogers that has nothing to do with any matters in this case, and this is disturbing and unethical. Given the genesis of this case, where the D.C. government essentially acknowledged the unlawful extrajudicial seizure of Mr. Rogers in California on charges later proved to be false, and the history of these parties, Mr. Beaty's intelligence gathering is outrageous. Even the slightest perception that Mr. Beaty is overzealously pursuing private information about Mr. Rogers to be used in improper ways and that he appears to harbor some kind of an obsession should be troubling to the Court, particularly since he represents himself as an officer of this Court.

Sean Beaty's argument that each instance of his rule violation has been inadvertent is simply not plausible. Moreover, defense counsel adds cynicism to his excuse when he suggests his violation is irrelevant because "Mr. Rogers' private information has already been exposed in numerous prior proceedings" (D.I. 93 at 2). Such a justification for repeatedly violating the rules of a federal court seem unacceptable by a lawyer, particularly one, as here, who hurls invectives at *pro se* opponents and prevaricates in his pleadings.

WHEREFORE Mr. Rogers prays the Court strike the pleadings which contain prohibited information from the record. Such a response would be fair and just and may approbate the contemptuous conduct shown by Mr. Beaty. Though Mr. Rogers has drawn the Court's ire in its orders, he has not been singularly responsible for negative issues that have arisen, and the necessity to again inform the Court that defense counsel improperly obtained extraneous information and then published it tends to demonstrate that contention.

Respectfully Submitted,

Filed September 19, 2007                                        //s//

                                        VIRGIL ROGERS
                    3