**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VIRGIL M. ROGERS, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action 06-1186 (ESH) |
| KAREN JOHNSON-NORMAN, | ) |
| Defendant, | ) |

**ROGERS' REPLY TO DEFENDANT'S OPPOSITION TO ROGERS'
MOTION FOR LEAVE TO FILE A SURREPLY**

Sean Beaty moved for attorney's fees for *pro bono* legal work so Mr. Rogers' request for leave to file a surreply should be granted since he is at a disadvantage acting pro se against Howrey. Beaty also had the temerity to claim in his opposition that allowing Mr. Rogers to surreply will provide a forum to "continue his ad hominem attacks on Karen Johnson-Norman" (D.I. 101 at 2). However, Mr. Rogers never mentioned the defendant in his surreply motion. Such disingenuous claims by Beaty should give this Court serious doubt about his fitness and credibility as a lawyer.

There is a good reason why Beaty's incursions into Mr. Rogers' private life during discovery (and outside of discovery) did not uncover any written evidence that Rogers approved the credit inquiry at issue. *Evidence doesn't exist.* No entity will ever produce any documentation signed by Mr. Rogers authorizing what Beaty illogically claims was 21 separate credit inquiries. *Documentation does not exist*. No person will ever come forward and swear under oath that he spoke to Mr. Rogers during this alleged credit application. *Such a person doesn't exist*. Mr. Rogers didn't seek credit from San Antonio CarMax in 2004 or at anytime (See: Rogers Declaration attached to Opposition to Fees).

Apparently, *someone* initiated the unauthorized credit inquiries but Mr. Rogers did not. Notwithstanding the apparent ire Mr. Rogers has drawn from the Court for missteps in this case, he has

1

truthfully averred to the above facts, and his declaration will remain uncontroverted. It may very well be that defendant was actually connected to the credit intrusion and Rogers may have proved this allegation were it not for defense counsel's stonewalling during discovery. However, the Court decided it had not been proved and dismissed the case with a well-reasoned Opinion which was followed by Sean Beaty's request for Howrey to be paid for *pro bono* work, which Rogers has a right to vigorously oppose.

Mr. Rogers' declaration denying the conduct which underscores Beaty's claims to fees warrants the Court denying the request outright since Beaty has not met the heavy burden to prove bad faith. Moreover, Mr. Rogers has only come before this court once so he should not be designated a vexatious litigant. A surreply is necessary to counter Beaty's arguments which seem to just get more bizarre, particularly for a lawyer that is presumably concerned with his reputation and credibility.

Were Beaty's overriding themes to be believed, defendant is now and has always been blameless, perfect, and totally credible, while Mr. Rogers embodies an anathema. As this Court would likely agree, the truth is rarely so one sided, although Beaty's arguments are an often used approach at gaining sympathy from a court. Defendant has been fairly successful at undermining facts in numerous judicial proceedings with similar dramatic pleas for sympathy like those routinely filed by Beaty, but rarely are her overtures sincere. In this case, Beaty claims that granting a pro se litigant a chance to submit a surreply to a very unusual request for attorney's fees is harassing. To be sure, most of the wild claims by both defendant and Sean Beaty in the past have been discredited when subjected to reasonable scrutiny or confrontation, and the claim that granting Mr. Rogers a surreply harasses defendant is likewise not credible. Most principled lawyers would not make such a wild contention.

There has never been any suggestion that Mr. Rogers has been untruthful to any judicial officer, however, defendant's history of prevaricating (and being discredited) before judges is well known (e.g. *hearing before District Judge Gerald Bruce Lee in Eastern Virginia District Court case 01-1924 where defendant countersued Mr. Rogers for $10 Million Dollars and claimed Rogers was at*

*a Washington hospital harassing her though witnesses proved he was 800 miles away in church services*).

Beaty claims he seeks fees to help defendant but the fees won't go to her since she hasn't paid Howrey for its volunteer work in this case. Clearly, the fees are sought only on behalf of Howrey, a behemoth firm with over 500 attorneys billing over $400 million annually. Yet, Sean Beaty insults every ethical lawyer and this honorable Court when he claims Mr. Rogers' pro se motion requesting a chance to fully oppose this outrageous fee request via a surreply is somehow harassing.

Further, Beaty incredulously claims that the $25,000 that he requests as attorney's fees in this case is "a small token of fees accumulated by defense counsel" (D.I. 93 at 5).  This amount is obviously **not** small or token. In fact, the per capita income of Mississippi in 2003 was $23,448 (See: U.S. Dept. of Commerce/Bureau of Economic Analysis report). The amount of "token" attorney's fees sought by Howrey for its *pro bono* work in this case is 8% <u>greater</u> than Mississippi's per capita income. Defense counsel does a great disservice to the citizens of Mississippi when he describes the amount he seeks in fees as "small" or "token" and his personal attachment to this case is apparent.

Since Mr. Rogers is pro se and opposes a behemoth law firm alone, it would be just for the Court to provide him an opportunity to submit a surreply if the Court were considering granting any part of the request submitted by Beaty. To deny Mr. Rogers an opportunity to weigh in on every argument made by Beaty would prejudice Mr. Rogers. Moreover, Mr. Rogers opposes Beaty's request for oral argument since granting this request would prolong this matter and multiply costs further. Mr. Rogers should be given every available opportunity to oppose the frivolous attorney fee motion by Sean Beaty which misstated facts, cited inapposite case law, and presented outrageous arguments to this Court seeking pity not justice, and outrageously characterized a significant fee request as "token".

                                                Respectfully Submitted,

Filed September 23, 2007                                      //s//

                                                VIRGIL ROGERS