UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRGIL ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1186 (ESH) |
| ) | |
| KAREN JOHNSON-NORMAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Following the dismissal of this case with prejudice, defendant Karen Johnson-Norman seeks an award of attorney's fees and costs under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n(c), as well as an order declaring plaintiff a vexatious litigant and requiring him to obtain the Court's permission before filing any additional lawsuits against her. For the reasons set forth herein, defendant's motion will be denied.

The history of the litigation involving these parties has been addressed at length in the Court's prior opinions and need not be repeated here. As noted, the instant lawsuit has been dismissed in its entirety with prejudice. In December 2006, the Court dismissed all but one count of plaintiff's amended complaint, primarily on collateral estoppel grounds. *Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162, 168-74 (D.D.C. 2006). Thereafter, in July 2007, the Court adopted the recommendation of Magistrate Judge Deborah A. Robinson that plaintiff's claim pursuant to the FCRA, the sole remaining count of the amended complaint, be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *Rogers v. Johnson-Norman*, No. 06-1186, Mem. Op. at 10 (D.D.C. July 18, 2007). In so holding, the Court found that in light of plaintiff's

obstruction of the discovery process and defiance of a court order, dismissal with prejudice was the only appropriate remedy. *Id.* at 7-9. Defendant now asks the Court to award a portion of the attorney's fees and costs incurred in defending plaintiff's FCRA claim in order to deter plaintiff from filing additional frivolous lawsuits against her. (Def.'s Mot. at 1.)

The FCRA authorizes the Court to award attorney's fees to a "prevailing party" upon a finding that "an unsuccessful pleading, motion, or other paper filed in connection with [the action] was filed in bad faith or for purposes of harassment." 15 U.S.C. § 1681n(c). "The statute requires a showing that a document was *filed* in bad faith." *Ryan v. Trans Union Corp.*, No. 99-216, 2001 WL 185182, at *6 (N.D. Ill. Feb. 26, 2001); *see also Bagumyan v. Valero Energy Corp.*, No. 07-312ABC, 2007 WL 1500849, at *2 (C.D. Cal. Apr. 25, 2007) (allegation that plaintiff engaged in bad faith by *maintaining* action after being provided with exculpatory information was insufficient to state a claim for attorney's fees under 15 U.S.C. § 1681n(c), which applies only to papers "*filed* in bad faith or for purposes of harassment"); *cf. Lewis v. Trans Union LLC*, No. 04-6550, 2006 WL 2861059, at *4 (N.D. Ill. Sept. 29, 2006) (awarding attorney's fees pursuant to § 1681n(c) where plaintiff "knew of the falsity and baselessness of allegations in the complaint when it was filed"); *Mayle v. Equifax Info. Servs., Inc.*, No. 03-8746, 2006 WL 398076, at *2 (N.D. Ill. Feb. 14, 2006) (defendants were entitled to attorney's fees under § 1681n(c) where plaintiff and her attorneys had documentation showing that plaintiff's FCRA action was frivolous prior to the filing of the action). It is not enough to show that the "pleading, motion, or other paper" in question "later turned out to be baseless." *Ryan*, 2001 WL 185182, at *6. If the Court makes the requisite finding of bad faith or a harassing purpose, it "shall award to the prevailing party attorney's fees reasonable in relation to the work expended in

responding to the pleading, motion or other paper." 15 U.S.C. § 1681n(c).

For his FCRA claim, plaintiff alleged that defendant "under false pretenses, knowingly, and without a permissible purpose obtained or caused to be obtained a consumer report containing private information about [plaintiff] from or through a credit reporting agency." (Am. Compl. ¶ 46.) Defendant argues that plaintiff filed this claim in bad faith because plaintiff himself initiated the credit inquiry he complains of by applying for an auto loan at a CarMax Auto Superstore in San Antonio, Texas in April 2004, and "if [plaintiff] knew that he had initiated the credit inquiry himself, then his allegations against [defendant] were, by definition, made in bad faith." (Def.'s Mot. at 3.)

