# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.478.2691
www.howrey.com

October 1, 2007

VIA E-MAIL

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

Re:   *Rogers v. Johnson-Norman*, C.A. 06-1186 (D.D.C.)

Dear Mr. Rogers:

This letter is in response to your September 30th e-mail regarding the destruction of materials produced during discovery in this case.

We have made every reasonable effort to appease you. During discovery you complained about the production of materials containing personal information; we agreed to treat that material as confidential under the proposed protective order. You requested the return of materials produced in discovery; we agreed to follow the procedures of the proposed protective order. You complained that the proposed protective order was one-sided; we sent you a revised version granting you the same rights as counsel for Ms. Johnson-Norman.

As we have previously explained, we have an ethical obligation to protect our client's interests. Given your history of stalking our client and harassing her with baseless lawsuits, we believe it is important that we maintain a file copy of all the materials enumerated in Paragraph 14(b) of the proposed protective order. While we sincerely hope that this is the last of the litigation between the parties, these materials will assist counsel for Ms. Johnson-Norman in defending any future suits you file relating to the issues in this case.

While we understand and appreciate your concerns regarding your privacy, all of these concerns are addressed by the protective order that you have steadfastly refused to sign. Now that we have amended the protective order to grant you the same rights as counsel for Ms. Johnson-Norman, your refusal to execute the proposed protective order is entirely unreasonable.

Our offer to destroy materials in our possession remains the same. We will agree to return or destroy copies of the documents containing confidential information that you produced in discovery, as well as documents containing confidential information produced pursuant to Ms. Johnson-Norman's subpoenas, within thirty days of our receipt of the executed copy of the revised protective order. After the thirty-day period, we will send you written confirmation that we have complied with Paragraph 14 of the revised protective order. Counsel for Ms. Johnson-

**HOWREY** LLP

October 1, 2007
Page 2

Norman will maintain one copy of the materials identified in Paragraph 14(b) of the revised protective order.

We believe our proposal is wholly reasonable. If you have a counter-proposal, make it and we will consider it.

Sincerely,

*[signature]*

Sean P. Beaty