# ATTACHMENT B

**From:** V Rogers [rogerslaw1@hotmail.com]
**Sent:** Friday, September 28, 2007 09:19
**To:** Beaty, Sean
**Subject:** Request the return of discovery

Mr. Beaty,

I have previosuly requested that you voluntarily retrieve all physical and electronic discovery material that you obtained in this case pursuant to a District Court issued subpoena and return it to me and submit a filing evidencing that this has been done.

At the time, you stated that you refuse to do so because you wanted to use discovery about me in your effort to obtain attorney's fees.

As you are aware, the Court denied your request for fees and that justification is now no longer valid.

I again request that you retrieve all discovery that you obtained via a subpoena in this case and return it to me and certify to the Court that you have done so.

I would prefer that you resolve this matter coridally and between you and I without the need to bring the matter before the Court, thus I am confering with you promptly.

Virgil Rogers

**HOWREY**LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.478.2691
www.howrey.com

September 28, 2007

VIA E-MAIL

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

      Re:    *Rogers v. Johnson-Norman*, C.A. 06-1186 (D.D.C.)

Dear Mr. Rogers:

      This letter is in response to your request for the return of materials produced during discovery in this case. As I am sure you are aware, you steadfastly refused to execute the stipulated protective order in this case. Thus, we have no obligation to return or destroy any materials produced in this case. However, in the interest of comity, we would be willing to follow the procedures set forth in Paragraph 14 of the Protective Order, which governs the return of confidential information upon termination of the case. I have attached a copy of the Protective Order for your review and execution.

      Pursuant to Paragraph 14, we will agree to return or destroy copies of the documents containing confidential information that you produced in discovery, as well as documents containing confidential information produced pursuant to Ms. Johnson-Norman's subpoenas, within thirty days of our receipt of an executed copy of the protective order. After the thirty-day period, we will send you written confirmation that we have complied with Paragraph 14 of the Protective Order.

      To be clear, we do not agree to the wholesale return or destruction of all materials relating to this case. Counsel for Ms. Johnson-Norman will maintain in its files one copy of materials enumerated in Paragraph 14(b):

> Notwithstanding the foregoing, one designated outside attorney of record for each party, not to include *pro se* parties, may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties to this action, written response to a discovery request, document filed with the Court, and court transcript in this action, consisting of or containing Confidential Information.

**HOWREY**LLP

September 28, 2007
Page 2

Please let us know as soon as possible if you are agreeable to this disposition. We look forward to receiving your executed copy of the Protective Order.

Sincerely,

Sean P. Beaty

**From:** V Rogers [rogerslaw1@hotmail.com]
**Sent:** Saturday, September 29, 2007 12:52
**To:** Beaty, Sean
**Subject:** RE: Your E-mail Requesting Return of Confidential Materials

Mr. Beaty,

I will not agree to any protective order which permits Howrey to retain documents while prohibiting me, the pro se party at issue from doing the same. This is totally one sided.

What is your rationale for even proposing such an unfair agreement? And why do you feel you need to keep any of the personal documents about me in your possession? If you can explain what your need is to keep these items, maybe I will better understand.

Perhaps you may want to revise the one sided terms of this proposed protective order or it will likely need to be brought before the court which will waste more of both of our time and the court's time on this nonsense.


Virgil Rogers

---

From: "Beaty, Sean" <BeatySean@howrey.com>
To: "V Rogers" <rogerslaw1@hotmail.com>
CC: "Kellett, Christopher" <KellettC@howrey.com>
Subject: Your E-mail Requesting Return of Confidential Materials
Date: Fri, 28 Sep 2007 18:05:00 -0400

Mr. Rogers,

Attached please find our response to your e-mail.

Sean Beaty
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
(202) 383-6944  Office
(202) 478-2691  Fax


-----------------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be confid
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the cont
If you receive this email in error, please notify us  ;by reply email immediately so that we can arrange for t

><< 2007.09.28LettertoRogersreDiscoveryMaterials.pdf >>

><< 2007.09.28ProposedProtectiveOrder.pdf >>

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.478.2691
www.howrey.com

September 29, 2007

VIA E-MAIL

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

    Re:    *Rogers v. Johnson-Norman*, C.A. 06-1186 (D.D.C.)

