# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIRGIL M. ROGERS, *pro se* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KAREN JOHNSON-NORMAN ) | Civil Case. No. **06-01186 (ESH)** |
| ) | Case Closed: **7/20/2007** |
| Defendant. ) | |

## KAREN JOHNSON-NORMAN'S OPPOSITION TO ROGERS' MOTION FOR ENLARGEMENT OF TIME TO FILE A REPLY

Ordinarily, in the interest of comity, Karen Johnson-Norman would gladly consent to opposing counsel's request for additional time. However, as Rogers has abandoned all civility and decorum,[1] it is no longer in Karen Johnson-Norman's best interests to afford Rogers any leniency.[2] Expecting that Rogers will use his untimely reply to continue his attacks on Ms. Johnson-Norman and her counsel, Karen Johnson-Norman hereby opposes Rogers' untimely motion for an enlargement of time.

Rogers' reply was due on Monday, December 24, 2007. Thus, not only is Rogers' reply now late, but his motion for additional time, filed at 11:32 p.m. last night, is also untimely. Rogers offers no excuse for his untimely reply; he simply demands more time. Rogers cannot possibly complain that the holiday interfered with his filing because his reply was due *prior* to

---

[1] Rogers' motion for a post-judgment protective order is replete with *ad hominem* attacks against Ms. Johnson-Norman and her counsel. *See, e.g.*, D.I. 105 at 2-5, 9, 12-17.

[2] Rogers has filed **six** previous motions for extension of time; Karen Johnson-Norman has not opposed any of them. D.I. 44, 54, 65, 78, 88, 95.

the Christmas holiday.  In short, without providing any explanation for his tardiness, Rogers' motion should be denied.[3]

Rogers also failed to confer with counsel prior to filing the instant motion, as required by Local Rule 7(m).  Rogers makes the unsubstantiated claim that he attempted to contact counsel for Ms. Johnson-Norman prior to filing his motion.  There is, however, no evidence that Rogers actually tried to contact counsel for Ms. Johnson-Norman; Rogers did not leave a voicemail message,[4] and did not send counsel for Karen Johnson-Norman an e-mail or letter regarding the instant motion.  Thus, Rogers' motion should be denied for his failure to comply with the local rules.

## CONCLUSION

Ms. Johnson-Norman respectfully requests that this Court deny Rogers' motion as untimely and out of compliance with the local rules.

Respectfully submitted,

Of Counsel:

_____/s/_____
Sean P. Beaty, *pro bono*
(Bar No. 493597)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 783-0800

Attorney for
Karen Johnson-Norman

Dated:  December 27, 2007

---

[3] Indeed, Rogers' failure to file a timely reply undermines the urgency averred in Rogers' motion for post-judgment relief.

[4] In fact, there is no evidence that Rogers even *called* counsel for Ms. Johnson-Norman.