UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIL M. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action 06-1186 (ESH) KAREN |
| JOHNSON-NORMAN, ) | |
| ) | |
| ) | |
| Defendants, ) | |
| ) | |

**PLAINTIFF'S REPLY TO KAREN JOHNSON'S OPPOSITION
TO ROGERS' MOTION FOR ENLARGEMENT OF TIME**

Mr. Rogers moves the Court to grant his requested enlargement so that he may respond in a meaningful way to defendant's opposition to his request for a protective order. Defendant opposed the enlargement on erroneous grounds and associated the request with illusory negative motives.

- **DUE DATE WAS NOT 24 DECEMBER 2007**

Defendant is mistaken when she claims that Mr. Rogers' reply brief was due on 24 December 2007. Defendant submitted her opposition on 17 December so the fifth day allowed under the Rules would have <u>ordinarily</u> been Monday 24 December. However, the Court's website indicated this Court was closed on 24 December since this was declared a holiday[1]. Rule 6[2] identifies Christmas Day and "*any other day appointed as a holiday by the President.*"

The President appointed 24 December 2007 a federal holiday (See Exhibit A) so this Court was closed on that date and the following day was Christmas Day, also a holiday. Therefore, Mr. Rogers' reply was not due until *26 December 26 2007*. His motion to this Court for an enlargement

---

[1] Presumably defense counsel knew the 24th was a federal holiday and that the Court was closed but admitting to this knowledge would have obviated his efforts to oppose Mr. Rogers' request on this apparently improper basis.

[2] Rule 6 of the <u>Federal Rules of Civil Procedure</u> states "When the period of time allowed or prescribed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation"

1

filed on 26 December 2007 was timely according to the Federal Rules.[3]  Mr. Rogers called counsel's office the day prior to requesting an enlargement, which was Christmas Day, and the office was closed so it was not possible to confer. Accordingly, he filed his request the following day and noted his inability to confer with counsel.

- **DEFENDANT WILL NOT BE PREJUDICED BY AN ENLARGEMENT**

Defendant raised a myriad of issues in her opposition to Mr. Rogers' request for enlargement, most of which aren't particularly relevant to the Court's disposition. The gist of the issues is that defendant portrays the request as frivolous and improperly motivated. *Both claims are false.*

Defendant laments Plaintiff's original request for a protective order which cited the sworn testimony of Percy Norman and Ralph Durant recounting a few of the instances where defendant has been proven dishonest due to her wholly false "stalking" allegations against Mr. Rogers.

Defendant claims the inclusion of these sworn statements was "*ad hominem* attacks." This is not the case. The testimony of these two (and that of numerous others that wasn't included) speaks for itself.  Defendant is troubled by the Court's exposure to the uncontroverted evidence of her dishonesty since she is a D.C. Bar member. However, Mr. Rogers has not attacked her and defendant shouldn't elicit sympathy from the Court simply because Mr. Rogers reminds the Court on the record that defendant has a demonstrated history of prevarication under oath and otherwise.[4]

References to defendant's own prior false statements under oath are likewise not attacks since they are a part of the public record. Since the Court is permitted to take judicial notice of "easy and straightforward facts"[5], it is not improper for Mr. Rogers to apprise the Court of a D.C. Bar member's lack of credibility. Defendant attempted to conceal some of her dishonesty from the

---

[3] Defense counsel misinterprets the federal rules to which he accuses Mr. Rogers of failing to comply. This isn't Beaty's first instance of misconstruing or improperly stating Rules which *pro se* litigant Rogers has had to point out to him.
[4] Defendant cannot provide testimony of any person claiming to have ever witnessed Mr. Rogers committing any crime or testifying falsely.

Court when she filed a copy of her 2 February 2007 deposition transcripts with numerous pages <u>deleted</u> from the filing (See D.I. 52 attachment 2). This proved that she is not only conscious of her dishonesty but has consciously attempted to conceal this from the Court to avoid disbarment.

Defense counsel accused Mr. Rogers of incivility and claims permitting a reply would invite further incivility. This claim is disingenuous. Sean Beaty has overtly *threatened* Mr. Rogers numerous times and expressly slanders Mr. Rogers by referring to him as a "stalker" on his Howrey website and in numerous filings during this case. Beaty cannot now complain of incivility when, despite his Professional Conduct obligations he has failed to treat Mr. Rogers civilly.

Mr. Rogers is currently outside of the USA. His reply filing was due despite his presence in conditions particularly unsuited for legal research and writing.[6] *This condition was the primary reason that Mr. Rogers requested the enlargement*. He requested the brief extension to research and communicate electronically since he doesn't have unfettered internet access at the present time.

WHEREFORE Mr. Rogers request the Court grant him a brief enlargement of time so he may reply in a meaningful way to defendant's opposition. The issues raised by defendant opposing a brief enlargement aren't relevant to the Court's disposition The Court generally affords *pro se* litigants greater leniency in their filings and the defendant will not be prejudiced whatever.

**VERIFICATION**

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Filed December 28, 2007                                                                 //s//

**VIRGIL ROGERS**

---

[5] Weinstein v. Islamic Republic of Iran 175 F. Supp. 2d 13, 16 (D.D.C.)
[6] Concerning defense counsel's cynical remarks about why Rogers' did not file his request for a protective order sooner after Beaty refused to cooperate, Mr. Rogers' presence outside the USA was substantially the reason.