In support of her motion, defendant has presented evidence reflecting that a person identifying himself as Virgil M. Rogers and using plaintiff's social security number, date of birth, phone number, and employment history, applied for an auto loan with Wells Fargo Financial at the San Antonio CarMax in April 2004. (*Compare* Decl. of Sean Beatty in Supp. of Def.'s Mot. for Att'ys Fees, Ex. B (information regarding plaintiff), *with* Def.'s Opp'n to Pl.'s Objections to the Court's Report & Recommendation for Dismissal, Attach. C (Wells Fargo credit application for Virgil M. Rogers).) In response, plaintiff has submitted a sworn declaration stating that he "did not sign any authorization permitting a credit inquiry to be initiated on [him] at a Car Max in San Antonio, Texas on/about April 2004," that he "did not shop at Car Max in San Antonio in 2004 or thereafter and . . . did not apply for any credit at this location by any electronic means in 2004," and that he "did not file this case . . . with any knowledge that the credit inquiry was filed by [him]self or another person on [his] behalf." (Decl. of Virgil Rogers in Supp. of Pl.'s Opp'n to Def.'s Mot. for Att'ys Fees & Additional Relief ¶¶ 1, 8.) As the Court noted in its opinion

dismissing plaintiff's FCRA claim, defendant's evidence "raises a serious issue as to whether plaintiff himself initiated the April 2004 credit inquiry complained of in Count I . . . ." *Rogers*, No. 06-1186, Mem. Op. at 5 n.2 (D.D.C. July 18, 2007). In view of plaintiff's attestations, however, the Court is unable, based on the existing record, to make a finding as to whether plaintiff was acting in bad faith or for purposes of harassment when he filed his FCRA claim.[1] Moreover, at this late date, the Court is disinclined to reopen this matter so that the issue of plaintiff's bad faith can be litigated, especially given the low probability that plaintiff would be able to satisfy any award of attorney's fees. Although defendant asserts that plaintiff is capable of paying the $25,000 of attorney's fees requested, noting that he is currently employed and recently received an undisclosed "nuisance value" settlement from the District of Columbia in this case (Def.'s Mot. at 7), in dismissing plaintiff's case pursuant to Rule 41(b), the Court declined to impose costs in lieu of dismissal, finding that the imposition of this lesser sanction would be unproductive in light of plaintiff's professed financial problems. *Rogers*, No. 06-1186, Mem. Op. at 9 (D.D.C. July 18, 2007).

Defendant also seeks an order declaring plaintiff to be a "vexatious litigant" and requiring him to obtain leave of the Court or, alternatively, to post a bond before filing any further civil actions against defendant. (Def.'s Mot. at 2, 10-11.) The D.C. Circuit has cautioned that

---

[1] To the extent that defendant argues that the Court has already made such a finding (*see* Def.'s Mot. at 2, 4; Def.'s Reply at 1-2), that is incorrect. In dismissing plaintiff's FCRA claim, the Court noted that the record raised serious questions about plaintiff's motivations for prosecuting the claim and as to the merits of his claim, *Rogers*, No. 06-1186, Mem. Op. at 4, 5 n.2, 7 & n.7 (D.D.C. July 18, 2007); however, the Court did not make a finding on either issue. The Court also observed that plaintiff's contumacious conduct throughout the discovery process amounted to bad faith, *id.* at 9, but that does not amount to a finding that the FCRA claim was filed in bad faith.

4

injunctive remedies like those proposed by defendant "should 'remain very much the exception to the general rule of free access to the courts,'" and that "'the use of such measures against a *pro se* plaintiff should be approached with particular caution.'" *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).  While the Court has observed that plaintiff has engaged in harassing conduct in this case, defendant has not demonstrated that plaintiff has engaged in the kind of pattern of harassment that warrants issuance of an injunction.  *See id.* (directing that district courts "should look to both the number and content of the [plaintiff's] filings as indicia of frivolousness and harassment").  Therefore, plaintiff's request for injunctive relief will be denied.

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion for attorney's fees and additional relief [Dkt. # 93] is **DENIED**.  It is

**FURTHER ORDERED** that plaintiff's motion to strike defendant's reply [Dkt. # 98] is **DENIED**, and defendant's request for leave to replace Attachment B to her reply with a redacted version of that Attachment is **GRANTED**.  The Clerk of Court shall replace the unredacted version of Attachment B [Dkt. # 97-3] with the redacted version submitted by defendant on September 10, 2007 [Dkt. # 99-2].  It is

**FURTHER ORDERED** that plaintiff's motion for leave to file a surreply [Dkt. # 100] is **DENIED**.

**SO ORDERED**.

                                          /s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: September 27, 2007