Dear Mr. Rogers:

    This letter is in response to your September 29th e-mail regarding the proposed disposition of materials produced during discovery.

    Please recall that you refused to sign any protective order in this case. Thus, we have no obligation to negotiate with you for the return of materials produced during discovery. However, we are willing to discuss reasonable measures to assure the destruction of confidential materials produced in this case in the hopes of resolving this matter without the Court's intervention.

    Your September 29th e-mail complains that the proposed protective order is one-sided. This is easily remedied. We have modified Paragraph 14 of the protective order to allow you to keep one copy of all of the materials identified in Paragraph 14(b). Attached is a revised protective order for your signature.

    Our offer to destroy materials in our possession remains the same. We will agree to return or destroy copies of the documents containing confidential information that you produced in discovery, as well as documents containing confidential information produced pursuant to Ms. Johnson-Norman's subpoenas, within thirty days of our receipt of the executed copy of the revised protective order. After the thirty-day period, we will send you written confirmation that we have complied with Paragraph 14 of the revised protective order. Counsel for Ms. Johnson-Norman will maintain one copy of the materials identified in Paragraph 14(b) of the revised protective order.

    We look forward to receiving your executed copy of the revised protective order.

AMSTERDAM   BRUSSELS   CHICAGO   EAST PALO ALTO   HOUSTON   IRVINE   LONDON   LOS ANGELES
MUNICH   NEW YORK   NORTHERN VIRGINIA   PARIS   SALT LAKE CITY   SAN FRANCISCO   TAIPEI   WASHINGTON, DC

September 29, 2007
Page 2

Sincerely,

/s/

Sean P. Beaty

| | |
|---|---|
| **From:** | V Rogers [rogerslaw1@hotmail.com] |
| **Sent:** | Sunday, September 30, 2007 19:09 |
| **To:** | Beaty, Sean |
| **Subject:** | RE: Your E-mail Requesting Destruction of Confidential Materials |

Mr. Beaty,

You answered only one of my significant inquiries. The fact that you would amend the proposed protective order is with limited benefit to me, knowing of course that Howrey didn't provide any relevant responses to any of my discovery requests while obtaining several private documents about me.

You didn't explain what your legitimate reason is for wanting to retain any documents about me. That is significant. Moreover, I am not requesting the return of all discovery. I'm not requesting answers to interrogatories etc just any discovery obtained via a Court subpoena.

Its not really necessary for you to tell me that you aren't obliged to return it since that decision really rest with Judge Huvelle, not you, and since the subpoenas are served in the name of and on behalf of the Court. Given the history of these parties and the circumstances, I think it will be appropriate for you to simply return the subpoenaed material, and I believe the Court will agree.

In my opinion, there is no legitimate reason for you to retain this private information about me. And I would like it returned. If you agree to do that, I can sign your proposed protective order. Otherwise, I will ask the Court to intervene.

Virgil Rogers

---

Subject: Your E-mail Requesting Destruction of Confidential Materials
Date: Sat, 29 Sep 2007 15:11:33 -0400
From: BeatySean@howrey.com
To: rogerslaw1@hotmail.com
CC: KellettC@howrey.com

Mr. Rogers,

Attached please find our response to your e-mail.

Sean Beaty
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
(202) 383-6944  Office
(202) 478-2691  Fax

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.478.2691
www.howrey.com

October 1, 2007

<u>VIA E-MAIL</u>

Virgil M. Rogers
P.O. Box 66352
Los Angeles, CA 90066

    Re:    <u>*Rogers v. Johnson-Norman*, C.A. 06-1186 (D.D.C.)</u>

Dear Mr. Rogers:

    This letter is in response to your September 30th e-mail regarding the destruction of materials produced during discovery in this case.

    We have made every reasonable effort to appease you. During discovery you complained about the production of materials containing personal information; we agreed to treat that material as confidential under the proposed protective order. You requested the return of materials produced in discovery; we agreed to follow the procedures of the proposed protective order. You complained that the proposed protective order was one-sided; we sent you a revised version granting you the same rights as counsel for Ms. Johnson-Norman.

    As we have previously explained, we have an ethical obligation to protect our client's interests. Given your history of stalking our client and harassing her with baseless lawsuits, we believe it is important that we maintain a file copy of all the materials enumerated in Paragraph 14(b) of the proposed protective order. While we sincerely hope that this is the last of the litigation between the parties, these materials will assist counsel for Ms. Johnson-Norman in defending any future suits you file relating to the issues in this case.

    While we understand and appreciate your concerns regarding your privacy, all of these concerns are addressed by the protective order that you have steadfastly refused to sign. Now that we have amended the protective order to grant you the same rights as counsel for Ms. Johnson-Norman, your refusal to execute the proposed protective order is entirely unreasonable.

    Our offer to destroy materials in our possession remains the same. We will agree to return or destroy copies of the documents containing confidential information that you produced in discovery, as well as documents containing confidential information produced pursuant to Ms. Johnson-Norman's subpoenas, within thirty days of our receipt of the executed copy of the revised protective order. After the thirty-day period, we will send you written confirmation that we have complied with Paragraph 14 of the revised protective order. Counsel for Ms. Johnson-

**HOWREY** LLP

October 1, 2007
Page 2

Norman will maintain one copy of the materials identified in Paragraph 14(b) of the revised protective order.

We believe our proposal is wholly reasonable. If you have a counter-proposal, make it and we will consider it.

Sincerely,

Sean P. Beaty

**From:** V Rogers [rogerslaw1@hotmail.com]
**Sent:** Monday, October 01, 2007 15:38
**To:** Beaty, Sean
**Subject:** RE: Your E-mail Requesting Destruction of Confidential Materials

Mr. Beaty,

Let me be clear, I do not believe you are appeasing me in any way. Your letter is misleading as to the actual facts.

I did not sign your proposed protective order prior to fact discovery because it was one sided and unfair. I asked you to return the private information to me immediately after the dismissal in this case. I didn't think much of what you obtained pursuant to a Court subpoena was properly obtained because it was not relevant to any recognized defense. And despite your knowledge of the Local Rules, you continually violated those rules by publishing my private information on the internet.

The only stated reason that you provided me for refusing to return these items was your intent to use them in pursuit of attorney's fees. That pursuit has ended.

You now express an ulterior motive which has nothing to do with this case. This case is over. I deny ever stalking your client and I take exception to your offensive accusation. However, unless you have an open ended retainer agreement which guarantees that Howrey will represent her pro bono in perpetuity, you may not maintain improperly obtained items about me to use in litigation in some possible court action in the future. That is wholly improper. The Court has already commented about this and reiterated that this case is dismissed with prejudice. If there were a future case, it will have its own discovery and its own facts.

Given your repeated history of publishing my information in violation to the Local Rules, and your admitted improper motive in retaining these items as if this was an open ended case, I will not agree that you have appeased me.

You simply cannot keep items about me from a closed case just in case there is a case in the future and just in case Howrey represents this defendant. I think you know that is a stretch. You may not maintain my personal information to be a de facto law enforcement agent to defend what you believe is stalking. That is not your job as pro bono counsel in this case. It is terminated and it may not live in perpetuity.

I will not haggle about this matter. My proposal is that you agree to retrieve and return ALL copies of private items about me without retaining any of it for any reason and that you certify this to the Court. Short of this, I will seek the Court's intervention and I believe given your history of misusing my information, the questionable propriety of the subpoenas under which this information was obtained, and your dubious grounds fro wanting to keep it, the Court will agree. You do not have a life time agreement with your client so your reasoning is simply illogical. I urge you to reconsider what you have proposed to me.

Virgil Rogers

---

Subject: Your E-mail Requesting Destruction of Confidential Materials
Date: Mon, 1 Oct 2007 13:53:25 -0400
From: BeatySean@howrey.com
To: rogerslaw1@hotmail.com
CC: KellettC@howrey.com

Mr. Rogers,

Attached please find our response to your e-mail.

Sean Beaty
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
(202) 383-6944  Office
(202) 478-2691  Fax